

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549**

**DIVISION OF
ENFORCEMENT**

March 3, 2023

**VIA ECF AND UPS**
The Honorable Jed S. Rakoff
United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

  **Re: SEC v. Terraform, et al., No. 23 Civ. 1346 (JSR) (S.D.N.Y.)**

Dear Judge Rakoff:

  Pursuant to the Court's February 23, 2023 Notice of Court Conference, plaintiff Securities and Exchange Commission ("SEC") submits this letter concerning the planning of discovery and scheduling. Defendants Terraform Labs PTE Ltd. and Do Hyeong Kwon (collectively, "Defendants") are represented by Douglas Henkin, David Kornblau, and other attorneys at Dentons US LLP.

  The SEC respectfully submits Exhibit A, a proposed Civil Case Management Plan that reflects the Court's directive that this matter be ready for trial by August 17, 2023.

  Defendants have informed the SEC that they do not agree to the dates proposed in Exhibit A. Accordingly, Defendants have requested that the SEC submit Exhibit B, a proposed scheduling order extending the trial-ready date from August 17, 2023 to January 3, 2024 on the bases set forth below. Although the SEC is prepared to abide by the trial-ready date of August 17, 2023, the SEC consents to Defendants' request for an extension of the trial-ready date should the Court be inclined to grant an extension.

  Defendants further requested that the SEC include the following statement from Defendants in support of their consented-to request for an extension of the trial-ready date.

> Defendants respectfully request that the Court reconsider its initial trial-ready date of August 17, 2023. The SEC's complaint is 55 pages long. Its allegations span four years of alleged activities relating to at least five different digital assets of different types relating to different platforms, and raise a host of novel and complex legal issues, including whether any of the digital assets at issue are securities and,

more broadly, whether the SEC has authority to regulate cryptocurrencies in the absence of a clear statutory mandate and notice-and-comment rulemaking under the Administrative Procedure Act. The alleged conduct occurred overwhelmingly overseas, which will likely present special challenges in discovery as well as serious questions of personal jurisdiction. Moreover, the SEC has already obtained extensive discovery in the course of an investigation of this matter that commenced in 2021, whereas Defendants have had no opportunity for discovery. In these circumstances, Defendants submit that a slightly longer schedule is warranted and propose a trial ready date of January 3, 2024, which is approximately nine and a half months after the SEC filed its complaint. Defendants note that although the proposed trial ready date is four and a half months after the Court's initial trial ready date, Defendants' proposed schedule otherwise adds less than four months to dates corresponding to the Court's initial schedule.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ James P. Connor
James P. Connor
Devon L. Staren
Laura E. Meehan
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Tel: (202) 551-8394
Email: connorja@sec.gov

cc:   Douglas Henkin
      David Kornblau