N37AASECC                       Conference

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES and EXCHANGE
COMMISSION,

              Plaintiff,

         v.                           23 CV 1346 (JSR)

TERRAFORM LABS PTE LTD., DO
HYEONG KWON,

              Defendant.

------------------------------x
                                      New York, N.Y.
                                      March 7, 2023
                                      11:15 a.m.
Before:

                 HON. JED S. RAKOFF,

                                      District Judge

                      APPEARANCES

SECURITIES AND EXCHANGE COMMISSION
     Attorneys for Plaintiff SEC
BY:  JAMES CONNOR
     DEVON STAREN
     LAURA E. MEEHAN

DENTONS US LLP
     Attorneys for Defendant Terraform, Et Al
BY:  DOUGLAS W. HENKIN
     STEPHEN J. SENDEROWITZ
```

1                   (Case called)
2                   THE COURT:  Would the parties please identify
3        themselves for the record.
4                   (Pause)
5                   THE COURT:  Is that a sentence that no one can
6        understand?
7                   MR. CONNOR:  Yes.  I apologize, your Honor.
8                   My name is James Connor, for the Securities and
9        Exchange Commission
10                  MS. STAREN:  Devon Staren, for the SEC.
11                  MS. MEEHAN:  Laura Meehan, for the SEC.
12                  MR. HENKIN:  Good morning, your Honor.
13                  Douglas Henkin, for the defendants
14                  MR. KORNBLAU:  David Kornblau, for the defendants,
15       your Honor.
16                  Good morning.
17                  THE COURT:  Good morning.
18                  So, thank you for your respective case management
19       plans.
20                  Plaintiffs I had originally set this down for a
21       ready-for-trial date of August 17.  That did seem to me awfully
22       extended.  I figured that a firm as large as Denton's would
23       probably want a shorter time than that, maybe April.  But
24       instead to my utter shock and surprise, I got a proposal from
25       the defendants to extend the ready-for-trial date to 2024.  Why

1    in the world would I ever want to extend it to something that
2    remote in the future?
3             MR. HENKIN:  Your Honor, would you like me to stand
4    when addressing the Court?
5             THE COURT:  You can sit, if you prefer.
6             MR. HENKIN:  Okay.  Thank you, your Honor.
7             First of all, let me just say that with respect to
8    that date it was a thought of whether we'd push it out four
9    months and have the trial-ready date actually just sit right
10   before Christmas and New Year.  So, the thought was we'd just
11   pushed that afterwords.  Although, we left everything in the
12   middle based on just the three and a half to four-month
13   extension.  This is a complex case.  It's a 53-page complaint
14   involving --
15            THE COURT:  By Southern District of New York
16   standards, this is not a complex case in my view, but go ahead.
17   Everyday I get much more complex cases than this.
18            MR. HENKIN:  Well, this involves multiple tokens and
19   multiple newly created assertions of why those tokens are
20   separately or in the SEC's views should be considered
21   securities.  We think --
22            THE COURT:  That's an interesting legal issue.  So,
23   there may be a lot of work for me, but I'm willing to do the
24   work in a timely fashion.
25            MR. HENKIN:  And we intend to make a motion to dismiss

1     that will address all of those things under the circumstances
2     that you know as they have been presented.  We think that there
3     are a lot of different legal issues.
4              THE COURT:  So when would you like to file your motion
5     to dismiss?
6              MR. HENKIN:  It's due in May.  We have 90 days but
7     we'd be willing to do it on exactly as the Patterson date.  So,
8     say in April.  Shave a month off that.  And that, I think makes
9     a lot of sense because as your Honor knows, there's a lot of
10    overlap between those cases.
11             THE COURT:  Okay.  So, give me those -- I don't have
12    those dates right in front of me but if you have them, give me
13    those dates.
14             MR. HENKIN:  One second, your Honor.  Let me just make
15    sure that I get it right.
16             Why don't we say April 21st?
17             THE COURT:  Okay.  So, moving papers April 21st;
18    answering papers -- when does the SEC want to answer for
19    something that they undoubtedly have been considering for
20    months?
21             MR. CONNOR:  Yes, your Honor.  We would propose 30
22    days.  I understand that the typical time --
23             THE COURT:  No.
