UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>      v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>                                    Defendants. | No. 1:23-cv-1346 (JSR) |

### PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MEMORANDUM

Plaintiff, the Securities and Exchange Commission, respectfully responds to Defendants' Supplemental Memorandum. Plaintiffs' latest filing – like its Motion to Dismiss briefing – fails to identify a single defect in the SEC's complaint under the appropriate legal standard, Rule 12(b)(6), and instead inappropriately relies on more material extraneous to the Complaint and irrelevant to the sufficiency of the SEC's complaint. Defendants' supplemental arguments not only lack merit, but leave no doubt that the Motion should be denied.

**I.     The Major Questions Doctrine Does Not Apply**

As we explained in our opposition (at 10-12), the major questions doctrine has no bearing on this case. In their supplemental memorandum, Defendants argue that supposed statements from the House Financial Services Committee establish that "Congress thinks that the SEC is acting outside the boundaries set" in the Securities Act of 1933 and the Securities Exchange Act of 1934. The first statement that Defendants rely upon was not even by the Committee, but from staff. The other statement represents opinions of individual members of Congress sitting on a particular Committee; they are not law. Nor do the statements affect whether the crypto assets at

issue in the Complaint are securities. *SEC v. Kik Interactive*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020) ("*Howey* provides a clearly expressed test for determining what constitutes an investment contract, and an extensive body of case law provides guidance on how to apply that test to a variety of factual scenarios.").

> II.   **Defendants Reliance on the Binance Transcript and the Coinbase Mandamus Petition Are Misplaced.**

Defendants rely on a question posed by Judge Jackson in a TRO hearing and the SEC's filing in a mandamus position in the Third Circuit to argue that the SEC lacks jurisdiction to regulate crypto assets and should instead proceed by rulemaking. But Defendants omit Judge Jackson's later colloquy with defense counsel in which Judge Jackson observed that she, as a District Judge, "does not run the executive branch," and questioned defense counsel as to how she could order the SEC proceed by rulemaking. Nor do Defendants even attempt to address the numerous cases in which courts, including courts in this District, have ruled on the merits of SEC enforcement actions and found that crypto assets like Defendants' are, in fact, securities. *E.g. SEC v. Kik Interactive*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020). And courts have recognized that enforcement and regulatory undertakings can be complementary because enforcement actions may inform the Commission's view of the current regulatory regime and its consideration of potential revisions thereto. *See, e.g., Natural Resources Defense Council, Inc. v. SEC*, 606 F.2d 1031, 1062 (D.C. Cir. 1979) ("The SEC may rationally choose to proceed by adjudication for a reasonable period of time, which will provide it with the experience enabling it to determine at a later date whether something other than a [the current regulatory regime] is necessary or desirable[.]").

To find that—as Defendants contend—consideration of new regulatory action is inherently inconsistent with the enforcement of existing law would be to require agencies to effectively

suspend enforcement of the law every time they (or potentially Congress) assessed potential legislation in the regulatory sphere. Unless or until legal requirements are changed, existing law, namely *Howey*, governs.

### III. The Internal SEC Emails Have No Bearing On This Case

Defendants also argue that internal SEC drafts of a speech by then Director of the Division of Corporation Finance Bill Hinman (the "Hinman Emails") counsel dismissal. The Hinman Emails are immaterial for three reasons.[1]

*First*, the Hinman Emails do not relate to any relevant issue in this case. As two Courts in the Southern District of New York have ruled, the Hinman Emails were subject to production in the *SEC v. Ripple Labs, Inc.* 20 Civ. 10832 (S.D.N.Y.) ("*Ripple*") litigation because they were not protected by the deliberative process privilege on the basis that they were "peripheral to any [SEC] deliberations concerning the SEC's policy with respect to the regulation of digital asset offerings." *Ripple* (D.E. 652) at *5-6 (S.D.N.Y. Sept. 29, 2022).

*Second*, the views reflected in the Hinman Emails, even if official SEC policy (which they are not), would be irrelevant. The core question before the Court is whether the SEC has properly pled facts sufficient to establish, if proven, that Defendants offered and sold "investment contracts" as the Supreme Court defined the term in *SEC v. W.J. Howey & Co.*, 328 U.S. 293 (1946). The Court may resolve this question on its own, without reference to what any SEC employee thought about the matter. As the Second Circuit has explained, "'the Commission may not waive the requirements of an act of Congress nor may the doctrine of estoppel be

---

[1] In any event, the Hinman emails are not properly considered on a motion to dismiss. The Hinman Emails constitute evidence before a different Court in another matter, and are not incorporated by reference into the SEC's complaint in this matter or documents that are judicially noticeable.

invoked against the Commission.'" *SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) (quoting *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953)).

*Third*, Hinman's speech—the speech of an SEC employee rather than the SEC itself (that is, a majority of the Commissioners), as a disclaimer in the speech made clear—was not a determination by the SEC and therefore could have had no bearing on whether the SEC provided fair notice to Defendants or whether *Howey* applies. *See WHX Corp. v. SEC*, 362 F.3d 854, 860 (D.C. Cir. 2004) (explaining that staff advice is not authoritative agency action).

Dated:  June 15, 2023

Respectfully submitted,

/s/ Devon L. Staren
Jorge G. Tenreiro
Christopher J. Carney
James P. Connor, admitted *pro hac vice*
Laura E. Meehan
Devon L. Staren, admitted *pro hac vice*
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Tel: (202) 551-5346
Email: StarenD@sec.gov

Of counsel:
Elisabeth Goot
Kathleen Hitchins
Roger J. Landsman
Reid A. Muoio
James F. Murtha
100 F Street NE
Washington, DC

## CERTIFICATE OF SERVICE

I, hereby certify that on June 15, 2023, I filed the foregoing through the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

/s/ James P. Connor<br>
James P. Connor