UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>Defendants. | No. 1:23-cv-1346 (JSR) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ISSUANCE
OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Plaintiff Securities and Exchange Commission ("SEC"), respectfully submits this Memorandum in support of its unopposed Motion for Issuance of Letters of Request pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") regarding Chai Corporation ("Chai").

**INTRODUCTION**

The SEC brings this Motion to obtain discovery from Chai and one of its former executive officers, both located in the Republic of Korea ("Korea"). Chai is a Korean payment processing company that facilitates payments to participating merchants by consumers through, among other things, a mobile phone application, similar to PayPal or Venmo. *See* First Amended Complaint ("Complaint"), ¶¶ 5, 123, Dkt. No. 25. Defendant Do Hyeong Kwon ("Kwon"), together with a co-founder of Terraform Labs PTE Ltd. ("Terraform") and former executive officer of Chai, launched the business that became Chai Corporation in or around June 2019. *Id*., ¶ 123. Until early 2020, Chai and Terraform were closely associated with each other, sharing an office space and overlapping personnel. *Id*., ¶ 124. During that time, Kwon sat on

Chai's board of directors and was kept up to date on Chai activities. *Id*. Even after the businesses were separated, Kwon continued to sit on Chai's board until May 2022, and Defendants continued to publicly represent that Chai and Terraform were connected. *Id*., ¶ 125.

As alleged in the Complaint, Defendants Terraform Labs PTE Ltd. ("Terraform") and Kwon repeatedly claimed that Chai used the Terraform blockchain to process and settle millions of transactions for Korean consumers at retail establishments using the Terraform stablecoin pegged to the Korean Won called TerraKRW or KRT. *Id*., ¶¶ 121, 126-133. These statements were false. Chai transactions were neither processed nor settled on the Terraform blockchain. *Id*., ¶¶ 121, 134. Terraform and Kwon drafted, made, and disseminated these statements about Chai in investor presentations, press releases, blogs, public and private chat forums, social media accounts, and interviews. *Id.*, ¶¶ 121, 126-134. To further their deception, the Complaint alleges that Terraform and Kwon recorded Chai transactions onto the Terraform blockchain to make it falsely appear as if those transactions had been processed on the blockchain. *Id*., ¶¶ 134-136.

The SEC believes that Chai possesses or controls information relevant to the claims in this action that would likely be used at trial or other proceedings. The SEC also expects that testimony from the former executive officer of Chai will be relevant to the SEC's claims and likely lead to material evidence relating to Chai's nonuse of the Terraform blockchain.

Accordingly, the SEC respectfully requests that the Court grant this motion to obtain limited documents and testimony from Chai and its former executive officer through Letters of Request issued under Chapter I of the Hague Evidence Convention. Defendants have included their own requests for discovery from Chai and its former executive, and those requests are incorporated into the attached Letters of Request.

**ARGUMENT**

I.    The Court Has Authority to Issue the Letters of Request

Congress has authorized this Court to issue Letters of Request for the production of documents and testimony from non-parties located in foreign countries such as Korea for use in an action pending in the United States. *See* All Writs Act, 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

Korea and the United States are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). *See Status Table*, *Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, Hague Conference on Private Int'l Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited April 19, 2023); *Hague Evidence Convention Acceptances of Accessions*, Hague Conference on Private Int'l Law, https://assets.hcch.net/docs/f094fd72-6213-4950-96ea-955f41a311eb.pdf (last visited April 19, 2023). Pursuant to the Hague Evidence Convention, "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Evidence Convention, Art. 1, Mar. 18, 1970, 23 U.S.T. 2555. The Supreme Court has recognized that the Hague Evidence Convention is "intended to establish optional procedures that would facilitate the taking of evidence abroad." *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 538 (1987).

II.     The Requests are Relevant and Likely to Lead to Material Evidence

"The decision of whether to issue letters rogatory is within the discretion of the court." *SEC v. Rayat*, No. 21-CV-4777 (LJL), 2023 WL 1861498, at *3 (S.D.N.Y. Feb. 9, 2023) (quoting *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019)).  In deciding whether to issue Letters of Request, "U.S. courts apply the discovery principles contained in Rule 26" of the Federal Rules of Civil Procedure.  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *accord Rayat*, 2023 WL 1861498, at *3; *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 CIV. 2106 (ER), 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018).  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and such material need not be admissible. Fed. R. Civ. P. 26(b)(1).  "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 CIV. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).

