UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Plaintiff,<br><br>        v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>                          Defendants. | No. 1:23-cv-1346 (JSR) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO NOTICE DEFENDANT DO HYEONG KWON'S DEPOSITION, OR, IN THE ALTERNATIVE, TO PRECLUDE DEFENDANTS FROM USING A DECLARATION FROM KWON**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

    A. Summary of the Allegations ................................................................................................2

    B. The SEC's Efforts to Obtain Kwon's Deposition in Montenegro .......................................3

ARGUMENT .................................................................................................................................4

    I.      The Court Should Grant the SEC Leave to Notice Kwon's Deposition .......................4

    II.     In the Alternative, the Court Should Preclude Defendants From Using a Decalation from Kwon on Summary Judgment ..................................................................................8

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*,
  No. CV 00-10343-NG, 2006 WL 8458370 (D. Mass. Mar. 14, 2006) ............................ 8

*CFTC v. Kim,*
  No. 11-cv-1013, 2011 WL 554105 (S.D.N.Y. Feb. 15, 2011) ................................... 4, 5

*Dedvukaj v. Equilon Enter., L.L.C.*,
  301 F.Supp.2d 664 (E.D. Mich. 2004) ......................................................... 8, 9

*Dedvukaj v. Equilon Enter., L.L.C,*
  132 Fed. Appx. 582 (6th Cir. 2005) ................................................................ 8

*G-I Holdings, Inc. v. Baron & Budd*,
  No. 01 CIV. 0216 (RWS), 2002 WL 31251702 (S.D.N.Y. Oct. 8, 2002) ................. 2, 8

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ........................................................................................ 7

*In re 650 Fifth Ave.*,
  No. 08 CIV. 10934 KBF, 2013 WL 5178677 (S.D.N.Y. Sept. 16, 2013) ...................... 8

*In re 650 Fifth Ave.*,
  830 F.3d 66 (2d Cir. 2016) ............................................................................. 8

*In re Subpoena Issued to Dennis Friedman*,
  350 F.3d 65 (2d Cir. 2003) ............................................................................. 4

*Schlagenhauf v. Holder*,
  379 U.S. 104 (1964) ....................................................................................... 4

*Société Nationale Industrielle Aéropatiale v. United States Distr. Court*,

   482 U.S. 522 (1987) .................................................................................................... 7

*United States v. Assa Co. Ltd.*,

   934 F.3d 185 (2d Cir. 2019) ........................................................................................ 8

*United States v. Buff*,

   636 F.Supp.3d 441 (S.D.N.Y. 2022) ............................................................................ 4

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................. 4, 5

Fed. R. Civ. P. 28 ................................................................................................................. 3

Fed. R. Civ. P. 30 ............................................................................................... 1, 2, 4, 5, 7, 9

Pursuant to Fed. R. Civ. P. 30(a)(2)(B) and ¶ 2(d) of Your Honor's Individual Rules of Practice, Plaintiff, the Securities and Exchange Commission ("SEC"), respectfully requests that the Court grant the SEC leave to notice Defendant Do Hyeong Kwon's deposition, or in the alternative, preclude Defendants from using a declaration from Kwon on summary judgment.

**PRELIMINARY STATEMENT**

The SEC filed this action in February 2023, alleging that Defendants Terraform Labs PTE Ltd. ("Terraform") and Kwon, its founder, former Chief Executive Officer, and majority shareholder orchestrated a multi-billion-dollar fraud involving the development, marketing, and sale of various crypto asset securities to U.S. investors. Am. Compl. ¶ (ECF No. 24). Since that time, the SEC has diligently pursued discovery from Defendants, including document discovery, written discovery, depositions of former and current Terraform employees, and various letters of request for international judicial assistance under Chapter I of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), including a pending request for assistance to question Kwon in Montenegro, where he is currently incarcerated after being arrested there in March 2023.[1]

With less than a month left in discovery, however, the SEC has not yet been afforded a critical discovery tool used in nearly every civil case—the deposition of the Defendant. And Kwon—even though he opposes the SEC noticing his own deposition—has actively litigated the case, including conducting depositions, certifying interrogatory responses, requesting and receiving the SEC's investigative file, and issuing subpoenas to numerous third parties located in the United States and abroad.

