UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TERRAFORM LABS PTE LTD. and
DO HYEONG KWON,

Defendants.

No. 1:23-cv-1346 (JSR)

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO NOTICE
DEFENDANT DO HYEONG KWON'S DEPOSITION, OR, IN THE ALTERNATIVE,
<u>TO PRECLUDE DEFENDANTS FROM USING A DECLARATION FROM KWON</u>**

# TABLE OF AUTHORITIES

**Cases**

*Hilliard v. Murphy Land Co., LLC*, No. 1:18-cv-00232-DCN, 2019 WL 6702410 (D. Id. Dec. 9, 2019), *aff'd*, 835 Fed. Appx. 292 (9th Cir. Feb. 4, 2021)). ......................................................... 5

*Hughey v. JMS Dev. Corp.*, 78 F.3d 1523 (11th Cir. 1996) ................................................. 4

*In re Grand Jury Proceeding*, 971 F.3d 40 (2d Cir. 2020) ................................................. 5

*Inv. Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705 (2d Cir. 1972) ................................................. 1

*Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130 (S.D.N.Y. 1997) ....................................... 1

*SEC v. Glob. Telecom Servs., L.L.C.,* 325 F. Supp. 2d 94 (D. Conn. 2004) ................................. 5

*SEC v. Hong, No.* CV-20-04080 (MCS) (RAOx), 2021 WL 8531666 (C.D. Cal. May 18, 2021)  3

**Rules**

2013 Advisory Committee Notes to Fed. R. Civ. P. 45, subdivision (c) ....................................... 6

Fed. R. Civ. P. 30(a)(2)(B) ................................................................................................. 2, 4

Fed. R. Civ. P. 37(b)(2) ....................................................................................................... 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TERRAFORM LABS PTE LTD. and
DO HYEONG KWON,

Defendants.

No. 1:23-cv-1346 (JSR)

---

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO NOTICE DEFENDANT DO HYEONG KWON'S DEPOSITION, OR, IN THE ALTERNATIVE, TO PRECLUDE DEFENDANTS FROM USING A DECLARATION FROM KWON

Plaintiff, the Securities and Exchange Commission ("SEC"), respectfully submits this reply in support of its Motion for Leave to Notice Defendant Do Hyeong Kwon's Deposition, or, in the Alternative, to Preclude Defendants from Using a Declaration from Kwon. (ECF No. 58). "[I]it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (citation omitted); *see also Inv. Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972) (holding that "an order to vacate a notice of taking [a deposition] is generally regarded as both unusual and unfavorable."). Yet Defendants ask the Court to preclude the SEC from even noticing the deposition of Defendant Kwon, who, as alleged in the SEC's Complaint, was the principal architect and leader of the securities fraud scheme perpetrated by Defendants.

Defendants offer no legitimate grounds for opposing the SEC's motion for leave to notice Kwon's deposition, failing to even meaningfully discuss the rule that governs the issue. As discussed in our opening brief, Rule 30 provides that the Court "must grant leave" when the

deponent is confined in prison to the extent "consistent with Rule 26(b)(1) and (2)." Fed. R. Civ.

P. 30(a)(2)(B). Our opening brief explained why the deposition notice was consistent with Rule

26, namely that Defendant Kwon possesses relevant knowledge about the SEC's claims.

Defendants not only fail to respond to those arguments, but they never once mention Rule 26(b),

the very standard the Court must consider in deciding the issue. And Defendants' brief reveals

the unreasonableness of their position, stating that the Court should not allow the SEC to issue a

deposition notice for Kwon because of the Letter of Request pending in Montenegro, but then

asserting that Kwon may himself object to answering questions by the Montenegrin Court. Def.

Br. 3, n.1. The Court should reject Defendants' attempt to shield Kwon from discovery and

grant the SEC's motion for leave to issue the deposition notice.

## ARGUMENT

I.      Discovery is Set to Close on October 13 and There is
        No Guarantee Kwon Will be Questioned in Montenegro by Then

As stated in the SEC's motion, at the SEC's request, the Court issued a Letter of Request

for International Legal Assistance under the Hague Evidence Convention to Montenegro on

August 30, 2023 ("Letter of Request"). *Id.* at pgs. 3–4. As of September 22, 2023, the date of the

SEC's motion, Montenegrin authorities had not yet indicated when the request would be

processed. *Id.* Three days later, on September 25, 2023, the SEC learned from its local counsel

that a Montenegrin court intends to hold a hearing on October 13 (which is also the final day of

discovery in this matter). It is the SEC's understanding that at that hearing a Montenegrin judge

will ask Kwon the questions set forth in the Letter of Request, during which time Kwon will

have the right to counsel.[1] The SEC also understands that the Montenegrin court has set aside

---

[1]     As of the date of this filing, the SEC is unclear whether the Montenegrin court will also
question Han on October 13, 2023.

