```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Securities and Exchange Commission, | |
| Plaintiff, | 23-cv-1346 (JSR) |
| -v- | ORDER |
| Terraform Labs Pte. Ltd. and Do Hyeong Kwon, | |
| Defendants. | |

JED S. RAKOFF, U.S.D.J.:

In this case, the Securities and Exchange Commission ("SEC") alleges that the defendants -- Terraform Labs Pte Ltd., a "crypto-assets" company, and its Founder, Chief Executive Officer and majority shareholder, Do Hyeong Kwon -- orchestrated a multi-billion-dollar fraud involving the development, marketing, and sale of various cryptocurrencies. Kwon is currently incarcerated in Montenegro and it is unclear when he will be released. Nevertheless, Kwon and his counsel have been actively litigating this case.

On September 22, 2023, the SEC moved for leave to file a notice of deposition for Kwon under Federal Rule of Procedure 30(a)(2)(B), which requires "leave of court" for such a notice "if the deponent is confined in prison." See ECF No. 58. Kwon filed opposition papers on September 27, 2023, see ECF No. 59, and the SEC filed a reply on September 28, 2023, see ECF No. 60.

1

Rule 30(a)(2) provides that "the court must grant leave" to file a notice of deposition "to the extent consistent with Rule 26(b)(1) and (2)." In turn, Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Kwon's counsel does not even attempt to argue that deposing Kwon -- the defendant who allegedly spearheaded the fraudulent scheme at issue -- fails that standard. Instead, counsel argues that "it is currently impossible for Mr. Kwon to appear for a deposition in the United States." ECF No. 59, at 3. But, while it may be highly unlikely for the Montenegrin authorities to permit Kwon to appear for a deposition, the laws of physics do not make it "impossible." In any event, Kwon's counsel fails to grapple with the relevant standard in Rule 26(b), which plainly requires the Court to grant leave. The SEC's motion for leave to file a notice of deposition for defendant Do Hyeong Kwon is thus hereby granted.

Should the deposition not occur by the close of discovery, defense counsel is precluded from submitting a declaration from Kwon.[1] The Court will not consider a declaration submitted by a

---

[1] The parties have informed the Court that Montenegrin authorities may, before the close of discovery, ask Kwon a list of questions provided by the SEC. See ECF No. 60, at 2-3. According to the SEC, "[s]hould the proceedings in Montenegro go forward, and should Kwon answer the questions posed in the Letter of Request, a Rule 30 deposition may prove unnecessary." Id. at 4. If a Rule 30

defendant who "was never made available for any type of cross-examination" by opposing counsel. In re 650 Fifth Ave., 2013 WL 5178677, at *15 (S.D.N.Y. Sept. 16, 2013), aff'd in part and vacated in part on other grounds, United States v. Assa Co. Ltd., 934 F.3d 185 (2d Cir. 2019). The Clerk is respectfully directed to close document number 58 on the docket of this case.

    SO ORDERED.

Dated:   New York, NY
           September 29, 2023

                                       JED S. RAKOFF, U.S.D.J.

---

deposition proves unnecessary for that reason, defense counsel may submit a declaration from Kwon, without prejudice to potential objections by the SEC at the summary judgment stage to the declaration's admissibility.

3