UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br>  v.<br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br>      Defendants. | Civil Action No. 23 Civ. 1346 (JSR)<br><br>Hon. Jed S. Rakoff |

**DEFENDANTS' OPPOSITION TO THE SEC'S MOTION
TO STRIKE THE OPINIONS OF PROF. TERRENCE HENDERSHOTT**

The SEC's motion to strike Prof. Hendershott's opinions (ECF No. 93, the "Motion") is objectively frivolous. With respect to the SEC's argument that Prof. Hendershott is not qualified to offer opinions on blockchain technology (Motion 12-16), Defendants could refer to Prof. Hendershott's testimony describing his computer science and blockchain project experience,[1] but this July 20, 2023 email from the SEC to Prof. Hendershott speaks for itself:

> From: **Margida, Nicholas**
> <margidan@sec.gov>
> Date: Thu, Jul 20, 2023 at 7:17 AM
> Subject: Expert Services Inquiry - SEC Crypto Litigation
> To: hender@haas.berkeley.edu
> <hender@haas.berkeley.edu>
> CC: Farer, Jennifer <FarerJ@sec.gov>
>
> Good morning Professor Hendershott,
>
> My name is Nick Margida, and my colleague Jen Farer (cc'd here) and I are trial attorneys in the SEC's home office. We are in search of potential experts for active crypto litigations, including an expert that can speak to market microstructure and the economics of traditional securities markets. Olivia Choe and David Gottesman recommended that we speak with you. Do you have any availability to talk next week?

---

[1] *See* Motion Ex. 4 at 17:15-20:4, 22:6-23:17, 27:5-18, 46:16-48:15; *see also* Motion Ex. 1 (Hendershott Report, describing his qualifications).

The two SEC attorneys who recommended Prof. Hendershott to Mr. Margida (who works on the SEC's Coinbase case) and Ms. Farer (who works on its Binance case) are the Enforcement Division's Chief Litigation Counsel (Ms. Choe) and her deputy (Mr. Gottesman), who together presented Prof. Hendershott as the SEC's expert in the Lek Securities case before Judge Cote. Ms. Choe supervises all trial lawyers in the Enforcement Division, including the litigators pursuing this case. The SEC's Division of Enforcement believes that Prof. Hendershott is qualified to offer expert testimony in "crypto litigations," as he clearly is.[2]

The SEC argues that Prof. Hendershott's opinions are not reliable because he did not give sufficient consideration to what the SEC calls "key factual evidence" (Motion 6-12). But the only support the SEC offers for those supposed "facts" is Prof. Mizrach's opinions, which Prof. Hendershott demonstrated have no basis (Motion Ex. 1 ¶¶ 52-138). Prof. Hendershott thus gave that supposed "key factual evidence" all the consideration it merited in his expert opinion.[3]

The SEC also criticizes Prof. Hendershott for not offering his own model of the Trading Firm's supposed price impact (Motion 5), but that is not what rebuttal experts do: The SEC alleges that the Trading Firm was the "real" cause of the May 2021 repeg, and it alone has the burden of proving that. The Defendants do not have to disprove it, and their expert does not have to offer an alternative model of anything—all Prof. Hendershott had to do was explain the deep conceptual and methodological flaws that render Prof. Mizrach's model inadmissible,[4] which he did.

---

[2] This is not surprising: The Hasbrouck methodology that Dr. Mizrach purports to use was developed for use in the stock market, and Prof. Mizrach did not modify the methodology in any way for application to cryptocurrencies. The opinion Prof. Mizrach offers for the SEC is thus premised on the assumption that the study of price impact for a stablecoin is the same as the study of price impact in the stock market, not on cryptocurrency-specific knowledge. In that area of market microstructure, Prof. Hendershott's qualifications are unassailable. *See* Motion Ex. 1.

[3] Prof. Hendershott did not address the agreements about which the SEC complains because the VAR methodology employed by Dr. Mizrach does not incorporate any information from those agreements in any way. As Prof. Hendershott explained, Dr. Mizrach's reliance on what he assumes are the real motives of the Trading Firm has no reliable or scientific basis and the Trading Firm's motives have no bearing on the actual price impact associated with its UST purchases. *See* Declaration of Terrence Hendershott dated October 27, 2023 (ECF No. 96-5) ¶ 10, n.17.

[4] *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 638 F. Supp. 3d 227, 263 (E.D.N.Y. 2022) ([T]here is no need for Professor Hubbard, a rebuttal witness, to himself model credit card offerings under reduced interchange."); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 34 (S.D.N.Y. 2020) (rebuttal expert's "lack of an alternative model does not prevent him ... from 'tear[ing] down' " other expert's damages model and "is not grounds for excluding his critique of" the other expert); *Henkel v. Wagner*, No. 12-CV-

The Court should deny the Motion in its entirety.[5]

Dated: October 31, 2023

Respectfully submitted,

/s/      Douglas W. Henkin

**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com

Mark G. Califano
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com

*Counsel for Defendants Terraform Labs Pte. Ltd. and Kwon Do Hyeong*

---

4098, 2016 WL 1271062, at *12 (S.D.N.Y. Mar. 29, 2016) (rebuttal expert "does not need a 'model or theory' to identify purported flaws in [the opposing expert's] testimony" but rather "needs only her expertise and the 'method' identified at the beginning of the report — namely, reviewing the documents in this case, along with [the opposing expert's] report, and arriving at an opinion"); *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-CV-681, 2015 WL 5459662, at *12 (S.D.N.Y. Sept. 16, 2015) ("There is no requirement that a rebuttal expert himself offer a competing analysis; his opinions may properly concern criticizing that presented by another party.").

[5] The SEC's assertion that "Cornerstone Research drafted much of the report" for Prof. Hendershott (Motion 15) is easily addressed. Prof. Hendershott testified that he "drafted the first version of the report," that Cornerstone "typed up … how to describe a number of the analyses," and that he then assured that his report reflected his opinions. *See* Motion Ex. 4 at 9:20–10:4.