UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>TERRAFORM LABS PTE. LTD. and DO HYEONG KWON,<br><br>              Defendants. | Civil Action No. 23 Civ. 1346 (JSR)<br><br>Hon. Jed S. Rakoff |

**DEFENDANTS' OPPOSITION TO THE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF <u>DR. CHRISTINE A. PARLOUR</u>**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
| LEGAL STANDARD | 3 |
| I. PROF. PARLOUR'S TESTIMONY IS THE PRODUCT OF SPECIALIZED KNOWLEDGE AND A RELIABLE METHODOLOGY, AND IS NOT SIMPLY A FACTUAL NARRATION OF EVIDENCE | 3 |
| II. PROF. PARLOUR APPLIED HER EXPERTISE RELIABLY TO FORMULATE RELEVANT OPINIONS | 8 |
| III. PROF. PARLOUR CONSIDERED ALL THE NECESSARY AND RELEVANT FACTS TO ARRIVE AT THE CONCLUSIONS IN HER OPINION | 10 |
| CONCLUSION | 11 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bic Corp. v. Far Eastern Source Corp.*,
   23 F. App'x 36 (2d Cir. 2001) ...................................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993).................................................................................................................2, 4

*Hnot v. Willis Grp. Holdings Ltd.*,
   No. 1:01-cv-06558 (GEL), 2007 WL 1599154 (S.D.N.Y. June 1, 2007)..................................9

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   412 F. Supp. 3d 392 (S.D.N.Y. 2019), *aff'd*, 13 F.4th 247 (2d Cir. 2021)...............................3

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*,
   97 F. Supp. 3d 485 (S.D.N.Y. 2015)..........................................................................................8

*Medidata Sols., Inc. v. Veeva Sys., Inc.*,
   1:17-cv-00589-LGS, 2022 WL 585715 (S.D.N.Y. Feb. 24, 2022) .......................................2, 9

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005)......................................................................................................3

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   638 F. Supp. 3d 227 (E.D.N.Y. 2022) ......................................................................................3

*Pearlstein v. Blackberry Ltd.*,
   No. 1:13-cv-07060 (CM), 2021 WL 4131646 (S.D.N.Y. Sept. 10, 2021) ..............................10

*In re Platinum-Beechwood Litig.*,
   469 F. Supp. 3d 105 (S.D.N.Y. 2020).......................................................................................6

*S.E.C. v. Laura*,
   No.2023 WL 4238153 (E.D.N.Y. June 28, 2023) ...................................................................6

*S.E.C. v.. Revelation Capital Management, Ltd.*,
   215 F. Supp. 3d 267 (S.D.N.Y. 2016).......................................................................................8

*Shatkin v. McDonnell Douglas Corp.*,
   727 F.2d 202 (2d Cir. 1984).......................................................................................................3

*Thomas v. YRC Inc.*,
   No. 1:16-cv-06105 (AT) (HBP), 2018 WL 919998 (S.D.N.Y. Feb. 14, 2018)......................10

*Tyler v. Bethlehem Steel Corp.*,
    958 F.2d 1176 (2d Cir. 1992) ...................................................................................3

*US Airways, Inc. v. Sabre Holdings Corp.*,
    No. 1:11-cv-02725 (LGS), 2022 WL 1042273 (S.D.N.Y. Apr. 5, 2022) ..................8

*Whalen v. CSX Transportation, Inc.*,
    No. 1:13-cv-03784 (LGS) (HBP), 2016 WL 5723877 (S.D.N.Y. Sept. 29,
    2016) .........................................................................................................................4

*Wright v. Stern*,
    450 F. Supp. 2d 335 (S.D.N.Y. 2006) ......................................................................6

**Rules and Regulations**

Fed. R. Evid. 702 ....................................................................................................1, 3, 4

Defendants Terraform Labs Pte. Ltd. ("TFL") and Kwon Do Hyeong respectfully submit this Opposition to the Motion to Exclude the Testimony and Opinions of Dr. Christine A. Parlour (the "Motion") filed by the Securities and Exchange Commission ("SEC").

