UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiffs,<br><br>    v.<br><br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br><br>      Defendants. | Case No. 1:23-cv-01346 (JSR) |

## DECLARATION OF MATTHEW HINERFELD

1.    I am the General Counsel of Jump Crypto Holdings LLC. In that role, I am familiar with the manner in which entities within the Jump Trading Group[1] ("Jump") operate trading strategies and the importance of those strategies to Jump's business.

2.    As a proprietary trading firm, Jump's trading strategies are fundamental to the trading it conducts, its most sensitive intellectual property, and the competitive advantage it holds over other market participants. These strategies include sophisticated quantitative strategies that allow Jump to identify and act on trading opportunities. Accordingly, Jump devotes significant resources to developing and maintaining its trading strategies and protecting them from public disclosure, including by restricting access (both internally and externally) to trading strategy information. While difficult to quantify the exact amount spent on developing and protecting particular strategies, Jump devotes millions of dollars a year to building, maintaining, and safeguarding from public disclosure its trading strategies.

---

[1] Jump Trading Group is a diversified financial group comprising multiple lines of trading and investment spread across multiple silos of entities, and includes entities such as Tai Mo Shan Limited and other entities that trade or invest in digital assets.

1

3. Details relating to how these strategies operate are present in and/or can be inferred from the trading and order data for relevant instruments—and other documents and communications that describe how those strategies are intended to or did in fact operate—that has been produced in this action. The disclosure of that data, or summaries or descriptions of it, would permit insight into and the potential reconstruction of Jump's trading strategies, as the data and related information discloses information such as when, in what amounts, and on what venues Jump decided to place orders in particular instruments. The data also discloses the particular trading strategies pursuant to which individual orders were placed, and further serves as the source for determining Jump's profit and loss—all of which is information that Jump treats as confidential.

4. Given the sensitivity of the information Jump produced or summaries of it, public disclosure of information relating to its trading strategies could cause irreparable harm to Jump's business by giving its competitors insight into Jump's trading strategies.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 27 November 2023

_M. Hinerfeld_
Matthew Hinerfeld