

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Via ECF                                                         December 4, 2023

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

                    Re:  *SEC v. Terraform Labs et al.*, No. 1:23-cv-1346 (JSR)

Dear Judge Rakoff:

       Pursuant to the Court's request on November 17, 2023, Plaintiff Securities and
Exchange Commission ("SEC") respectfully submits that the determination of whether
Defendants' crypto assets, as offered and sold by Defendants, are securities is a legal
question to be determined the Court, not a factual question for the jury.  This is
particularly true in this case, where there is no genuine dispute of material fact that
Defendants' crypto asset offerings involved an investment of money, in a common
enterprise, with an expectation of profit to be derived from Defendants' efforts, thus
satisfying the investment contract test set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293,
298-301 (1946).  *See* SEC Mot. for Summ. J., at 29-36, ECF No. 71.

**I.      Courts Routinely Decide the Question of Whether an Instrument is a
          Security as a Matter of Law**

       It is well established that in a civil action, "[t]he question of whether an
instrument is a security is a question of law for the court." *Fraglin v. Mezei*, 2012 WL
3613813, at *8 n.3 (S.D.N.Y. Aug. 22, 2012) ("[T]he question of whether a security is
within the terms of the Securit[ies] Act is better viewed as a question of law for the
court.") (citing *McNabb v. SEC*, 298 F.3d 1126, 1130 (9th Cir. 2002) and *Modern
Federal Jury Instructions*—Civil, ¶ 82–3, Comment, n.13); *see also SEC v. Thompson*,
732 F.3d 1151, 1160 (10th Cir. 2013) ("The ultimate question of whether an instrument is
a security is a question of law and not of fact.") (cleaned up) (collecting cases)); *SEC v.
Merch. Cap., LLC*, 483 F.3d 747, 754 (11th Cir. 2007) ("The meaning of 'investment
contract' is a question of law reviewed de novo"); *Robinson v. Glynn*, 349 F.3d 166, 170
(4th Cir. 2003) (same); *SEC v. Life Partners, Inc.*, 87 F.3d 536, 541 (D.C. Cir. 1996)
(same).

December 4, 2023
The Honorable Jed S. Rakoff
Page 2

While the Second Circuit has not specifically addressed the issue, it has consistently decided whether a transaction or scheme is a security as a matter of law. *See, e.g.*, *Revak v. SEC Realty Corp.*, 18 F.3d 81, 83 (2d Cir. 1994) (affirming summary judgment, concluding that *Howey*'s investment contract test was not satisfied in connection with sale of condominium units as a matter of law)[1]; *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 242 (2d Cir. 1985) (holding program at issue included the sale of securities as a matter of law and remanding case for further proceedings to determine whether defendants made material misstatements in connection with the sale of those securities). Other courts of appeals have held that it was reversible error in the civil context to submit the ultimate question of whether an instrument was an investment contract to the jury. *Ahrens v. American-Canadian Beaver Co.*, 428 F.2d 926, 928 (10th Cir. 1970)); *accord Goodman v. Epstein*, 582 F.2d 388, 406 (7th Cir. 1978) ("[W]e agree with plaintiffs that the trial judge should have . . . directed the jury that the interest present in this case was, as a matter of law, a security.").[2]

These decisions are also consistent with Supreme Court precedent. For example, in *Howey*, 328 U.S. 293 (1946), the Court decided that interests in orange groves were securities as a matter of law. The *Howey* Court reached this conclusion over the dissent of Justice Frankfurter, who believed that the Supreme Court should have deferred to the factual findings and inferences drawn by the trial court and the Fifth Circuit. *Id.* at 302 (Frankfurter, J., dissenting). Similarly, in *Reves v. Ernst & Young*, the Court observed that the "task has fallen to the [SEC] and ultimately to the *federal courts* to decide which of the myriad financial transactions in our society come within the coverage of these statutes." 494 U.S. 56, 61 (1990) (emphasis added). Indeed, the test the Court announced in *Reves*—establishing a rebuttable presumption, requiring comparison of the subject instrument to a judicially crafted list of non-security instruments, and prescribing an inquiry into the existence and adequacy of alternate regulatory schemes—is fundamentally a judicial test, to be applied by a court. *Id.* at 64-67 (directing "courts" to

---

[1] In *Revak*, the district court had concluded on summary judgment that the sale of the condominiums at issue did satisfy *Howey's* investment contract test, however, the district court ruled for defendants on other grounds. *Id.* at 86. Thus, in affirming the ruling in favor of the defendants on alternative grounds, the Second Circuit disagreed with the district court's holding in this regard as a matter of law.

