大成 DENTONS

**David Kornblau**

david.kornblau@dentons.com
D  +1 212-768-6890

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

December 4, 2023

**BY ECF**

Honorable Jed S. Rakoff
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      *SEC v. Terraform Labs, Pte Ltd. et al.*, No. 23 Civ. 1346 (S.D.N.Y.) (JSR)

Dear Judge Rakoff:

      As Your Honor directed at the *Daubert* hearing in the above-referenced action on November 17, 2023, Defendants hereby provide their view on whether this Court must submit to the jury the question whether the digital tokens at issue in this case are "securities." As demonstrated below, if this Court denies summary judgment on this issue, the Seventh Amendment to the U.S. Constitution would require a jury to decide whether each token is, in fact, a "security."

      To begin, no trial of this case is necessary for the reasons stated in Defendants' summary judgment motion, which seeks dismissal of all of the SEC's claims, including its securities fraud and securities registration claims. Each of these claims requires the SEC to prove, among other essential elements, the offer, sale, and/or purchase of a "security" within the meaning of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Amended Complaint ("AC") ¶¶174-85) The SEC has taken the position that UST, LUNA, wLUNA, and MIR (the "Tokens") are securities because they constitute "investment contracts" under *SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946). Defendants have established that they are entitled to summary judgment because, in addition to other failures of proof, the SEC has failed to submit admissible evidence that any of the Tokens was an investment contract. (Defs. SJ Mem., filed Oct. 27, 2023, at 8-25)

      The SEC has also cross-moved for summary judgment, which Defendants oppose not only on legal grounds but because the SEC's motion raises genuine issues of material fact, including but not limited to whether Defendants acted with *scienter* or negligence; whether Jump's trading caused the May 2021 repeg; the lack of personal knowledge and credibility of the SEC's witnesses regarding both the May 2021 repeg and Chai's use of the Terra blockchain to process and settle transactions; whether Defendants conducted a public offering of any of the Tokens in the United States; and whether Defendants intended or expected Token purchasers to resell them to U.S. purchasers in violation of law.

      If the Court denies both sides' summary judgment motions with respect to whether the Tokens

**Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

125510806

大成 DENTONS

Hon. Jed S. Rakoff
December 4, 2023
Page 2

dentons.com

qualify as investment contracts (and denies Defendants' other grounds for summary judgment), the issue would have to be submitted to a jury. Because the SEC has demanded a jury trial "on all issues so triable" (AC at p. 55), Rule 39(a) of the Federal Rules of Civil Procedure requires that the trial "must be by jury" unless (1) the parties stipulate to a nonjury trial or (2) "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ P. 39(a).

Neither of the exceptions in Rule 39(a) applies. *First*, the parties have not stipulated to a nonjury trial and Defendants do not consent to a nonjury trial on any issue. *Second*, Defendants have a federal right to a jury trial on each of the SEC's claims under the Seventh Amendment because the SEC seeks the legal remedy of civil penalties. It is well settled that the Seventh Amendment requires a trial by jury where, as here, the government seeks civil penalties in district court. *See Tull v. United States*, 481 U.S. 412, 417-20 (1987). It is also well settled that the SEC's additional request for equitable remedies "does not invalidate the jury-trial right that attaches because of the civil penalties sought." *Jarkesy v. SEC*, 34 F.4th 446, 454 (5th Cir. 2022), *cert. granted on other issues*, 143 S. Ct. 2688 (2023); *see also Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990); *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970); *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002); *Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988).

