

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Via ECF                                                            January 4, 2024

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *SEC v. Terraform Labs et al.*, No. 1:23-cv-1346 (JSR)

Dear Judge Rakoff:

Pursuant to the Court's November 17, 2023 directive and December 29, 2023 order, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court order Defendant Do Kwon to specifically state, no later than January 12, 2024, whether and on what grounds he objects to the upcoming trial, scheduled for January 29, 2024, proceeding without his presence or participation.  Should Kwon continue to refuse to state whether he objects to the trial going forward without his presence or participation by that date, the Court should rule that Kwon has waived any such rights.

### I.      Factual Background

Shortly after the SEC filed this action in February 2023, Kwon was arrested by Montenegrin authorities in March 2023 and, according to defense counsel, remains detained there.  *See* Ex. 1, Email from Defense Counsel to SEC Counsel.  Also in March 2023, a federal grand jury in New York returned an indictment criminally charging Kwon with two counts of securities fraud and six other counts.  Indictment, *United States v. Kwon*, 1:23-cr-00151-JPC (S.D.N.Y. filed March 23, 2023).

Throughout the litigation, the SEC has diligently sought Kwon's personal appearance, including by seeking his testimony through a Letter of Request to Montenegro, along with noticing Kwon's deposition (for which he did not appear given his detention in Montenegro).  *See* ECF No. 60, at 2-3.  The SEC has also repeatedly asked Kwon's counsel whether Kwon will waive any right to participate in the trial scheduled to begin January 29, 2024, should he still be imprisoned in Montenegro.  *See, e.g.*, Ex. 1, Email from SEC Counsel to Defense Counsel, dated December 12, 2023 ("[C]an you please let us know your client's position on whether he is waiving his participation in the civil trial?").  The SEC also raised the issue with the Court at the November 17, 2023 *Daubert* hearing, requesting that that defense counsel state "whether they intend to waive

January 4, 2024
The Honorable Jed S. Rakoff
Page 2

[Kwon's] right to appear at trial." Tr. of Nov. 17, 2023 *Daubert* Hearing, at 74:19-24. The Court then stated that the issue must be "resolved certainly by the end of December" and that it should not be "left right until the start of trial." *Id.* at 75:6-8. Kwon's counsel agreed on the record, *id.* at 75:9, but has not complied with the Court's directive.

Specifically, Kwon's counsel stated on December 28, 2023 that they "still don't know" whether Kwon will appear at trial, so they are "are not in a position to waive any rights at this time." Ex. 2, Email from Kwon's Counsel to SEC Counsel. On the other hand, Kwon's counsel stated to the SEC that, based on their conversations with Kwon's Montenegrin counsel, Kwon has "consented to extradition to the United States." *Id.* Kwon's counsel also previously stated – and press reports indicate – that Kwon consented to extradition to the Republic of Korea, where he also faces criminal charges. Ex. 1; *see also* Montenegro court approves extradition of 'cryptocurrency king' Do Kwon, Reuters, November 24, 2023.

Accordingly, with jury selection 19 days away, Kwon's counsel appears intent on doing what the Court directed the parties should not do – leaving the issue of whether and on what basis he will object to the trial proceeding unresolved until the eve of trial.

## II.    Legal Standard

The Supreme Court has held that parties have a right to be present at a civil trial "in person *or by counsel*." *Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 81 (1919) (emphasis added). More recently, the Second Circuit has stated:

> A litigant has "no constitutional right to be present, or to testify, at his own civil trial." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996). Although there is a constitutional right of "access to the courts," that right is satisfied by an "opportunity to consult with counsel and to present his case to the court," which typically can be accomplished even when the litigant is not physically present at the courthouse. *Perotti v. Quinones*, 790 F.3d 712, 721 (7th Cir. 2015). Accordingly, the "right to access does not necessarily mean the right to be physically present at the trial of a civil suit." *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984).

*Davidson v. Desai*, 964 F.3d 122, 129 (2d Cir. 2020).[1] While *Davidson* involved a parolee's ability to attend a trial outside the city where he was being supervised, the Eleventh Circuit has since cited it in a case holding that foreign nationals had no constitutional right to be present at civil-forfeiture proceedings when they were represented by counsel. *See United States v. Approximately $299,873.70 Seized From a Bank of Am. Acct.*, 15 F.4th 1332, 1337-38 (11th Cir. 2021) ("Since the thirteenth century, civil litigants have relied on attorneys to represent them in court."). "[T]he due-

---

[1] A defendant's right to be present at their criminal trial implicates rights under the common law, the Sixth Amendment's confrontation clause, and the Fifth and Fourteenth Amendments. *See Polizzi v. United States*, 926 F.2d 1311, 1318 (2d Cir. 1991).

