**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS PTE. LTD. and DO HYEONG KWON,<br><br>Defendants. | Civil Action No. 23 Civ. 1346 (JSR)<br><br>Hon. Jed S. Rakoff |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER TO EXCLUDE THE OPINIONS OF RAJ UNNY**

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

LEGAL STANDARD .............................................................................................................. 5

ARGUMENT ........................................................................................................................... 5

  I.  Mr. Unny is Qualified Rebut Dr. Edman's Opinions ............................................. 5

    A.  Mr. Unny's Extensive Experience with Building and Developing Blockchain Applications Qualifies Him as a Rebuttal Expert in Blockchain Analysis ........................................................................................ 6

    B.  Other Key Findings as to Mr. Unny's Experience are Unsupported by the Factual Record. ............................................................................................. 9

  II.  Even if Mr. Unny is Unqualified to Conduct Blockchain Analysis, Two of Mr. Unny's Opinions Should be Nonetheless Admitted ............................................ 11

CONCLUSION ...................................................................................................................... 12

i

# TABLE OF AUTHORITIES

<b><u>Page(s)</u></b>

**Cases**

*Arista Recs. LLC v. Lime Grp. LLC*,
    No. 1:06-cv-05936-KMW, 2011 WL 1674796 (S.D.N.Y. May 2, 2011) .................................7

*Barbaro v. United States ex rel. Fed. Bureau of Prisons FCI Otisville*,
    No. 1:05-cv-06998-DLC, 2006 WL 3161647 (S.D.N.Y. Oct. 30, 2006) ..................................6

*In re Blech Sec. Litig.*,
    No. 1:94-cv-07696-RWS, 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)..............................10

*Raffles Tree Apparel Pte. Ltd. v. A Base IX Co. LLC*,
    No. 18-CV-05791 (JSR), 2019 WL 1447214 (S.D.N.Y. Mar. 4, 2019)....................................6

*S.E.C. v. Aly*,
    No. 1:16-cv-03853 (PGG), 2018 WL 1581986 (S.D.N.Y. Mar. 27, 2018) ..............................7

*Schoolcraft v. City of New York*,
    133 F. Supp. 3d 563 (S.D.N.Y. 2015)......................................................................................5

*Stagl v. Delta Air Lines*,
    117 F.3d 76 (2d Cir. 1997)....................................................................................................12

*In re Zyprexa Prods. Liab. Litig*,
    489 F. Supp. 2d 230 (E.D.N.Y. 2007) ....................................................................................7

**Other Authorities**

Local Civil Rule 6.3 ..............................................................................................................5, 6

Defendants Terraform Labs Pte. Ltd. ("TFL") and Kwon Do Hyeong respectfully submit this memorandum of law in support of their Motion for Reconsideration of the Court's Order and Opinion granting the SEC's motion to exclude the testimony and opinions of Raj Unny (the "Opinion"), ECF No. 149. Because the Opinion overlooks Mr. Unny's experience with blockchain technologies and analysis and otherwise ignores key facts, the Court should reconsider and reverse the exclusion of Mr. Unny to avoid manifest injustice. Even if Mr. Unny's experience with blockchain technologies and analysis was inadequate, the Court should reconsider and partially reverse its Opinion to uphold Mr. Unny's opinions analyzing the meaning of processing and settlement and Dr. Edman's failure to consider the Terra Topup application because these opinions were neither specifically challenged by the SEC nor the product of any blockchain analysis.

## INTRODUCTION

Respectfully, this Court should reconsider and reverse the Opinion because the Court's decision was based on a clear error of fact. First, the Opinion overlooks facts in the record that demonstrate that Mr. Unny has substantial experience with blockchain technologies and analysis. In the Opinion, the Court found that Mr. Unny "has not demonstrated sufficient expertise in blockchain analysis to opine on Dr. Edman's conclusions" and "Mr. Unny's blockchain analysis is central to his opinions here offered." Opinion at 30. However, the Court fails to consider that it would be *impossible* to have Mr. Unny's substantial experience with building and developing blockchain applications and payment systems that interact with blockchains—which the SEC did not challenge—without acquiring specialized knowledge and expertise in blockchain analysis and the functionality of blockchains.

