# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212-763-0883
DIRECT EMAIL   dpatton@kaplanhecker.com

January 11, 2024

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

      Re:  *SEC v. Terraform Labs et al.*, No. 23-cv-1346 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

  We represent Do Hyeong Kwon and write in response to the Court's December 29, 2023 order requesting letters from the U.S. Securities and Exchange Commission ("SEC") and Mr. Kwon concerning Mr. Kwon's attendance at trial, scheduled to start at the end of this month.

  Mr. Kwon wishes to attend his trial. Counsel had hoped the extradition proceedings in Montenegro would proceed more quickly than they have. Unfortunately, it now appears that Mr. Kwon is not likely to be extradited until February or March at the earliest. We understand the Court cannot put the trial on hold indefinitely, but an adjournment until mid-March would provide a realistic possibility for Mr. Kwon to attend. For these reasons, Mr. Kwon does not waive his right to attend and requests a short adjournment of the trial date to allow for his attendance.

  Should the Court decline to adjourn the trial date, Mr. Kwon intends to ask the Court to provide the jury with an instruction regarding Mr. Kwon's absence and inability to testify that is not unduly prejudicial to him.

  I.  Background on Mr. Kwon's Absence

  As the Court is aware, Mr. Kwon has been incarcerated in Montenegro since his arrest on March 23, 2023. Mr. Kwon has been detained in Montenegro pursuant both to his arrest on local charges, and in pre-extradition detention subject to competing extradition requests from prosecutors in South Korea and the Southern District of New York. While Mr. Kwon, through his counsel in Montenegro, has made every effort to be extradited from Montenegro as quickly as possible, the process has been slow going and is made more complicated by the dueling requests

**KAPLAN HECKER & FINK LLP**

2

and the fact that Mr. Kwon is serving a sentence in Montenegro for his conviction on the local charges there.

Mr. Kwon has also been unable to consult directly with his U.S. counsel regarding trial preparation. For the past several months, since before the close of discovery, the Montenegrin facility has refused to allow any visit by U.S. counsel. While Mr. Kwon's Montenegrin counsel has been able to work with him on his local legal matters and on expediting the extradition process, the ability of Mr. Kwon's U.S. counsel to communicate with Mr. Kwon through his counsel in Montenegro is limited. Mr. Kwon has not had the ability to participate in any trial preparation beyond passing short notes to his U.S. counsel through local counsel. He has been unable to discuss the expected SEC evidence or specific aspects of the defense, including witness testimony, exhibits or legal arguments, and thus he is not able to effectively work with defense counsel.

As noted in the SEC's letter, Mr. Kwon has consented to extradition to either the United States or South Korea, pending a determination by the relevant court in Montenegro that the requests comply with Montenegrin law. As a result, it is very unlikely that Mr. Kwon will be able to attend the trial on its current schedule. That said, Mr. Kwon's extradition process in Montenegro is in its final stages, and Montenegro could order extradition at any moment. Accordingly, we understand that Mr. Kwon could be in the United States as soon as the middle of March.

II.     Mr. Kwon's Right to Attend and Participate in the Trial

Mr. Kwon wants to attend the trial and does not waive any right he has to attend. *See* ECF 152 at 2-3. Given that a short delay in the trial could suffice to secure his attendance and vindicate his rights, we ask that the trial be adjourned until a time suitable to the Court and the parties, but no earlier than March 18, 2024.

As the SEC notes in their letter, the Second Circuit endorsed a "list of factors to consider when deciding whether a prisoner's physical presence is 'necessary' at his own civil trial." *Davidson v. Desai*, 964 F.3d 122, 131 (2d Cir. 2020). All of those factors weigh in favor of a conclusion that Mr. Kwon's attendance is necessary: this is to be a jury trial; Mr. Kwon's testimony could be of critical importance (as demonstrated by the SEC's repeated efforts to secure his deposition and their inclusion of him on their list of trial witnesses), and there are no appropriate substitutes for his testimony; we are far enough from the trial date that witnesses' travel plans can be changed (if they have even yet been made) with minimal inconvenience; and there are no serious "security or cost concerns" in bringing Mr. Kwon to the courthouse. *Id.*

