

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Via ECF                                                                 January 15, 2024

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

                Re:  *SEC v. Terraform Labs et al.*, No. 1:23-cv-1346 (JSR)

Dear Judge Rakoff:

    Following the parties' telephone conference with the Court, the SEC submits this letter to respond to Defendant Do Kwon's request for an adjournment of the trial date and to oppose severing the SEC's claims against Terraform Labs and Kwon.

    **I.**    **The SEC Joins Kwon's Requested Adjournment of the Trial Date**

    The SEC has considered Defendant Do Kwon's request for an adjournment of the trial date from January 29, 2024 until "no earlier than March 18, 2024." ECF No. 161 at 2.  Whether and to what extent principles of fairness grounded in due process would require a defendant's presence at a civil trial when that defendant is represented by counsel depends on the particular circumstances.  *See Davidson v. Desai*, 964 F.3d 122, 131 (2d Cir. 2020).  Here, based on Kwon's counsel's representations that he has consented to extradition to the United States, that his extradition is imminent, that Kwon "wishes to attend his trial," and that he would have no ability to consult with defense counsel if the trial went forward on January 29, 2024, ECF No. 161 at 1-2, the SEC joins in Kwon's request for a modest adjournment so that he may participate in the trial.[1]  The SEC is of course fully prepared, willing, and able to proceed on the current trial schedule.

---

[1] *Davidson*, 964 F.3d at 131 ("Some courts have developed lists of factors to consider when deciding whether a prisoner's physical presence is 'necessary' at his own civil trial—including whether the case will be tried to a jury or to the bench, the importance of the prisoner's testimony, whether substitutes are available for that testimony, whether the trial could be postponed, and whether there are security or cost concerns in bringing the prisoner to the courthouse.").

January 15, 2024
The Honorable Jed S. Rakoff
Page 2

If the trial date is adjourned, the SEC respectfully requests that trial commence on April 15, 2024,[2] given that two members of the SEC trial team have pre-planned family vacations from March 22-30, 2024, an SEC trial attorney has military duty from April 5-6, 2024, and an SEC trial attorney has a pre-planned family vacation from April 5-9, 2024.  Notwithstanding these conflicts, the SEC will be prepared for trial on the date ordered by the Court.

## II.     The SEC Opposes Severance of the Trials

The SEC also writes to respond to the Court's inquiry regarding a possible severance and Terraform Labs's email to Your Honor's Chambers stating that Terraform Labs takes "no position" on whether its trial should be severed from Kwon's trial.  Under Fed. R. Civ. P. 21, "[c]ourts in this District generally employ the following factors on a motion to sever: 1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  *Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, 2019 WL 1147599, at *1 (S.D.N.Y. Mar. 13, 2019).

All of these factors weigh heavily against severing the trials here:  (1) the SEC's fraud claims against Kwon and Terraform arise out of the same transactions, *i.e.*, the Jump Trading fraud scheme and the Chai fraud scheme, *SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *1 (S.D.N.Y. Dec. 28, 2023); (2) virtually all of the issues of law and fact are the same, *id.*, (3) neither settlement nor judicial economy would be furthered by having two trials, (4) no prejudice would be avoided by severing, and (5) the same witnesses and documentary proof are required for the SEC's claims against Kwon and Terraform.  The last factor counsels strongly against severance.  Holding two trials would unnecessarily require witnesses, including SEC whistleblowers and retail investors with limited financial means, to testify twice about identical facts in different trials.

The SEC's claims are also ill-suited for severance because of the SEC's control-person claims against Kwon under Section 20(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78t(a)], the only claim that is against Kwon alone.  Kwon may be held liable under Section 20(a) for the fraudulent conduct Terraform, the entity he owned and controlled.  Given these overlapping claims, there is no basis to sever the trials between the two defendants.

## III.    The SEC Will Respond to Kwon's Motion *in Limine* in Due Course

Defendant Kwon's letter further states that, if the trial is not adjourned, he intends to file a motion *in limine* requesting a jury instruction regarding Kwon's absence. ECF No. 161 at 3-4.  The SEC will respond to any such motion *in limine* on January 22, 2024, in accordance with the Court's rules.  *See* Rule 9, Ind. Rules of Practice.

---

[2] We understand that this date also works for Kwon's counsel.

January 15, 2024
The Honorable Jed S. Rakoff
Page 3

        Respectfully submitted,

        <u>/s/ James P. Connor</u>
        James P. Connor
        U.S. Securities and Exchange Commission
        100 F Street, NE
        Washington, Dc 20549
        (202) 551-8394
        connorja@sec.gov