UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>                    Defendants. | No. 1:23-cv-1346 (JSR) |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER
TO EXCLUDE THE OPINIONS OF RAJ UNNY**

## **Table of Contents**

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................. 2

I.    Legal Standard On Motions for Reconsideration .................................................. 2

II.    Defendants Fail To Address The Court's Independent Holding That Mr. Unny's Testimony Is "Speculative and Wholly Unsupported By Evidence" ............................................................... 3

III.    Defendants Reargue the Same Points About Mr. Unny's Supposed Qualifications ........... 4

IV.    Mr. Unny's Other Two Opinions Were Properly Excluded ................................................. 8

CONCLUSION ............................................................................................................................ 10

# Table of Authorities

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92 (S.D.N.Y. 2012) ..................................... 3

*Bonacasa v. Standard Chartered PLC*, 2023 WL 7110774 (S.D.N.Y. Oct. 27, 2023) .............. 3, 4

*Brkic v. Dumbo Moving & Storage, Inc.*, 2023 WL 1069889 (S.D.N.Y. Jan. 27, 2023) ........... 2, 3

*Davidson v. Scully*, 172 F. Supp. 2d 458 (S.D.N.Y. 2001) ............................................................. 3

*Ferring B.V. v. Allergan, Inc.*, 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013)) ............................... 2

*General Electric Co. v. Joiner*, 522 U.S. 136 (1997) .................................................................... 3

*Kumaran v. Nat'l Futures Ass'n*, 2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023) ............................ 3

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ................................................................. 10

*Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256 (S.D.N.Y. 2009) ............................................. 3

*Schoolcraft v. City of New York*, 298 F.R.D. 134 (S.D.N.Y. 2014) .............................................. 2

*SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 8944860 (S.D.N.Y. Dec. 28, 2023) ................. *passim*

*Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584 (2d Cir. 2021) ..................................... 3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir.1995) ............................................................. 2

*United States v. Ashburn*, 88 F. Supp. 3d 239 (E.D.N.Y. 2015) .................................................... 1

*United States v. Williams*, 506 F.3d 151 (2d Cir.2007) ................................................................ 1

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ........................... 3

**Rules**

Fed. R. Evid. 702. ........................................................................................................................... 8

Pursuant to Local Civil Rule 6.3, Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this memorandum of law in opposition to Defendants' Motion to Reconsider the Court's Order to Exclude the Opinions of Raj Unny.

## **BACKGROUND**

On October 20, 2023, the Court set a briefing schedule for *Daubert* motions in this matter requiring all such motions to be filed by October 27, oppositions by November 7, and replies by November 10. The Court also scheduled a *Daubert* hearing to be held shortly thereafter on November 17. *See* October 20, 2023 Minute Entry for Proceedings. Collectively, the parties filed five *Daubert* motions, along with the corresponding oppositions and replies. The Court then held a hearing on November 17, 2023, in which all experts were present and given an opportunity to testify.[1] On December 28, 2023, the Court issued a thorough, well-reasoned opinion addressing the SEC's motion to exclude Defendants' proposed expert, Raj Unny. Now, on the eve of trial, Defendants seek to relitigate issues that the Court has already decided based on arguments that the Court has already considered and rejected.[2]

---

[1] Defendants try to minimize the significance of the *Daubert* hearing conducted by the Court by characterizing it as a "one-hour hearing in which the Court evaluated pending *Daubert* motions for five proposed expert witnesses." Def. Recon Mot. at 4-5. However, this is inaccurate. The hearing started at 2 pm and went until 4 pm, at which point the Court took a 15-minute break to address another matter, after which the hearing resumed for an additional period. Moreover, "whether to hold a separate *Daubert* hearing in advance of admitting expert testimony is within the trial court's discretion." *United States v. Ashburn*, 88 F. Supp. 3d 239, 243 (E.D.N.Y. 2015) (citing *United States v. Williams*, 506 F.3d 151, 161 (2d Cir.2007)).

[2] The Court separately recognized with respect to Mr. Unny's declaration responding to Dr. Edman's authorized rebuttal report that "it appears to the Court unequivocally to be a surrebuttal expert opinion that, of course, could never have been inquired into on deposition by the plaintiffs because it was issued without permission after all the discovery had been completed." Summary Judgment Hearing Transcript at 4:13-5:4 (relevant excerpts attached as Exhibit 1). Defendants do not appear to seek reconsideration of the Court's conclusion in this regard, which the SEC would oppose for the reasons explained by the Court.

