# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON, <br><br> Defendants. | Civil Action No. 1:23-cv-01346-JSR <br><br><br> Hon. Jed S. Rakoff |

### DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendants hereby respond and object to Plaintiff's First Set of Interrogatories as set forth below.

### GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories as inconsistent with the letter and spirit of Local Rule 33.3.  Judge Rakoff emphasized the limited scope of interrogatories permitted under Local Rule 33.3 at the initial conference in this case on March 7, 2023 (3/7/23 Tr. 11:14-18).  In pertinent part, Local Rule 33.3(a) restricts interrogatories at the commencement of discovery to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action and the existence, custodian, location, and general description of relevant documents. Defendants have already provided the names of individuals likely to have knowledge relevant to the subject matter of the action in their initial Rule 26(a) disclosures dated March 17, 2023. Defendants' initial disclosures also described categories of documents in their possession, custody or control that they may use to support their defenses.  In addition, the SEC has served 73 document requests on Defendants, which address all of the subjects covered by the Interrogatories.

Interrogatories for which answers could be obtained through document requests are expressly prohibited by Local Rule 33.3(b) without the Court's permission, which has not been granted, which the Court indicated is rarely granted (3/7/23 Tr. 11:14-18), and which is inappropriate because the SEC cannot satisfy Local Rule 33.3(b)(1).  *See Blue Cross & Blue Shield Assoc. Nat'l Emp. Benefits Comm. v. Allianz Global Investors*, 2021 U.S. Dist. LEXIS 241178, *3 (S.D.N.Y. Dec. 16, 2021).

2.      Defendants further object to the Interrogatories as unduly burdensome, overbroad, and duplicative of the SEC's document requests, which are a more practical method of obtaining the information sought.  *See* Local Rule 33.3(b)(1).

3.      Defendants object to "Definition" No. 3 of "Terra" as it is overbroad and includes, *inter alia*, parents, predecessors, successors, present or former subsidiaries and affiliates that are not directly related to the claims or defenses at issue in this litigation.  Defendants will interpret these words to apply solely to TFL, and Mr. Kwon, individually, where applicable, and their respective officers and employees.

4.      Defendants reserve the right to amend or modify these objections at any time during the pendency of this litigation should new information or arguments come to their attention.

## SPECIFIC OBJECTIONS

1.      Identify the existence, custodian, location, and general description of all Documents regarding the Terraform blockchain in Defendants' possession, custody, and/or control.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and produced voluminous documents in response to the SEC's document requests.

2.      Identify all Persons, including former or current Terraform employees, who controlled the "@terra_money" Twitter account during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as overbroad because it is not limited to the subject matter of the action.  Moreover, the interrogatory is inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request No. 51.  Defendants further object to the interrogatory's use of "control" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant TFL responds that, in 2022, the persons who primarily oversaw the "@terra_money" Twitter account were, at various times, Brian Curran, Zion Schum, and Mark Chan.  As concerns years prior to 2022, TFL was unable to locate information responsive to this interrogatory after conducting a reasonable search, because the TFL employees likely to have responsive information are no longer employed by TFL.

3.      Identify all former or current Terraform employees who resided in the United States during the Relevant Period, being sure to identify their last known contact information.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as overbroad because it is not limited to the subject matter of the action.  Moreover, the interrogatory is inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 4, 14, 25.

Subject to and without waiving the foregoing objections, Defendant TFL responds that the former or current TFL employees who resided in the United States during the Relevant Period include the following individuals:

| US-Based Current and Former TFL Employees | Contact Information |
|---|---|
| Alwin Peng | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Amit Prasad | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Jeury Mejia | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Matt Cantieri | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Nathaniel Hughes | Andrew Lourie, Esq.<br>Kobre & Kim LLP |

| | |
|---|---|
| | 201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Samuel Nofzinger | Andrew Lourie, Esq.<br><br>Kobre & Kim LLP<br><br>201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Vladimir Tereshkov | Douglas W. Henkin<br><br>David L. Kornblau<br><br>Mark Califano<br><br>1221 Avenue of the Americas<br><br>New York, New York 10020<br><br>douglas.henkin@dentons.com<br><br>david.kornblau@dentons.com<br><br>mark.califano@dentons.com |
| Eugene Yi | Douglas W. Henkin<br><br>David L. Kornblau<br><br>Mark Califano<br><br>1221 Avenue of the Americas<br><br>New York, New York 10020<br><br>douglas.henkin@dentons.com<br><br>david.kornblau@dentons.com<br><br>mark.califano@dentons.com |
| Jason Arnold | Douglas W. Henkin<br><br>David L. Kornblau<br><br>Mark Califano<br><br>1221 Avenue of the Americas<br><br>New York, New York 10020<br><br>douglas.henkin@dentons.com<br><br>david.kornblau@dentons.com<br><br>mark.califano@dentons.com |
| Michael Platis | Andrew Lourie, Esq.<br><br>Kobre & Kim LLP |

