# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br><br>Defendants. | Civil Action No. 1:23-cv-01346-JSR<br><br>Hon. Jed S. Rakoff |

**DEFENDANT KWON'S THIRD AMENDED RESPONSES
AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY NOS. 5 AND 10**

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Do Kwon ("Mr. Kwon") hereby responds and objects to Interrogatory Nos. 5 and 10 in Plaintiff's First and Second Set of Interrogatories (the "Interrogatories") as set forth below.

**GENERAL OBJECTIONS**

1. Mr. Kwon objects to the Interrogatories as inconsistent with the letter and spirit of Local Rule 33.3. Judge Rakoff emphasized the limited scope of interrogatories permitted under Local Rule 33.3 at the initial conference in this case on March 7, 2023 (3/7/23 Tr. 11:14-18). In pertinent part, Local Rule 33.3(a) restricts interrogatories at the commencement of discovery to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action and the existence, custodian, location, and general description of relevant documents. Defendants have already provided the names of individuals likely to have knowledge relevant to the subject matter of the action in their initial Rule 26(a) disclosures dated March 17, 2023. Defendants' initial disclosures also described categories of documents in their possession, custody or control that they may use to support their defenses. In addition the SEC has served 73 document

US_ACTIVE\125009358\V-4

requests on Defendants, which address all of the subjects covered by the Interrogatories. Interrogatories for which answers could be obtained through document requests are expressly prohibited by Local Rule 33.3(b) without the Court's permission, which has not been granted, which the Court indicated is rarely granted (3/7/23 Tr. 11:14-18), and which is inappropriate because the SEC cannot satisfy Local Rule 33.3(b)(1). *See Blue Cross & Blue Shield Assoc. Nat'l Emp. Benefits Comm. v. Allianz Global Investors*, 2021 U.S. Dist. LEXIS 241178, *3 (S.D.N.Y. Dec. 16, 2021).

2. Mr. Kwon further objects to the Interrogatories as unduly burdensome, overbroad, and duplicative of the SEC's document requests, which are a more practical method of obtaining the information sought. *See* Local Rule 33.3(b)(1).

3. Mr. Kwon objects to "Definition" No. 3 of "Terra" as it is overbroad and includes, *inter alia*, parents, predecessors, successors, present or former subsidiaries and affiliates that are not directly related to the claims or defenses at issue in this litigation. Mr. Kwon will interpret these words to apply solely to TFL and himself individually and, where applicable, to TFL's officers and employees.

4. Mr. Kwon reserves the right to amend or modify these objections at any time during the pendency of this litigation should new information or arguments come to his attention, especially since he is currently detained in Montenegro and does not have access to his files or to TFL's files.

## SPECIFIC OBJECTIONS

5.  Identify the location and custodian of the "LP Server" described in paragraph 134 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Kwon incorporates the General Objections set forth above. Mr. Kwon objects to this interrogatory as inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 53, 54, and 55. Mr. Kwon further objects to this interrogatory as vague and ambiguous to the extent the terms "location," "custodian," and "LP Server" are undefined and lack particularity.

Subject to and without waiving the foregoing objections, Mr. Kwon responds that he does not know the location or custodian of the "LP Server" at this time.

10. Identify all Persons, including Korean merchants and consumers, that used the Terra blockchain to effect transactions on Chai from April 2018 through May 2022.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Kwon incorporates the General Objections set forth above. Mr. Kwon objects to this interrogatory as overbroad because it seeks identification of an unknown number of Persons and covers a period exceeding four years. Moreover, the interrogatory is inconsistent with the letter and spirit of Local Rule 33.3, since Defendants have already provided responsive information in their initial disclosures and the SEC has served document requests seeking the same information, including but not limited to SEC Document Request Nos. 40, 41, 42, 43, 44, 45, 46, 48, 50, 51, 52, 54, 57, and 58. Mr. Kwon further objects that this interrogatory seeks information not in his possession, custody, or control to the extent it requests that he identify Chai customers, as South

Korean law does not permit payment processors such as Chai Corporation to share customer information with third parties.

Subject to and without waiving the foregoing objections, Mr. Kwon responds that in 2018 the Chai payment system was not yet in use by merchants and consumers. Between 2019 and 2021, the merchants that used the Chai payment application included, at various times, the following entities: Yanolja, TMON, Tourvis, Bugs, Bunjang, Idus, DAILYHOTEL, Sinsang, Missah, Feelway, MarioOutlet, OHouse, CU, Toomics, 1300k, HappyMoney, Kurly, VanillaBridge, 10x10, Wconcept, WeMakePrice, Nexon, KyoboBooks, Interpark, SocialClub, CHAI Card, CATCH FASHION, Yogiyo, AfreecaTV, CGV, hellonature, Croket, Cjmall, Mealtop, Sulbing, Toreore, TIGER SUGAR, SELECTO COFFEE, Caffe Bene, frog, MAMMOTH COFFEE, LOOK Optical, WONANDONE, Bulgogi Brothers, NaughtyCat, Café Droptop, Coffine Gurunaru, Ryan CHEEZZZBALL ADVENTURE, COOKAT MARKET, 4ongle, Pet Friends, DANOSHOP, RED Printing & Press, Kourage, Angelinus, Bunjang, Battleshopping, Carmore, Iampot, Onda, and SKMagic. Mr. Kwon does not recall or know the merchants that used the Chai payment application in 2022. Mr. Kwon does not maintain or have access to responsive information identifying consumers who used the Terra block chain to effect transactions on Chai.

Dated: October 5, 2023

/s/ Douglas W. Henkin
**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com

Mark G. Califano
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com

*Counsel for Defendants*

## CERTIFICATION

I hereby certify pursuant to 28 U.S.C. § 1746 under penalty of perjury that the interrogatory responses above are true and correct to the best of my current knowledge, information, and belief. Please note that I am currently detained in Montenegro and do not have access to my files or to TFL files.

Dated: October __, 2023

Do Hyeong Kwon