UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff<br><br>v.<br><br>TERRAFORM LABS PTE LTD. and DO HYEONG KWON,<br><br>                    Defendants. | No. 23-cv-13460-JSR |

## DECLARATION OF GORAN RODIĆ

I, Goran Rodić, declare as follows:

1. I am an attorney licensed to practice law in the Republic of Montenegro.

2. I am counsel to Do Hyeong Kwon in connection with a criminal charge in Montenegro as well as two requests for Mr. Kwon's extradition from the Republic of Korea ("South Korea") and the United States of America.

3. I write this declaration to provide the Court in the above-captioned case with a description of the status of Mr. Kwon's extradition proceedings in Montenegro.

4. A request from a foreign country for the extradition of someone in Montenegro can be handled under either of two processes: the "summary" process and the "ordinary" process. The summary process is triggered when the requested individual consents to the extradition to the requesting country. The summary process is conducted entirely by an assigned investigating judge and the High Court (a three-judge panel of a court of first instance), and it typically results in individuals being extradited more quickly.

5. The High Court's role in a summary extradition proceeding is to ensure that the extradition request complies with Montenegrin law and with the relevant international treaty

governing the extradition in question. Whether or not an individual consents to extradition, Montenegro cannot extradite someone in contravention of the laws of Montenegro or the treaties governing the extradition in question.

6. In addition, the High Court in a summary extradition proceeding that involves multiple extradition requests must select the extradition request to grant. Under the terms of the relevant extradition treaties and the law of Montenegro, when Montenegro receives simultaneous requests to extradite an individual to South Korea and the United States, the decision should be taken having regard to the seriousness of the criminal offenses, the place of commission, the respective dates of the requests for extradition, the nationality of the person claimed, the possibility of subsequent extradition to another state, and other circumstances. Having regard to all the mentioned circumstances, the court decides which of the requests will have advantage over the other(s).

7. In Mr. Kwon's case, South Korea requested his extradition on March 29, 2023 and the United States requested his extradition on April 3, 2023.

8. Mr. Kwon prefers to be extradited to South Korea, where he was born and raised, is a citizen, and where he has family. Mr. Kwon's preference is not a determinative factor in deciding his case. The law and the international treaties governing extradition from Montenegro favors his extradition to South Korea.

9. The High Court considering Mr. Kwon's extradition has, to date, rendered three decisions in his case.

10. First, on November 17, 2023, the High Court issued a legally erroneous decision directing that Mr. Kwon's extradition be decided by the Minister of Justice, instead of the summary

process. The basis for that decision was the High Court's erroneous determination that Mr. Kwon had not consented to extradition to the United States, rendering the summary process inappropriate.

11. On December 14, 2023, the Court of Appeal of Montenegro vacated the High Court's decision referring Mr. Kwon's extradition to Minister of Justice and remanded the case back to the investigating judge to determine whether Mr. Kwon consented to extradition to the United States. The Court of Appeal also directed the High Court to strictly apply the terms of the treaties governing extradition from Montenegro to the United States and to South Korea.

12. After the decision by the Court of Appeal, Mr. Kwon confirmed to the investigating judge that he consented to extradition to the United States to the extent the request complied with Montenegrin law. Mr. Kwon's consent to extradition to South Korea was subject to the same requirement.

13. Instead of following the procedures as instructed by the Court of Appeal, the High Court reissued an almost identical erroneous decision referring Mr. Kwon's extradition to the Minister of Justice on December 29, 2023.

14. On February 8, 2024, the Court of Appeal again vacated the decision of the High Court and directed that court to determine in accordance with the terms of the treaties and Montenegrin law whether Mr. Kwon should be extradited to the United States or to South Korea, rather than deferring the decision to the Minister of Justice.

15. On February 21, 2024, the High Court ruled that Mr. Kwon should be extradited to the United States based on erroneous information that the court received from the current Minister of Justice indicating that the extradition request from the United States arrived first in Montenegro, when in fact the opposite is the case.

16. On February 22, 2024, the Minister of Justice at the time the extradition requests were received in March and April 2023 publicly stated that the request from South Korea arrived first and that the most recent decision of the High Court was erroneous.

17. We have appealed the High Court's February 21, 2024 decision, in light of the illegality of the High Court's decision ordering his extradition to the United States.

18. The "summary" process has taken far longer than we anticipated at the outset because of the numerous unanticipated mistakes made by the lower court. At this point, I do not expect Mr. Kwon will be extradited – to either South Korea or the United States -- before the end of March.

The content of this declaration was reviewed by me in Montenegrin with the assistance of a translator. In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at:   Podgorica, Republic of Montenegro
               February 25, 2024

_____
Goran Rodić

ADVOKAT
Goran Rodić
ul. 13. jula br. 6/I
81000 PODGORICA
tel/fax: 020 239 177