**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 1:23-cv-01346-JSR |
| Plaintiff, | |
| v. | Hon. Jed S. Rakoff |
| TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR SUPPLEMENTAL MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

|    |       |                                                                                                                                                                  | Page |
|----|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| ARGUMENT | | | 1 |
|    | X.    | Former TFL Employee William Chen's Speculation Concerning Chai and Other Matters Should be Excluded | 1 |
|    | XI.   | Any Reference to A Government Agency Other Than the SEC Should Be Excluded | 3 |
|    | XII.  | The Court Should Limit Testimony by the SEC's "Summary Witnesses" to Authentication of Summary Exhibits in Accordance with Rule 1006 | 4 |
|    | XIII. | Mr. Kwon's May 23, 2021 Twitter Thread Should be Excluded as Non-Actionable and Irrelevant | 7 |
|    | XIV.  | References to Defendants Declining or Failing to Produce the LP Server Should be Excluded | 8 |
| CONCLUSION | | | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dingman v. Fuji Japanese Steakhouse Sushi Inc.*,
   No. 20-CV-4850 (NSR), 2023 WL 8032113 (S.D.N.Y. Nov. 17, 2023) ..................5

*Eberly v. Harnack*,
   No. 19 CV 6129, 2022 WL 17668676 (N.D. Ill. Dec. 14, 2022) .............................2

*Evans v. Port Auth. of New York & New Jersey*,
   192 F. Supp. 2d 247 (S.D.N.Y. 2002)......................................................................3

*Holsum de P.R., Inc. v. Compass Indus. Group LLC*,
   530 F. Supp. 3d 228 (D.P.R. 2021)..........................................................................5

*Litton Sys., Inc. v. AT&T*,
   700 F.2d 785 (2d Cir. 1983).....................................................................................3

*In re Liverpool Ltd. P'ship*,
   No. 1:21-mc-392-AJN, 2021 WL 5605044 (S.D.N.Y. Nov. 24, 2021)..................10

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
   26 F.Supp.3d 278 (S.D.N.Y. 2014) .........................................................................7

*Richards v. Computer Sci. Corp.*,
   No. 3-03-CV-00630(DJS), 2004 WL 2211691 (D. Conn. Sept. 28, 2004) .............3

*RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*,
   2023 WL 2403258 (E.D.N.Y. Mar. 7, 2023) .........................................................10

*SEC v. Alpine Securities Corporation*,
   354 F. Supp. 3d 396 (S.D.N.Y. 2018)......................................................................5

*SEC v. Lek Sec. Corp.*,
   No. 17CV1789 (DLC), 2019 WL 3034888 (S.D.N.Y. July 11, 2019) ....................5

*Sicav v. Wang*,
   No. 1:12-cv-6682-PAE, 2014 WL 2624753 (S.D.N.Y. June 12, 2014) ..................9

*SIPC v. Bernard L. Madoff Investment Securities LLC*,
   592 B.R. 513 (Bankr. S.D.N.Y. 2018), *aff'd*, 830 Fed. Appx. 669, 2020 WL
   5902581 (2d Cir. 2020)............................................................................................5

*In re Stemline Therapeutics, Inc. Sec. Litig.*,
   313 F. Supp. 3d 543 (S.D.N.Y. 2018)......................................................................7

*TVT Recs. v. Island Def Jam Music Grp.*,
   250 F. Supp. 2d 341 (S.D.N.Y. 2003)......................................................................................4

*United States v. Barnwell*,
   No. 15 CR. 620 (NSR), 2017 WL 1063457 (S.D.N.Y. Mar. 20, 2017) ...................................5

*United States v. Evans*,
   484 F.2d 1178 (2d Cir. 1973).................................................................................................2

*United States v. Fullwood*,
   342 F.3d 409 (5th Cir. 2003) ...............................................................................................5, 6

*United States v. Grinage*,
   390 F.3d 746 (2d Cir. 2004).................................................................................................5, 6

*United States v. Safavian*,
   435 F. Supp. 2d 36 (D.D.C. 2006) ..........................................................................................6

*Vitale v. Electrolux Home Prod., Inc.*,
   No. 15-CV-01815-RAL, 2018 WL 3868671 (E.D. Pa. Aug. 14, 2018) ...................................4

*Wistron Neweb Corp. v. Genesis Networks Telecom Svcs., LLC*,
   No. 22-CV-2538 (LJL), 2023 WL 4493542 (S.D.N.Y. July 12, 2023)......................................2

