# EXHIBIT R



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604

ERIC M. PHILLIPS  
SENIOR TRIAL COUNSEL, DIVISION OF ENFORCEMENT

DIRECT DIAL (312) 353-1942  
TELECOPY (312) 353-7398

September 4, 2013

**BY ECF AND EMAIL**

The Honorable Donovan W. Frank
United States District Court
Warren Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN 55101

    Re:    **SEC v. True North, et al., Case No. 10-cv-3995 (D. Minn.)**

Dear Judge Frank:

    Pursuant to the Court's request made at the Pre-Trial Conference, this letter addresses the Securities and Exchange Commission's ("SEC") ability to use deposition testimony under Fed. R. Civ. P. 32(a)(4) for witnesses located more than 100 miles from the place of trial.

    If the Court allows the use of deposition testimony at trial, the SEC intends to introduce deposition testimony taken in this case from the following three witnesses: Andrew Regalia ("Regalia"), Gary Sidder ("Sidder"), and David Woodard ("Woodard"). In addition, the Commission intends to introduce deposition testimony from Jeffrey Gardner from a related case, which is the subject of a separate motion.

    As to Regalia, Sidder, and Woodard, because they are located more than 100 miles from the place of trial,[1] they are "unavailable" to testify at trial under FRCP 32(a)(4)(B.) Under that rule, "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial…" Fed. R. Civ. P. 32(a)(4)(B). The locations of Regalia, Sidder, and Woodard, and their approximate distances from St. Paul, are set forth below:

---

[1] See Regalia Dep. at page 95, lines 1-17; Sidder Dep. at page 25, line 16-page 27, line 17; Woodard Dep. at page 7, lines 13-16.

The Honorable Donovan W. Frank
September 4, 2013
P a g e | 2

| Witness | Location | Approximate Miles From Court |
|---|---|---|
| David Woodard | Austin, Texas | ➢ 1,100 miles |
| Andrew Regalia | San Francisco, California | ➢ 2,000 miles |
| Gary Sidder | Denver, Colorado | ➢ 900 miles |

Mr. Duckson wrongly contends that the SEC is precluded from relying on FRCP 32(a)(4)(B) in light of the Dodd-Frank Wall Street Reform and Consumer Protection Act, enacted in July 2010 ("Dodd-Frank Act"). The Dodd-Frank Act, among other things, expanded Section 22(a) of the Securities Act of 1933 and Section 27(a) of the Securities Exchange Act of 1934 to provide, in part, as follows:

> In any action or proceeding instituted by the Commission under this title in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States. Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the proceeding sentence.

15 U.S.C. §§ 77v(a), 78aa(a). This provision of the Dodd-Frank Act provides parties to an SEC enforcement action with nationwide service of process for trial subpoenas. However, the expansions created by the Dodd-Frank Act did not make Rule 32(a)(4) of the Federal Rules of Civil Procedure inapplicable to Commission enforcement actions.[2]

Even before Dodd-Frank, it was clear that Rule 32(a)(4) of the Federal Rules of Civil Procedure permitted the use of a deposition at trial even though the witness was within the Court's subpoena power but located beyond 100 miles from the place of trial. See 7-32 Moore's Federal Practice – Civil § 32.34(1)(c) ("A witness's deposition may be used at trial under Rule 32(a)(4)(B) if the witness is more than 100 miles from the place of hearing or trial, even though the witness is subject to the court's subpoena power."); see also, e.g., Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 n.2 (1st Cir. 1998) ("The admissibility of depositions under the 100 mile provision of rule 32 is not conditioned upon the court's inability to subpoena the deponent."); United States v. IBM, 90 F.R.D. 377, 379-80 (S.D.N.Y. 1981) (in antitrust case, where nationwide service of process was available for trial pursuant to 15 U.S.C. § 23, court

---

[2] When Congress wanted to make sections of the Federal Rules of Civil Procedure inapplicable in SEC proceedings it knew how to and did so when it enacted the Dodd-Frank Act. The above-quoted passage – which reflects Congress making Fed. R. Civ. P. 45(c)(3)(A)(ii) inapplicable in SEC proceedings – is an example of this. If Congress intended to deprive the parties in a Commission proceeding of their current right under Fed. R. Civ. P 32, it would have done so.

