**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>    v.<br><br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br><br><br>             Defendants. | Civil Action No. 23 Civ. 1346 (JSR)<br><br><br><br>Hon. Jed S. Rakoff |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1

**TABLE OF CONTENTS**

**Page(s)**

I.   GENERAL POST-TRIAL INSTRUCTIONS .................................................... 1

   Instruction No. 1: Duty of the Court.................................................................. 1

   Instruction No. 2: Duty of the Jury .................................................................. 2

   Instruction No. 3: Duty of Impartiality.............................................................. 4

   Instruction No. 4: Burden of Proof .................................................................. 5

   Instruction No. 5: Direct and Circumstantial Evidence........................................ 6

   Instruction No. 6: Witness Credibility.............................................................. 7

   Instruction No. 7: Depositions Testimony and Transcripts................................... 9

   Instruction No. 8: Specialized Testimony ......................................................... 10

II.  POST-TRIAL LIABILITY INSTRUCTIONS................................................. 12

   Instruction No. 9: Liability in General .............................................................. 12

   Instruction No. 10: The SEC as Plaintiff ........................................................... 13

   Instruction No. 11: Corporate Parties ............................................................... 14

   Instruction No. 12: Separate Violations at Issue ................................................. 15

   Instruction No. 13: Claim I – Fraud in the Offer of Sale of a Security Through a
   Device, Scheme, or Artifice to Defraud – Section 17(a)(1) ................................. 16

   Instruction No. 14: Claim I – Material Misstatements or Omissions – Section
   17(a)(2) ........................................................................................................ 22

   Instruction No. 15: Claim I – Engaging in a Fraudulent Act, Practice, or Course
   of Business, in the Offer or Sale of a Security – Section 17(a)(3) ..................... 30

   Instruction No. 16: Claim II – Fraud in Connection with Purchase or Sale of
   Securities – Section 10(b) and Rule 10b-5 ....................................................... 34

   Instruction No. 17: Claim III – Control Person Liability ................................... 40

IV.  POST-TRIAL CONCLUDING INSTRUCTIONS ........................................... 42

   Instruction No. 18: Selection of Foreperson; Right to See Exhibits and Hear
   Testimony; Communications with the Court....................................................... 42

   Instruction No. 19: Verdict; Need for Unanimity; Duty to Consult.................. 43

## I.  <u>GENERAL POST-TRIAL INSTRUCTIONS</u>

### DEFENDANTS' INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and in reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

<u>Source</u>: *SEC v. Payton et al.*, Case No. 14 Civ. 4644 (JSR) (S.D.N.Y.), ECF No. 162, at 1054:16–1055:12; *see also Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 3 (The Court's Instructions of Law to the Jury) (General Instruction No. 1 - Duty of the Court).

## DEFENDANTS' INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and, if you can, arrive at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will provide you with copies of all the exhibits at the start of your deliberations, along with an index. If you need to review particular items of testimony, we can also arrange to provide them to you.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties as to matters in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted to be asked, either here in court, remotely by video, or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

2

More generally, please be careful not to speculate about matters not in evidence. Your focus should be solely on the evidence that was permitted at this trial and not on any extraneous matters or speculations.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and the duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Finally, I ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended to clarify or to expedite matters. You should understand that I have no opinion as to the verdict that you should render in this case.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 4 (The Court's Instructions of Law to the Jury) (General Instruction No. 2 - Duty of the Jury).

**DEFENDANTS' INSTRUCTION NO. 3**

**Duty of Impartiality**

You are to perform your duty of finding the facts without bias or prejudice or sympathy or hostility or any preconception whatsoever as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let extraneous considerations interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 6 (The Court's Instructions of Law to the Jury) (General Instruction No. 3 - Duty of Impartiality).

**DEFENDANTS' INSTRUCTION NO. 4**

**Burden of Proof**

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the burden of proof, which is the burden of establishing each of the essential elements of its claim as to each party against whom it is making the claim. In this case, the party making a claim, or the plaintiff, is the Securities and Exchange Commission, also referred to as the SEC. Its claims of securities fraud is being made against each of the two defendants, Terraform and Mr. Kwon. Therefore, in order for the SEC to prevail against a given defendant, the SEC must prove as to that defendant each of the essential elements of securities fraud by a "preponderance" of the credible evidence. Credible evidence means evidence you find worthy of belief, and could include testimony, exhibits, or other evidence.

To establish an element of a claim by the "preponderance" of the credible evidence simply means to prove that the element is more likely to be true than not true. A preponderance of the evidence does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

Source: *SEC v. Payton et al.*, Case No. 14 Civ. 4644 (JSR) (S.D.N.Y.), ECF No. 162, at 1057:22–1058:17; *see also Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 7 (The Court's Instructions of Law to the Jury) (General Instruction No. 4 - Burden of Proof) (modified).

**DEFENDANTS' INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

In deciding whether a party has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence. Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example: suppose that when you came into the courthouse today, the sun was shining, and it was a nice day, but the courtroom blinds were drawn, and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether it is raining, so, you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 8 (The Court's Instructions of Law to the Jury) (General Instruction No. 5 - Direct and Circumstantial Evidence).

6

## DEFENDANTS' INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 9 (The Court's Instructions of Law to the Jury) (General Instruction No. 6 - Witness Credibility).

**DEFENDANTS' INSTRUCTION NO. 7**

**Depositions Testimony and Transcripts**

Some of the testimony presented to you was in the form of the reading of transcripts of testimony and excerpts from videotaped depositions that were received in evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness or a party under oath before a court stenographer. You should consider the deposition testimony received at this trial according to the same standards you would use to evaluate the testimony of a witness given live in court.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 10 (The Court's Instructions of Law to the Jury) (General Instruction No. 7 - Depositions and Remote Testimony) (modified).

**DEFENDANTS' INSTRUCTION NO. 8**

**Specialized Testimony**

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience have expertise in a specialized area of knowledge. In this case, you have heard testimony from two such witnesses offered by the SEC—Bruce Mizrach and Matthew Edman—and one such witness offered by the Defendants—Terrence Hendershott. This specialized testimony is presented to you on the theory that someone who is learned in the field may help you understand technical aspects of the evidence.