24             MR. CONNOR:  Is 21 days --
25             THE COURT:  No.  In my court it's usually two weeks.

1     MR. CONNOR:  Yes.  We would propose 21 days but we're
2  happy to comply with the Court's --
3     THE COURT:  You said the magic word.  So, it'll be two
4  weeks.  So, let's see.  Two weeks after April 21st would be May
5  5th; reply papers, May 12th; and oral argument, let's look at
6  May 19th at four p.m.
7     Okay.  Back to defense counsel.  So, all the heavy
8  lifting will be done by the end of May.  What else do you need
9  an extension for?
10    MR. HENKIN:  Well, there are a couple of things that
11 make this case more complex than probably your Honor is used
12 to, certainly, than I'm used to.  One of them is that there is
13 a pending cert petition that relates to the SEC's --
14    THE COURT:  I'm aware of that.  I have learned from
15 long, long, long experience that it is foolish for any judge to
16 base their own schedule on what might or might happen to a cert
17 petition.
18    MR. HENKIN:  Absolutely. And, your Honor, sitting
19 here today I'm not asking you to do anything based on that and
20 I would not do that.  All I'm saying is that we're going to
21 know by -- the petition is scheduled for conference next Friday
22 the 17th.  And there may be a basis to come back and ask for
23 your Honor to do something if the Court does something.  But I
24 am not asking you to do anything today.
25    THE COURT:  Okay.  That's a different story.  I am

glad you flagged that for me.  So, it's always curious to me the district judges of the United States who have about between three and 400 active cases at any time, have three law clerks.  The circuit courts that have a much reduced docket, have four law clerks.  And the Supreme Court justices who rarely have more than a hundred cases a year, have five law clerks.  My experience is that you never know when the Supreme Court is going to despite that excessive amount of person power when they're going to choose to decide a matter that would be if they granted cert this late in the year but the likelihood is probably that it would not even get argued till next year assuming arguendo they granted cert.  So, that would mean delaying everything until maybe June of 2024.  That doesn't make sense to me, but we'll see if they grant cert and we can take it up.

MR. HENKIN:  My point was only to flag the issue so your Honor was aware of it.  The other aspect of this is that there are likely to be -- at least I am assuming and I can only speak for our side.  I cannot speak for the SEC.  There are likely to be a significant number of expert issues that come up.  You saw that, for example, in the footnote the suggestion.  And that was the reason.  That's one of the reasons.

THE COURT:  Oh, my gosh.  I'm feeling intimidated already.

MR. HENKIN:  That was not my intent, your Honor.

1           THE COURT:  How many lawyers at Denton?

2           MR. HENKIN:  1200.

3           THE COURT:  So, you haven't said to your client, have

4   you, if that darn judge insists on going forward on the dates

5   that he recommends with ready for trial in August, we'll need

6   to ask your clients to get new counsel because we couldn't

7   possibly with our 400 lawyers fill that schedule; that is not

8   in your contemplation is it?

9           MR. HENKIN:  That is not a conversation that I have

10  had.  What we've talked about is what we think makes sense for

11  the, in terms of the best way to present everything,

12  particularly, in light of the fact that we also have the

13  Patterson case which is now and your Honor may or may not be

14  aware of this, that the Patterson plaintiff or plaintiffs,

15  depending upon how you count, filed a second amended complaint

16  that essentially adopted and incorporated by reference the

17  SEC's complaint.  So, we are literally litigating the same,

18  plus some more issues in multiple courts at once.

19          THE COURT:  Well, it's a long tradition of plaintiff's

20  counsel copying the SEC.  But thank you for flagging that to me

21  as well.

22          All right.  All kidding aside and a lot of this has

23  been facetious, I'll only give you two months more so that

24  would be a ready for trial on October 17th.  So, let's fill out

25  the dates.

1           So jury trial, does anyone anticipate any additional
2  parties?
3           MR. CONNOR:  No from the SEC, your Honor.
4           MR. HENKIN:  And of course we can't.  So --
5           THE COURT:  Yeah.  So, that's not applicable.
6           Amended pleadings without leave of court, that's
7  usually just to clean-up typos and stuff like that.  You can
8  always move at any time to amend your pleadings with leave of
9  court but then the other side can oppose.  I can't imagine