The information that the SEC seeks from Chai and its former executive officer clears this threshold because it is relevant to the SEC's claims that Defendants misrepresented that Chai used the Terraform blockchain to process and settle millions of transactions for Korean consumers at retail establishments.  The requests are also relevant to the SEC's claims that Defendants engaged in a scheme to record Chai transactions on the Terraform blockchain to give the false impression that those transactions actually were actually processed on the blockchain.

The SEC seeks limited documents and information from Chai and its co-founder and CEO directly pertaining to the allegations as to how Chai actually processed payment

4

transactions, including, how Chai customer funds were transferred and how Chai merchants were paid.  Additionally, the SEC seeks documents and testimony to establish whether, how, and when Chai used the Terraform blockchain technology and/or the Terraform stablecoin KRT.  Likewise, the SEC's requests for documents and testimony relating to Chai payment transactions processed in fiat currency (such as the Korean Won) are relevant to the SEC's claims that Chai was in reality not processing payment transactions on the Terraform blockchain, but instead was doing so through fiat currency transactions, using traditional payment methods.

      The SEC also seeks communications between Chai and Terraform.  As noted above, Kwon was a co-founder of Chai and until early 2020 the companies shared employees and office space, and Kwon remained on the board of directors of Chai until the time of the May 2022 collapse of Luna and UST.  Thus, the communications between Chai and Defendants are relevant to the SEC's claims that Defendants knowingly or recklessly deceived investors into believing that the Terraform blockchain had an innovative real world use.  Similarly, requests for Chai's communications and disclosures to their investors concerning Chai's relationship with Terraform and its use of the Terraform blockchain are relevant to these same claims.

III.     Comity Considerations Favor Issuing the Letters of Request

When considering whether to authorize international discovery through the Hague Evidence Convention, courts in this District consider international comity concerns. *See Lantheus Med. Imaging, Inc*, 841 F. Supp. 2d at 791-92 (considering comity issues raised by motion for issuance of letters rogatory). Courts generally apply the following comity factors, endorsed by the Supreme Court, to determine whether to grant a request for issuance of a Letter of Request:

> (1) the importance to the litigation of the documents requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Société Nationale Industrielle Aérospatiale*, 482 U.S. at 544 n.28 (quoting Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tent. Draft No. 7, 1986) (approved May 14, 1986)).

Here, these factors support issuing the Letters of Request. *First*, as set out above, the documents and testimony requests are particularly important to the SEC's claims in this litigation. *Second*, the narrow requests to Chai are specific, seek only a limited set of evidence, and are directly relevant to issues in this case. *Third* and *fourth*, Chai has no presence in the United States, so documents likely originate outside the United States and are unlikely to be found in the United States, which counterbalances the foreign origin of the documents and favors disclosure. *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 793; *Jaguar*, 2021 WL 3075698, at *2 (even if the third factor weighs against issuing the letters, "the fourth [factor] . . . can overcome the third").

*Finally*, "the United States . . . has a significant interest in 'the protection of investors'

and the promotion of 'efficiency, competition, and capital formation.'" *Owen v. Elastos Found.*, 343 F.R.D. 268, 288 (S.D.N.Y. 2023) (quoting 15 U.S.C. § 77b(b)) (holding that "both of those interests are particularly strong where, as here, foreign litigants have targeted United States investors and raised substantial funds in the United States."). Moreover, "[w]hen a court orders resort to the [Hague] Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that state." Restatement (Third) of Foreign Relations Law § 473 Reporter's Note 5 (quoted in *Jaguar Land Rover Ltd. v. DR. ING. H.C. F. Porsche AG*, No. 21-MC-62-ZMF, 2021 WL 3075698, at *2 (D.D.C. June 22, 2021)).

Accordingly, all comity considerations favor issuing the Letters of Request to obtain limited documents and testimony from Chai and its former executive.

## CONCLUSION

For the reasons above, the SEC respectfully requests that the Court grant this unopposed motion and execute the attached Letters of Request.

Dated: July 10, 2023

Respectfully submitted,

/s/ James P. Connor
Christopher J. Carney
James P. Connor, admitted *pro hac vice*
Laura E. Meehan
Devon L. Staren, admitted *pro hac vice*
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Tel: (202) 551-8394
Email: connorja@sec.gov

<u>Of counsel:</u>
Elisabeth Goot
Kathleen Hitchins
Roger J. Landsman
Reid A. Muoio
James F. Murtha
100 F Street NE
Washington, DC

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 10, 2023, I filed the foregoing through the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

<u>/s/ James P. Connor</u>
James P. Connor