---

[1] Kwon and Han Chang-joon (a/k/a "CJ Han"), Terraform's former Chief Financial Officer, were arrested in Montenegro on March 22, 2023, a month after the SEC filed its Complaint.

Given that Kwon is a party and actively litigating this case, the SEC seeks leave to issue a notice of deposition to Kwon under Fed. R. Civ. P. 30(a)(2)(B), which requires leave of Court when the deponent, like Kwon, is incarcerated. The Court should grant leave not only because the SEC is entitled to the deposition of a party opponent under Fed. R. Civ. P. 30, but also because the deposition is particularly important in this case, when the unavailable witness (Kwon) was the mastermind of the securities fraud schemes alleged in the Amended Complaint.

In the alternative, if the Court does not grant the SEC leave to issue Kwon's deposition notice, the Court should preclude Defendants from using a declaration from Kwon on summary judgment. *See, e.g., G-I Holdings, Inc. v. Baron & Budd*, No. 01 CIV. 0216 (RWS), 2002 WL 31251702, at *5 (S.D.N.Y. Oct. 8, 2002) (holding that a party cannot rely upon an affidavit of a witness who has been unavailable for deposition).

## FACTUAL BACKGROUND

### A. Summary of the Allegations

The Amended Complaint alleges that Terraform and Kwon perpetrated a fraudulent scheme to mislead investors about the Terra blockchain and its crypto asset securities. Am. Compl. ¶ 5. Terraform and Kwon repeatedly—and falsely—told the investing public that a popular Korean electronic mobile payment application called "Chai" employed the Terraform blockchain to process and settle commercial transactions between customers and merchants. *Id.* ¶ 121. Investors bought in, purchasing hundreds of millions of dollars' worth of LUNA and other Terraform crypto assets, based in part on Terraform and Kwon's claims that Chai payment transactions were being processed and settled on the Terraform blockchain. *Id.* ¶¶ 150–52. Chai payments did not use the Terraform blockchain to process and settle payments. *Id.* ¶¶ 121, 142. Rather, Defendants faked Chai payments onto the Terraform blockchain, in order to make it

appear that they were occurring on the Terraform blockchain when, in fact, Chai payments were made through traditional means. *Id.* ¶¶ 122, 134–35.

Terraform and Kwon also misled investors about the stability of Terra USD ("UST"), Terraform's crypto asset "stablecoin" purportedly pegged to the U.S. dollar. *Id.* ¶ 153. In May 2021, when UST dipped below $1.00, Defendants secretly arranged for a third party to purchase massive amounts of UST to restore the $1.00 peg. *Id.* ¶¶ 157-58. Kwon and Terraform then publicly and repeatedly touted the restoration of the $1.00 UST peg as a triumph of decentralization and the "automatically self-heal[ing]" UST algorithm over the "decision-making of human agents in time of market volatility," misleadingly omitting the actual reason why the $1.00 peg was restored: the third party's intervention to prop up UST's price. *Id.* ¶ 162. After the UST peg was restored in May 2021, investors poured additional billions of dollars into the Terraform ecosystem. *Id.* ¶ 169. When the UST peg subsequently collapsed one year later, in May 2022, it wiped out nearly $40 billion of total market value taking with it the life savings of many retail investors in the United States. *Id.* ¶8.

## B. The SEC's Efforts to Obtain Kwon's Deposition in Montenegro

At the SEC's request, the Court issued a Letter of Request for International Legal Assistance under the Hague Evidence Convention to Montenegro on August 30, 2023 ("Letter of Request"). The Letter of Request seeks a U.S.-style deposition of Kwon and former Terraform Chief Financial Officer CJ Han in Montenegro. *See* Fed. R. Civ. P. 28(b)(2) (authorizing the issuance of a Letter of Request to obtain the taking of a deposition in a foreign country). The Letter of Request has been delivered to the appropriate Montenegrin authorities. Additionally, undersigned SEC counsel and SEC's local Montenegrin counsel have contacted the Montenegrin authorities in an effort to expedite the processing of the Letter of Request. As of the date of this

filing, the Montenegrin authorities have received the request but have not yet indicated when the request will be processed.