October 26 as a back-up date to conduct the hearing, should any technical complications prevent the hearing from being held on October 13.

First, it is not certain that the hearing in Montenegro will take place.  *See e.g.*, Defendant's Opposition to Motion (ECF No. 59) ("Opp.") at 2-3 ("On September 25, 2023, a Montenegrin Court indicated informally (without issuing any ruling or order) that *it may hold* a hearing on October 13 or October 26, 2023 for the purpose of asking Mr. Kwon the questions that the SEC drafted and included in its LOR.") (emphasis added).  Given that the hearing is tentatively scheduled for the last day of discovery in this matter, there is no margin for error if the hearing is cancelled.  Second, even if the hearing goes forward, there is no guarantee that Kwon—who is facing criminal charges in multiple jurisdictions—will cooperate with the proceedings and thereby potentially obviate the need for a Rule 30 deposition by the SEC. Indeed, Defendants' brief suggests that Kwon may "object" to the Montenegrin Court asking Kwon the questions outlined in the LOR.[2]  Thus, it is important that the SEC's right to depose Kwon be preserved in the meantime.  *See SEC v. Hong, No.* CV-20-04080 (MCS) (RAOx), 2021 WL 8531666, at *1 (C.D. Cal. May 18, 2021) (holding that order issuing Letters of Request "in no way precludes Plaintiff from deposing Defendants under Rule 30 if the letters of request are unsuccessful or not approved by the [foreign country] prior to the discovery cut-off.").[3]

---

[2]     Defendants suggest that Kwon may not answer questions because the "Montenegrin Court's informal statement about the hearing" supposedly provides that "Mr. Kwon would not have the right to have counsel represent him and participate in the hearing."  Defendants have not provided that "informal statement" to the Court (or to the SEC).  In any event, the SEC's understanding, which it shared with Defendants' counsel, is that Kwon will have the right to have counsel present, consistent with the LOR.

[3]     Defendants' attempt to distinguish *Hong*, on the grounds that the Defendants in that case applied for the letters of request at issue, falls flat.  The basis for the court's ruling that the SEC could still depose Defendants under Rule 30, if needed, was the possibility that the SEC might not obtain authorization from China prior to the close of discovery or that the questioning in

Should the proceedings in Montenegro go forward, and should Kwon answer the questions posed in the Letter of Request, a Rule 30 deposition of Kwon may prove unnecessary. However, since there is no guarantee that events will unfold in this manner, and discovery is about to close, the SEC simply seeks to preserve its ability to depose Kwon.[4]  Indeed, it is ironic that Defendants fault the SEC for not simply relying on the proceedings in Montenegro and abandoning any request for a Rule 30 deposition, while simultaneously suggesting that Kwon himself may object to those proceedings.  *See* Opp. at 3, n. 1.

Furthermore, Defendants never engage with the actual rule that controls the SEC's motion for leave, which provides that the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2)(B).  Kwon is a defendant in this case, the former CEO of Defendant Terraform, and possesses key knowledge regarding the allegations in the SEC's complaint, thus easily satisfying the standards of relevance under Rule 26.[5]  Instead of addressing the in-circuit cases discussed in the SEC's motion regarding the broad and permissive right to notice depositions, Defendants cite to out-of-circuit cases about the impossibility of complying with a zero-discharge standard under the Clean Water Act or transferring title to land that has already been sold.  *See* Opp. at 3-4 (citing *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523,

---

China might be limited.  *Id*.  Both of those possibilities exist in this case with respect to Montenegro as well.

[4]  Defendants contend that the SEC stated in the call with Chambers that it may still seek a Rule 30 deposition even if the hearing in Montenegro goes forward and Kwon answers the questions posed.  However, the SEC was simply preserving its right to request that the Court allow Kwon to be deposed a second time, should the first deposition prove inadequate.  *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring leave of court for a deposition if "the deponent has already been deposed in the case.").

[5]  Indeed, Defendants' detailed objections to the SEC's characterization of a chat between Kwon and Shin only serve to highlight the need to depose Kwon.  Opp. at 5.

1530 (11th Cir. 1996) and *Hilliard v. Murphy Land Co., LLC*, No. 1:18-cv-00232-DCN, 2019 WL 6702410, at * 7 (D. Id. Dec. 9, 2019), *aff'd*, 835 Fed. Appx. 292 (9th Cir. Feb. 4, 2021)).[6]

The only basis that Defendants offer for denying the SEC's right to a deposition is that it is "currently impossible for Mr. Kwon to appear for a deposition in the United States." Opp. at 3. This statement, however, rings hollow. Although it is true that Kwon's detention in Montenegro was "widely reported," (Opp. at. 1), the fact of this detention has not stopped Kwon from actively litigating this case. Since his detention, Kwon has filed a motion to dismiss this action, has served discovery on the SEC and subpoenas upon third parties, has verified interrogatory responses, and even moved the Court to require a third-party witness living overseas to appear for a deposition in the United States. Not once has Kwon suggested to the Court that he cannot fully participate in this matter. Instead, he seeks to have it both ways by employing the authority of the Court to require others to participate in discovery, while resisting his own obligations to sit for a deposition.[7]