### PRELIMINARY STATEMENT

In moving to exclude Prof. Parlour's opinions, the SEC mischaracterizes the nature of her opinions, her methodology, and their direct relevance to this matter. Prof. Parlour offers opinions explaining ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The SEC makes no attempt to attack her qualifications and instead mischaracterizes her opinions as a "factual narrative" lacking in a reliable methodology or evidentiary basis. But the SEC's misguided attack ignores that Prof. Parlour is explicitly *not* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a finder of fact is likely to have very little or no personal experience or familiarity.

Here, as Prof. Parlour testified, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Parlour Dep. Tr. 225:1–9. Her opinions fall squarely within the realm of specialized knowledge outside the ken of the average person that is appropriate for an expert to offer. *See* Fed. R. Evid. 702, Advisory Committee Notes ("[A]n expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts.").

Prof. Parlour is an active researcher and professor who teaches and has published extensively on cryptocurrencies, blockchains, and the emergent field of decentralized finance in her role as the Sylvan C. Coleman Chair in Finance and Accounting at UC Berkeley's Haas School of Business. *See* Parlour Report, App. A (CV). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

(Parlour Dep. Tr. 19:13–18). Her opinions provide ███████████████████████, and are well-within the standards for admissibility under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); s*ee, e.g.*, *Medidata Sols., Inc. v. Veeva Sys., Inc.*, 1:17-cv-00589-LGS, 2022 WL 585715, at *2 (S.D.N.Y. Feb. 24, 2022) (opinions offering such "industry-specific expertise is regularly presented as expert testimony helpful to the" trier of fact). Accordingly, for the reasons set forth herein, the SEC's Motion should be denied.

## BACKGROUND

Prof. Parlour's opinions ███████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████.
*Id.* ¶¶ 14–15.

Prof. Parlour's report describes ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████. *Id.* ¶¶ 16–78. Prof. Parlour's report also provides ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████. *Id.* ¶¶ 79–90.

Prof. Parlour's opinions provide ███████████████████████████████
█████████████—something that bears on all of the SEC's claims and on which the SEC bears the full burden of proof, but about which—surprisingly—the SEC submitted no expert testimony. As a result, Prof. Parlour's testimony is ████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████.

2

## LEGAL STANDARD

District courts have "broad discretion over the admission of evidence," and this discretion is "especially broad with respect to the admission or exclusion of expert evidence." *Bic Corp. v. Far Eastern Source Corp.*, 23 F. App'x 36, 38 (2d Cir. 2001). "It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions ... ." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). Although expert testimony "may be excluded if it is speculative or conjectural," "is based on assumptions that are 'so unrealistic and contradictory as to suggest bad faith' or to be in essence an 'apples and oranges' comparison," other objections to expert testimony go to the weight of the testimony and not its admissibility. *Bic Corp.*, 23 F. App'x at 38; *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir. 1984); *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1188 (2d Cir. 1992)). Unlike the opinions offered by the SEC's proposed experts, Prof. Parlour's opinions do not fit any basis for exclusion.

## ARGUMENT

**I.   PROF. PARLOUR'S TESTIMONY IS THE PRODUCT OF SPECIALIZED KNOWLEDGE AND A RELIABLE METHODOLOGY, AND IS NOT SIMPLY A FACTUAL NARRATION OF EVIDENCE**

Despite the SEC's effort to mischaracterize Prof. Parlour's opinion as improper, her opinion is necessary to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The limited factual discussion provided by Prof. Parlour that the SEC misconstrues as her opinion is simply background for her actual opinions, which courts have routinely permitted. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 638 F. Supp. 3d 227, 299 (E.D.N.Y. 2022) (summary discussion and background of the Visa payment and credit card system was not merely "rehashing" evidence, but rather allowed the expert witness to develop "opinions about the value of the Visa network and the importance of the rules to that network"); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 412 F. Supp. 3d 392, 405 (S.D.N.Y. 2019), *aff'd*, 13 F.4th 247 (2d Cir. 2021) (factual background provided by expert financial accountant was appropriate to set forth as "background for [the expert's] analysis.").