[2] In criminal cases, the Second Circuit also has not directly addressed whether the question of whether an instrument is a "security" is one for the jury. *See, e.g.*, *United States v. Leonard*, 529 F.3d 83, 87, n.4, 91 (2d Cir. 2008) (assuming without deciding that the question whether an instrument was a "security" was a question for the jury in a criminal case where the parties agreed the question should be submitted to the jury); *United States v. Wexler*, 621 F.2d 1218, 1226 (2d Cir. 1980) (affirming district court's instruction to jury that the equipment lease was a security as a matter of law without reaching the issue of whether the question should have been presented to the jury).

December 4, 2023
The Honorable Jed S. Rakoff
Page 3

compare the instrument or scheme at issue to a "judicially crafted" list of non-securities, and if the subject "instrument is not sufficiently similar to an item on the list," to apply the "family resemblance" factors to determine "whether another category should be added" (emphasis added)).

The SEC is aware of only one case in this Circuit where, in the civil context, the investment contract question was presented to the jury. *See Audet v. Fraser*, 605 F. Supp. 3d 372 395-98 (D. Conn. 2022). We respectfully submit that the Court should not follow the *Audet* Court's lead, which goes against the weight of authority.[3]

## II. This Case Presents No Disputes as To Any Fact Necessary to Meet the *Howey* Test and Thus the Issue is Ripe for Decision

Here, the facts necessary to determine whether Defendants' crypto asset offerings are securities are not in dispute. *See* SEC Mot. for Summ. J., at 29-36, ECF No. 71. There is no dispute, for example, as to any of the facts that establish that Defendants' crypto asset offerings involved an investment of money, in a common enterprise, with an expectation of profit to be derived from Defendants' efforts. *See id.* at 29-36. Whether Defendants' offers and sales of their crypto assets are investments contracts is thus a question of law for the Court, not the jury. *See id.* While the Court may submit questions to the jury to resolve factual disputes as to the underlying elements (*see Thompson*, 732 F.3d at 1161 (applying *Reves* factors), there are no such disputes here. There are no factual questions concerning how Defendants' crypto assets were sold, the terms of those offers and sales, or what Defendants said in their marketing materials or promotions surrounding them. For example, Defendants do not dispute the contents of their plethora of public statements, which, among other things, describe their offerings, confirm investor funds would be pooled, and tout the profits that investors could expect to gain because of Defendants' efforts. Nor is there any dispute as to the economic reality of the assets at issue—including the fungibility of the assets, their relationship to Defendants, and their purported role within the Terraform ecosystem. Defendants' opposition to the SEC's Motion for Summary Judgment also fails to create any genuine issue of material fact. *See* SEC Reply in Support of Mot. for Summ. J, ECF No. 127 at 16. Thus, the only question before the Court is whether these and other undisputed facts satisfy the governing legal standard. For the reasons set forth in the SEC's motion for summary judgment, they do.

---

[3] Although the *Audet* court did not explain its decision to submit the question to the jury, the public docket indicates that the decision was driven by the parties. Neither party moved for summary judgment, and the plaintiffs "did not move for judgment as a matter of law on the issue of whether the Products were securities before the case was submitted to the jury." 605 F. Supp. 3d at 376, 389. Nor is there any indication that the parties objected to the submission of the question to the jury or requested the Court decide the issue as a matter of law prior to trial. *See generally Audet v. Fraser*, 16-cv-00940-MPS, ECF Nos. 217, 218.

December 4, 2023
The Honorable Jed S. Rakoff
Page 4

In short, and as demonstrated in the SEC's summary judgment briefing, this is a straightforward case in which Defendants' investment scheme and violations of Section 5 of the Securities Act of 1933 are easily identified.  Courts routinely grant summary judgment in such circumstances.  *See, e.g., SEC v. Cavanagh*, 445 F.3d 105, 107-16 (2d Cir. 2006) (affirming summary judgment on Section 5 claims); *SEC v. Kern*, 425 F.3d 143, 147-53 (2d Cir. 2005) (same); *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183 (S.D.N.Y. 2020) (granting summary judgment on Section 5 claim); *SEC v. Ripple Labs, Inc.*, 2023 WL 4507900, at *17 (S.D.N.Y. July 13, 2023) (granting parties' summary judgment on all Section 5 claims); *SEC v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 426 (S.D.N.Y. 2007) (granting summary judgment on Section 5 claim); *see also, e.g.*, *SEC v. LBRY, Inc.*, 639 F. Supp. 3d 211, 222 (D.N.H. 2022) (same).[4]  Whether the Defendants' crypto assets, as offered and sold by the Defendants, were securities is a legal question that this Court can and should decide in the SEC's favor on summary judgment.

Respectfully submitted,


/s/ James P. Connor
James P. Connor
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

---

[4] Notably, courts have reached this conclusion despite the existence of purported factual disputes to the extent those disputes were not germane to the ultimate resolution of the *Howey* question.  *See, e.g.*, *SEC v. Ripple Labs, Inc.*, 2023 WL 6445969, at *3 n.8 (S.D.N.Y. Oct. 3, 2023) (noting that "many" of the facts set forth in the SEC's 56.1 statement were disputed by defendants).