Defendants' constitutional right to a jury trial of the SEC's securities claims includes determination by the jury of all factual disputes relevant to the essential elements of those claims, including the existence of an investment contract. That is not an equitable determination. To the contrary, "[t]he ultimate issue of whether an instrument is a security is a question of law." *Dettmering v. VBit Techs. Corp.*, No. 22 Civ. 1482 (CFC) (SRF), 2023 WL 4824955, at *7–8 (D. Del. July 27, 2023), *report and recommendation adopted*, No. 22 Civ. 1482 (CFC) (SRF), 2023 WL 6211243 (D. Del. Sept. 25, 2023); *see also Shaper v. Zadek,* 557 F. Supp. 3d 969, 975 (N.D. Cal. 2021). Nonetheless, in some cases, "the characterization of an instrument as a security raises questions of both law and fact." *Dettmering,* 2023 WL 4824955, at *8; *Shaper,* 557 F. Supp. 3d at 976 (citing *Warfield v. Alaniz*, 569 F.3d 1015, 1019 (9th Cir. 2009)). If this Court denies summary judgment because it finds that genuine disputes of material fact exist as to whether the Tokens qualify as "securities" under this Court's interpretation of *Howey*, then (1) those underlying factual disputes would be purely factual; and (2) the determination of "whether the historical facts found satisfy the legal test chosen" would be a "so-called 'mixed question' of law and fact." *U.S. Bank N.A. v. Village at Lakeridge*, 583 U.S. 387, 394 (2018).

"'[W]here there are disputed facts, the issue may be one for the jury.'" *Shaper*, 557 F. Supp. 3d at 975–76 (quoting *Ahern v. Gaussoin*, 611 F. Supp. 1465, 1477 (D. Or. 1985)); *see also Great Western Bank and Trust v. Kotz*, 532 F.2d 1252, 1255 (9th Cir. 1976) ("[I]t is clear to us that in appropriate circumstances a properly instructed jury can determine whether as a matter of fact a disputed instrument is or is not a 'security.'"); *cf. United States v. Johnson*, 718 F.2d 1317, 1320-22 (5th Cir. 1983) (holding that the Fifth and Sixth Amendments require that in a criminal case the court "may not decide whether a particular piece of paper purporting to be a contract is a security but must submit that issue to the jury").

These principles were applied in *Audet v. Fraser*, 605 F. Supp. 3d 372 (D. Conn. 2022), an action alleging fraud with respect to the sale of four types of digital tokens. The court instructed the jury on the legal standard to determine whether each token was an investment contract, and the jury returned a verdict finding that the tokens were not investment contracts and thus were not securities. *See id.* at 375, 389-90. The plaintiffs moved for a new trial, arguing that the jury's findings were against the weight of the evidence. *See id.* at 389. The court then applied the same legal standard to the evidence adduced at trial,

大成 DENTONS

Hon. Jed S. Rakoff
December 4, 2023
Page 3

dentons.com

concluded that it supported the jury's findings with respect to three of the tokens, and ordered a new trial as to one of them. *See id.* at 390-99.

To avoid confusing the jury, and to create a clear record for any post-trial motions and appeals, the Court should use a special verdict form pursuant to Fed. R. Civ. P. 49(a). In "large and complex cases … involving many novel legal issues," the "better practice [is] to require special verdicts or the submission of interrogatories to the jury." *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 278–79 (2d Cir. 1979). "In that way the right to a jury trial of all factual issues is preserved while the probability of a laborious and expensive retrial is reduced." *Id.* at 279 (footnote omitted). There can be no dispute that this case is "large and complex" and involves "many novel legal issues," *id.*, including whether multiple Tokens are securities. Therefore, the special verdict form in this case should require the jury to make an explicit finding whether or not the SEC has met its burden to prove the necessary facts for each element of its claims with respect to each Token, including express findings regarding whether or not each Token is an investment contract.

To resolve any post-trial motions, this Court will need to determine the appropriate standard of review. The jury's resolution of factual disputes would be reviewed deferentially, and purely legal questions (including the validity of the instructions and the proper interpretation of "investment contract") would be reviewed *de novo*. But "the standard of review for a mixed question all depends—on whether answering it entails primarily legal or factual work." *Google LLC v. Oracle America, Inc.*, 141 S. Ct. 1183, 1199 (2021) (quoting *Village at Lakeridge*, 583 U.S. at 396). As in *Google*, this Court can resolve the standard of review of that mixed question after any trial.

Respectfully submitted,

*s/ David Kornblau*
David Kornblau

cc: SEC Counsel of Record (by ECF)