January 4, 2024
The Honorable Jed S. Rakoff
Page 3

process inquiry is context-specific," *id.* at 1339, and other circuits have reached differing opinions on these issues depending on the facts.[2]

   While there is no absolute right for a civil litigant to be present at trial when represented by counsel, there may nonetheless be constitutional fairness concerns that arise from a litigant's absence.  As *Davidson* recognized, "[s]ome courts have developed lists of factors to consider when deciding whether a prisoner's physical presence is 'necessary' at his own civil trial—including whether the case will be tried to a jury or to the bench, the importance of the prisoner's testimony, whether substitutes are available for that testimony, [and] whether the trial could be postponed," among others.  964 F.3d at 131; *see also Latiolais*, 93 F.3d at 208 n.4 ("Because prisoner-plaintiffs have no constitutional right to be present at their civil trial, it follows that unless the trial was *fundamentally unfair*, the plaintiffs have no right to a new trial premised solely on their exclusion.") (emphasis added); *Twitty v. Ashcroft*, 712 F. Supp. 30, 33 (D. Conn. 2009) ("On the record before the court, the court finds that expense and security concerns outweigh the plaintiff's interest in physically appearing at trial, particularly in light of the availability of a reasonable alternative, that of having the plaintiff appear by videoconference."); *cf. Bacon v. United States*, 355 F. App'x 569, 571 (2d Cir. 2009) (summary order) (holding that the district court did not abuse its discretion in allowing the plaintiff to participate only by telephone, because the plaintiff chose that option and to otherwise participate through his counsel at the trial).

   As here, when parties reasonably foresee that they may not able to be present or participate at trial, they are required to proactively address the situation or the issue is waived.  *See* Federal Trial Handbook: Civil § 9:13 n.9 (2023-2024 Edition) ("[T]he failure of a party or his counsel to object to the action proceeding in the party's absence may constitute a waiver." (citing *Clark v. Stinson*, 214 F.3d 315 (2d Cir. 2000)).  For example, under Fed. R. Civ. P. 43(a), courts may allow a party to testify remotely "for good cause in compelling circumstances and with appropriate safeguards."  But the law requires that parties move promptly and well in advance of trial to make such alternative arrangements.  *See* Advisory Committee's Note to the 1996 Amendment to Rule 43(a) ("A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."); *J.D. v. Price*, 619 F. Supp. 3d 523, 530 (W.D. Pa. 2022) (denying remote testimony because parties waited until 59 days before trial to file request

---

[2] *Compare, e.g.*, *Preferred Props., Inc. v. Indian River Ests., Inc.*, 276 F.3d 790, 797 (6th Cir. 2002) (holding that "the 'arbitrary exclusion' of a represented party 'who wishes to be personally present in the courtroom' during the trial would violate the Due Process Clause of the Fifth Amendment"), *with Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir. 2001) ("In a civil suit, the parties do not have a constitutional right to be personally present during trial") (affirming trial court's removal of a disruptive plaintiff from the courtroom), *and Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) ("Civil rights plaintiffs generally have no constitutional right to be present at the trial of their claims ….") (holding that due process rights were not violated by use of a two-way audio-video connection).

January 4, 2024
The Honorable Jed S. Rakoff
Page 4

based on facts known for months).

### III.    The Court Should Order Kwon to State Whether and on What Ground He Objects to the Trial Proceeding Without Him

With trial starting later this month, the Court should direct Kwon's counsel to state, no later than January 12, 2024, a specific objection to trial proceeding without his personal participation or presence and the specific legal basis for the objection, or whether he waives any such right.  Given the case law set forth above, the Court should not allow Kwon to continue to be vague as to whether he intends to object to the trial going forward without his presence or participation.

Practical considerations also demand that Kwon state a position.  Requiring Kwon to state the basis for his objection, if any, will permit the SEC to consider the objection and articulate its own position as to any objection, and the Court to resolve this critical issue in advance of trial—not on its eve.  In particular, given the possibility that Kwon may later argue that he has little ability to consult with counsel expeditiously during trial proceedings, it is critical that the Commission and the Court know now whether Kwon objects to the trial proceeding in such a fashion.

Other considerations counsel the same results.  For example, witness lists under Fed. R. Civ. P. 26(a)(3) are due on January 8, 2024, and the parties must state by January 22, 2024, a final witness list "that should be a final and binding list, without qualifications or reservations." Ind. Rules of Practice, Rakoff J., at ¶ 4(b)(vi).  Although the SEC intends to call Kwon as a witness,[3] Kwon's counsel has created uncertainty regarding whether Kwon may object to the trial moving forward, instead of stating a clear position in accordance with the Court's direction.

### IV.    CONCLUSION

For the reasons set forth above, the SEC respectfully requests that the Court order Kwon to specifically state by January 12, 2024 whether and on what ground he objects to the trial taking place without his presence or participation.  Should Kwon continue to refuse to state whether he objects to the trial going forward by that date, the Court should rule that Kwon has waived any right to his personal presence or participation at trial.

Respectfully submitted,

/s/ James P. Connor
James P. Connor

---

[3] If Kwon is extradited to the United States, the SEC will seek leave of court to conduct his deposition prior to his trial testimony.  *United States v. Buff*, 636 F.Supp.3d 441, 449 (S.D.N.Y. 2022) ("Plaintiff is entitled to their party-opponent's deposition under the Federal Rules[.]").