The Court's Opinion also ignores other key facts. There is no factual support in the record for the Court's findings that the blockchain projects on which Mr. Unny worked were all "incomplete, had no paying clients, and were never deployed" or that Mr. Unny could not name specific blockchain tools that he used. And the Court's finding that Cornerstone Research conducted the blockchain analysis at issue also overlooks and ignores evidence that the only blockchain analysis that Cornerstone Research undertook was to verify numbers in Dr. Edman's report—but Dr. Edman had consultants perform *the same tasks* for his report. The Court also does

1

not acknowledge the undisputed evidence that Cornerstone took all actions and analysis at Mr. Unny's direction and under his supervision. Thus, there is more than enough in the factual record to show that Mr. Unny is qualified to rebut Dr. Edman's opinion analyzing whether Chai interacted with the blockchain.

Even if, *arguendo*, Mr. Unny was not specifically qualified in blockchain analysis, expertise in that field is not required for two of Mr. Unny's opinions, nor did the SEC argue otherwise. Mr. Unny's experience in financial payment systems and in developing the source code for these systems provides him with the experience to analyze the meaning of processing and settlement and Dr. Edman's failure to consider the Terra Topup application. As such, even if he was unqualified in blockchain analysis (he was not), Mr. Unny should be permitted to testify as to these subjects.

In light of these issues, Defendants respectfully request that the Court reverse its Opinion and enter an order denying the SEC's Daubert Motion to Exclude Testimony and Opinions of Mr. Unny.

## BACKGROUND

Although the full background is provided in more detail in the underlying briefing, facts relevant to this motion are set forth below. It is undisputed that Defendants engaged Mr. Unny as a rebuttal expert to review and assess "the opinions and analyses offered in the expert report of Dr. Edman." Ex. A to Defs' Opp. to the Mot. to Exclude the Testimony and Opinions of Raj Unny ("Unny Opp."), Expert Report of Raj Unny ("Unny Report") ¶ 10(a), ECF No. 109-1; *see also* Ex. C to Unny Opp., October 9, 2023, Dep. Tr. of Raj Unny ("Unny Dep. Tr.") at 92:01–05, ECF No. 109-2. Dr. Edman's opinion is that the transactions executed by the LP Server on the Terra blockchain "do not represent the actual processing and settlement of 'real world' Chai transactions between users and merchants and are instead transactions generated by the LP Server that mirror Chai user and merchant activity." Ex. C to Defs' Mem. in Supp. of Defs' Mot. to Exclude the Opinions and Testimony of Dr. Matthew Edman ("Edman Daubert Mot."), Corrected Expert Report of Dr. Matthew J. Edman ("Edman Report") ¶ 70, ECF No. 97-2. Basing his opinions on

2

his review of the materials supporting Dr. Edman's opinion, Mr. Unny offers six opinions in rebuttal to Dr. Edman:

*First*, Dr. Edman has insufficient support for his conclusions about the nature of Chai's use of the Terra blockchain because he only reviewed the ▓▓▓▓▓▓▓▓▓▓ ("First Opinion"). Unny Report ¶¶ 35–39. Specifically, Mr. Unny—whose experience with software coding the SEC did not challenge—points out that Dr. Edman observed that ▓▓▓▓▓▓ which is an interface that requires an ▓▓▓▓▓▓ to initiate a blockchain transaction, but failed to consider the system from which the ▓▓▓▓ received the relevant request. *Id.* These observations are not contested by the SEC or Dr. Edman.

*Second*, Dr. Edman lacks sufficient support for his opinion on how the ▓▓▓▓ functions in the broader Chai payment system and how transactions are processed and settled because he only reviewed ▓▓▓▓▓▓▓▓ ("Second Opinion"). *Id.* ¶¶ 40–47. Mr. Unny opines that Dr. Edman failed to conduct a complete evaluation of how the Chai payment system was designed and based his conclusion on his assessment of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ¶¶ 42–47. These observations that Dr. Edman did not consider the larger Chai payment system are not contested by the SEC or Dr. Edman.