Moreover, Mr. Kwon's constitutional right of access to the courts includes an "opportunity to consult with counsel and to present his case to the court." *Id.* at 129 (internal quotation marks omitted). The strict limitations of the Montenegrin detention facility and courts have not allowed Mr. Kwon to discuss the expected SEC evidence or specific aspects of the defense, including witness testimony, exhibits, or legal arguments. Thus, he is not able to effectively work with defense counsel to prepare his defense, a minimal requirement if Mr. Kwon is not able to be present for trial.

KAPLAN HECKER & FINK LLP

3

Balancing Mr. Kwon's interest in attending this trial, all the parties' interests in having him appear, and the lack of prejudice from delaying the trial by less than two months, we respectfully request that the Court adjourn the trial.

III.     Jury Instruction Regarding Mr. Kwon's Absence

Should the Court decline to adjourn the trial date and proceed without him, Mr. Kwon intends to move *in limine* for a jury instruction regarding his absence. That motion will be served on all parties on Monday, January 15 in accordance with the Court's Individual Rule of Practice 9, and we include a brief preview below.

Because Mr. Kwon's ability to attend trial is entirely out of his control, the Court should instruct the jury that it is not entitled to hold his absence against him. While the non-appearance of a litigant or his failure to testify may give rise to an adverse inference against him, courts must consider whether the litigant is actually available to attend trial and testify before giving an adverse inference instruction to the jury. *See United States v. Funds Held in Name or for Benefit of Wetterer*, 17 F. Supp. 2d 161, 186 (E.D.N.Y. 1998) (declining to give missing witness instruction where individual subject to forfeiture action was fugitive abroad, finding fugitive status was a "reasonable excuse" for not calling as witness).

A court is permitted to instruct a jury to draw an adverse inference against a party failing to call a witness with material testimony where the "witness is peculiarly within the control of that party." *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997). Mr. Kwon, of course, is a party to this case. But, in these circumstances, he is also a witness who is "equally unavailable to both sides," in which case an adverse inference against the party failing to call the witness is inappropriate. *United States v. Zhang*, 165 F.3d 16, 16 (2d Cir. 1998). Mr. Kwon's ability to attend trial and testify is not within his own control, nor is it within the control of Terraform Labs or the SEC. Accordingly, it would be inappropriate to allow the jury to hold against Mr. Kwon his inability to attend trial or testify. *See United States v. Torres*, 845 F.2d 1165, 1170 (2d Cir. 1988) ("The 'availability' of a witness . . . depends . . . on all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility." (cleaned up)). While this situation most frequently arises with uncalled or missing witnesses in criminal cases, there is no reason for the rule to be different here: It would be fundamentally unfair for Mr. Kwon to start this trial on his back foot, with an adverse inference instruction regarding his failure to attend or testify when there is nothing that he can do to be here or sit for a deposition. Indeed, Mr. Kwon sat for over eight hours of on-the-record testimony with many of the same SEC attorneys trying this case in August 2022, prior to his arrest in Montenegro, confirming that when he was able to appear before the SEC he has done so. The SEC has designated portions of that testimony for use at trial and may also move to use his responses to 21 interrogatories and 398 requests for admission during the trial. Mr. Kwon's words may be prominently featured at a trial without his presence or ability to respond, and the SEC should not be entitled to compound that unfairness by drawing the jury's attention to his absence.

As a result, assuming the trial is going forward without Mr. Kwon's attendance, we intend to ask the Court in a forthcoming motion *in limine* to (1) prevent any party from commenting to the jury upon Mr. Kwon's absence, mentioning his arrest or incarceration in Montenegro, or mentioning that he is subject to indictment in any other jurisdiction; and (2) instruct the jury at the

KAPLAN HECKER & FINK LLP

4

start of the trial that "Mr. Kwon is out of the country and unable to attend trial, and I instruct you that his inability to participate is of no relevance."

Very truly yours,

David Patton

cc:     All counsel of record (by ECF)