In granting the SEC's motion to exclude Mr. Unny, the Court held that, Mr. Unny "has not demonstrated sufficient expertise in blockchain analysis to opine on Dr. Edman's conclusions and, by contrast with Dr. Hendershott's brief excursion into blockchain description to provide context, Mr. Unny's blockchain analysis is central to his opinions here offered." *SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *11 (S.D.N.Y. Dec. 28, 2023). The Court further held that "*even if Mr. Unny met the threshold level of qualification*, the Court would exclude his testimony for the further reason that it is speculative and wholly unsupported by evidence." *Id*. (emphasis added).

Fatal to Defendants' motion for reconsideration is that they *never even address* the Court's independent basis for excluding Mr. Unny's testimony on the ground "that is speculative and wholly unsupported by the evidence," let alone demonstrate any error by the Court in that regard. This inexplicable oversight alone is grounds to summarily reject Defendants' motion for reconsideration.

**ARGUMENT**

I.   Legal Standard On Motions for Reconsideration

"Reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (quoting *Ferring B.V. v. Allergan, Inc.*, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013)). "Accordingly, the standard for granting a motion for reconsideration is "strict," and reconsideration will usually be denied. *Brkic v. Dumbo Moving & Storage, Inc.*, 2023 WL 1069889, at *3 (S.D.N.Y. Jan. 27, 2023) (*quoting Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

"The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Bonacasa v. Standard Chartered PLC*, 2023 WL 7110774, at *4 (S.D.N.Y. Oct. 27, 2023)) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012)); *accord Brkic*, 2023 WL 1069889, at *2 (S.D.N.Y. Jan. 27, 2023). "To merit reconsideration, a party must pinpoint 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.*, at *3 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). It is axiomatic that "a motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue." *Kumaran v. Nat'l Futures Ass'n*, 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023) (quoting *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009)). A district court's decision to exclude expert testimony is a discretionary one. *See Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021) (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 143 (1997)).

II. Defendants Fail To Address The Court's Independent Holding That
<u>Mr. Unny's Testimony Is "Speculative and Wholly Unsupported By Evidence"</u>

The Court can deny Defendants' motion for the simple reason that it fails to address the Court's independent holding that Mr. Unny's testimony "is speculative and wholly unsupported by evidence." *Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *11. "A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, *in other words, that might reasonably be expected to alter the conclusion* reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (emphasis added). Here, even if the Court were to reverse its well-supported finding that Mr. Unny is unqualified---as Defendants request—the Court's ultimate

3

conclusion to exclude Mr. Unny would not be altered, because of the independent finding that his testimony was speculative and unsupported by the evidence.

Specifically, the Court held that Mr. Unny's testimony about a "possible" custodial wallet system was disclaimed even by Mr. Unny himself. *Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *11. Further, the Court held that "Mr. Unny's conclusion that certain Chai applications 'may have interacted with or even directed the LP Server' is similarly conjectural." *Id*. Defendants fail to address these findings, let alone offer an explanation as to how the Court committed clear error in making them.

III. <u>Defendants Reargue the Same Points About Mr. Unny's Supposed Qualifications</u>

Although Defendants' failure to address an independent ground for excluding Mr. Unny is sufficient grounds to deny their motion, we nonetheless respond to their rehashing of Mr. Unny's purported qualifications. Despite the clear prohibition against "wasteful repetition of arguments already briefed, considered and decided," (*Bonacasa*, 2023 WL 7110774, at *4), Defendants simply restate the arguments they previously made about Mr. Unny's qualifications and which the Court has already considered. Defendants claim that "the Court disregarded the undisputed factual record showing Mr. Unny's substantial experience in working with blockchain applications that was detailed in prior briefing." Yet, far from disregarding anything, the Court detailed the "blockchain application" experience upon which Defendants rely to establish Mr. Unny's qualifications. *See Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at 11.

Defendants dispute the Court's characterization of Mr. Unny's work history. *See* Def. Recon Mot. at 7-9. For example, Defendants challenge the Court characterizing the projects Mr. Unny worked on at ft.digital Fintech as being "incomplete," with "no paying clients" and "never deployed," and allege that the Court simply "adopts the argument's in the SEC's Reply as evidence." *Id*. at 7-8. Yet, with respect to the banking application that was highlighted as

4

relevant blockchain experience in Defendants' opposition to the motion to exclude Mr. Unny, that is exactly what his deposition testimony showed. *See* Unny Depo. 34:25-35:1, 36:8-14, 42:13-24 (ECF No. 87-4). Defendants quibble with the characterization of this project as "incomplete," because Mr. Unny's deposition shows only that the customers did not have the ability to 'withdraw their crypto asset[s]'" Def. Recon Mot. at 8. However, a banking application that does not allow customers to actually withdraw their assets is not unfairly characterized as being incomplete. *See* Unny Deposition, 42:20-24 (ECF No. 87-4) ("Q. So how would the customer get their -- their money back? A. There was something that was supposed to come in later where the customer would have to convert it back to fiat."). Defendants also state (without citation to evidence) that "to build this operational system, Mr. Unny would have had to (and did) learn how to analyze and trace blockchain transactions transferring cryptocurrency from the exchange's blockchain to the custodial wallet." Def. Recon Mot. at 8. But Mr. Unny himself testified that the bank had developed the custodial wallet system, not Mr. Unny. *See* Unny Depo. 41:8-42:1 (ECF No. 87-4).