| | 201 South Biscayne Boulevard Suite 1900, Miami Florida 33131 andrew.lourie@kobrekim.com |
|---|---|
| Miranda Truong | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Natalie Luu | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard Suite 1900, Miami Florida 33131 andrew.lourie@kobrekim.com |
| William Yoo | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Eric Heydorn Gorski | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Evan Ortiz | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano |

|  | 1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
|---|---|
| Gregory Junge | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| James Sanchez | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Jared Warn | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Jason Stallings | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard<br>Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Manuel Collazo | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas |

| | |
|---|---|
| | New York, New York 10020 |
| | douglas.henkin@dentons.com |
| | david.kornblau@dentons.com |
| | mark.califano@dentons.com |
| Mijolae Wright | Douglas W. Henkin |
| | David L. Kornblau |
| | Mark Califano |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | douglas.henkin@dentons.com |
| | david.kornblau@dentons.com |
| | mark.califano@dentons.com |
| Doug Fontez | Douglas W. Henkin |
| | David L. Kornblau |
| | Mark Califano |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | douglas.henkin@dentons.com |
| | david.kornblau@dentons.com |
| | mark.califano@dentons.com |
| Ezaan Mangalji | Douglas W. Henkin |
| | David L. Kornblau |
| | Mark Califano |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | douglas.henkin@dentons.com |
| | david.kornblau@dentons.com |
| | mark.califano@dentons.com |
| Jeff Kuan | Douglas Whitney |
| | Douglas Whitney Law Offices LLC |
| | 161 N. Clark Street, Suite 1700 |
| | Chicago, Illinois 60601 |
| | Doug.Whitney@dwlollc.com |

| | |
|---|---|
| Joshua Brigati | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Carolyn Pehrson | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Lawrence Florio | Mark Bini<br>Reed Smith LLP<br>599 Lexington Avenue, 22nd Fl.<br>New York, NY, 10022<br>mbini@reedsmith.com |
| Marc Goldich | Mark Bini<br>Reed Smith LLP<br>599 Lexington Avenue, 22nd Fl.<br>New York, NY, 10022<br>mbini@reedsmith.com |
| Noah Axler | Mark Bini<br>Reed Smith LLP<br>599 Lexington Avenue, 22nd Fl.<br>New York, NY, 10022<br>mbini@reedsmith.com |
| SJ Park | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Cayden Bernstein | Douglas W. Henkin |

| | David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
|---|---|
| Chris Amani | Andrew Lourie, Esq.<br>Kobre & Kim LLP<br>201 South Biscayne Boulevard Suite 1900, Miami Florida 33131<br>andrew.lourie@kobrekim.com |
| Devin Soares | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Pooja Strother | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
| Samuel Ferber | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com |

| | |
|---|---|
| | mark.califano@dentons.com |
| Zion Schum | Andrew Lourie, Esq. <br><br> Kobre & Kim LLP <br><br> 201 South Biscayne Boulevard Suite 1900, Miami Florida 33131 <br> andrew.lourie@kobrekim.com |
| Brian Curran | Sam Y. Edgerton, III <br><br> 2615 Pacific Coast Highway <br><br> Suite 300 <br><br> Hermosa Beach, CA 90254 <br><br> PH 310.807.1100 <br><br> sedgerton@ohaganmeyer.com |
| William Chen | Andrew Lourie, Esq. <br><br> Kobre & Kim LLP <br><br> 201 South Biscayne Boulevard Suite 1900, Miami Florida 33131 <br> andrew.lourie@kobrekim.com |
| Frank Dai | Douglas W. Henkin <br><br> David L. Kornblau <br><br> Mark Califano <br><br> 1221 Avenue of the Americas <br><br> New York, New York 10020 <br><br> douglas.henkin@dentons.com <br><br> david.kornblau@dentons.com <br><br> mark.califano@dentons.com |
| Michael Merz | Douglas W. Henkin <br><br> David L. Kornblau <br><br> Mark Califano <br><br> 1221 Avenue of the Americas <br><br> New York, New York 10020 <br><br> douglas.henkin@dentons.com <br><br> david.kornblau@dentons.com <br><br> mark.califano@dentons.com |

| Jason French | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |
|---|---|
| Abir Taheer | Douglas W. Henkin<br>David L. Kornblau<br>Mark Califano<br>1221 Avenue of the Americas<br>New York, New York 10020<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br>mark.califano@dentons.com |

4.      Identify all former or current Terraform employees who travelled to the United States to conduct business on behalf of Terraform during the Relevant Period, being sure to identify their last known contact information.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as overbroad because it is not limited to the subject matter of the action.  Moreover, the interrogatory is inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 4, 14, 25.