*In re WorldCom, Inc.*,
   No. 02 CIV. 3288 (DLC), 2005 WL 2242199 (S.D.N.Y. Sept. 14, 2005) ...............................4

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 CIV 3288 DLC, 2005 WL 375315 (S.D.N.Y. Feb. 17, 2005) ......................................4

**Other Authorities**

Fed. R. Evid. 401 ..........................................................................................................................4, 8

Fed. R. Evid. 402 .............................................................................................................................4

Fed. R. Evid. 403 ..................................................................................................................3, 4, 8, 10

Fed. R. Evid. 602 .............................................................................................................................3

Fed. R. Evid. 603 .............................................................................................................................2

Fed. R. Evid. 801(c) .........................................................................................................................3

Fed. R. Evid. 801(d)(2)(D) ...............................................................................................................3

Fed. R. Evid. 802 .............................................................................................................................3

Fed. R. Evid. 1006 ..................................................................................................................4, 5, 6, 7

iv

*How to create a thread on X*, X, https://help.twitter.com/en/using-x/create-a-thread#:~:text=Sometimes%20we%20need%20more%20than,by%20connecting%20multiple%20posts%20together ...................................................................................7

**ARGUMENT**

**X.     Former TFL Employee William Chen's Speculation Concerning Chai and Other Matters Should be Excluded**

William Chen is a former TFL employee who was responsible for coordinating a grant program for developers *external to TFL* and for developing documentation and tools that enabled external developers to build applications on the Terra blockchain. Chen Tr. 17:21-18:23 (Ex. V).[1] Consistent with the limited scope of his former position, Mr. Chen admitted in his deposition that he did not work for Chai and did not write or review code for Chai or the LP Server. *Id.* at 146:2-47:13. ████████████████████████████████████████████████████████████████████████████████████████████████████████ Mr. Chen conceded that anything he said about Chai was based on what he "heard … from others," not his own "firsthand knowledge." *Id.* at 54:16-55:25, 146:2-12.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ All of Mr. Chen's conjectures

---

[1] References to (Ex. __) refer to Exhibit __ to the Declaration of Douglas W. Henkin dated February 26, 2024.

concerning Chai were recently refuted by the definitive testimony of Hanju (Paul) Kim, who wrote the LP Server code and whom even Mr. Chen identified as the "most knowledgeable person" concerning Chai's interaction with Terra and the blockchain. Chen. Tr. 54:16-55:25 (Ex. V); *e.g.*, Hanju Kim Tr. 79/97 (Ex. CC) (confirming that, "[t]o sum up, Chai utilized the blockchain technology to process and settle transactions through partnership with Terraform Labs"). Mr. Kim further confirmed that Mr. Chen was not involved "at all" in work concerning Chai or the LP Server. Hanju Kim Tr. 61/97.

The unreliability of Mr. Chen's chats is further underscored by the serious personal issues he was experiencing during the period he was working at TFL, as reflected in contemporaneous observations by colleagues and by Mr. Chen himself. *See, e.g.,* Ex. DD (July 14, 2021 message from TFL employee SJ Park to Do Kwon: "Fyi William [Chen] called me a few mins ago. Wasn't too coherent and a bit worrisome. Wish I knew someone locally who can check up on him."); Ex. EE (May 2022 public Twitter post by Mr. Chen acknowledging that Do Kwon had "helped [him] out when [Chen] was in a dark time, addicted to drugs and going in and out of mental hospitals").

Fed. R. Evid. 603 requires exclusion of Mr. Chen's wholly unreliable speculation and rumors concerning Chai's use of the Terra blockchain and other matters not within his personal knowledge. *See Eberly v. Harnack*, No. 19 CV 6129, 2022 WL 17668676, at *3 (N.D. Ill. Dec. 14, 2022) (text message exchange was inadmissible under Rule 603 because the declarant "lack[ed] personal knowledge of the matters contained in the text messages"). Personal knowledge "'must be an impression derived from the exercise of [the declarant's] own senses, not from the reports of others,—in other words, must be founded on personal observation.'" *United States v. Evans*, 484 F.2d 1178, 1181 (2d Cir. 1973); *Wistron Neweb Corp. v. Genesis Networks Telecom Svcs., LLC*, No. 22-CV-2538 (LJL), 2023 WL 4493542, at *11 (S.D.N.Y. July 12, 2023) (inferences can constitute personal knowledge only if "they are grounded in observation or other first-hand personal experience and are not flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience") (cleaned up); *Richards v. Computer Sci. Corp.*, No. 3-03-CV-00630(DJS), 2004 WL 2211691, at *2 (D. Conn. Sept. 28, 2004) ("Hearsay

2

and secondhand information do not constitute personal knowledge."). In short, "'[g]ossip does not become reliable merely because it is heard in an office rather than a home.'" *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 816–17 (2d Cir. 1983).