The Honorable Donovan W. Frank
September 4, 2013
P a g e | 3

rejected argument that the use of a deposition at trial was contingent upon the inability to serve a trial subpoena and held that "admissibility of depositions under the 100 mile provision of [Fed. R. Civ. P.] 32 is not dependent on the subpoena power of the court").

Moreover, Rule 32 of the Federal Rules of Civil Procedure does not require the type of "unavailability" required by Federal Rule of Evidence 804(a). *See* Wright & Miller, Federal Practice and Procedure, Section 2143 ("Rule 32(a) creates its own force an exception to the hearsay rule.") The District of Minnesota has expressly recognized this distinction. In <u>In re Levaquin Products Liability</u>, 2012 WL 1004995, Civ. No. 07-3960 (D. Minn., 2012), the court rejected the argument that a party seeking to admit deposition testimony in lieu of live testimony at trial must meet the requirements of Rule 804(b) of the Federal Rules of Evidence even where the party satisfied the requirements of Fed. R. Civ. P. 32(a)(4)(B). The Court stated: "The testimony of an absent witness may be admitted under Federal Rule of Evidence 804 and/or under Federal Rule of Civil Procedure 32. . . Rule 32 is an independent exception to the hearsay rule." <u>Id.</u> at *3 (citing <u>Nationwide Life Ins. Co. v. Richards</u>, 541 F.3d 903, 914-15 (9th Cir. 2008))(citing Fed. R. Evid. 802 advisory committee's note and cases from the First, Third, Seventh, Tenth, and D.C. Circuits recognizing that Fed. Rule. Civ. P. 32(a) creates an independent exception to the hearsay rule).

The Court should reject Duckson's argument that he was unaware that any deposition testimony taken during this case could be used as trial testimony. In federal court, there is no distinction between discovery depositions and depositions for use at trial. <u>Henkel v. XIM Products, Inc.</u>, 133 F.R.D. 556 (D. Minn. 1991). Surely, Duckson's capable and experienced counsel understood this aspect of federal practice. Indeed, the lawyer for Duckson's co-defendants stated during a deposition that "this is essentially trial testimony," adding: "This videotape is going to be played in court before a jury at a later date." (*See* Rosenberg Dep. Tr. Volume III, 380:2-11, attached hereto)

If Duckson's attorney is claiming that he was unaware that a deposition could be used as trial testimony, he failed to disclose that position to either Duckson's co-Defendants or to the SEC's counsel. Indeed, the first time Duckson ever stated this position was on July 24th, when Duckson made his pre-trial submissions. Duckson's failure to raise this issue prior to July 24th belies his assertions now.

Very truly yours,

s/Eric M. Phillips
Eric M. Phillips
Senior Trial Counsel, Division of Enforcement


cc: Lawrence Field, Esq.
Scott Carlson, Esq.

294

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF MINNESOTA

Civil Action No: 10-CV-03995 DWF/JJK

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.

TRUE NORTH FINANCE CORPORATION, f/k/a
CS FINANCING CORPORATION, CAPITAL
SOLUTIONS MONTHLY INCOME FUND, LP, f/k/a
HENNESSEY FINANCIAL MONTHLY INCOME
FUND, LP, CAPITAL SOLUTIONS DISTRIBUTORS,
LLC, CAPITAL SOLUTIONS MANAGEMENT, LP,
TRANSACTIONAL FINANCE FUND
MANAGEMENT, LLC, TODD A. DUCKSON,
MICHAEL W. BOZORA, TIMOTHY R.
REDPATH, and OWEN MARK WILLIAMS,

        Defendants.
------------------------------X

    TAKEN AT:  Esquire Deposition Solutions
              515 East Las Olas Boulevard
              Sun Trust Building, 13th Floor
              Fort Lauderdale, Florida 33301

    TAKEN ON:  March 2, 2012

    TIME:  8:37 o'clock a.m.

    - - - - - - -

CONTINUED VIDEOTAPE DEPOSITION

OF

ANDREW ROSENBERG

VOLUME 3, PAGES 294 - 445

REPORTED BY: Ellen J. Fehr, R.P.R., C.P.