However, your role in judging credibility and assessing weight applies equally to these experts as to other witnesses. When you consider the expert opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, an expert witness necessarily bases his or her opinions, in part or in whole, on what the expert was told by others, and you may conclude that the weight given the expert's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of an expert were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of an expert is questionable, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of the expert, either entirely or in part. On the other hand, if you find that an expert is credible, and that the expert's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the expert's conclusions, you may, if you wish, rely on that expert's opinions and give them whatever weight you deem appropriate.

Source: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 12 (The Court's Instructions of Law to the Jury) (General Instruction No. 8 Specialized Testimony) (modified).

## II.  POST-TRIAL LIABILITY INSTRUCTIONS

### DEFENDANTS' INSTRUCTION NO. 9

#### Liability in General

With these preliminary instructions in mind, we now turn to the specific claims brought by the SEC against the defendants, Terraform and Mr. Kwon. The plaintiff has brought two claims against both Terraform and Mr. Kwon and a third claim against just Mr. Kwon.

In assessing the claim against the defendants, you must determine, according to my instructions, whether the SEC has proved each of the essential elements of that claim by a preponderance of the credible evidence. This is known as establishing liability. If you find liability against a given defendant on that claim, then the Court will determine what money or other relief should be awarded to the SEC on that claim. The determination of such relief is for the Court and should not play any part in your deliberations.

Source: *SEC v. Payton et al.*, Case No. 14 Civ. 4644 (JSR) (S.D.N.Y.), ECF No. 162, at 1062:06–16; see also *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 15 (The Court's Instructions of Law to the Jury) (Liability Instruction No. 10 - Liability in General).

## DEFENDANTS' INSTRUCTION NO. 10

### The SEC as Plaintiff

As I previously mentioned, the plaintiff in this case is the United States Securities and Exchange Commission. The SEC is an independent agency of the federal government and it has the authority to file lawsuits alleging violations of the federal securities laws. The fact that a government agency, the SEC, is the plaintiff in this case must not affect your decision in any way and entitles the SEC to no greater consideration than that accorded to any other plaintiff. A government agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. Further, you should not give any weight whatsoever to the SEC's decision to conduct an investigation or to file this lawsuit, and it should not affect your view of the merits of the claims against the defendants. Instead, you should decide the case based solely on the evidence you will hear during the trial.

Source: *SEC v. Lek Securities Corp.*, No. 17 Civ. 1789 (DLC) (S.D.N.Y.), ECF No. 556, at 2580:09–11 (modified); *SEC v. Johnson*, 03 Civ. 177 (JFK) (S.D.N.Y.), ECF No. 65, at 1205:17–24 (modified); 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.) (modified); 11th Cir. Pattern Jury Instr. Civil Cases § 3.2.3 (2022) (modified); *see also SEC v. Fuhlendorf*, 2011 WL 11778526 (W.D. Wash. 2011) (Court's Final Instructions to the Jury, Instruction No. 14); *SEC v. Koenig*, 2006 WL 2127852 (N.D. Ill. 2006) (Court's Jury Instruction No. 2, "All Litigants Equal Before the Law").

## DEFENDANTS' INSTRUCTION NO. 11

### Corporate Parties

In this case, one of the defendants, Terraform, is a company. The mere fact that one of the defendants is a company does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

Obviously, a company has no capacity to "think" or "act" except through its officers, employees, and other agents, and whether a company "knows," "intends," "states" or does something is therefore a function of what the company officers, company employees, and other company agents know, intend, state, and do. Therefore, a company is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

This instruction does not relate to the SEC's third claim made only against Mr. Kwon, and should not be considered in connection with that claim.

Source:  *Palin v. The N.Y. Times*, Case No. 17 Civ. 4853 (JSR) (S.D.N.Y.), ECF No. 187, at 1211:13–25 (modified); 4-72 Modern Federal Jury Instructions-Civil ¶ 72.01 (modified); *Ing Global, v. United Parcel Service Oasis Supply Corp.*, 11 Civ. 5697 (SC), 2012 WL 9083215 (S.D.N.Y.) (Jury Instructions, Instruction No. 12) (modified).

## DEFENDANTS' INSTRUCTION NO. 12

### Separate Violations at Issue

The SEC is pursuing three separate claims and each of the claims alleges multiple misstatements. You must consider each claim separately. And you must not draw any inference from the number of claims or the number of alleged misstatements in the case and must consider each claim separately as to each defendant. Your determination on one particular claim or misstatement should not affect your decision on any other claim.

Source: ABA Model Jury Instructions: Securities Litigation § 1.02 ("Consider each claim and the evidence on each claim separately, as if each claim had been tried separately."); *see also* Seventh Circuit Model Civil Jury Instructions 1.25 ("You must give separate consideration to each claim and each party in this case."); *In re Convergent Technologies Sec. Litig.,* 948 F.2d 507, 512 (9th Cir. 1991) ("[T]o prevail, the plaintiffs must demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression.") (emphasis added).

## DEFENDANTS' INSTRUCTION NO. 13

### Claim I – Fraud in the Offer of Sale of a Security Through a Device, Scheme, or Artifice to Defraud – Section 17(a)(1)

Let me turn now to the SEC's first set of claims. The SEC claims that Terraform and/or Mr. Kwon violated Section 17(a)(1) through (a)(3) of the Securities Act. Terraform and Mr. Kwon deny these allegations. I will instruct you on each of the subparts of Section 17(a)—(1), (2), and (3)—in turn.

In order to meet its burden of proof under Section 17(a)(1) as to a particular defendant, the SEC must establish by a preponderance of the credible evidence each of the following elements as to that particular defendant:

First, that, in the offer or sale of a security, Terraform and/or Mr. Kwon, directly or indirectly, employed a device, scheme or artifice to defraud;

Second, that Terraform and/or Mr. Kwon acted with intent to defraud or with reckless disregard for the truth; and

Third, that Terraform and/or Mr. Kwon used, or caused to be used, means of instrumentalities of interstate commerce, in furtherance of the fraud.

#### 1. "Offer" or "Sale"

To satisfy the first element of Section 17(a)(1), the SEC must prove by a preponderance of the credible evidence that the alleged fraud occurred "in an offer or sale" of a security.