10 there are any typos in this short simple complaint but,
11 nevertheless, do you want a couple of weeks to clean-up
12 anything in the complaint?
13          MR. CONNOR:  Your Honor, we would propose under Rule
14 15(a) (1) (b) that we be afforded after the period of time for
15 the motion to dismiss.
16          THE COURT:  All of these things have to be triggered
17 from the -- So, we're hearing oral argument on May 19th.  I
18 will get you a bottom line order by no later than the end of
19 May.
20          MR. HENKIN:  Your Honor, can I make a suggestion?
21 Which is that I think we go with this is the operative
22 complaint.  This is what we should be aiming at.  And then if
23 part of the opposition to the motion to dismiss is we think we
24 can amend to do X, Y or Z., then it'd just get addressed that
25 way.

1    THE COURT:  Well, I think there is something to be
2    said for moving document discovery.  At least along on a basis
3    of the present complaint, it's not going to radically change,
4    it may be something added theoretically.  Why don't we say
5    this?  Amended pleadings may be filed out leave of court until
6    March 31st.  I understand you may seek, depending on my ruling,
7    amended complaint with leave of court but we'll worry about
8    that then.
9          So, this is really just to clean-up any problems of a
10   typographical nature.
11         MR. CONNOR:  Your Honor, the only point I'd raise if
12   your Honor would allow me is that, like I said, under Rule 15
13   we are permitted, of course, to amend within a period of time
14   after the motion to dismiss is filed.  So, we would just ask
15   for 14 days after the motion to dismiss is filed.  We don't
16   intend to do that but if something comes up in the motion to
17   dismiss that we're not anticipating, we would --
18         THE COURT:  All right.  But then if you are saying
19   that that's a date when that you will not seek to amend
20   thereafter barring truly extraordinary circumstances?
21         MR. CONNOR:  Yes, without leave to the Court.  And
22   barring something unforeseen we would not seek to amendment.  I
23   think the purpose of the rule is that if there's some technical
24   deficiency --
25         THE COURT:  And also, it's always these problems

1    something pled with particularity and that kind of stuff.

2             All right.  So, what date would that be?

3             MR. CONNOR:  That would be --

4             MR. HENKIN:  The 12th.  I think it's May 12th, your

5    Honor.

6             THE COURT:  May 12th, okay.  All right.

7             first request for production of documents.

8             MR. HENKIN:  Your Honor, one thing just to point out

9    if that's what happens, then it obviously changes the briefing

10   schedule because what will happen, what would have happened

11   under that scenario.

12            THE COURT:  Yeah.  Actually, that's a very good point.

13   I am going to go back to the original day.  I don't think the

14   rule precludes my setting a date now or any premotion

15   amendments.  That is all I'm really caring about.  And so, I am

16   going to go back to March 31st, but I understand all the points

17   the SEC is making.  So, this is not like that a further

18   amendment is justified by the rulings on the motion to dismiss

19   is something is appropriate, I am going to be possibly inclined

20   in that direction.  But I do think we need to not have a moving

21   target for the motion to dismiss.

22            Okay.  Now, what about first requests for production

23   of documents with a two-week extension?

24            MR. HENKIN:  Two weeks or two months?

25            THE COURT:  I mean two months.  I'm sorry.  But I'm --

1  just let me go back to the SEC's proposed plan.  I think we
2  should start --
3            MR. HENKIN:  I think we'd just leave it alone.
4            THE COURT:  So they say the 24th.  You say the 21st
5  but essentially, the same date.
6            MR. HENKIN:  Yeah.
7            THE COURT:  So, first request for production of
8  documents, April 4th.  Now, I can't imagine why interrogatories
9  can't be that same date.
10           MR. HENKIN:  Actually, your Honor, we suggested
11 earlier.
12           THE COURT:  Well, the SEC for reasons I don't
13 understand, suggested a month later.  But I think the same
14 date.  Remember that the only interrogatories the Southern
15 District permits are those under local Rule 33.3(A) except upon
16 expressed permission of the Court, which I give let's see, I
17 think I gave it once about 16 years ago, but that's about the
18 only time.
19           MR. HENKIN:  Your Honor, just to clarify, these are by
20 dates and I just want to make you --
21           THE COURT:  If you want to start early, of course.