## ARGUMENT

### I. The Court Should Grant The SEC Leave To Notice Kwon's Deposition

Under Rule 30, the SEC is entitled to the deposition of defendant Kwon. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any* person, including a party[.]" (emphasis added)); *United States v. Buff*, 636 F.Supp.3d 441, 449 (S.D.N.Y. 2022) ("Plaintiff is *entitled* to their party-opponent's deposition under the Federal Rules…" (emphasis added)). Moreover, the right to take depositions is a "broad" one because depositions are such an important tool of discovery. *See, e.g., In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long 'accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark.'" (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964))); *Buff*, 636 F.Supp.3d at 449–50 (ordering a defendant residing in France to appear in the United States for a deposition).

The civil discovery rules also "generally do not place any initial burden on parties to justify their deposition and discovery requests." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 69 ("A party may take the testimony of *any person* ... by deposition upon oral examination without leave of court." (citing Fed. R. Civ. P. 30(a)(1) (emphasis added))); Fed. R. Civ. P. 26(c) (permitting courts to issue a protective order upon "good cause shown" by the party *opposing* discovery). That is why courts routinely grant leave when parties seek to depose confined individuals, particularly when the confined persons are parties to civil cases. *See, e,g,, CFTC v. Kim*, No. 11 CIV. 1013, 2011 WL 554105, at *4 (S.D.N.Y. Feb. 15, 2011) ("In

4

accordance with Federal Rule of Civil Procedure 30(a)(2)(B), the deposition of [the defendant] may be taken whether or not he is confined in prison.").

Under Fed. R. Civ. P. 30(a)(2)(B), the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Here, there is no question granting leave to depose Kwon is consistent with Rule 26, given that Kwon is a defendant, the former CEO of Defendant Terraform, and has personal knowledge of the key fraud and Securities Act Section 5 allegations in the SEC's Amended Complaint. Fed. R. Civ. P. 26(a)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

As just one of many examples for why Kwon's deposition easily meets the standards under Rule 26, consider the SEC's claims that Kwon perpetrated a scheme to fabricate Chai transactions on the Terraform blockchain to make it appear more active, all to dupe investors. For instance, in an extensive private chat between Kwon and Daniel Shin[2] during the early stages of Chai and Terraform's formation and partnership, Kwon details how he intended to use Chai to create fake transactions on the Terra blockchain, which would appear real and generate fees. An extract of this conversation, which is attached as Exhibit A, is below.

---

[2] The Court granted the SEC's Letter of Request to the Republic of Korea, in which the Commission is seeking documents from Chai and Daniel Shin's testimony. Shin is also charged in the Republic of Korea for his role in this fraud scheme. The requests have been delivered to the Republic of Korea and are pending.

> **Daniel Shin** <daniel@terra.money> — 5/9/2019, 8:56 AM
> (i.e., when we will start to stake and when we will stop airdropping sdt, etc)
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 8:59 AM
> i can just create fake transactions that look real
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 8:59 AM
> which will generate fees
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 9:00 AM
> and we can wind that down as chai grows

Shin then responds with the obvious question — "wouldn[']t people find out it's fake." But Kwon boasts that he will make it difficult for anyone to discover the fraud. And then both Kwon and Shin ultimately agree to test out this plan on a small scale.

> **Do Kwon** <do@terra.money> — 5/9/2019, 9:03 AM
> All the power to those that can prove its fake
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 9:03 AM
> because i will try my best to make it indiscernable
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 9:03 AM
> i wont tell if you wont 😉
>
> **Daniel Shin** <daniel@terra.money> — 5/9/2019, 9:04 AM
> Haha
>
> **Daniel Shin** <daniel@terra.money> — 5/9/2019, 9:04 AM
> Well let's test in small scale and see what happens 😉
>
> **Do Kwon** <do@terra.money> — 5/9/2019, 9:04 AM
> ok

As alleged in the Amended Complaint, Kwon and Terraform grew this Chai fraud and ultimately lured unwitting investors into parting with billions of dollars. The above extracts—from but one conversation—thus establish that Kwon has highly relevant information that is "important to resolving the issues," *i.e.*, Kwon's personal knowledge and scienter with respect to the Chai fraud charge.

      Moreover, while the SEC took Kwon's testimony in August 2022 prior to the filing of this action, many key documents—like Exhibit A and Kwon's sworn interrogatory responses—

were produced after Kwon provided his testimony. Therefore, the SEC has not only the right but the need to questions Kwon regarding evidence obtained in this litigation.