Nor is Kwon's argument that the SEC is asking the Court to do "the impossible" valid. The SEC is not asking the Court to order Kwon to be released from jail in Montenegro to appear for a deposition in the United States. Instead, because Federal Rule 30(a)(2)(B) requires the Court's permission to notice the deposition of someone "confined in prison," the SEC simply

---

[6]   Defendants also point to an inapposite Second Circuit case holding that compliance with a subpoena issued by a grand jury that was no longer impaneled was impossible but upholding the district court's power to enforce a similar subpoena properly issued by a still impaneled second grand jury. *See* Opp. at 4 (citing *In re Grand Jury Proceeding*, 971 F.3d 40, 50 (2d Cir. 2020)).

[7]   The fact that Kwon provided testimony during the SEC's investigation does not obviate the SEC's need for Kwon's deposition in this matter under Rule 30. *See SEC v. Glob. Telecom Servs., L.L.C.,* 325 F. Supp. 2d 94, 111 (D. Conn. 2004).

seeks the Court's permission to do what it otherwise would have been able to do if Kwon was

not in prison—*i.e.*, notice the deposition of a party.  *See* 2013 Advisory Committee Notes to Fed.

R. Civ. P. 45, subdivision (c) (notice of deposition sufficient to require party to appear for

deposition).  If Kwon fails to appear for the deposition once it is noticed, it will be up to the

Court to decide the appropriate remedy based upon the circumstances.  *See* Fed. R. Civ. P.

37(b)(2).  Such remedies could include drawing adverse inferences, precluding Kwon from

introducing certain evidence, or staying proceedings until the order is obeyed, among others.  *See*

*id*.[8]

II.     The SEC's Alternative Request Precluding Defendants From Using
        a Declaration From Kwon on Summary Judgment Is Appropriate

Defendants claim that the Court should not consider the SEC's alternative request that

Defendants not be able to use a declaration from Kwon if the SEC has no ability to depose him.

As support, Defendants claim that the SEC never raised this alternative relief in the pre-motion

call to chambers.  Opp. at 4.  However, SEC counsel specifically discussed on the call with

chambers the prejudice that would result from its inability to depose Kwon and the SEC's

alternative request is based on that prejudice.  Defense counsel even weighed in on the issue,

reiterating on the call that Defendants will not say whether they intend to use a declaration from

Kwon, the same answer that Defendants have provided for months in the lead up to the parties'

call to chambers.  SEC counsel did not specifically state during the pre-motion call to chambers

that the SEC would seek this alternative relief in the motion, and we regret that unintentional

oversight.  Yet precluding Defendants from introducing a declaration from Kwon is a logical

corollary to denying the SEC the right to notice his deposition for all the reasons explained in our

---

[8]     Because the Court has not yet issued an order granting the Commission permission to
issue a deposition notice to Kwon, the Commission has not yet issued such a notice, and Kwon
has not yet failed to appear, the Commission does not seek such remedial measures currently.

motion.  *See* Mot. at 7-8.  Notably, Defendants do not even attempt to distinguish the case law

cited by the SEC, all standing for the unchallenged proposition that parties who have not made

themselves available for a deposition may not then submit declarations on summary judgment.

Defendants' argument that the SEC's request for a preclusion order is "unripe," is

similarly without merit.  *See* Opp. at 4-5.  Defendants once again want to have it both ways.

They want the Court to deny the SEC leave to issue Kwon's deposition notice on the grounds

that the deposition is "impossible" to conduct within the discovery period that closes October 13,

but they want to leave open the possibility they will submit a declaration from Kwon in

conjunction with summary judgment briefing scheduled to begin two weeks later.  If the Court

denies the SEC leave to issue Kwon's deposition notice on the grounds that it is impossible, he

should not be permitted to submit a self-serving declaration in connection with summary

judgment briefing.

## CONCLUSION

For the foregoing reasons and those set forth in the initial motion, the SEC respectfully

submits that the Court should grant the SEC's motion for leave to notice Kwon's deposition.

Dated:  September 28, 2023                Respectfully submitted,

                                          /s/ *Christopher J. Carney*
                                          Christopher J. Carney
                                          James P. Connor, admitted *pro hac vice*
                                          Carina A. Cuellar, admitted *pro hac vice*
                                          Laura E. Meehan
                                          Devon L. Staren, admitted *pro hac vice*
                                          Attorneys for Plaintiff
                                          U.S. SECURITIES AND EXCHANGE
                                          COMMISSION
                                          100 F Street NE
                                          Washington, DC 20549
                                          Tel: (202) 551-2379
                                          Email: carneyc@sec.gov

7