The SEC's argument rests on a fundamental mischaracterization of Prof. Parlour's opinion as a factual narrative. Prof. Parlour's opinion addresses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as well as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Parlour Report ¶ 9. The SEC misrepresents these opinions as "factual narratives" by selectively quoting details in Prof. Parlour's report that the SEC contends "should be presented through fact witnesses with personal knowledge." Motion at 6–7. However, this argument misses the point. Prof. Parlour's report is not a vehicle by which to deliver facts ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—it is an expert opinion that provides a careful explication of ▓▓▓▓▓▓▓▓▓▓▓▓▓ that will be helpful under Rule 702 and *Daubert*. *See Whalen v. CSX Transportation, Inc.*, No. 1:13-cv-03784 (LGS) (HBP), 2016 WL 5723877, at *10 (S.D.N.Y. Sept. 29, 2016) ("An expert may engage in a 'factual discussion regarding the customs and practices of [an] ... industry'") (collecting cases).

Although the SEC misleadingly attempts to create the appearance of a factual narrative by omitting the relevant expert analysis from Prof. Parlour's report, the SEC's selective quotations of Prof. Parlour's allegedly "improper" testimony actually form the building blocks of Prof. Parlour's presentation of appropriate expert testimony. For example, the first instance the SEC characterizes as a "quintessential factual narrative" is merely ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Motion at 6; Parlour Report ¶ 12. As is apparent from a full reading of her report, Prof. Parlour is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Parlour Report ¶¶ 39–43. Thus, these concepts are not based on a recitation of facts from the record, and Prof. Parlour provides ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that is outside the scope of the

4

average trier of fact's knowledge. But the SEC ignores ▮▮▮▮▮▮▮▮▮▮▮▮ and instead seeks to recast the facts she examines to present her opinion as if they were her opinion (which they are not).

In another example, the SEC claims Prof. Parlour opines that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 6 (citing Parlour Report ¶ 39). But Prof. Parlour actually states that, in her opinion, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Parlour Report ¶¶ 17–25.

The SEC's avoidance of Prof. Parlour's discussion of ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is another example of the SEC misconstruing her opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Parlour Report ¶¶ 43–78. For example, Prof. Parlour's ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Id. ¶¶ 45–51. Specifically, Prof. Parlour explains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Each of these observations requires specialized knowledge and expertise ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

5

Prof. Parlour offers similar analysis and explication ███████████████ ███████████████████████████████████████████████████. *Id.* ¶¶ 52–67. The SEC's attempt to cast these opinions as "irrelevant" actually cuts against its claim that she is merely regurgitating the factual record. This part of the Motion ████████ that Prof. Parlour's opinion ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *Compare* Motion at 7 *with* Report ¶¶ 47–50 (███████████████████████████████████████████████████████████████████████████). These are quintessential examples of the types of opinions that courts have upheld as fulfilling an expert's role "to assist the trier of fact by providing information and explanations." *Wright v. Stern*, 450 F. Supp. 2d 335, 359 (S.D.N.Y. 2006); *see, e.g.*, *Huberfeld's In re Platinum-Beechwood Litig.*, 469 F. Supp. 3d 105, 117 (S.D.N.Y. 2020) (permitting testimony that sought "to contextualize the evidence so that the jury may understand" the complex transaction and investment issues involved in the case).

In this light, the SEC's contention that Prof. Parlour's opinion is irrelevant and confusing (Motion at 10) is disingenuous. Her opinion does not seek to ████████████████████ ███████████████████████████████████████████████████ Motion at 9. Instead, as Prof. Parlour testified, her opinions in this case are offered to ████████████████ ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Parlour Dep. Tr. at 61:03–10. These topics are at the core of the SEC's allegations in this case, and Prof. Parlour's explanations ████████████████████████████████████████████████ █████████████████████████. Thus, testimony ██████████████████████████ ██████████████████████ is admissible as both relevant and helpful to the trier of fact. *S.E.C. v. Laura*, No.2023 WL 4238153, at *5 (E.D.N.Y. June 28, 2023) (upholding oil and gas expert witness' testimony in which she, *inter alia*, discussed industry standards and practices relating to new technological developments). Indeed, despite bearing the burden of proof on all of its claims, the SEC offered no proposed expert opinions regarding the issues addressed by Prof. Parlour

6

despite having two chances to do so (when its expert reports were due and when it was granted the opportunity to file rebuttal reports by the Court).