*Third*, Dr. Edman fails to consider that his conclusion that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Third Opinion"). *Id.* ¶¶ 48–51. Dr. Edman concludes that the LP Server's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶ 48, a conclusion that Dr. Edman abandoned when he testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Edman Tr. 150:2–8. Mr. Unny asserts that Dr. Edman's failure to consider ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ undermines Dr. Edman's conclusion that the transactions were not ▓▓▓▓▓▓s. *Id.* ¶¶ 49–51.



3

*Fourth*, Dr. Edman fails to provide a logical framework for determining "processing and settlement" ("Fourth Opinion"). *Id.* ¶¶ 52–54. Mr. Unny explains that "processing and settlement" has various meanings in the context of financial payment systems. *Id.* ¶¶ 53–54. Yet, Dr. Edman fails to provide any definition of "processing and settlement" or even a framework for determining what constitutes processing and settlement, which undermines his conclusions that the "processing and settlement" of transactions did not occur on the blockchain. *Id.* ¶ 54.

*Fifth*, Dr. Edman's conclusion that the LP Server was a ▮▮▮▮▮ relies on flawed blockchain analysis that fails to consider relevant evidence ("Fifth Opinion"). *Id.* ¶¶ 55–60. Dr. Edman concludes that ▮▮▮▮▮ based on his determination that the LP Server ▮▮▮[1] the ▮▮▮▮▮ *Id.* ¶¶ 52, 55. Mr. Unny points out that Dr. Edman fails to provide a framework for his conclusion that certain ▮▮▮▮▮, (*id.* ¶ 57), and fails to review ▮▮▮▮▮ that did not appear associated with TFL. *Id.* ¶¶ 58–60.

*Sixth*, Dr. Edman fails to review the ▮▮▮▮▮ ("Sixth Opinion"). *Id.* ¶¶ 61–67.

The SEC sought to exclude Mr. Unny's opinions on two grounds. *See generally* Mem. in Mot. to Exclude the Testimony and Opinions of Raj Unny ("Unny Daubert Mot."), ECF No. 87. *First*, the SEC asserted that Mr. Unny lacks expertise to rebut Dr. Edman's opinion because Mr. Unny does not have sufficient expertise in blockchain analysis. *Id.* at 6–11. *Second*, the SEC argued that *two* of Mr. Unny's opinions—the Second Opinion and the Third Opinion —are unreliable. *Id.* at 11–17.

On November 17, 2023, this Court held a hearing on all motions to exclude expert witness testimony and opinions, including the SEC's motion to exclude the testimony and opinion of Mr. Unny ("Daubert Hearing"). At the hour-long hearing in which the Court evaluated pending

---

[1] Mr. Edman has since admitted that the ultimate control of the LP Server could be by "▮▮▮▮▮" which would include Chai users. Ex. D to Edman Daubert Mot., September 20, 2023 Dep. Tr. of Matthew J. Edman ("Edman Dep. Tr."), ECF No. 97-3 at 150:2–8.

4

Daubert motions for five proposed expert witnesses, the Court conducted limited questioning of Mr. Unny and did not permit him to be questioned by counsel for either party. The following Monday, November 20, 2023, the Court issued a "bottom-line" order, stating that "An opinion explaining the reasons for these rulings will follow in due course." Order, ECF No. 130. The Opinion that followed granted the SEC's challenges in their entirety.

## LEGAL STANDARD

"A motion for reconsideration is properly granted where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Schoolcraft v. City of New York*, 133 F. Supp. 3d 563, 567 (S.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A court must grant reconsideration of a prior ruling pursuant to Local Civil Rule 6.3 in order to "correct a clear error or prevent manifest injustice." *Id.* Manifest injustice may result from obvious factual mistakes or when there are issues raised in briefing absent from the court's ultimate opinion. *See, e.g.*, *Barbaro v. United States ex rel. Fed. Bureau of Prisons FCI Otisville*, No. 1:05-cv-06998-DLC, 2006 WL 3161647, at *1 (S.D.N.Y. Oct. 30, 2006). Reconsideration is also warranted where a movant can point to overlooked factual matters "that might reasonably be expected to alter the conclusion reached." *Raffles Tree Apparel Pte. Ltd. v. A Base IX Co. LLC*, No. 18-CV-05791 (JSR), 2019 WL 1447214, at *1 (S.D.N.Y. Mar. 4, 2019) (Rakoff, J.) (granting defendant's motion for reconsideration and reversing summary judgment on defendant's counterclaim where, on reconsideration, the court found that it overlooked evidence that defendants had showed plaintiffs evidence of damages).