Defendants make similar arguments about other projects that Mr. Unny worked on, stating that "it is undisputed that at least three blockchain applications that Mr. Unny developed were completed, deployed, and rolled out to customers." Def. Recon Mot. at 8. Defendants do not cite to the record, but it appears that the reference to "the blockchain application similar to Zoom and WhatsApp," (*id.*), is to an application that Mr. Unny worked on at Equiis Technologies. *See* Unny Depo. 33:3-14 (ECF No. 87-4). Mr. Unny testified about that project "we developed an application that would have run on a blockchain. It was in development. But we did not deploy it." *Id*. 32:14-18. The other two projects that Defendants contend were completed and deployed involved a project with university students for which Mr. Unny's only

5

payment was the first Zero Value Token (*Id*. 64:22-65:3) and the other was a "very experimental" project for which Mr. Unny admitted he was not compensated. (*Id*. 67:19-68:15).

Moreover, while Defendants spend pages of their reconsideration motion arguing about the extent to which Mr. Unny's projects were completed, they never coherently explain how Mr. Unny's purported experience developing blockchain applications endows him with expertise in blockchain analysis. Defendants merely claim that "developing any platform that either operated on the blockchain or used multiple blockchain wallets would require blockchain analysis," and therefore this experience "flatly contradicts the Court's finding" that Mr. Unny lacked requisite blockchain analysis experience. Def. Recon Mot. at 7. However, Defendants rely on nothing but *ipse dixit* to support their argument that working on these projects makes Mr. Unny an expert in blockchain analysis and that the Court therefore erred. Defendants also ignore Mr. Unny's own words in which he stated that: he does not hold himself out as a blockchain expert and that his company does not provide blockchain analysis services, Unny Deposition, 55:3-19 (ECF No. 87-4); and, he has no professional certifications or training related to blockchain analysis, *id*. 25:15-17, 56:5-57:1.

Defendants also attempt to challenge the Court's finding that "the analysis discussed in Mr. Unny's report was performed by employees of the consulting firm Cornerstone Research, whose qualifications or methodology Mr. Unny did not know at all." *See Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at 11. Yet, the Court's opinion is supported by the very deposition testimony the Court cites, so it is unclear the basis for Defendants' allegations of manifest error justifying the extraordinary remedy of reconsideration. Indeed, Mr. Unny did not personally perform the analysis cited in his report (Unny Depo. 9:10-11:6) (ECF No. 87-4), was not familiar with the individuals who did perform the analysis for him or their expertise (*id*., 15:12-16:20),

did not prepare the work papers produced with his report (*id*. 188:2-7) and was not even sure which programming language was used to prepare the work papers (*id*. 188:8-11).

Defendants also falsely suggest "the method Mr. Unny described for directing and verifying Cornerstone Research's work is the same method that Dr. Edman used to direct and verify the work conducted by the unnamed consultant on which Dr. Edman relied." Def. Recon Mot. at 10.[3]  Dr. Edman wrote his own report and *performed his own blockchain analyses*. Dr. Edman stated that as one of multiple steps in conducting his blockchain analysis *he personally* searched and extracted data from a database populated with Terra blockchain data created by a consultant to the SEC. Edman Report, ¶ 61 (ECF No. 87-2). Dr. Edman also:

- First, obtained archived snapshots of the columbus-1, columbus-2, columbus-3, columbus-4, and columbus-5 blockchains from quicksync.io . . . [he] verified the integrity of the datasets by following the upgrade instructions provided on Terraform Labs' GitHub website . . . using the Terra blockchain software obtained from Terraform Labs' "terra-moneyclassic-core" Git repository produced by GitHub in discovery. . . . For each blockchain upgrade, [he] verified the genesis file hashes generated using the quicksync.io data against the expected genesis file hashes provided by Terraform Labs. . . .

- Second, [he] used data from the Terra Finder blockchain explorer as part of [his] analysis, as well as to verify data that [he] obtained from the quicksync.io blockchain snapshots. A blockchain explorer is a website that lets users view and search data from and about a blockchain with a normal browser. In instances where certain transaction data was unavailable from the quicksync.io datasets, he would supplement [his] analysis with data obtained from Terra Finder.