Subject to and without waiving the foregoing objections, Defendant TFL refers the SEC to the previously produced documents numbered TFL_SEC_00187506, TFL_SEC_00114203, and TFL_SEC_00191093.

5.      Identify the location and custodian of the "LP Server" described in paragraph 134 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 53, 54, and 55.  Defendants further object to this interrogatory as vague and ambiguous to the extent the terms "location," "custodian," and "LP Server" are undefined and lack particularity.

Subject to and without waiving the foregoing objections, Defendant TFL responds that it does not know the location or custodian of the "LP Server" at this time.

6.      Identify all Persons with knowledge regarding whether transactions using the Korean payment application "Chai" processed or settled on the Terraform blockchain, being sure to identify their last known contact information.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 42, 43, 44, 45, 46, 48, 49, 57, 58, and 63.

Subject to and without waiving the foregoing objections, Defendant TFL responds that persons with knowledge regarding whether transactions using the Korean payment application "Chai" processed or settled on the Terra blockchain include the following:

| Individual | Contact Information |
|---|---|
| Paul Kim | Taehyung Kwon<br>Kim&Chang<br>taehyoung.kwon@kimchang.com<br>+82.2.3703.4980 |
| Yun Yeo | Sang-Dong Kim<br>Kim&Chang<br>sangdong.kim@kimchang.com<br>+82.2.3703.5946 |
| Ryan Park | Yudeok Kim<br>Lee&Ko<br>yudeok.kim@leeko.com<br>+82.2.772.5957 |
| KJ Lee | Hoseok Jung<br>SEUM Law<br>hoseok.jung@seumlaw.com<br>+82.2.562.3133 |
| CJ Han | Song-Won Jeon<br>Kim&Chang<br>songwon.jeon@kimchang.com<br>+82.2.3703.1678 |

7.     Identify all Persons who wrote, reviewed, or authorized the below Tweets posted on the "@terra_money" Twitter account on May 24, 2021, being sure to identify their last known contact information. *See* Compl., [sic] ¶ 131.

17/ As long as we create useful applications that people use on top of Terra, a strong locus of demand will always exist.

18/ And the use cases are already there.  CHAI has more than 2 million active users in Korea, @mirror_protocol offers synthetic exposure to equities for people in financially disenfranchised regions, and Anchor continues to offer a high-yield savings vehicle.

6:51 AM • May 24, 2021

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request No. 51.  Subject to and without waiving the foregoing objections, TFL responds that it was unable to locate information responsive to this interrogatory after conducting a reasonable search, because the TFL employees likely to have responsive information are no longer employed by TFL.

8.      Identify each of the "12 merchants" referred to in the following tweet posted by Defendant Kwon through "@stable_kwon" on February 8, 2020, being sure to identify their last known contact information.  *See* Compl., [sic] ¶ 137.

Fun thought: currently @terra_money payments app Chai is linked with 12 merchants in Korea.  Can anyone guess which wallet address belongs to which merchant? First person to respond with the correct guess and explain reasoning gets 5000 $LUNA

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request No. 50.

Subject to and without waiving the foregoing objections, Defendant TFL refers the SEC to the tweet posted by @stablekwon on February 10, 2020 at 2:04 AM UTC.  The tweet names CU, Tmon, Yanolja, DailyHotel, Ohouse, Bunjang, Tourvis, Idus, Mariomall, Bugs, and Beautymall.

9.      Identify all Persons, including but not limited to those at Jump, with whom Defendants had discussions regarding efforts to restore the $1.00 UST peg, as described in Paragraph 7 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants incorporate the General Objections set forth above.  Defendants object to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 64, 68, 69 and 71.

Subject to and without waiving the foregoing objections, Defendant TFL responds that Mr. Kwon may have had discussions with Kanav Kariya regarding efforts to restore the $1.00 UST peg.

Dated: September 22, 2023

*/s/ Douglas W. Henkin*
**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com

Mark G. Califano
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com

*Counsel for Defendants*

## <u>CERTIFICATION</u>

I hereby certify pursuant to 28 U.S.C. § 1746 under penalty of perjury that the interrogatory responses above are true and correct to the best of my knowledge, information, and belief.

Terraform Labs Pte. Ltd.

Dated:  September 22, 2023

By:_____

Chris Amani
Chief Executive Officer