Mr. Chen's chats are also inadmissible hearsay, because they are out-of-court statements offered for the truth of the matters asserted. *See* Fed. R. Evid. 801(c), 802. The chats are not admissions of TFL under Fed. R. Evid. 801(d)(2)(D), which provides that statements by an opposing party's employee are not hearsay only if they pertain to a matter within the scope of the employment relationship. *See, e.g., Evans v. Port Auth. of New York & New Jersey*, 192 F. Supp. 2d 247, 263–64 & n. 126 (S.D.N.Y. 2002) (to constitute an employer's admission, an employee's statement must be "related to the [the employee's] duties"). Here, Mr. Chen's chats concern subject matters completely outside the scope of his duties as a TFL employee, which were limited to facilitating projects by external developers and were unrelated to Chai and the LP Server. *See* Chen Tr. 17:21-18:23, 146:2-48:25 (Ex. V); Hanju Kim Tr. 61/97 (Ex. CC).

Even if, *arguendo,* Mr. Chen's chats were admissible under Rules 602 and 801(d)(2)(D), they should be excluded under Rule 403. Mr. Chen's sworn concession that he lacks personal knowledge of the subject matter of the chats—compounded by the self-acknowledged personal problems further undermining his credibility—deprives them of probative value. Moreover, any *de minimis* probative value of the chats would be substantially outweighed by the manifest danger of misleading the jury and unfairly prejudicing Defendants by allowing into evidence erroneous speculation concerning issues at the heart of the SEC's fraud claim. *See* Fed. R. Evid. 403.

### XI. Any Reference To A Government Agency Other Than the SEC Should be Excluded

Any reference to the Federal Bureau of Investigation ("FBI"), Department of Justice ("DOJ"), or any government agency other than the SEC should be precluded as unduly prejudicial to Defendants and irrelevant to the material facts in dispute. ███████████████████████████████████████████████████████████████████████

3

████████████████████ Any such evidence should be excluded at trial under Fed. R. Evid. 402 and 403.

Courts exclude such references because they are manifestly improper and inflammatory. *See TVT Recs. v. Island Def Jam Music Grp.,* 250 F. Supp. 2d 341, 347 (S.D.N.Y. 2003) (excluding evidence of putative criminal investigation finding minimal relevance and recognizing the serious potential for prejudice). The risk of unfair prejudice greatly outweighs any possible probative value because other government agencies' actions or investigations have no bearing on the instant matter. *In re WorldCom, Inc.*, No. 02 CIV. 3288 (DLC), 2005 WL 2242199, at *2 (S.D.N.Y. Sept. 14, 2005) (excluding from trial the "reports of investigations and public statements by Government officials about the investigations of WorldCom); *In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005) (precluding introduction of criminal indictments as "the parties cannot rely on the Government's indictment to prove their[]" case); *see also Vitale v. Electrolux Home Prod., Inc.*, No. 15-CV-01815-RAL, 2018 WL 3868671, at *15–16 (E.D. Pa. Aug. 14, 2018) (excluding evidence of a Japanese government investigation finding even if the evidence were relevant under Rule 401, it should be excluded under Rule 403).

### XII. The Court Should Limit Testimony by the SEC's "Summary Witnesses" to Authentication of Summary Exhibits in Accordance With Rule 1006

Defendants previously served a motion to preclude testimony from the SEC's two purported summary witnesses. Defs. MIL, Jan. 15, 2024, at 24 (Ex. HH). Defendants added that motion to their initial motions *in limine* at literally the eleventh hour after the SEC disclosed—at 10:50 p.m. on the original deadline for service of motions *in limine*—a non-exhaustive list of exhibits that these witnesses "may discuss" while simultaneously refusing to provide a summary of their expected testimony. January 15, 2024 Email from James P. Connor (Ex. II). Since that time, the Court granted Defendants' motion to compel the SEC to provide Defendants with summaries of expected testimony for these witnesses. ECF Minute Entry Feb. 16, 2024.