Toll Free: 800.211.DEPO
Facsimile: 312.704.4950

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

CASE 2:10-cv-04095-SRW Document 193-8 Filed 09/04/14 Page 6 of 8
Case 2:10-cv-04095-SRW Document 193-8 Filed 09/04/14 Page 6 of 8

ANDREW ROSENBERG - Volume 3                          MARCH 02, 2012

295

APPEARANCES OF ATTORNEYS

For the Plaintiff:

    ERIC M. PHILLIPS, ESQ,
           and
    MARLENE KEY, ESQ.,
    US. SECURITIES AND EXCHANGE COMMISSION
    175 W. Jackson Boulevard, Suite 900
    Chicago, Illinois, 60604
    Telephone 312.353.7390

For the Defendants Capital Solutions Distributors, LLC,
Capital Solutions Management, LP, Michael Bozora and
Timothy Redpath:

    NEAL, GERBER, EISENBERG, LLP,
    by MICHAEL Z. GURLAND, ESQ.,
    Two North LaSalle Street
    Chicago, Illinois  60602-3801
    Telephone #312.269.8440
    E-mail:mgurland@ngelaw.com

For the Defendant Todd Duckson:

    LEONARD, STREET AND DEINARD
    by LAWRENCE J. FIELD, ESQ.
    150 South Fifth Street, Suite 2300
    Minneapolis, Minnesota  55402
    Telephone # 612.335.1586
    E-mail: lawrence.field@leonard.com

Counsel for the Defendant Capital Solutions Monthly
Income Fund LP and Transactional Finance Fund
Management, LLC:

    DC LAW CHARTERED
    by SCOTT R. CARLSON, ESQ.
    8400 Normandale Lake Boulevard
    Suite 902
    Bloomington, Minnesota 55437
    Telephone #952.921.2387
    E-mail: scarlson@de-legal.us


ESQUIRE
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 312.704.4950

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

CASE 2:10-cv-01349-SRW Document 193-8 Filed 09/04/14 Page 67 of 78

1          MR. HUEY-BURNS:  Object to form.
2          MR. PHILLIPS:  Object to form.
3      A   Yes.
4  BY MR. GURLAND:
5      Q   And that's one of the reasons why you
6  explained to all of the people who converted that the
7  decision to convert involved significant risk?
8      A   Yes.  When you say converted, are we talking
9  about to the preferred notes?
10     Q   Yes.
11     A   Okay.  Just want to clarify.
12     Q   I want to go back, and probably what's going
13 to feel like some excruciating detail because I know we
14 have been through this before, but to me it's not
15 entirely clear, and I want to discuss this so-called
16 buyout that you learned about in September of 2008,
17 September 24th, 2008.
18         You understood that the relationship between
19 The Fund and Jeff Gardner's company, Hennessey
20 Financial, LLC, was a debtor/creditor relationship,
21 correct?
22     A   Yes.
23     Q   The Fund was the creditor?
24     A   Yes.
25     Q   You can answer.


ESQUIRE
DEPOSITION SOLUTIONS

Toll Free: 800.211.DEPO
Facsimile: 312.704.4950

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com

                                380

1       A    Oh, yes.
2       Q    And as I said, it's probably going to seem
3   fairly simple stupid for a little while, but I really do
4   want to break this down so it's clear for the
5   transcript, clear for the video camera, because this
6   videotape is going to be played in court before a jury
7   at a later date.
8       A    Is my tie straight?
9       Q    So this is essentially trial testimony.  You
10  look great.
11      A    Thank you.
12      Q    Hennessey Financial, LLC, was the debtor,
13  correct?
14      A    Yes.
15      Q    In this debtor/creditor relationship?
16      A    Yes.
17      Q    And you knew that because you were told that
18  by The Fund representatives you spoke with?
19      A    Yes.
20      Q    You knew that because you were told that by
21  the representatives from Hennessey Financial, LLC, that
22  you spoke with?
23      A    Yes.
24      Q    You knew that because it was disclosed in the
25  private placement memorandums that you received from The



Toll Free: 800.211.DEPO
Facsimile: 312.704.4950

Suite 1200
311 West Monroe Street
Chicago, IL 60606
www.esquiresolutions.com