An "offer" is any attempt or offer to dispose of or sell, or solicitation of an offer to buy. In other words, an "offer" includes negotiations to sell, publicity efforts that stimulate investor interest, or attempts to produce the sale by urging or persuading another to act.

16

A "sale" is every contract of sale or disposition of a security, or interest in a security, for value. "Disposition" means a "final settlement or determination" of a matter, like transferring title. "For value" means "for money or something else valuable."

If you do not find that the alleged fraud occurred in an offer or sale, you must return a verdict on the Section 17(a)(1) claim in Terraform and Mr. Kwon's favor. If you do find that there was an offer or sale, proceed to the next element.

### 2. "Security"

I instruct you that the cryptocurrency tokens UST, LUNA, wLUNA, and MIR are securities within the meaning of the securities laws. You must accept these facts as established.

### 3. Device, Scheme, or Artifice

The SEC must next prove, by a preponderance of the credible evidence, that in the offer or sale of a security, Terraform and/or Mr. Kwon employed a device, scheme, or artifice to defraud.

For purposes of this claim, the SEC alleges that Defendants Terraform and Mr. Kwon engaged in two schemes to defraud investors. The SEC alleges that Defendants' first alleged scheme was to deceive investors about the stability of a crypto asset security that Defendants created called Terra USD ("UST"). It further alleges that Defendants represented that UST's value was "pegged" at $1.00 through a Terraform blockchain algorithm. UST's price fell in May 2021 to $0.91. The SEC alleges that Defendants secretly arranged for a third party, Jump Trading LLC ("Jump"), to make bulk purchases of UST to bolster the price back up to $1.00. The SEC further alleges that Defendants made false and misleading statements regarding the stability of UST, including by stating that UST "automatically" recovered its $1.00 price in May 2021 through the Terra blockchain algorithm, not the "cumbersome nature of stress-induced decision-making of

human agents," misleadingly omitting from its statements Defendants' secret deal with Jump to bolster UST's $1.00 peg.

The SEC alleges that Defendants' second alleged fraudulent scheme was to deceive investors into believing that a popular Korean payment application called "Chai" used the Terraform blockchain to process and settle payments. According to the SEC, Chai processed and settled its payment transactions in fiat currency using traditional payment means, ie., the Korean Won. The SEC alleges that Defendants deceptively copied Chai transactions onto the Terraform blockchain to make it appear that Chai was processing and settling commercial transactions between Korean consumers and retail establishments using the Terraform blockchain. The SEC further alleges that Defendants also made materially false and misleading statements regarding Chai's supposed used of the Terraform blockchain when offering and selling Defendants' crypto asset securities, including LUNA, to investors.

A device, scheme, or artifice to defraud is merely a plan for the accomplishment of a fraudulent objective. Fraud is a general term which covers efforts that individuals may device to take advantage of others by deception. The law that Terraform and Mr. Kwon are alleged to have violated prohibits all kinds of manipulative and deceptive acts. It may involve false or fraudulent pretenses, untrue statements or omissions of material facts (which I will say more about in a minute), representations, promises and patterns of conduct calculated to deceive. Fraud includes so-called "half-truths"—literally true statements that create a materially misleading impression.

In order to prove that Terraform and/or Mr. Kwon engaged in a device, scheme, or artifice to defraud, the SEC must prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon engaged in fraudulent conduct that went beyond the making of material misstatements and omissions. Material misstatements and omissions

18

can be part of a fraudulent scheme, but they are not sufficient, standing alone, to establish a device, scheme, or artifice to defraud. Defendant must have performed a deceptive act that was distinct from an alleged misstatement, such as dissemination of the materially false or misleading statements or the use of sham agreements, sham transactions, or sham companies.

If you do not find that Terraform or Mr. Kwon employed a device, scheme, or artifice to defraud, you must return a verdict on the Section 17(a)(1) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon engaged in such conduct, proceed to the next element as to that defendant.

### 4.  Intent to Defraud

The second element that the SEC must establish by a preponderance of the credible evidence is that Terraform and/or Mr. Kwon knowingly participated in the device, scheme, or artifice to defraud with the intent to defraud, or with reckless disregard for the truth.

To act "knowingly" means to act intentionally and deliberately, rather than mistakenly or inadvertently.

To act with "intent to defraud" means to act knowingly and with the intent to deceive.

To act recklessly means to engage in conduct that involves an extreme departure from the standard of ordinary care. A person acts with reckless disregard if the risk is known to him, or it is obvious that an ordinary person under the circumstances would have realized the danger and taken care to avert the harm likely to follow. Recklessness is more than mere negligence. Reckless conduct represents grossly unreasonable, rash or intemperate behavior.

In the context of securities law, a person acts recklessly if he makes a false or misleading statement with reckless disregard for whether it is true or false.

The question of whether a person acted with intent to defraud or with reckless disregard for the truth is a question of fact for you to determine, like any other fact question. It is a question involving one's state of mind. Direct proof of state of mind is almost never available, and is not required. Circumstantial evidence is of no less value than direct evidence. In either case it is the plaintiff's burden to prove all of the elements by a preponderance of the evidence.

Since an essential element of the SEC's case is intent to defraud or recklessness, it follows that good faith on the part of Terraform and/or Mr. Kwon is a complete defense to a charge of securities fraud as to that defendant. Neither Terraform nor Mr. Kwon, however, has the burden to establish a defense of good faith. The burden is on the SEC to prove fraudulent intent and a consequent lack of good faith by a preponderance of the evidence.

When you determine whether Terraform and/or Mr. Kwon acted knowingly or recklessly, you must do so based on the standards that existed at the time of their actions and based on what was known at the time of their actions, not based on hindsight. If you find that Terraform and/or Mr. Kwon did not act with intent to defraud or with reckless disregard for the truth, then you must return a verdict on the Section 17(a)(1) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon acted with intent to defraud or with reckless disregard for the truth, proceed to the next element as to that defendant.

### 5. Interstate Commerce

The third and final element that the SEC must prove by a preponderance of the credible evidence is that Terraform and/or Mr. Kwon knowingly used, or caused to be

used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud.