22           MR. HENKIN:  Thank you.
23           THE COURT:  I encourage that.
24           Experts, that probably should move.
25           MR. HENKIN:  Yeah.

1           THE COURT:  So, let's say August 7th for moving and
2    August 28th to respond.
3           MR. HENKIN:  Your Honor, this is where we had the sort
4    of largest distinction between our positions.  One of the
5    things that we had requested was that we get the right to
6    depose the SEC's experts prior to having to submit our expert
7    reports which is the way I've always done it in complex
8    litigations.
9           THE COURT:  So, what's going to stop you from doing
10   that?  You'll get, if they go first you'll get their reports on
11   August 7th, and your report, I gave you three weeks.
12          MR. HENKIN:  Well, I mean my only point was we wanted
13   to have it in the actual order that they would be made, that
14   the witnesses would be made available.
15          THE COURT:  No.  If they give you a hard time, jointly
16   call my chambers and make it so easy and I will deal with that.
17          MR. HENKIN:  Fair enough.  Thank you, your Honor.
18          THE COURT:  So, for the responding, it's August 28th;
19   then all depositions to be completed by August 31st; requests
20   to admit, to be served by August 10th; all discovery to be
21   completed by September 12th; moving papers on summary judgment,
22   on October 6; answering papers, October 27th; reply papers,
23   November 6th; and we'll have a final pretrial conference and
24   oral argument on any summary judgment motion on November -- I'm
25   sorry.  Did I say -- I am screwing this up.  I'm sorry.  I only

1    wanted to move the ready-for-trial date to October 17.  So, I'm
2    going out too far.  So, let's go back.
3             All discovery to be completed by September 12th.
4    That'll stay; moving papers on summary judgment, September 26;
5    answering papers, October 10th; reply papers, October 17th.
6    So, that basically accords with the ready-for-trial date.  But
7    we will have oral argument as well as a final pretrial
8    conference and set the actual trial date on October 24th, four
9    p.m.
10            And just so you know what I mean by "actual trial
11   date", assuming there is summary judgment motions, which in a
12   case like this is almost inevitable.  I would probably get you
13   a bottom line ruling by the end of October and we would
14   probably have a trial in therefore anywhere between
15   mid-November and early December.  So, that's just a heads-up.
16   So you can plan ahead.
17            All right.  anything else we need to take up today?
18            MR. CONNOR:  Your Honor, may I be heard on one other
19   issue?
20            THE COURT:  Yes.
21            MR. CONNOR:  The response to the motion to dismiss we
22   had agreed to is 14 days.  With the Court's indulgence, we
23   would request 21 days given we understand from defense counsel
24   that they plan to file an extensive motion to dismiss on
25   various basis and given the internal review, at the SEC we

1    would just think the 21 days is a more appropriate time given
2    the extent of the trial deadline date.
3             THE COURT:  Okay.  I should ask you the same question
4    I asked Dentons because it would be even more unfair.
5             How many lawyers does the SEC have?
6             MR. CONNOR:  I believe total --
7             THE COURT:  Four thousand is the last count.  So, how
8    could you possibly make a deadline?  But all right,
9    nevertheless.
10            So, answering papers on the 12th; reply papers -- this
11   is in May -- reply papers on the 19th; and we'll have oral
12   argument on May 25th because despite the extensive paperwork
13   that you're promising me, I am quite sure that my trusty law
14   clerk can absolutely master it in a matter of a day or two.
15   So, four p.m. on the 25th.
16            MR. HENKIN:  So, your Honor, just if I could get, the
17   reply is now the 19th?
18            THE COURT:  Yes.
19            MR. HENKIN:  Sorry.  The opposition is now the 19th
20   and the reply --
21            THE COURT:  No, no.  I moved everything a week.
22            MR. HENKIN:  I'm sorry.
23            THE COURT:  So, it's answering papers on the 12th;
24   reply papers on the 19th; oral argument on the 25th.  And I
25   won't guaranty any more but I will certainly endeavor to get

1    you a bottom line ruling still by the end of May but it may
2    take me another week beyond that if necessary.  Okay?
3             Anything else?
4             MR. CONNOR:  Nothing from the SEC.
5             MR. HENKIN:  Nothing from the defendants, your Honor.
6             THE COURT:  Very good.  Thanks very much.
7             (Adjourned)