Kwon also has critical information about the SEC's other fraud and Securities Act Section 5 claims, all of which center on his conduct. For instance, in Kwon's recent interrogatory responses, he acknowledged that he did, in fact, communicate with a representative of U.S. Trading Firm, the third party referenced in the Amended Complaint, in May 2021 regarding UST's depeg from $1.00. *See* Exhibit B (Kwon's response to SEC's Interrogatory No. 9 stating that he "had discussions with [U.S. Trading Firm representative] regarding efforts to restore the $1.00 UST peg.") The SEC therefore has the right to depose Kwon about what he discussed with the U.S. Trading Firm representative and his personal knowledge and scienter with respect to misleading the investing public about UST's stability. Kwon has similar knowledge regarding Terraform's illegal securities offerings, including by signing, among other agreements, the agreements through which LUNA was distributed to the investing public. *See* Exhibit C (agreement between Terraform and U.S. Trading Firm signed by Kwon).

Granting the SEC leave to notice Kwon's deposition is also consistent with the "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation'" *Société Nationale Industrielle Aéropatiale v. United States Distr. Court*, 482 U.S. 522, 540 n. 25 (1987) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507). Currently, the SEC is being denied its fundamental right to gather the relevant facts because it has not had an opportunity to depose the most critical witness in this case, who has, through counsel, actively conducted his own discovery from the SEC and third parties. The Court should therefore grant the SEC's request for leave to notice Kwon's deposition under Fed. R. Civ. P. 30(a)(2)(B).

## II. In the Alternative, the Court Should Preclude Defendants From Using a Declaration From Kwon on Summary Judgment

For months prior to the filing of this motion, the SEC has conferred with Defendants' counsel to ascertain whether Defendants intend to use a declaration from Kwon on summary judgment, given his incarceration. But Defendants' counsel have not taken a position, leaving open the possibility that they would use a declaration from Kwon, without providing the SEC an opportunity to depose him.

The Court should preclude Defendants from doing so because a party cannot rely on a declaration submitted by an individual that was "never made available for any type of cross-examination." *See, e.g., In re 650 Fifth Ave.,* No. 08 CIV. 10934 KBF, 2013 WL 5178677, at *15 (S.D.N.Y. Sept. 16, 2013), *vacated and remanded on other grounds* in *In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66 (2d Cir. 2016), and *aff'd in part, vacated in part, on other grounds* in *United States v. Assa Co.*, 934 F.3d 185 (2d Cir. 2019); *G-I Holdings, Inc*, 2002 WL 31251702, at *5 (holding that a party cannot rely upon an affidavit of a witness who has been unavailable for deposition); *see also Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.,* No. CV 00-10343-NG, 2006 WL 8458370, at *1 (D. Mass. Mar. 14, 2006) (holding "it would be unfair to allow the plaintiff to rely on declarations from individuals who have not made themselves available for discovery and are unlikely to be available for trial" especially after formal efforts to obtain their testimony through the issuance of international process); *Dedvukaj v. Equilon Enter., L.L.C.*, 301 F.Supp.2d 664, 668 (E.D. Mich. 2004) (finding it unreasonable to rely on an affidavit from a witness who was unavailable for deposition "and for whom there is even no indication he will be available for trial."), *aff'd*, 132 Fed.Appx. 582 (6th Cir. 2005) (unpublished opinion). Here it is uncontested that the SEC has both pursued all available means to obtain Kwon's deposition and is "entitled to receive such

evidence, and digest it, during the discovery period prior to filing [a] summary judgment motion." *Id.* at 668.

Under the rules, case law, and in the interest of fairness, it is imperative that the Defendants be foreclosed from using Kwon's unavailability as both a sword and a shield during these proceedings. Accordingly, even if the Court declines to grant the SEC leave to notice Kwon's deposition under Fed. R. Civ. P. 30(a)(2)(B), the Court should preclude Defendants from using a declaration from Kwon on summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should grant the SEC's motion for leave to notice defendant Do Hyeong Kwon's deposition.

Dated:  September 22, 2023             Respectfully submitted,

/s/ Carina A. Cuellar
Carina A. Cuellar, admitted *pro hac vice*
James P. Connor, admitted *pro hac vice*
Laura E. Meehan
Devon L. Staren, admitted *pro hac vice*
Christopher J. Carney
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Tel: (202) 551-6274
Email: cuellarc@sec.gov