A simple example highlights the SEC's errors. The SEC argues that Prof. Parlour's opinion should be excluded because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Motion at 10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮. Parlour Dep. Tr. at 185:04–13. Rather, the scope of her testimony ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and how ▮▮▮▮▮▮▮▮▮▮ ▮▮▮. *Id.* at 184:01–25. Making this determination ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* But excluding Prof. Parlour's opinion would leave a trier of fact looking at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—bereft of any expertise or background to draw from when interpreting how those facts are relevant ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The SEC's complaint that Prof. Parlour has not opined on these conclusions for them is not a reason to exclude her testimony (indeed, had Prof. Parlour done so the SEC would surely have objected that she had gone too far and opined on an "ultimate issue," but it cannot turn things into Catch-22s just to suit its own ends). And, again, the SEC had two chances to offer its own expert testimony on these issues but failed to do so.

In addition, the SEC's argument that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Motion at 10) fails for the same reason. The SEC has made numerous allegations regarding public perceptions of UST's stability and the reasons for UST's de-pegging. *See, e.g.*, Am. Compl. ¶¶ 153–173. The SEC states that Prof. Parlour's careful ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 11. But Prof. Parlour does not need to ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Once again, the SEC is asking this Court to exclude Prof. Parlour's opinion for *not* making factual conclusions it would surely have argued are "ultimate issues" (*e.g.*, what caused the depeg). And if the SEC believed that such an opinion was necessary to support Prof. Parlour's opinions, it could have submitted a proposed rebuttal expert offering that opinion— that it did not speaks volumes.

7

The SEC's interpretation of Prof. Parlour's report is not a correct characterization of her opinions or their relevance. "What did or did not happen" is left to the finder of fact, but "economic theory and [] professional analysis and judgment of the relevant market dynamics" is certainly permissible expert testimony that is helpful to a factfinder. *US Airways, Inc. v. Sabre Holdings Corp.*, No. 1:11-cv-02725 (LGS), 2022 WL 1042273, at *1 (S.D.N.Y. Apr. 5, 2022). Prof. Parlour's testimony ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Parlour Report ¶¶ 68–90. This is all information that is helpful to a trier of fact, relevant, and thus admissible. *See S.E.C. v. Revelation Capital Management, Ltd.*, 215 F. Supp. 3d 267, 273-74 (S.D.N.Y. 2016) (permitting expert testimony offering characteristics "as understood by the securities industry").

## II. PROF. PARLOUR APPLIED HER EXPERTISE RELIABLY TO FORMULATE RELEVANT OPINIONS

Prof. Parlour—whose credentials and experience the SEC does not challenge—applied her expertise to the facts to arrive at conclusions. The reliability inquiry is "fluid" and necessarily varies from case to case. *S.E.C. v. Revelation Capital Mgmt., Ltd.*, 215 F. Supp. 3d 267, 275 (S.D.N.Y. 2016); *Kumho Tire*, 526 U.S. at 150 ("[T]he gatekeeping inquiry must be tied to the facts of a particular case."). The SEC incorrectly conflates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Motion at 12–13. But the SEC provides no explanation for why it believes that Prof. Parlour's opinion is incorrect, nor does the Motion even attempt to suggest that she is unqualified. *Id.*

However, even a cursory examination of her report demonstrates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Prof. Parlour ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As discussed earlier, *see supra* Section I, Prof. Parlour does not offer factual narration. Her opinion "is based principally upon her experience and research in the world of

8

economics, which qualify her to opine on such matters." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 505 (S.D.N.Y. 2015) (internal quotations and citations omitted). That Prof. Parlour's "testimony is qualitative, rather than quantitative, does not mean that it must be excluded." *Id.* And reports that "[p]ull[] together information from a broad array of sources and synthesiz[e] it into a qualitative analysis is an acceptable methodology for expert testimony." *Medidata Sols*, 2022 WL 585715, at *2. Indeed, such "industry-specific expertise is regularly presented as expert testimony helpful to the jury." *Id.* at *1.