## ARGUMENT

### I.   Mr. Unny is Qualified Rebut Dr. Edman's Opinions

The Court should reconsider and reverse the Opinion to correct a clear error of fact and avoid manifest injustice from overlooking evidence of Mr. Unny's qualifications to serve as a rebuttal witness to Dr. Edman. The Court found that Mr. Unny "has not demonstrated sufficient expertise in blockchain analysis to opine on Dr. Edman's conclusions" and "Mr. Unny's

5

blockchain analysis is central to his opinions here offered." Opinion at 30. Both findings are incorrect. The Court based those findings on its view that "Mr. Unny could not name any specific tools he had used in his professional experience to review blockchain transactions," "admitted that he did not personally analyze the Terraform blockchain data in this case," that the "analysis discussed in Mr. Unny's report was performed by employees of the consulting firm Cornerstone Research, whose qualifications or methodology Mr. Unny did not know at all," and the projects on which Mr. Unny worked "were incomplete, had no paying clients, and were never deployed." Opinion at 30–31.

The Court's findings are unsupported by the factual record and disregard Mr. Unny's substantial work experience, which provides him with practical experience and specialized knowledge regarding blockchain analysis that qualifies him to serve as a rebuttal expert to Dr. Edman. Notably, even the SEC did not dispute that it would be *impossible* for Mr. Unny to have built the blockchain applications and systems he built without specialized knowledge and expertise in blockchain analysis and the functionality of blockchains. And, as plainly stated in his report, it is this precise experience on which Mr. Unny relies to identify deficiencies in Dr. Edman's blockchain analysis. Given Mr. Unny's substantial experience and the lenient standard for admitting rebuttal expert testimony, the Court should reconsider and reverse the Opinion.

    **A.**    **Mr. Unny's Extensive Experience with Building and Developing Blockchain Applications Qualifies Him as a Rebuttal Expert in Blockchain Analysis**

Mr. Unny's decade of experience with building and developing blockchain applications and systems that interact with blockchains provides him with sufficient expertise to opine as to blockchain analysis. The "standard for qualifying expert witnesses is liberal," *In re Zyprexa Prods. Liab. Litig*, 489 F. Supp. 2d 230, 282 (E.D.N.Y. 2007), as "[c]ourts in this circuit have noted that an expert should not be required to satisfy an overly narrow test of his own qualifications." *S.E.C. v. Aly*, No. 1:16-cv-03853 (PGG), 2018 WL 1581986, at *11 (S.D.N.Y. Mar. 27, 2018). Instead, in evaluating whether a proposed expert is qualified, the Court must broadly consider the "totality of [the] witness's background," which includes his "knowledge, skill, [or] experience." *Arista*

*Recs. LLC v. Lime Grp. LLC*, No. 1:06-cv-05936-KMW, 2011 WL 1674796, at *1-2 (S.D.N.Y. May 2, 2011) (internal quotations and citations omitted).

The Court disregarded the undisputed factual record showing Mr. Unny's substantial experience in working with blockchain applications that was detailed in prior briefing. Mr. Unny has approximately a decade of work experience in the design and development of blockchain applications and blockchain technology. *See* Unny Report, App. A; Unny Report ¶¶ 1–9. Notably, it is undisputed that ███████████████████████████████████████████████ ███████████████████████████████████████████████, and that he has worked over the years to develop blockchain applications and systems that interact with blockchains. Defendants Opp. to the Motion to Exclude the Testimony and Opinions of Raj Unny ("Unny Opp.") at 8–9, ECF No. 109. Specific examples of these applications and systems include developing (1) a consumer banking platform that connected blockchain wallet technologies and crypto exchanges with traditional banking systems that he worked on at ███ Fintech, (2) a token that operates on the Ethereum blockchain for a project called "█████████" (3) "a points-based reward system that involved blockchain-based tokens, wallets, and retail merchant point-of-sale terminals," (4) a blockchain application similar to Zoom and WhatsApp, and (5) an application on the Ethereum blockchain for the ███████████████████████████ ███████████████████████████████. *Id.* at 7–9.