---

[3] Ironically, the Dr. Edman deposition testimony that Defendants cite in an attempt to equate the analysis done by Mr. Unny to that of Dr. Edman, could not more starkly highlight the differences in their work.  *See* Def. Recon Mot. at 10-11 (citing Edman Depo., 110:22-111:19; 112:07-113:07) (ECF No. 110-4).  In the cited passages, Dr. Edman testified to how he personally and independently verified the blockchain data in the consultant database in several ways.  Nothing that Mr. Unny did remotely resembles this type of work.  In fact, Defendants frankly admit that it was Cornerstone Research that undertook blockchain analysis "to verify numbers in Dr Edman's report." Def. Recon Mot. at 1, 10.

- Third, [he] used a database created and populated by a consultant for the Plaintiff to search for and extract certain data.[4] [H]e unders[tood] the data in the database was populated from data also gathered from Terra Finder. [He] independently verified the data [he] relied on in [his] analysis against the quicksync.io data and [his] review of the Terra Finder data sources.

   *Id*. ¶¶ 59-61.

IV.  Mr. Unny's Other Two Opinions Were Properly Excluded

Defendants argue that even if Mr. Unny is unqualified to testify as to blockchain analysis, he should nonetheless still be permitted to offer his opinions about "processing and settlement" and the "Terra Topup" application. These arguments are easily dispatched.

First, with respect to Mr. Unny's views as to what the terms "processing and settlement" mean, the Court has already held those views to be irrelevant to this case. Specifically, the Court rejected Defendants' "puzzling argument that 'Dr. Edman's methodology used in forming his opinions fatally lacks any definition of 'processing and settlement' or a framework (let alone an industry-recognized one) for evaluating the meaning of 'processing and settlement' within the Chai payment system.'" *Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at 9 (quoting Defendants' *Daubert* Motion). As the Court held, "Dr. Edman did not refer to the 'processing and settlement' of payments as a term of art. He 'instead was using it to describe that Chai merchants were not being paid by their customers on the Terra blockchain.'" *Id*. (quoting SEC Edman Opp. at 17). Given the Court's ruling in this regard, it is difficult to see how Mr. Unny's opinions regarding the meaning of processing and settling "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

---

[4] This database was also made available to Defendants, who chose to have Cornerstone create their own searchable database with the same Terra blockchain data (which data was produced to them by the SEC).

8

Finally, Defendants assert that Mr. Unny's opinion that "Dr. Edman fails to review the Terra Topup application or consider that the Terra Topup application *may have been able to interact with Chai*," was wrongly excluded.  Def. Recon Mot. at 4, 11-12 (emphasis added).  In that opinion, Mr. Unny opined based on his "high-level review of the Terra Topup source code" that "that the Terra Topup application *may have provided functionality* that allows a Chai user to connect a non-custodial wallet to their Chai payment application."  Unny Expert Report, ¶¶ 63-64 (ECF No. 87-1) (emphasis added).  When asked at his deposition how he reached the conclusion that the Terra Topup application may have provided this functionality, Mr. Unny testified, "it's not a conclusion. I'm sort of saying that it suggests the functionality based on the Terra station mobile application, which -- and based on the description of that Terra station application in the Google Play Store."  Unny Depo. 205:10-206:15 (ECF No. 87-4) (stating that "without full access to the Chai code" he "wouldn't be able to accurately assess" whether the application actually provided such functionality).

Although the SEC did not specifically challenge that particular opinion in its motion to exclude Mr. Unny, Defendants offer nothing to explain how this opinion about an application that "*may have* provided functionality" in the Chai system is any different than the opinions regarding Chai applications that "may have interacted with or even directed the LP Server" that the Court rejected as "conjectural" and which Defendants fail to address in their motion.[5] *Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at 11 ("Such unsupported, gestural testimony

---

[5] The SEC also disagrees with Defendants' unsupported assertion that Mr. Unny's Terra Topup opinion has no relation to blockchain analysis.  Def. Recon. Mot. at 11.  Mr. Unny contends that in evaluating "the role of Terra blockchain in the Chai payment system" and concluding "what Chai transactions on the blockchain represented," Dr. Edman should have considered the Terra Topup source code.  Unny Report, ¶ 62 (ECF No. 87-1).  Thus, Mr. Unny is attempting to criticize Dr. Edman's blockchain analysis with this opinion.

9

would not aid, and could only mystify, a jury."). As such, the Court did not err in precluding Mr. Unny from testifying at trial. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) ("In *Daubert*, this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'").

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: January 10, 2024                     Respectfully submitted,

/s/ Christopher J. Carney
Christopher J. Carney
James P. Connor, admitted *pro hac vice*
Carina A. Cuellar, admitted *pro hac vice*
Roger J. Landsman, admitted *pro hac vice*
Laura E. Meehan
Devon L. Staren, admitted *pro hac vice*
Michael E. Welsh, admitted *pro hac vice*

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Tel: (202) 551-2379
Email: carneyc@sec.gov