The brief summaries thereafter provided by the SEC (Ex. JJ) makes clear that the SEC intends to elicit testimony from its purported summary witnesses beyond the scope permitted by

4

Fed. R. Evid. 1006, which limits testimony by summary witnesses to summarizing "voluminous" evidence—typically bank records, trading records, financial statements, or phone records—that "cannot be conveniently examined in court."[2] Summary witnesses may not be used as a "substitute for, or … supplement to, closing argument." *United States v. Fullwood*, 342 F.3d 409, 414 (5th Cir. 2003). Nor may a summary government witness testify as an undisclosed expert, "add[] any gloss of expertise," or "lend an aura of credibility to any lay opinion regarding Defendant's culpability." *United States v. Barnwell*, No. 15 CR. 620 (NSR), 2017 WL 1063457, at *3 (S.D.N.Y. Mar. 20, 2017); *see also United States v. Grinage*, 390 F.3d 746, 751 (2d Cir. 2004) (vacating conviction based on admission of DEA agent testimony interpreting phone recordings "with an aura of expertise and authority" because it "increased the risk that the jury would be swayed by his testimony, rather than rely on its own interpretation of the calls").

Here, the SEC initially informed the defense that its "summary" witnesses would be two staff members in the SEC's Enforcement Division: an attorney Branch Chief (George O'Kane) and an accountant (Christopher Ferrante). Testimony by an SEC lawyer and accountant, as opposed to paralegals or administrative staff, in and of itself creates a significant risk that the jury would be improperly influenced by the witnesses' "aura of expertise and authority," *Grinage*, 390 F.3d at 751, and that their testimony may cross the line into prohibited closing argument. After the Court ordered the SEC to provide testimony summaries, the SEC substituted a second SEC accountant (Matthew Lambert) for the Branch Chief, but this maneuver did not alter the improper strategy revealed in the SEC's testimony summaries and exhibit list for these witnesses.

---

[2] Fed. R. Evid. 1006; *see, e.g., Dingman v. Fuji Japanese Steakhouse Sushi Inc.*, No. 20-CV-4850 (NSR), 2023 WL 8032113, at *6 (S.D.N.Y. Nov. 17, 2023) (129 pay stubs); *Holsum de P.R., Inc. v. Compass Indus. Group LLC*, 530 F. Supp. 3d 228, 236 (D.P.R. 2021) (31 months of payroll records and employee timesheets); *SEC v. Lek Sec. Corp.*, No. 17CV1789 (DLC), 2019 WL 3034888, at *4 (S.D.N.Y. July 11, 2019) (numerical and financial information in voluminous emails); *SEC v. Alpine Securities Corporation*, 354 F. Supp. 3d 396, 420-22 (S.D.N.Y. 2018) (1,800 reports of suspicious financial transactions); *SIPC v. Bernard L. Madoff Investment Securities LLC*, 592 B.R. 513, 534 (Bankr. S.D.N.Y. 2018) (26 years of customer brokerage statements), *aff'd*, 830 Fed. Appx. 669, 2020 WL 5902581 (2d Cir. 2020).

According to its testimony summary, the SEC plans to use its accountant witnesses to authenticate proposed summary exhibits which have *no* accounting content, and the SEC would also have Mr. Ferrante "*summarize and present* evidence relating to the SEC's allegations concerning Defendants' scheme to defraud investors about Chai Corporation ('Chai') and their false and misleading statements that Chai processed and settled its payment transactions on the Terra blockchain using Terra's stablecoin, KRT." Ex. JJ (emphasis added). That proposed testimony also has nothing to do with *accounting*. Such a sweeping "presentation" of half of the SEC's case by purported summary witnesses who are not even suggested to have relevant expertise with respect to their proposed testimony would amount to "testimony by an advocate summarizing and organizing the case for the jury," which is "not justified by the Federal Rules of Evidence." *Fullwood*, 342 F.3d 409 at 414.