The term "instrumentality of interstate commerce" means, for example, telephone, fax machine, or other form of electronic communication, including e-mails. It is not necessary that any device, scheme, or artifice to defraud or misstatement or omission actually occurred during the use of the mails or instrumentality of interstate commerce. What is required is that the mails or instrumentality of interstate commerce was used in some phase of the transaction.

If you find that Terraform and/or Mr. Kwon did not knowingly use, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, then you must return a verdict on the Section 17(a)(1) claim in that defendant's favor. If, after finding each of the other elements, you also find that Terraform and/or Mr. Kwon knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, the final element, then you must return a verdict of liable on the Section 17(a)(1) claim as to that defendant.

Source: *SEC v. Tourre*, 10 Civ. 3229 (KBF) (SDNY July 31, 2013) (Doc. 433-1, "Jury Charges – V.1 to the Parties" at 20–21, instruction on instrumentality of interstate commerce) and (Doc. 433-3 "Jury Charges – Final" at 17–22); 15 U.S.C. § 77q(a); *SEC v. Rio Tinto plc*, 41 F.4th 47, 53–54 (2d Cir. 2022) (finding no error in the trial court denial to reconsider its dismissal of scheme liability claims under Section 17(a)(1) and (a)(3) where the complaint only alleged misstatements and omissions); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 253 (S.D.N.Y. 2022) (recognizing "courts have found that plaintiff successfully stated a claim for scheme liability because the defendants performed an inherently deceptive act that was distinct from an alleged misstatement: i.e., sham agreements, sham transactions, sham companies. …").

## DEFENDANTS' INSTRUCTION NO. 14

### Claim I – Material Misstatements or Omissions – Section 17(a)(2)

The second way a person can violate Section 17(a) is described in Section 17(a)(2). In order to meet its burden of proof on this claim, the SEC must establish by a preponderance of the credible evidence each of the following elements:

First, that in connection with the offer or sale of a security, Terraform and/or Mr. Kwon obtained money or property, directly or indirectly, by means of a material misrepresentation or material omission made by Terraform and/or Mr. Kwon;

Second, that Terraform and/or Mr. Kwon acted negligently, with intent to defraud, or with reckless disregard for the truth; and

Third, that Terraform and/or Mr. Kwon used, or caused to be used, means or instrumentalities of interstate commerce, in furtherance of the fraud.

1.     **"Offer" or "Sale"**

To satisfy the first element, the SEC must first prove by a preponderance of the credible evidence that the alleged misstatements or omissions occurred in an offer or sale. I have already described to you what "offer" and "sale" mean, and you should apply the same definitions here.

If you do not find that the alleged misstatements or omissions occurred in an offer or sale, you must return a verdict on the Section 17(a)(2) claim in Terraform and Mr. Kwon's favor on this claim. If you do find that the alleged misstatements or omissions by Terraform and/or Mr. Kwon occurred in an offer or sale, proceed to the next element as to that defendant.

2.     **"Security"**

As I previously explained, the Court has already instructed you that UST, LUNA, wLUNA, and MIR are securities.

### 3.    "Obtained Money or Property"

The first element also requires the SEC to prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon, directly or indirectly, obtained money or property. To do that, the SEC must prove either that Terraform and/or Mr. Kwon obtained money or property for Terraform, or that Mr. Kwon personally obtained money or property for himself. If you do not find that Terraform and/or Mr. Kwon obtained money or property, you must return a verdict on the Section 17(a)(2) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon obtained money or property, proceed to the next element as to that defendant.

### 4.    "By Means of Material Misstatement or Omissions"

The first element also requires that the SEC prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon obtained money or property by means of one or more material misstatements or omissions.

#### a.   "By Means of"

In order to demonstrate that defendants obtained money or property "by means of" one or more material misstatements or omissions, the SEC must prove that Terraform and/or Mr. Kwon used the statements or omissions to obtain money or property. "By means of" means "to use."

#### b.   "Misstatement" or "Omission"

A "misstatement" is a statement that is either untrue or misleading, and an "omission" is a failure to state a fact that is required to be stated in order to make what is stated not misleading. You must determine whether the statement was true or false when it was made, and, in the case of an alleged omission, whether the omission was misleading. Expressions of opinions, optimism, puffery, expectations, or declarations of

23

intentions are not misstatements.[1] The false statement or omission need not relate to the investment value of the securities involved in this case.

As I mentioned earlier, the SEC alleges that Defendants engaged in two schemes to defraud investors through materially false and misleading statements. The SEC alleges that Defendants' first alleged scheme was to deceive investors about the stability of UST. Defendants represented that UST's value was "pegged" at $1.00 through a Terraform blockchain algorithm. UST's price fell in May 2021 to $0.91. The SEC alleges that Defendants secretly arranged for Jump to make bulk purchases of UST to bolster the price back up to $1.00. The SEC further alleges that Defendants made false and misleading statements regarding the stability of UST, including by stating that UST "automatically" recovered its $1.00 price in May 2021 through the Terra blockchain algorithm, not the "cumbersome nature of stress-induced decision-making of human agents," misleadingly omitting from its statements Defendants' secret deal with Jump to bolster UST's $1.00 peg.

The SEC alleges that Defendants' second alleged fraudulent scheme was to deceive investors into believing that a popular Korean payment application called "Chai" used the Terraform blockchain to process and settle payments. According to the SEC, Chai processed and settled its payment transactions in fiat currency using traditional payment means, ie., the Korean Won. The SEC alleges that Defendants deceptively copied actual Chai transactions onto the Terraform blockchain to make it appear that

---

[1] *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004) ("[E]xpressions of puffery and corporate optimism do not give rise to securities violations."); *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000) ("[S]tatements containing simple economic projections, expressions of optimism, and other puffery are insufficient."); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 647 (S.D.N.Y. 2015) (misstatement is not "merely an expression of opinion, expectation or declaration of intention).

commercial transactions between Korean consumers and retail establishments were using the Terraform blockchain. The SEC further alleges that Defendants also made materially false and misleading statements regarding Chai's supposed used of the Terraform blockchain when offering and selling Defendants' crypto asset securities, including LUNA, to investors.