Prof. Parlour likewise offers ████████████████████████████████████████████████████████████████. In light of this, the SEC's claim that Prof. Parlour's ██████████████ should be excluded is farcical. The SEC cites no reason why some other "██████████████████████████" is required, yet acknowledges that ████████████████████████████████████████████████████████████████████████████. Motion at 13; Parlour Report, App. A (CV). ████████████████████████████████████████████████████████████████████████████████████████████████. The SEC has not contravened or contested that testimony.

Prof. Parlour's ████████████████████████████████████████████████████████. As Prof. Parlour states in her report, "██████████████████████" and as she testified, ████████████████████████████████████████████████████ *Id.* It is immaterial that ████████████████████████████████████████████████████████████████████████████████████ *Id.* 106:24–107:01. The SEC argues on the one hand that Prof. Parlour seeks "to usurp the role of the jury and tell it how to rule on the specific facts of the case, while on the other [it] argue[s] that [she] pays insufficient attention to those facts. [But] as the contradiction suggests, [the SEC is] scrambling for objections, neither of which quite fit the case." *Hnot v. Willis Grp. Holdings Ltd.*, No. 1:01-cv-06558 (GEL), 2007 WL 1599154, at *2 (S.D.N.Y. June 1, 2007). Prof. Parlour's ██████████ ██████████████████████████████████ is "permissible" because it "stays well

9

within proper bounds and does not undertake to tell the jury what to think about the particular facts of the case" and seeks to "illustrate general principles by reference to evidence in the record." *Id.* Prof. Parlour's testimony, ▮ is thus admissible.

### III. PROF. PARLOUR CONSIDERED ALL THE NECESSARY AND RELEVANT FACTS TO ARRIVE AT THE CONCLUSIONS IN HER OPINION

The SEC's final argument that Prof. Parlour did not consider sufficient facts to form her opinions fails on its face. "Courts have long recognized that the existence of alternative factual scenarios that an expert has not considered in rendering an opinion goes only to the weight and credibility of the expert's testimony, not its admissibility." *Thomas v. YRC Inc.*, No. 1:16-cv-06105 (AT) (HBP), 2018 WL 919998, at *7 (S.D.N.Y. Feb. 14, 2018). The SEC claims Prof. Parlour omitted facts from her opinion, but never specifies *what* facts she supposedly omitted that were necessary for her conclusions. Motion at 14–15. For example, the SEC first seeks to ▮ . *Id.* But as Prof. Parlour explained, ▮ Parlour Dep. Tr. at 23:21–24. That the SEC might have a "[d]ifference of opinion[] as to what is important among evidentiary facts" is not grounds for exclusion. *Pearlstein v. Blackberry Ltd.*, No. 1:13-cv-07060 (CM), 2021 WL 4131646, at *9 (S.D.N.Y. Sept. 10, 2021).

Likewise, when the SEC ▮ . Parlour Dep. Tr. at 244:02–11. If the SEC has alternative facts they believe contradict or undermine Prof. Parlour's opinion, the place to make those arguments is during cross-examination—not a *Daubert* motion.

10

Prof. Parlour's report and testimony are appropriately grounded in her expertise and academic literature, making it relevant and reliable. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ would greatly assist members of the jury, that are likely to lack firsthand knowledge concerning ▇▇▇▇▇▇ contextualize and understand the evidence and issues in this case. As such, Prof. Parlour's testimony is appropriate and permissible and should not be excluded.

## CONCLUSION

For the foregoing reasons, the Court should deny the SEC's Motion to Exclude the Opinions and Testimony of Dr. Christine A. Parlour in its entirety.

Dated:  November 7, 2023             Respectfully submitted,

/s/ Douglas W. Henkin
**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com

Mark G. Califano
Melissa Gomez-Nelson (admitted pro hac vice)
Matthew A. Lafferman (admitted pro hac vice)
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com
melissa.gomeznelson@dentons.com
matthew.lafferman@dentons.com

*Counsel for Defendants Terraform Labs Pte. Ltd. and Kwon Do Hyeong*

## **CERTIFICATE OF SERVICE**

I, Douglas W. Henkin, certify that I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's ECF system on November 7, 2023.

>*/s/ Douglas W. Henkin*
>Douglas W. Henkin