The SEC did not contest that it would be impossible for Mr. Unny to have this experience in actually developing blockchain applications and technologies without acquiring the expertise in blockchain analysis that is necessary to analyze Dr. Edman's opinions about Chai's interaction with the Terra blockchain. This experience flatly contradicts the Court's finding that nothing in Mr. Unny's experience indicates that he would know how to "trace and analyze blockchain transactions." Opinion at 31. Developing any *one* of the platforms identified above would confer this experience, as developing any platform that either operated on the blockchain or used multiple blockchain wallets would require blockchain analysis.

The Court also ignores key facts in finding that the "projects that defendants reference – from Mr. Unny's role as Chief Technology Officer at a company called ft.digital Fintech – were

7

incomplete, had no paying clients, and were never deployed." Opinion at 31. In making this finding, the Court again adopts the arguments in the SEC's Reply as evidence. *Id.* (citing SEC's Reply in Supp. of the Motion to Exclude the Testimony and Opinions of Raj Unny ("SEC Reply.") at 2–3, ECF No. 118. However, these arguments are unsupported by evidence. *First*, the SEC never asserted that all of the blockchain applications that Mr. Unny developed were "incomplete, had no paying clients, and were never deployed." Specifically, it is undisputed that at least three blockchain applications that Mr. Unny developed were completed, deployed, and rolled out to customers: (1) the token that operates on the Ethereum blockchain for a project called "▮▮▮▮▮▮▮▮" (2) the blockchain application similar to ▮▮▮▮▮▮▮▮, and (3) an application on the Ethereum blockchain for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

*Second*, the factual record shows that the other applications that Mr. Unny developed provided Mr. Unny with valuable expertise in blockchain analysis whether or not they were completed or deployed. With respect to any suggestion that the consumer banking platform on which Mr. Unny worked during his time at ft.digital Fintech was incomplete, examination of Mr. Unny's deposition (which is all the SEC cited) shows only that the customers did not have the ability to "▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 4 to the SEC's Mot. to Exclude the Testimony and Opinions of Raj Unny ("Unny Daubert Mot."), October 9, 2023, Dep. Tr. of Raj Unny ("SEC Unny Dep. Tr.") at 42:13–24, ECF No. 87-4 (cited in the SEC's Reply). But it is undisputed that the platform did connect users' bank accounts to third-party crypto exchanges using a custodial wallet system, and was thus functional. *Compare* SEC Reply at 2 (conceding that the platform "deduct[ed] fiat currency from a bank customer's account and then purchase[d] certain crypto assets from a third-party exchange to be deposited into a custodial wallet the bank maintained) *with* SEC Unny Dep. Tr. at 41:08–14 (identifying the transfer of value from the customer's wallet to the bank's custodial wallet). Thus, to build this operational system, Mr. Unny would have had to (and did) learn how to analyze and trace blockchain transactions transferring cryptocurrency from the exchange's blockchain to the custodial wallet. Because there is no evidence in the record that the project was not completed, only that one function that no one explains the relevance of

8

was not implemented (the ability to withdraw purchased tokens from the platform), it is uncontested that Mr. Unny acquired experience in blockchain analysis when building and developing this application. Similarly, the Court's reliance on the SEC's argument that the "███████ ███████████" was only an "████████████████████" ignores that Mr. Unny had already built the "████████████████████████████████████████████████████" (SEC Unny Dep. Tr. at 74:02–10), which again shows Mr. Unny's experience in building blockchain applications and the underlying experience he gained in blockchain analysis.