Moreover, in support of Mr. Ferrante's "presentation," the SEC stated that he "will present certain exhibits, which *may* include PXs 140, 150a/b, and 155." *Id.* (emphasis added). Those three exhibits consist entirely of electronic communications, and the SEC has identified 76 additional exhibits (while reserving the right to add more) that Mr. Ferrante may "discuss." Ex. II. Defendants object to the admissibility of many of these exhibits, but even if they were admitted there is no basis in Rule 1006 or otherwise for a summary witness to "present" individual communications, in whole or in part, which can be addressed by counsel in closing arguments and which the jurors can read for themselves if they are admissible. It would not assist the jury's understanding of the facts for an SEC accountant to recite "the bare fact of what words appear on a particular e-mail" or other electronic communication. *United States v. Safavian*, 435 F. Supp. 2d 36, 42 (D.D.C. 2006). On the contrary, such a "presentation" by a purported SEC summary witness would "usurp[] the function of the jury to decide what to infer from the content of [communications] and in particular what to infer from the [communications] involving [a defendant] as to [the defendant]'s participation in the [alleged unlawful activity]." *Grinage*, 390 F.3d at 750.

Accordingly, the Court should limit the testimony of the SEC's purported summary witnesses to authentication of summary exhibits within the scope of their knowledge based on admitted evidence in accordance with Rule 1006.

### XIII. Mr. Kwon's May 23, 2021 Twitter Thread Should be Excluded as Non-Actionable and Irrelevant

On May 23, 2021, at 2:31 AM CDT, Mr. Kwon, using the Twitter account @d0h0k1, issued a Twitter "thread" that included 18 twitter posts.[3] *See* SEC Trial Exhibit 56, Landsman Decl., ECF No. 73, Ex. 42 (Ex. KK). The SEC alleges that these tweets are false and misleading because they omit Jump's "deliberate intervention" to restore the UST peg. *See* Amended Complaint, ECF No. 25, ¶162-163; SEC Summary Judgment Motion, ECF No. 71, at 26; SEC 56.1 Stmt., ECF No. 72, ¶220.

In order to be actionable, statements "must have been false *at the time that [they were] made.*" *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (emphasis added) ("[W]ithout contemporaneous falsity, there can be no fraud."); *In re Stemline Therapeutics, Inc. Sec. Litig.*, 313 F. Supp. 3d 543, 548 (S.D.N.Y. 2018). Defendants dispute the SEC's interpretation of the May 23, 2021 tweets and its allegations regarding any purported Jump intervention. However, even when viewed in the light most favorable to the SEC, these tweets could not have falsely omitted Jump's intervention because they *pre-date* any such alleged intervention. The SEC concedes that Jump did not begin manually purchasing UST until 9:30 AM CDT—seven hours *after* these tweets were posted. *See* Ackley Declaration, ECF No. 90, ¶12. The SEC also concedes that Mr. Kwon did not communicate with Kanav Kariya of Jump until "approximately 9:10 a.m. [CDT]"—again, after these tweets were posted. SEC 56.1 Stmt., ECF No. 72, ¶210. Thus, these statements must be excluded because they are not actionable and are

---

[3] A twitter "thread" is "a series of connected posts from one person" posted at the same time. *See How to create a thread on X*, X, https://help.twitter.com/en/using-x/create-a-thread#:~:text=Sometimes%20we%20need%20more%20than,by%20connecting%20multiple%20posts%20together.

irrelevant, and their introduction would be highly prejudicial and mislead the jury. Fed. R. Evid. 401, 403.

### XIV. References to Defendants Declining or Failing to Produce the LP Server Should be Excluded

The Court must preclude references or testimony suggesting that Defendants failed to produce the LP Server or any related inputs pursuant to Rule 403, because the facts show that Defendants did not possess, control, or have any access to the LP Server or those inputs *at any time* during the pendency of this matter. Any suggestion to the contrary is false. *See* Henkin Decl. ¶ 2. Because there is no factual basis for statements that Defendants failed to produce the LP Server or any related inputs, these statements lack probative value and the admission of any such statements would only cause significant unfair prejudice to Defendants.

Despite the SEC's claims to the contrary, the evidence shows that the LP Server was never in Defendants' possession, custody, or control during the pendency of this matter. Without any factual basis, the SEC's proposed expert, Dr. Matthew Edman, made multiple references attributing his failure to review the LP Server to Defendants supposed failure "to provide the LP Server." Edman Tr. at 89:15–19 (Ex. LL); *see also* id. at 90:17–21, 91:12–16, 92:08-12, 167:16–168:07. At the time, Dr. Edman did not know whether or not Defendants had access to the LP Server. *Id.* at 93:11–22. The SEC now incorrectly asserts that Defendants are or were in the possession, custody, and/or control of the LP Server because Gaza Labs paid for the LP Server and Gaza Labs later became Kernel Labs. To connect Kernel Labs to TFL, the SEC relies entirely on an isolated and incorrect statement by Natalie Luu that "Kernel Labs is the Terraform Labs' Korea office … ." SEC MIL at 18 (Ex. MM).[4] The SEC offers no evidence as to the entity or person that was in the possession, custody, or control of the *inputs* to the LP Server.