While it is only necessary for the SEC to prove one material misstatement or omission by a particular defendant to establish this element as to that defendant, in order to find Terraform and/or Mr. Kwon liable under this provision—Section 17(a)(2)—you must be unanimous as to which particular misstatement or omission you find was misleading and that was made by Terraform and/or Mr. Kwon to obtain money or property.

### c. "Materiality"

If you find that the SEC has proven by a preponderance of the credible evidence that Terraform and/or Mr. Kwon obtained money or property by means of a misstatement or omission, you must next determine whether that misstatement or omission was material.

A misstatement is "material" if there is a substantial likelihood that a reasonable investor would have considered it important in deciding whether or not to buy or sell UST, LUNA, wLUNA, or MIR. An omission is "material" if there is a substantial likelihood that a reasonable investor would have viewed the disclosure of that fact as significantly altering the total mix of information available to a reasonable investor in deciding whether to buy or sell. Thus, the touchstone of the inquiry is not whether isolated statements were true, but whether defendants' representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor regarding the nature of the securities offered.

As a matter of law, there is no requirement to disclose a relevant or material fact to an investor simply because the investor would very much like to know that fact. All the law requires is that when a disclosure is made, it must be complete and accurate in all material respects. Disclosure is required only when necessary to make statements made, in light of the circumstances in which they were made, not misleading.

Because the applicable law forbids the making of material misstatements or material omissions in such circumstances, it does not matter whether the investors to whom they were made were sophisticated or unsophisticated.

The materiality of a misstatement or omission also does not depend on whether a reasonable investor would have made a different purchasing or selling decision if no material misstatement or material omission had been made. It is also unnecessary that any investor actually relied on one or more misstatements or omissions, or that one or more misstatements or omissions caused any investor to lose money. As I have explained, for a misstatement, the SEC must show that there is a substantial likelihood that a reasonable investor would have considered the misstatement important in making his or her investment decision, and, for an omission, the SEC must show that there is a substantial likelihood that a reasonable investor would have viewed the disclosure of that fact as significantly altering the total mix of information available to a reasonable investor in deciding whether to buy or sell.

In determining materiality, you must do so in relation to the circumstances as they existed at the time of the transaction at issue.

### d.  "Made" the Misstatement

The first element also requires the SEC to prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon "made" a misstatement to investors,

or that Terraform and/or Mr. Kwon was the person with ultimate authority over a misstatement to investors, including its content and how to communicate it.

One example that judges have used to describe this principle is to point to the relationship between a speechwriter and a speaker. Even though the speechwriter is the one who drafts a speech ahead of time, the person who delivers the speech— the speaker—is the one who has control over what is ultimately said. Under this example, it is the speaker who "makes" the statements in the speech.

Therefore, it is not sufficient for the SEC to prove that Terraform and/or Mr. Kwon may have been involved—even significantly involved—in the preparation of a document that may have contained a materially false statement. Put another way, involvement alone is not enough to be the one who "made" a statement.

If you do not find that Terraform and/or Mr. Kwon made a material misstatement or omission, you must return a verdict on the Section 17(a)(2) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon made a material misstatement or omission, proceed to the next element as to that defendant.

### 5. Intent to Defraud/Negligence

In order to prove the second element of Section 17(a)(2), the SEC must prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon acted negligently or with intent to defraud or with reckless disregard for the truth.

I have previously defined both "intent to defraud" and "reckless disregard for the truth" for you, and you should apply those definitions here.

As I mentioned, this section also provides for liability if Terraform and/or Mr. Kwon acted negligently, and each of the other elements are met. "Negligence" is a failure to use reasonable care, which is the degree of care that a reasonably prudent person would use under the circumstances. A reasonably prudent person is one who guards against risks

or dangers of which he or she knew, or by the exercise of due care should have known. Negligence may consist either of doing something that a reasonably prudent person would not do under like circumstances, or in failing to do something that a reasonably prudent person would do under like circumstances.

In deciding whether Terraform and/or Mr. Kwon acted negligently in making any material misstatement or omission, you may consider any evidence of industry practice, custom, or standards as they relate to a reasonably prudent person in that defendant's position at the time UST, LUNA, wLUNA, or MIR was being offered or sold by Defendants. But while such industry standards and the like are relevant, they are not controlling. The controlling standard is, I repeat, what a reasonably prudent person in that defendant's position would do under like circumstances. If you do not find Terraform and/or Mr. Kwon acted with intent to defraud, reckless disregard for the truth, or negligently, you must return a verdict on the Section 17(a)(2) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon acted with intent to defraud, reckless disregard for the truth, or negligently, proceed to the next element as to that defendant.

### 6.    Interstate Commerce

The third and final element that the SEC must prove by a preponderance of the credible evidence is that Terraform and/or Mr. Kwon knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud. I have previously defined the term "instrumentality of interstate commerce," and you should apply that definition here.

If you find that Terraform and/or Mr. Kwon did not knowingly use, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, then you must return a verdict on the Section 17(a)(2) claim in that

defendant's favor. If, after finding each of the other elements, you also find that Terraform and/or Mr. Kwon knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, the final element, then you must return a verdict of liable on the Section 17(a)(2) claim as to that defendant.

Source: *SEC v. Tourre*, 10 Civ. 3229 (KBF) (SDNY July 31, 2013) (Doc. 433-1, "Jury Charges – V.1 to the Parties" at 20–21, instruction on instrumentality of interstate commerce) and (Doc. 433-3 "Jury Charges – Final" at 23–29); 15 U.S.C. § 77q(a); *see also Halperin v. eBanker USA.com, Inc.*, 295 F.3d 352, 357 (2d Cir. 2002) ("The touchstone of the inquiry is not whether isolated statements within a document were true, but whether defendants' representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor regarding the nature of the securities offered."); *SEC v. Rio Tinto plc*, No. 17 Civ. 7994 (AT), 2019 WL 1244933, at *17 (S.D.N.Y. Mar. 18, 2019) (holding "that for an individual to be held liable under Section 17(a), she must be the 'maker' of a statement pursuant to the Supreme Court's decision in *Janus*").