Indeed, Mr. Unny's own expertise in blockchain analysis allowed him to identify flaws in Dr. Edman's own blockchain analysis. Specifically, Mr. Unny's assertion that Dr. Edman ███ ████████████████████████████████████████████, Unny Report ¶¶ 58–60, is based on Mr. Unny's blockchain analysis. The fact that Dr. Edman spent multiple paragraphs responding in writing to Mr. Unny's opinions, (*see* Ex. F to Edman Daubert Mot., Rebuttal Expert Report of Dr. Matthew J. Edman ("Edman Reb. Report") ¶¶ 16–23), shows that Mr. Unny's blockchain analysis-based opinions were worthy of response and thus fall well within the purview of a battle of experts that should be decided by cross-examination at trial rather than exclusion. *In re Blech Sec. Litig.*, No. 1:94-cv-07696-RWS, 2002 WL 31356498, at *1 (S.D.N.Y. Oct. 17, 2002) ("Resolution of the battle of experts is a matter best suited for trier of fact.").

**B.    Other Key Findings as to Mr. Unny's Experience are Unsupported by the Factual Record.**

The Court's finding that "Mr. Unny could not name any specific tools he had used in his professional experience to review blockchain transactions," (Opinion at 30) is not supported by the factual record. Nowhere in the portions of Mr. Unny's deposition to which the Court cites was Mr. Unny asked to name any tools he used other than the specific tool that he used to review the Ethereum blockchain, which he in fact named. *See* Unny Dep. Tr. at 23:23–24:09. The Court similarly erred when it found that Mr. Unny "admitted that he did not personally analyze the Terraform blockchain data in this case," which ignored that Mr. Unny confirmed during the Daubert hearing that he used "a service called Terra Finder where you can query the Terra blockchain directly" to run queries on the blockchain (Ex. 1, Tr. of Daubert Hr. at 23:06–16)—the

9

same software used by Dr. Edman to examine the Terra blockchain records. Ex. 2, Additional Pages of September 20, 2023 Dep. Tr. of Matthew J. Edman at 112:16–113:07.

Most notably, however, the Court overlooked key evidence in finding that "the analysis discussed in Mr. Unny's report was performed by employees of the consulting firm Cornerstone Research," Opinion at 30, instead of Mr. Unny. *First*, all evidence in the record indicates that Cornerstone Research operated completely under Mr. Unny's direction. There is no evidence that contradicts Mr. Unny's deposition testimony that Cornerstone Research acted "███████ ████████████████████████████████████████████." Unny Dep. Tr. at 9:10–10:01 (emphasis added). *Second*, the Court also ignores Mr. Unny's use of "analysis" in his deposition. When asked what blockchain analysis Mr. Unny directed Cornerstone Research to undertake, Mr. Unny described simply directing them "████████████████████████████ ████████":

████████████████████████████████████████████
████████████████████████████████████████████

Unny Dep. Tr. at 11:16–20 (emphasis added).

In fact, the method Mr. Unny described for directing and verifying Cornerstone Research's work *is the same method that Dr. Edman used to direct and verify the work conducted by the <u>unnamed</u> consultant on which Dr. Edman relied*. Mr. Unny confirmed during his testimony at the Daubert Hearing that he had "had Cornerstone extract the data from the JSON data set and put it into a standardized SQL database." Tr. of Daubert Hr. at 22:16–25. Mr. Unny verified this data by "verify[ing] the scripts that Dr. Edman provided" and running queries to make sure that the blockchain data was "matching" after the data was extracted to the SQL database. *Id.* at 23:06–16. Dr. Edman relied on the work of a consultant in precisely the same way, as he explained during his deposition that he used a database that "████████████████████████████████████ ████████████████████████████████████████████ ████████████" Ex. 2, Additional Pages of September 20, 2023 Dep. Tr. of Matthew J. Edman

10

at 110:22–111:19. Dr. Edman also reviewed the scripts that appeared to process the JSON files to ensure it was accurate, *id.* at 112:07–15, and then ran queries against the database to "███████████████████████████████████████████████████" *Id.* at 112:16–113:07. It cannot be the case that when a rebuttal expert employs the same analytic structure as the proposed expert whose opinions he was retained to rebut, and the only difference is that the rebuttal expert identifies the consultant that was used and the direct expert does not, that the rebuttal expert is excluded.