---

[4] Ms. Luu did not claim to have any personal knowledge of Kernel Labs' status or relationship to Terraform Labs, and in response to the SEC's question of why Ms. Luu referred to Kernel Labs as "Terraform Labs' Korea office," Ms. Luu testified it was what she was told by Mr. Kwon. Luu Tr. 108:4-17. Nowhere in her testimony did Ms. Luu testify that she had any firsthand knowledge about Kernel Labs or ever worked for that entity.

In fact, TFL and Kernel Labs are separate companies, and TFL has no "legal right, authority, or ability … to obtain requested documents [from Kernel Labs] on demand," *Sicav v. Wang*, No. 1:12-cv-6682-PAE, 2014 WL 2624753, at *4 (S.D.N.Y. June 12, 2014) (internal citations omitted). Ms. Luu had no personal knowledge of TFL's business in Korea—she never traveled to Korea or met with anyone on Terraform Labs' Korean team other than Mr. Kwon (Luu Tr. at 112:24–113:05 (Ex. NN)) and had no personal knowledge of Chai, Chai's utilization of the Terraform blockchain, or the LP Server. *Id.* at 103:10–16, 104:3–15. TFL's CEO was unaware of any affiliate relationship between TFL and Kernel Labs (Amani Tr. at 74:11-14 (Ex. OO)), and Korean public records reflect that TFL had its own office in Korea since 2019. Certified Translation of Corporate Registry Certificate for TFL Korea (Ex. PP).



---

5 [redacted]

6 Ex. 221B to the Decl. of R. Landsman, ECF No. 76-5, [redacted] Certified Translation of Corporate Registry Certificate for Chai Corporation (Ex. TT) (identifying the former "trade name" as "Earth Electronic Payment").

7 TFL_SEC_00310482 (Ex. UU); [redacted]).

8 Pl's Statement of Undisputed Facts in Supp. of its Mot. for Summ J. ¶ 159, [redacted].

9 [redacted]

████████████████████████████████████████
███

Ms. Luu's one-off misstatement cannot create a corporate relationship that does not and did not exist. *See*, *e.g.*, *In re Liverpool Ltd. P'ship*, No. 1:21-mc-392-AJN, 2021 WL 5605044, at *3 (S.D.N.Y. Nov. 24, 2021) (statement on JPMorgan Chase & Co.'s website that it "provides financial services" in Japan "through JPMorgan Securities Japan Co., Ltd." and the two entities share at least one corporate officer does not establish a sufficient level of control). Accordingly, any reference by Dr. Edman or the SEC that Defendants were responsible for, but did not produce, the LP Server and related inputs should be excluded under Rule 403 as unfairly prejudicial and misleading. *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 2023 WL 2403258, at *14 (E.D.N.Y. Mar. 7, 2023) (finding prejudice where there was no evidence to establish a fact at issue).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Supplemental Motions *in Limine*.

Dated: February 26, 2024                             Respectfully submitted,

                                                                         */s/*_____
                                                                         **DENTONS US LLP**
                                                                         Douglas W. Henkin
                                                                         David L. Kornblau
                                                                         Louis A. Pellegrino
                                                                         1221 Avenue of the Americas
                                                                         New York, New York 10020
                                                                         Tel: (212) 768-6700
                                                                         douglas.henkin@dentons.com
                                                                         david.kornblau@dentons.com

---

[10] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

louis.pellegrino@dentons.com

Mark G. Califano
Melissa Gomez-Nelson (admitted pro hac vice)
Matthew A. Lafferman (admitted pro hac vice)
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com
melissa.gomeznelson@dentons.com
matthew.lafferman@dentons.com

*Counsel for Defendant Terraform Labs Pte. Ltd.*

/s/
**KAPLAN HECKER & FINK LLP**
David Patton
Michael Ferrara
Andrew Chesley
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
dpatton@kaplanhecker.com
mferrara@kaplanhecker.com
achesley@kaplanhecker.com

*Counsel for Defendant Do Hyeong Kwon*

11