**DEFENDANTS' INSTRUCTION NO. 15**

**Claim I – Engaging in a Fraudulent Act, Practice, or Course of Business, in the Offer or Sale of a Security – Section 17(a)(3)**

The third and final way a person can violate Section 17(a) is described in Section 17(a)(3). In order to meet its burden of proof on Section 17(a)(3), the SEC must establish by a preponderance of the credible evidence each of the following elements:

<u>First</u>, that in the offer or sale of a security, Terraform and/or Mr. Kwon, directly or indirectly, engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon the purchaser of securities;

<u>Second</u>, that Terraform and/or Mr. Kwon acted with intent to defraud, with reckless disregard for the truth, or with negligent disregard for the truth; and

<u>Third</u>, that Terraform and/or Mr. Kwon used, or caused to be used, means or instrumentalities of interstate commerce, in furtherance of the fraud.

**1.      "Offer or "Sale"**

To satisfy the first element, the SEC must first prove by a preponderance of the credible evidence that the alleged fraudulent conduct occurred in an offer or sale. I have already described to you what "offer" and "sale" mean, and you should apply the same definitions here.

If you do not find that the alleged fraud by Terraform and/or Mr. Kwon occurred in an offer or sale, you must return a verdict on the Section 17(a)(3) claim in that defendant's favor. If you do find that the alleged fraud by Terraform and/or Mr. Kwon occurred in an offer or sale, proceed to the next element as to that defendant.

**2.      "Security"**

As I previously explained, the Court has instructed you that UST, LUNA, wLUNA, and MIR are securities.

### 3.      Fraudulent Act, Practice, or Course of Business

The first element also requires that the SEC prove, by a preponderance of the credible evidence, that Terraform and/or Mr. Kwon engaged in fraudulent act, practice, or course of business.

The conduct that the SEC alleges is a violation of Section 17(a)(3) is the same as for Section 17(a)(1): that defendants engaged in an act, practice or course of business to defraud investors in the offer or sale of UST, LUNA, wLUNA or, MIR.

"Fraud" is a general term which covers efforts that individuals may devise to take advantage of others by deception. The law that Terraform and Mr. Kwon are alleged to have violated prohibits all kinds of manipulative and deceptive acts. It may involve false or fraudulent pretenses, untrue statements or omissions of material facts, representations, promises and patterns of conduct calculated to deceive. Fraud includes so-called "half-truths"—literally true statements that create a materially misleading impression. To commit a fraudulent act means to engage in an act involving fraud. Similarly, to engage in a fraudulent act, practice, or course of business means to engage in an act, practice, or course of business involving fraud. A "course of business" involves some commercial or business purpose.

In order to prove that Terraform and/or Mr. Kwon engaged in a fraudulent act, practice, or course of business, the SEC must prove by a preponderance of the credible evidence that Terraform and/or Mr. Kwon engaged in fraudulent conduct that went beyond the making of material misstatements and omissions. Material misstatements and omissions can be part of the fraudulent conduct, but they are not sufficient, standing alone, to establish a fraudulent act, practice, or course of business. Defendant must have performed a deceptive act that was distinct from an alleged misstatement, such as

31

dissemination of the materially false or misleading statements or the use of sham agreements, sham transactions, or sham companies.

If you do not find Terraform and/or Mr. Kwon engaged in a fraudulent act, practice, or course of business, then you must return a verdict on the Section 17(a)(3) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon engaged in a fraudulent act, practice, or course of business, proceed to the next element as to that defendant.

### 4.        Intent to Defraud/Negligence

I have previously instructed you as to the meanings of "negligently, "intent to defraud," and "reckless disregard for the truth." You should apply those definitions here as well.

If you do not find that Terraform and/or Mr. Kwon acted with intent to defraud, reckless disregard for the truth, or negligently, you must return a verdict on the Section 17(a)(3) claim in that defendant's favor. If you do find that Terraform and/or Mr. Kwon acted with intent to defraud, reckless disregard for the truth, or negligently, proceed to the next element as to that defendant.

### 5.        Interstate Commerce

The third and final element that the SEC must prove by a preponderance of the credible evidence is that Terraform and/or Mr. Kwon knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud. I have previously defined the term "instrumentality of interstate commerce," and you should apply that definition here.

If you find that Terraform and/or Mr. Kwon did not knowingly use, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud by that defendant, then you must return a verdict on the Section 17(a)(3)

claim in that defendant's favor. If, after finding each of the other elements as to a particular defendant, you also find that this defendant knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, the final element, then you must return a verdict of liable on the Section 17(a)(3) claim as to that defendant.

Source: *SEC v. Tourre*, 10 Civ. 3229 (KBF) (SDNY July 31, 2013) (Doc. 433-1, "Jury Charges – V.1 to the Parties" at 20–21, instruction on instrumentality of interstate commerce) and (Doc. 433-3 "Jury Charges – Final" at 30–32); 15 U.S.C. § 77q(a); *SEC v. Rio Tinto plc*, 41 F.4th 47, 53–54 (2d Cir. 2022) (finding no error in the trial court denial to reconsider its dismissal of scheme liability claims under Section 17(a)(1) and (a)(3) where the complaint only alleged misstatements and omissions); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 253 (S.D.N.Y. 2022) (recognizing "courts have found that plaintiff successfully stated a claim for scheme liability because the defendants performed an inherently deceptive act that was distinct from an alleged misstatement: i.e., sham agreements, sham transactions, sham companies. …").

**DEFENDANTS' INSTRUCTION NO. 16**

**Claim II – Fraud in Connection with Purchase or Sale of Securities
– Section 10(b) and Rule 10b-5**

The SEC's second claim against defendants is that defendants violated Section 10(b) and Rule 10b-5 subparts (a) – (c). Terraform and Mr. Kwon deny these allegations. Each of the subparts of Rule 10b-5—(a), (b), and (c)—can constitute separate violations of Section 10(b) and, therefore, of the securities laws. Each subpart must be considered on its own as to each defendant separately.