In sum, by overlooking his experience in building and developing blockchains (in addition to other clear errors of fact), the Court's decision amounts to excluding Mr. Unny on the overly specialized area of blockchain analysis—rather than a more general category of expertise in blockchain technologies that includes blockchain analysis. This ruling would thus be reversible error. *Stagl v. Delta Air Lines*, 117 F.3d 76, 82 (2d Cir. 1997) ("[W]here, as here, well-trained people with somewhat more general qualifications are available, it is error to exclude them."); Weinstein's Federal Evidence, § 702.04 ("[I]t is an abuse of discretion for a trial court to exclude expert testimony solely on the ground that the witness is not qualified to render an opinion because the witness lacks expertise in specialized areas that are directly pertinent to the issues in question, if the witness has educational and experiential qualifications in a general field related to the subject matter of the issue in question."). Excluding Mr. Unny based on this erroneous finding and overlooking Mr. Unny's substantial experience would be manifestly unjust and thus is grounds for reconsidering and reversing the Court's Opinion.

## II. Even if Mr. Unny is Unqualified to Conduct Blockchain Analysis, Two of Mr. Unny's Opinions Should be Nonetheless Admitted

Even if, *arguendo*, the Court adheres to its view that Mr. Unny is not qualified in blockchain analysis, the Court ignores that expertise in this field is not required for Mr. Unny to offer his opinions as to the meaning of the terms "processing and settlement" and Dr. Edman's failure to consider the Terra Topup application—his Fourth Opinion and Sixth Opinion, respectively. The SEC only specifically contested two of Mr. Unny's opinions—his Second Opinion and Third Opinion. Although Mr. Unny's First Opinion and Fifth Opinion do relate to blockchain analysis, his Fourth Opinion and Sixth Opinion do not. As detailed in Defendants'

11

Opposition brief (and as the SEC does not contest), Mr. Unny is qualified in financial payment systems and developing these systems, which extends to specialized knowledge in the underlying source code used to implement such systems. As a result, he undoubtedly has the experience to offer his Fourth Opinion—the meaning of processing and settlement (Unny Report ¶¶ 52–54)—and his Sixth Opinion—Dr. Edman's failure to consider the source code of the Terra Topup application. *Id.* ¶¶ 61–67. As such, regardless of whether the Court views him as qualified in blockchain analysis, Mr. Unny is qualified to offer his Fourth Opinion and Sixth Opinion (which, critically, were not otherwise challenged). Excluding Mr. Unny's opinions in their entirety based on this erroneous finding and overlooking that two of Mr. Unny's otherwise unchallenged rebuttal opinions that do not rely on his (or anyone else's) experience in blockchain analysis would be manifestly unjust and thus is sufficient to reconsider and partially reverse the Court's Opinion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court reconsider and reverse the Opinion and deny the SEC's *Daubert* Motion to Exclude Testimony and Opinions of Mr. Unny.

Date: January 4, 2024

Respectfully submitted,

*/s/Mark G. Califano*

**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com
louis.pellegrino@dentons.com

Mark G. Califano
Melissa Gomez-Nelson (admitted *pro hac vice*)
Matthew A. Lafferman (admitted *pro hac vice*)
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7500
mark.califano@dentons.com
melissa.gomeznelson@dentons.com
matthew.lafferman@dentons.com

*Counsel for Defendant Terraform Labs Pte. Ltd.*

*/s/ David Patton*

**KAPLAN HECKER & FINK LLP**
David Patton
Michael Ferrara
Andrew Chesley
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
dpatton@kaplanhecker.com
mferrara@kaplanhecker.com
achesley@kaplanhecker.com

*Counsel for Defendant Do Hyeong Kwon*

13

**CERTIFICATE OF SERVICE**

  I, Mark G. Califano, certify that I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's ECF system on January 4, 2024.

               */s/ Mark G. Califano*
               Mark G. Califano