In order to meet its burden of proof on a Section 10(b) claim as to a particular defendant, the SEC must establish by a preponderance of the credible evidence each of the following elements as to that particular defendant:

<u>First</u>, in connection with the purchase or sale of a security, that Terraform and/or Mr. Kwon, directly or indirectly, did any one or more of the following:

(a) Employed a device, scheme or artifice to defraud; or

(b) Made an untrue statement of material fact or omitted to state a material fact that made what was said, under the circumstances, misleading; or

(c) Engaged in a fraudulent act, practice or course of business

Thus, a violation of Section 10(b) and Rule 10b-5, subparts (a) – (c), requires proof that the alleged conduct occurred first in connection with the purchase or sale of a security. Then second, like Section 17(a), the SEC must prove that Terraform and/or Mr. Kwon engaged in one of three types of conduct, which are spelled out in the Rule's three subparts—(a), (b), and (c).

Rule 10b-5(a) requires proof that Terraform and/or Mr. Kwon employed a device, scheme or artifice to defraud. Rule 10b-5(b) requires proof that defendants made an untrue statement of material fact or omitted to state a material fact that made what was

said, under the circumstances, misleading. Rule 10b-5(c) requires proof that the defendant engaged in a fraudulent act, practice or course of business.

Then, even if those first elements are met, the SEC must also prove by a preponderance of the credible evidence that the defendant acted knowingly, and with either the intent to defraud or with reckless disregard for the truth. And, finally, the SEC must prove that the defendant knowingly used, or caused to be used, the mails, or any instrumentalities of interstate commerce, in furtherance of the fraud.

Let me walk through each of these elements now.

### 1.  "Security"

As I previously explained, the Court has instructed you that UST, LUNA, wLUNA, and MIR are securities.

### 2.  "In Connection With The Purchase or Sale"

As I noted, for any violation of Section 10(b) or any subpart of Rule 10b-5, the SEC must first prove by a preponderance of the credible evidence that the alleged conduct occurred in connection with the purchase or sale of a security.

#### a.  "In Connection With"

Let's first discuss what it means to be "in connection with." This phrase simply means that the alleged fraudulent conduct or material misstatements or omissions coincides with, or touches upon, a purchase or sale. This requirement is satisfied if you find that there was some nexus or relationship between defendants' alleged fraudulent conduct and the purchase or sale of an interest in UST, LUNA, wLUNA or, MIR.

#### b.  Purchase or Sale

I have already described to you what a "sale" is, and you should apply the same definition here. A "purchase" means to buy.

If you do not find that the alleged fraudulent conduct occurred in connection with the purchase or sale of a security, then you must return a verdict in defendants' favor on all of the SEC's Section 10(b) and Rule 10b-5 claims. If you do find that the alleged fraudulent conduct occurred in connection with the purchase or sale of a security, proceed to the next element.

Now, as I said a moment ago, there are three separate ways defendants are alleged to have violated Section 10(b) and Rule 10b-5; defendants are alleged to have violated each of the subparts of Rule 10b-5: (a), (b), and (c). Each alleged violation of Rule 10b-5 must be considered separately. I will walk through the subparts (a), (b), and (c) now.

### 3.   Section 10b-5(a): Device, Scheme, or Artifice

To prove a violation under Section 10b-5(a), the SEC must prove by a preponderance of the credible evidence that, in connection with the purchase or sale of a security (which I have already defined for you), defendants employed a device, scheme, or artifice to defraud.

I previously instructed you on the meaning of what it means to employ a device, scheme, or artifice to defraud when I spoke to you about Section 17(a)(1), and you should apply that instruction here. For purposes of this claim, the SEC alleges that defendants participated in a scheme to defraud investors in the offer or sale of UST, LUNA, wLUNA, and MIR.

### 4.   Section 10b-5(b): Made a Material Misstatement or Omission

To prove a violation under Section 10b-5(b), the SEC must prove by a preponderance of the credible evidence that, in connection with the purchase or sale of a security, defendants made an untrue statement of material fact or omitted to state a material fact that made what was said, under the circumstances, misleading.

36

I previously instructed you on misstatements, omissions, and materiality when I spoke about Section 17(a)(2), and you should apply those instructions here as well.

Similar to Section 17(a)(2), in order for you to find that defendants violated Section 10(b) and Rule 10b-5(b), you must find that Terraform and/or Mr. Kwon made a materially false statement to investors, or that Terraform and/or Mr. Kwon was the person with ultimate authority over a false statement to investors, including its content and how to communicate it.

The example I have already given you to describe this principle is to point to the relationship between a speechwriter and a speaker. Again, even though the speechwriter is the one who drafts a speech ahead of time, the person who delivers the speech— the speaker—is the one who has control over what is ultimately said. For the purposes of Rule 10b-5(b), then, it is the speaker who "makes" the statements in the speech.

Therefore, it is not sufficient for the SEC to prove that Terraform and/or Mr. Kwon may have been involved—even significantly involved—in the preparation of a document that may have contained a materially false statement. Put another way, involvement alone is not enough to be the one who "made" a statement. For the purposes of this claim, the SEC alleges the same misstatements and omissions that I previously described for Section 17(a)(2).

### 5. Section 10b-5(c): Fraudulent Act, Practice, or Course of Business

To prove a violation under Section 10b-5(c), the SEC must prove by a preponderance of the credible evidence that, in connection with the purchase or sale of a security, defendants engaged in a fraudulent act, practice, or course of business. I previously instructed you on the meaning of these phrases when I spoke to you about Section 17(a)(3), and you should apply those instructions here as well.

For purposes of this claim, the SEC alleges that defendants engaged in an act, practice or course of business to defraud investors in the offer or sale of UST, LUNA, wLUNA, and MIR.

As stated above, for purposes of this claim, it does not matter whether the alleged fraud was successful or not. The SEC need not prove that the defendant profited or received any benefits as a result of the alleged fraudulent scheme, or that a reasonable investor would have made a different purchasing or selling decision if there had been no material misstatement or omission, or that any investor actually relied on one or more of the material misstatements or omissions. It is not necessary that an actual investor lost money.

### 6. Sections 10b-5(a) – (c)

If you do not find that defendants engaged in any of the fraudulent conduct I just described—in Rule 10b-5(a), (b), or (c)—you must return a verdict on each of the alleged Section 10(b) and Rule 10b-5 claims in defendants' favor. If you do find that Terraform and/or Mr. Kwon engaged in the conduct set forth in any one of (a), (b), or (c), proceed to the next element as to that defendant.

### 7. Intent

With respect to each of the subparts in Rule 10b-5(a) – (c), the SEC must also establish by a preponderance of the evidence that Defendants were acting with the intent to defraud, or with reckless disregard for the truth at the time they engaged in such acts or conduct. I have previously defined the terms "intent to defraud" and "reckless disregard for the truth," and you should apply those definitions here. It is not enough to show that Defendants acted accidentally or merely made a mistake, or even that they were negligent.

As to each potential Rule 10b-5 violation—(a), (b), or (c)—you must separately consider whether defendants acted with intent as I have described. If Terraform and/or

Mr. Kwon has not acted with such intent as to (a), (b), or (c), considered separately, then you must return a verdict for that defendant as to that particular claim. If you do find that defendants had the required intent as to any claim or claims, proceed to the next element.

### 8.   Interstate Commerce

Finally, as to each of the SEC's claims under Rule 10b-5(a), (b), or (c), it must prove by a preponderance of the evidence that defendants knowingly used, or caused to be used, the mails, or any instrumentalities of interstate commerce, in furtherance of the fraud. I have previously defined the term "instrumentality of interstate commerce," and you should apply that definition here.

If you find that defendants did not knowingly use, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, then you must return a verdict on the Section 10(b) and Rule 10b-5 claim in defendants' favor. If, after finding each of the other elements, you also find that defendants knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud, the final element, then you must return a verdict of liable on that claim.

If you find that the SEC has proved this against one or both defendants, I alone will determine the remedy or remedies to impose at a later date.

Source: *SEC v. Tourre*, 10 Civ. 3229 (KBF) (SDNY July 31, 2013) (Doc. 433-1, "Jury Charges – V.1 to the Parties" at 20–21, instruction on instrumentality of interstate commerce) and (Doc. 433-3 "Jury Charges – Final" at 33–40); 15 U.S.C. § 77q(a).

## DEFENDANTS' INSTRUCTION NO. 17

### Claim III – Control Person Liability

As discussed, in Claim II, the SEC alleges that both Terraform and Mr. Kwon violated Section 10(b) and Rule 10b-5. By contrast, in Claim III, the SEC alleges that Mr. Kwon is personally liable for Terraform's violation of Section 10(b) and Rule 10b-5 because he was a "control person" of Terraform, as I will define that term in a moment . In other words, even if you were to find that Mr. Kwon did not directly violate Section 10(b) and Rule 10b-5 himself, he could still be found liable if you find that he exercised control over Terraform and that he culpably participated in a violation of Section 10(b) and Rule 10b-5 committed by Terraform.

Specifically, to prevail on Claim III for violation of Section 20(a), the plaintiff must prove the following three elements by a preponderance of the evidence:

<u>First</u>, that Terraform violated Section 10(b) and Rule 10b-5 (Instruction No. 17);

<u>Second</u>, that Mr. Kwon directly or indirectly exerted control over Terraform at the time of the violation; and

<u>Third</u>, that Mr. Kwon was a culpable participant in the violation committed by Terraform.

I will now explain each of these three essential elements of Claim III in more detail.

### 1. First Element – Violation by the Company

To establish the first essential element of the Section 20(a) claim, the SEC must prove that the company, Terraform, violated Section 10(b) and Rule 10b-5.

### 2. Second Element – Control Person

To establish the second essential element of Claim III, the SEC must prove that Mr. Kwon acted as a "control person" of Terraform at the time of the violation.

Under the federal securities laws, a "<u>control person</u>" is an individual who possessed, directly or indirectly, the power to direct the management or policies of a company, in this case Terraform. This power may be exercised through the ownership of voting securities or otherwise. When considering whether Mr. Kwon controlled Terraform, you may consider, among other things, factors such as his role in relation to the company, his attendance or participation in meetings of or discussions among the company's directors or executives, and actions he took or directed on the company's behalf.

### 3. Third Element – Culpable Participant

To establish the third essential element of Claim III, the SEC must prove that Mr. Kwon was, in some meaningful sense, a culpable participant in the primary violation allegedly committed by Terraform. To prove this, the SEC must show that Mr. Kwon knew, or reasonably should have known, that Terraform was engaging in the fraudulent or deceptive conduct described in the first element.

If you find that the SEC has established all three essential elements of Claim III, you must then consider Mr. Kwon's additional defense that he acted in good faith and did not, for a bad purpose, directly or indirectly cause Terraform to undertake the acts that constituted the alleged violation of Section 10(b) and Rule 10b-5.

<u>Source</u>: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 22 (The Court's Instructions of Law to the Jury); *see also* 3B Fed. Jury Prac. & Instr. § 162:270 (6th ed.).

## IV.    POST-TRIAL CONCLUDING INSTRUCTIONS

### DEFENDANTS' INSTRUCTION NO. 18

### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact *any* communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

Source: *Gruber v. Reger*, Case No. 16 Civ. 09727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 32 (The Court's Instructions of Law to the Jury) (Court's Concluding Instructions No. 23 - Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court).

## DEFENDANTS' INSTRUCTION NO. 19

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous. This completes my instructions of law.

<u>Source</u>: *Gruber v. Reger*, Case No. 16 Civ. 9727 (JSR) (S.D.N.Y.), ECF Doc. No. 478 at 33 (The Court's Instructions of Law to the Jury) (Court's Concluding Instructions No. 24 Verdict; Need for Unanimity; Duty to Consult).

Date: March 18, 2024        Respectfully submitted,

*/s/Mark G. Califano*

**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com
louis.pellegrino@dentons.com

Mark G. Califano
Melissa Gomez-Nelson (admitted *pro hac vice*)
Matthew A. Lafferman (admitted *pro hac vice*)
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7500
mark.califano@dentons.com
melissa.gomeznelson@dentons.com
matthew.lafferman@dentons.com

*Counsel for Defendant Terraform Labs Pte. Ltd.*

*/s/ David Patton*

**KAPLAN HECKER & FINK LLP**
David Patton
Michael Ferrara
Andrew Chesley
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
dpatton@kaplanhecker.com
mferrara@kaplanhecker.com
achesley@kaplanhecker.com

*Counsel for Defendant Do Hyeong Kwon*