UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TERRAFORM LABS PTE LTD. and
DO HYEONG KWON,

Defendants.

No. 1:23-cv-1346 (JSR)

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
## PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51 and paragraph 7 of the Court's Individual Rules of

Practice, plaintiff, the Securities and Exchange Commission (the "SEC"), respectfully submits its

proposed instructions to the jury.

Dated:  March 18, 2024

Respectfully submitted,

/s/ Carina A. Cuellar
Carina A. Cuellar, admitted *pro hac vice*
James P. Connor, admitted *pro hac vice*
Devon L. Staren, admitted *pro hac vice*
Laura E. Meehan
Christopher J. Carney
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE
COMMISSION
100 F Street NE
Washington, DC 20549
Tel: (202) 551-6274
Email: cuellarc@sec.gov

## TABLE OF CONTENTS

I.     **GENERAL INSTRUCTIONS** ..................................................................1

    Instruction No. 1 – Duty of the Court.....................................................................1

    Instruction No. 2 – Duty of the Jury ......................................................................2

    Instruction No. 3 – Duty of Impartiality ................................................................4

    Instruction No. 4 – Burden of Proof: Preponderance of the Evidence ...................5

    Instruction No. 5 – Direct and Circumstantial Evidence .......................................7

    Instruction No. 6 – Witness Credibility .................................................................8

    Instruction No. 7 – Impeachment by Prior Inconsistent Statements.....................10

    Instruction No. 8 – Inference from a Witness's Assertion of Privilege Against Self-Incrimination.......................................................................................................11

    Instruction No. 9 – Admissions ...........................................................................12

    Instruction No. 10 – Adverse Inference from Missing Defendant.........................13

    Instruction No. 11 – Expert Testimony—Generally.............................................14

    Instruction No. 12 – Stipulations of Fact .............................................................15

    Instruction No. 13 – Judicial Notice ....................................................................16

    Instruction No. 14 – Use of Charts and Summary Exhibits..................................17

    Instruction No. 15 – Transcripts of Recordings....................................................18

    Instruction No. 16 – Translations.........................................................................19

    Instruction No. 17 – Use of Depositions at Trial .................................................20

    Instruction No. 18 – Use of Interrogatories at Trial.............................................21

II.    **LIABILITY** ...........................................................................................**22**

    Instruction No. 19 – Securities Fraud: Statutory Purpose....................................22

    Instruction No. 20 – Liability...............................................................................25

    Instruction No. 21 – Overview of Violations Charged .........................................26

    Instruction No. 22 – Section 10(b) and Rule 10b-5 Claims—Elements............................27

    Instruction No. 23 – Section 10(b) and Rule 10b-5(a), (b), and (c) Claims—Elements ...28

    Instruction No. 24 – Rule 10b-5(b) Claim ...........................................................30

    Instruction No. 25 – Rule 10b-5 Claim................................................................33

Instruction No. 26 – Rule 10b-5 Claim—Scienter...........................................................34

Instruction No. 27 – Section 10(b) and Rule 10b-5(b)—Use of Instrumentality of

Interstate Commerce .................................................................................................36

Instruction No. 28 – Section 17(a) Claims.....................................................................37

Instruction No. 29 – Section 17(a) In the Offer or Sale..................................................38

Instruction No. 30 – Section 17(a)(1) Claims.................................................................39

Instruction No. 31 – Section 17(a)(2) Claims.................................................................40

Instruction No. 32 – Section 17(a)(3) Claims.................................................................42

Instruction No. 33 – Section 20(a)—Control Person Liability ..........................................43

**III.     CONCLUDING INSTRUCTIONS** ........................................................................**45**

Instruction No. 34 – Selection of the Foreperson; Right to See Exhibits and Hear

Testimony; Communications with the Court....................................................................45

Instruction No. 35 – Verdict; Need for Uniformity; Duty to Consult ...............................46

**VERDICT FORM** .................................................................................................**1**

## I.   GENERAL INSTRUCTIONS

### Instruction No. 1

<u>Duty of the Court</u>[1]

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or out to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person, or any document in evidence, has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference when you begin your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

---

[1] The Court's Instructions of Law to the Jury in *SEC v. Payton et al.*, 1:14-Civ-4644 (JSR) (verbatim except that the second sentence read "arguments of the lawyers for the parties" as opposed to "arguments of the parties") (attached as Ex. 1 to the Declaration of Carina A. Cuellar); the Court's Instructions of Law to the Jury in *SEC v. Stoker*, 1:11-Civ-7388 (JSR) (verbatim) (attached as Ex. 2); the Court's Instructions of Law to the Jury in *SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (verbatim) (attached as Ex. 3); and, the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.*, No. 08-Civ-8397 (JSR) (verbatim) (attached as Ex. 4).

**Instruction No. 2**

<u>Duty of the Jury</u>[2]

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, any stipulations of the parties that were received in evidence, and any facts of which I have taken judicial notice.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts that were placed in evidence. Please remember that questions, although they may provide the context for answers, are not

---

[2] The Court's Instructions of Law to the Jury in *SEC v. Payton et al.*, 1:14-Civ-4644 (JSR) (verbatim except for the reference to judicial notice in the third paragraph) (attached as Ex. 1); the Court's Instructions of Law to the Jury in *SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (verbatim except for the reference to judicial notice in the third paragraph) (attached as Ex. 3), the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.*, No. 08-Civ-8397 (JSR) (verbatim except for the reference to judicial notice in the third paragraph) (attached as Ex. 4).

themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

**Instruction No. 3**

<u>Duty of Impartiality</u>[3]

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the Securities and Exchange Commission (the "SEC") is a governmental agency entitles the SEC to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible penalties in this case is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

---

[3] The Court's Instructions of Law to the Jury in *SEC v. Payton et al.*, 1:14-Civ-4644 (JSR) (verbatim as to paragraphs 1 and 4) (attached as Ex. 1); the Court's Instructions of Law to the Jury in *SEC v. Stoker*, 1:11-Civ-7388 (JSR) (verbatim) (attached as Ex. 2); the Court's Instructions of Law to the Jury *in SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (verbatim as to paragraphs 1 and 4) (attached as Ex. 3); and, the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.,* No. 08-Civ-8397 (JSR) (verbatim as to paragraphs 1 and 4) (attached as Ex. 4).

**Instruction No. 4**

<u>Burden of Proof: Preponderance of the Evidence</u>[4]

The plaintiff here, the Securities and Exchange Commission (the "SEC"), is suing the

Defendants, Terraform Labs PTE Ltd. and Do Hyeong Kwon, for alleged violations of the

federal securities laws. As to each claim, the SEC has what is called the "burden of proof,"

which is the burden of proving each of the essential elements of that claim.

To prevail on a given claim, the SEC must prove the essential elements of that claim by a

preponderance of the credible evidence. "Credible" evidence means evidence you find worthy of

belief. To establish an element of a claim by a "preponderance" of the credible evidence means

to prove that that element is more likely true than not true.

When assessing whether a party has met its burden of proof on any claim, the question is

not which party called the greater number of witnesses or how much time one party or another

spent on that claim during trial. The focus must always be on the quality of the evidence: its

persuasiveness in convincing you of its truth.

The party with this burden of proof—here, the SEC—need prove no more than a

preponderance. So long as you find that the scales tip, however slightly, in favor of the SEC—

that what the SEC claims is more likely true than not true—then that element will have been

proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is a proper

---

[4] First, second, and third paragraphs: The Court's Instructions of Law to the Jury in
*SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (modified only to identify Defendants) (attached as
Ex. 3), the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.*, No. 08-Civ-8397
(JSR) (modified only to identify Defendants) (attached as Ex. 4). Fourth and Fifth paragraphs:
Leonard B. Sand, et al., 4 Modern Federal Jury Instructions-Civil, Ch. 73.01 (2023) (excerpts
only; modified to identify SEC as party with the burden); *see also* Model Civil Jury Instruction
Third Circuit § 1.10 (2020).

standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Instruction No. 5**

<u>Direct and Circumstantial Evidence[5]</u>

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

---

[5] The Court's Instructions of Law to the Jury in *SEC v. Payton et al*., 1:14-Civ-4644 (JSR) (verbatim aside from the use of the word "disputed") (attached as Ex. 1); the Court's Instructions of Law to the Jury in *SEC v. Stoker*, 1:11-Civ-7388 (JSR) (verbatim) (attached as Ex. 2); and, the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al*., No. 08-Civ-8397 (JSR) (verbatim) (attached as Ex. 4).

**Instruction No. 6**

<u>Witness Credibility</u>[6]

It must be clear to you by now that the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause

---

[6] The Court's Instructions of Law to the Jury in *SEC v. Payton et al.*, 1:14-Civ-4644 (JSR) (verbatim) (attached as Ex. 1); the Court's Instructions of Law to the Jury in *SEC v. Stoker*, 1:11-Civ-7388 (JSR) (verbatim) (attached as Ex. 2); the Court's Instructions of Law to the Jury in *SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (verbatim) (attached as Ex. 3); and, the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.*, No. 08-Civ-8397 (JSR) (verbatim) (attached as Ex. 4).

him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**Instruction No. 7**

<u>Impeachment by Prior Inconsistent Statements</u>[7] [As needed]

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

---

[7] Sand et al., 4 Modern Federal Jury Instructions-Civil, Ch. 76.01, Instruction 76-5 (2022); *see also* Fed. R. Evid. 801(d)(2).

10

**Instruction No. 8**

Inference from a Witness's Assertion of
Privilege Against Self-Incrimination[8]

In this trial, you have heard Jeffrey Kuan, Kanav Kariya, and William DiSomma decline to answer certain questions on the grounds of their Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the Defendants.

In addition, if a non-party invokes his or her Fifth Amendment privilege against testifying, you may draw an inference that the testimony would have been unfavorable to one or more Defendants if the witness and the Defendants had a close personal or financial relationship, or the witness played a key role in the alleged events and the interests of the witness and Defendants are aligned.

Any inference you may draw should be based on all of the facts and circumstances in this case as you may find them.

---

[8] Sand et al., 4 Modern Federal Jury Instructions-Civil Ch. 75.01, Instruction 75-5 (2023); *SEC v. Millan*, No. 1:20-Civ-06575, 2020 WL 5898769, at *3 (S.D.N.Y. Oct. 5, 2020) (CM); *LiButti v. U.S.,* 107 F.3d 110, 123 (2d Cir. 1997).

**Instruction No. 9**

Admissions[9]

You have heard evidence at the trial of statements made by Defendants before the trial, including statements made during the SEC's investigation, testimony at depositions, and statements made in documents, such as emails.

You may consider the prior statements of the Defendants or their agents as admissions, which mean that such statements are affirmative evidence of the truth of what the Defendants or their agents had said before the trial.

As with other witnesses, you may also consider the prior statements of the Defendants or their agents before the trial if inconsistent with their trial testimony in deciding what weight, if any, to give to their trial testimony.

---

[9] *SEC v. Dean et al*, 1:17-Civ-00139-GHW (S.D.N.Y. June 19, 2019) at ECF No. 185 (transcript of jury instructions given by the Hon. Gregory H. Woods) 1463:21-24; *SEC v. American Growth Funding II, LLC et al,* 1:16-Civ-00828 (S.D.N.Y. May 14, 2019) at ECF No. 299 (transcript of jury instructions given by the Hon. Kimba M. Wood) 1183:18-23; *SEC v. Wyly*, 1:10-Civ-5760-JPO (S.D.N.Y. May 7, 2014) at ECF No. 377 (transcript of jury instructions given by the Hon. Shira A. Scheindlin) 3231:08-19.

**Instruction No. 10**

Adverse Inference from Missing Defendant[10]

Defendant Do Hyeong Kwon ("Kwon") was mentioned at trial but did not testify. Prior to trial, the SEC notified Defendants that the SEC intended to call Kwon as a witness at trial, but he did not appear to testify. You may, but are not required to, assume that Kwon's testimony would have been unfavorable to Defendants Kwon and Terraform Labs PTE Ltd.

---

[10] 7th Cir. Pattern Jury Instruction 1.19; *see also United States v. Torres*, 845 F.2d 1165, 1169 (2nd Cir. 1988).

**Instruction No. 11**

<u>Expert Testimony—Generally</u>[11]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

[11] Sand et al. 4 Modern Federal Jury Instructions-Civil, Ch. 76.01, Instruction 76-9 (2023); *United States v. Simon*, 425 F.2d 796, 806 (2d Cir. 1969).

**Instruction No. 12**

<u>Stipulations of Fact</u>[12]

You have heard that the parties have stipulated to certain facts. A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

---

[12] Sand et al., 4 Modern Federal Jury Instructions-Civil, Ch. 74.02, Instruction 74-4 (2023).

**Instruction No. 13**

<u>Judicial Notice</u>[13]

I have accepted as proven the following facts:

1. Around December 2020, Defendants developed and launched a platform allowing LUNA holders to create a "wrapped" version of LUNA, known as wLUNA, that could be traded on non-Terraform blockchains, but was otherwise identical to LUNA.[14]

2. Beginning in 2018 and continuing through 2022, Defendants offered and sold LUNA to the public through intermediaries, including Jump, and directly to secondary market purchasers on Binance and other crypto trading platforms.[15]

You must accept these facts as true for purposes of this case.

---

[13] 3 Fed. Jury Prac. & Instr. § 102:20 (6th ed.); *see also* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

[14] *SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *2 n.2 (S.D.N.Y. Dec. 28, 2023).

[15] *Id.* at *15-16.

**Instruction No. 14**

<u>Use of Charts and Summary Exhibits</u>[16]

Various charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence. Those charts and summaries are no better than the evidence on which they are based. Therefore, you are to give no greater consideration to the charts and summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts and summaries correctly present the information on which they are based.

---

[16] *SEC v. Lek Sec. Corp*., 1:17-Civ-01789-DLC (S.D.N.Y. Oct. 21, 2019) at ECF No. 556 (transcript of jury instructions given by the Hon. Sidney H. Stein assisting the Hon. Denise L. Cote) 2612:04-12; *SEC v. Dean, et al*, 1:17-Civ-00139-GHW (S.D.N.Y. June 19, 2019) at ECF No. 185 (transcript of jury instructions given by the Hon. Gregory H. Woods) 1464:03-07; *SEC v. American Growth Funding II, LLC et al,* 1:16-Civ-00828  (S.D.N.Y. May 14, 2019) at ECF No. 299 (transcript of jury instructions given by the Hon. Kimba M. Wood) 1184:22-1185:05 (Power Points); *SEC v. Wyly*, 1:10-Civ-5760-JPO (S.D.N.Y. May 7, 2014) at ECF No. 377 (transcript of jury instructions given by the Hon. Shira A. Scheindlin) 3236:21-3237:08.

**Instruction No. 15**

Transcripts of Recordings[17]

Audio recordings of conversations have been admitted into evidence. This is proper for you to consider.

The SEC has been permitted to hand out typed documents which it prepared, containing the parties' interpretation of what appears on the recordings that have been received as evidence. Those were given to you only as an aid or guide to assist you in listening to the recordings.

While the parties have agreed that those transcripts are accurate reflections of statements made in the recordings, you should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than what appeared on the transcript, then what you heard is controlling. It is the recording that is evidence—not the transcript.

---

[17] The charge of Judge Gregory H. Woods in *United States v. Russell*, No. 16-Cr.-396 (S.D.N.Y. Aug. 23, 2018) 607:10-25; *see also* 7th Cir. Pattern Jury Instruction 2.07.

**Instruction No. 16**

<u>Translations</u>[18]

You saw documents in the Korean and Montenegrin language during this trial.

You must only consider evidence provided through the certified official translations. It is important that all jurors consider the same evidence. So even if some of you know Korean and Montenegrin, you must accept the English translation provided and disregard any different meanings.

---

[18] 11th Cir. Pattern Jury Instruction 1.3.

**Instruction No. 17**

<u>Use of Depositions at Trial</u>[19] [As needed]

You have heard references to depositions, and portions of depositions have been read to you during the trial. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

[19] Sand et al., 4 Modern Federal Jury Instructions-Civil, Ch. 74.07, Instruction 74-14 (2023) (First sentence added for clarity).

**Instruction No. 18**

Use of Interrogatories at Trial[20] [As needed]

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case. If a Defendant invoked their Fifth Amendment right in response to an interrogatory question, you may, as I described above, infer that the answer would have been adverse to the Defendant's interests.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

---

[20] Sand et al, 4 Modern Federal Jury Instructions-Civil, Ch. 74.07, Instruction 74-13 (2023) (Fifth sentence added).

## II.    LIABILITY

### Instruction No. 19

Securities Fraud: Statutory Purpose[21]

I will now turn to the law that applies to the specific claims in this case.

The SEC alleges that the Defendants engaged in conduct that violated certain federal statutes and a federal rule that the SEC has adopted under that statute. A statute is legislation that the United States Congress has enacted. The statutes at issue in this case are the Securities Act of 1933, which I will refer to as the "Securities Act," and the Securities Exchange Act of 1934, which I will refer to as the "Exchange Act."

I shall briefly discuss the history and purpose of this statute to provide you with a better understanding of its purpose. The Securities Act and Exchange Act were two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed. I shall briefly discuss its history and purpose to provide you with a better understanding of the entire legislative scheme.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act, to protect the investing public, and the creation of the SEC. The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Securities Act requires full and fair disclosure

---

[21] The charge of Judge Gregory H. Woods in *United States v. Pizzaro*, No. 16 Cr. 54 (S.D.N.Y. June 12, 2017); the charge of Judge D.R. Hurley in *SEC v. Knight*, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014); the charge of S.A. Scheindlin in *SEC v. Wyly*, No. 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge L. Swain in *SEC v. O'Meally*, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011); *Lorenzo v. SEC*, 139 S.Ct. 1094, 1104 (2019); *SEC v. Zandford*, 535 U.S. 813, 821-22 (2002) ("preserving the integrity of the securities markets was one of the purposes animating" the Exchange Act, as was the intent "to bar deceptive devices and contrivances in the purchase or sale of securities whether conducted in the organized markets or face to face") (quotation and citation omitted).

of all important facts so that the investing public can make informed investment decisions. When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store in that the average investor is not in a position to make a personal investigation to determine the worth, quality and value of securities.

Following enactment of the Securities Act, Congress passed the Exchange Act, to ensure fair dealing and to outlaw deceptive and inequitable practices by those who sell or buy securities. Among the primary objectives of the Exchange Act is the maintenance of fair and honest securities markets. The statute and rules under it are designed to support investor expectations that the securities markets are free from fraud and to prevent a wide variety of devices and schemes that are contrary to a climate of fair dealing. Congress recognized that any deceptive or manipulative practice that influenced or related to trading activity undermined the function and purpose of a free market and the integrity of securities transactions.

In passing this law, Congress allowed the SEC to establish, in the public interest and for the protection of investors, rules and regulations prohibiting certain conduct in the offering, purchase or sale of securities. These rules have the effect of law and you should treat them as such.

The anti-fraud provisions of the Securities Act, of the Exchange Act, and of the Rules established thereunder, are designed to control and remedy schemes to defraud. The particular sections of the Securities Act and of the Exchange Act charged in this case are designed to protect investors by requiring full and truthful disclosure of all important facts in connection with the purchase and sale of securities, to prevent investors from being victimized by fraud. If the SEC believes that a person or company has violated the securities laws, it is authorized to bring a lawsuit against that person or company.

**Instruction No. 20**

<u>Liability</u>[22]

We now turn to the specific claim brought by the SEC against the Defendants. In assessing the claim against the Defendants, you must determine, in accordance with my instructions, whether the SEC has proved each of the essential elements of that claim by a preponderance of the credible evidence. This is known as establishing "liability." If you find liability against a given defendant on the claim, then the Court will determine what money or other relief should be awarded to the SEC on that claim. The determination of such relief is for the Court and should not play any part in your deliberations.

---

[22] The Court's Instructions of Law to the Jury in *SEC v. Payton et al.*, 1:14-Civ-4644 (JSR) (attached as Ex. 1); *see also* the Court's Instructions of Law to the Jury in *SEC v. Stoker*, 1:11-Civ-7388 (JSR) (attached as Ex. 2); the Court's Instructions of Law to the Jury in *SEC v. Fontanetta*, No. 08-Civ-5110 (JSR) (attached as Ex. 3); and, the Court's Instructions of Law to the Jury in *SEC v. Castaldo, et al.*, No. 08-Civ-8397 (JSR) (attached as Ex. 4).

**Instruction No. 21**

<u>Overview of Violations Charged</u>

The SEC charges that the Defendants violated the federal securities laws. Consider each claim separately, as if each claim had been tried separately.

I will instruct you first on the Rule 10b-5 claims. The SEC charges the Defendants with fraud in connection with the purchase and sale of securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5(a), (b), and (c).

I will instruct you second on the Section 17(a) claims. The SEC charges the Defendants with fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act.

I will instruct you third on the Section 20(a) claim, known as the control person claim. The SEC charges the Defendant, Do Hyeong Kwon, with directly or indirectly controlling Terraform and, in violation of Section 20(a) of the Exchange Act, being a culpable participant in Terraform's violations of Exchange Act Section 10(b) and Rule 10b-5.

I will now instruct you about the law you are to apply in order to determine whether the SEC has proven its claims.

**Instruction No. 22**

Section 10(b) and Rule 10b-5 Claims—Elements[23]

The SEC must prove by a preponderance of the evidence that the Defendants knowingly

or with reckless disregard directly or indirectly engaged in a form of deceptive conduct or

statements in connection with the purchase or sale of a security.

I instruct you as a matter of law that UST, LUNA, and wLUNA are securities.

I will now explain each of these elements in more detail.

---

[23] 17 C.F.R. §240.10b-5; Sand et al., 4 Modern Federal Jury Instructions-Civil Ch. 82.02,
Instruction 82-3 (2023); 11th Cir. Pattern Jury Instructions, §§ 6.1, 6.2, and 6.4 (2022).

**Instruction No. 23**

Section 10(b) and Rule 10b-5(a), (b), and (c) Claims — Elements

The SEC must prove that the Defendants directly or indirectly engaged in any one of three types of fraudulent conduct:

(a) employed a device, scheme, or artifice to defraud (called a Rule 10b-5(a) claim); or

(b) made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; (called a Rule 10b-5(b) claim); or

(c) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person (called a Rule 10b-5(c) claim).

It is not necessary for the SEC to establish all three types of unlawful conduct. If you find that a particular Defendant's conduct fits into any one of these categories, then the SEC has satisfied this element. Conduct may fit more than one category. I am now going to give you further instructions on these terms.

Section 10(b) and Rule 10b-5(a) and (c)

The SEC alleges that the Defendants violated Rule 10b-5(a) and (c) in a number of ways by: disseminating countless misrepresentations to investors, potential investors, and the public that Chai was processing and settling transactions on the Terra blockchain; falsely recording Chai transactions onto the Terraform blockchain to make it appear as if they were processed and settled on the blockchain; disseminating false and misleading statements to investors, potential investors, and the public suggesting that the algorithm alone had caused UST's repeg to the U.S. dollar in May 2021; and, secretly making a deal with Jump to step in and undertake efforts to

27

restore UST's peg to the U.S. dollar in May 2021. You may find that all, some, or none of these acts violated Rule 10b-5(a) and (c).[24]

A "device, scheme, or artifice to defraud" describes the variety of ways in which a person may accomplish a fraudulent objective. A "device"' is something that is "devised, formed by design." A "scheme" is a "project, plan or program of something to be done." An 'artifice' is "an artful stratagem or trick." Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others by deception or false impression.

The words 'act,' 'practice,' and 'course of business' are similarly expansive. The word "would" as in "would operate as a fraud or deceit upon any person" means that the acts or practices need not have succeeded in defrauding someone.

While false and misleading statements can form part of a liability claim under a Rule 10b-5(a) and (c) claim, such a claim requires something beyond misstatements and omissions, such as dissemination.[25]

---

[24] *Lorenzo v. SEC*, 139 S.Ct. 1094, 1101 (2019) (defining device, scheme and artifice); *SEC v. Rio Tinto PLC*, 41 F.4th 47, 55 (2d Cir. 2022); 11th Cir. Pattern Jury Instruction 6.1; the charge of Judge Gregory H. Woods in *SEC v. Dean*, 17-Civ-139, (S.D.N.Y. June 19, 2019); the charge of Judge Kimba M. Wood in *SEC v. American Growth Funding II, LLC et al*, 1:16-Civ-00828 (S.D.N.Y. May 14, 2019); the charge of Judge D.R. Hurley in *SEC v. Knight*, No. 04-Civ-4057 (E.D.N.Y. Oct 14, 2014); the charge of Judge K.B. Forrest in *SEC v. Tourre*, No. 10-Civ-3229 (S.D.N.Y. July 31, 2013).
[25] *SEC v. Rio Tinto plc*, 41 F.4th 47, 54 (2d Cir. 2022).

## Instruction No. 24

### Rule 10b-5(b) Claim

The SEC alleges that the Defendants violated Rule 10b-5(b) in a number of ways including by: making countless misrepresentations to investors, potential investors, and the public that Chai was processing and settling transactions on the Terra blockchain; making false and misleading statements to investors, potential investors, and the public that UST's algorithm alone had successfully caused UST to re-peg to the U.S. dollar in May 2021; and, omitting in statements to investors, potential investors, and the public Jump's role in the efforts to restore UST's peg to the U.S. dollar in May 2021. You may find that all, some, or none of these acts violated Rule 10b-5(b).

The SEC must establish that the Defendants directly or indirectly made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances. However, while it is only necessary for the SEC to prove one material misrepresentation or omission, you must all be unanimous in agreeing that this particular misrepresentation or omission was misleading and material.[26]

"Making" a statement simply means to utter it, for an oral statement. For a written statement, the "maker" of a statement is the person who takes credit for what is ultimately said in the written document. Evidence that a person's name features prominently on a document, that the document has a person's signature, or that a document identifies a person's contributions to it, is evidence that that person is the maker of the statements in the document. A statement can

---

[26] The Court's Instructions of Law to the Jury in *SEC v. Stoker,* 1:11-Civ-7388 (JSR) (attached as Ex. 2).

have more than one "maker." Thus, if one person drafts or directs the content of the statement, and someone else has authority over the contents or delivery of the statement to the investor, both he and the person to whom the statements are attributed can be the "maker" of the statement.[27]

In determining whether the Defendants made false or misleading statements, you may find that statements of half-truths, or statements that omit important facts, are deceptive under Section 10(b) and Rule 10b-5(b) even if the spoken or written words were literally true. When a company or person speaks on an issue or topic, they have the duty to tell the whole truth.[28] The deception need not be based on spoken or written words alone. The circumstances in which the statements are made may make literally accurate statements false or deceptive.[29]

You must also determine whether the fact misstated or omitted was "material" under the circumstances. A fact is "material" if there is a substantial likelihood that a reasonable person would have considered it important in deciding whether to buy Terraform securities, including UST, LUNA, and wLUNA.[30] It is not necessary that the information be of such importance that it would actually cause an investor to change his or her mind about whether to invest in those securities or to have made a different purchasing decision if there had been no allegedly false or

---

[27] *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142-44 (2011); *Lorenzo v. SEC,* 872 F.3d 578 (D.C. Cir. 2017); *SEC v. Pentagon Capital Mgmt*., 725 F.3d 279, 286-87 (2d Cir. 2013*); Glickenhaus & Co. v. Household Int'l, Inc*., 787 F.3d 408, 426 (7th Cir. 2015); *In re Puda Coal Secs. Inc. Litig*., 30 F.Supp.3d 261, 267 (S.D.N.Y. 2014).

[28] *In re Vivendi, S.A.Sec. Litig*., 838 F.3d 223, 258 (2d Cir. 2016) (quoting *Meyer v. Jinkosolar Holdings Co., Ltd.,* 761 F.3d 245, 250 (2d Cir. 2014)).

[29] *Kleinman v. Elan Corp., plc,* 706 F.3d 145, 153 (2d Cir. 2013*)* (quoting *McMahan & Co. v. Wherehouse Entm't, Inc*., 900 F.2d 576, 579 (2d Cir. 1990)).

[30] *SEC v. StratoComm Corp*., 652 F. App'x 35, 37 (2d Cir. 2016).

misleading statements.[31] The SEC does not need to prove that any investor actually relied on any false or misleading statement or that they caused any investor to lose money. The SEC is only required to show that there is a substantial likelihood that a reasonable investor would have considered the misstatement or omission important in making his or her investment decision.

Because the law forbids the making of material misrepresentations or material omissions, it does not matter whether the person to whom they were made was sophisticated or unsophisticated.[32]

---

[31] *United States v. Gramins*, 939 F.3d 429, 445 (2d Cir. 2019); *SEC v. Rinfret*, No.19-Civ-6037 (AJN), 2020 WL 6559411, at *4 (S.D.N.Y. Nov. 9, 2020); *SEC v. Hurgin*, 484 F.Supp.3d 98, 110 (S.D.N.Y. Sept. 4, 2020); *Basic Inc. v. Levinson*, 485 U.S. 224, 240 (1988).
[32] Sand et al., 4 Modern Federal Jury Instructions-Civil Ch. 82.02, Instruction 82-4 (2023).

Instruction No. 25

Rule 10b-5 Claim

The SEC must establish by a preponderance of the evidence that the Defendants'

deceptive conduct or statements were in connection with the purchase or sale of any security.

The "in connection with" requirement is satisfied if you find that there was some relation

between the Defendants' deceptive conduct or statements and the purchase or sale of UST,

LUNA, or wLUNA.[33] You need not find that the Defendants actually participated in any

securities transaction.[34]

---

[33] *SEC v. Aly*, No. 16-Civ-3853 (PGG), 2018 WL 1581986, at *24 (S.D.N.Y. March 27, 2018) ("A statement or omission is 'in connection with' the purchase or sale of a security for the purposes of Section 10(b) of the Exchange Act 'if it "somehow touches upon" or has "some nexus" with "any securities transaction"'(citation omitted)); *see also Superintendent of Ins. of State of N.Y. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 12-13 (1971) ("The crux of the present case is that Manhattan suffered an injury as a result of deceptive practices touching its sale of securities as an investor."). *McGee v. SEC*, 733 F.App'x. 571, 575 (2d Cir. 2018) ("The omission or representation need only 'coincide' with the purchase or sale of a security to satisfy the 'in connection with' requirement.") (citing *SEC v. Zandford*, 535 U.S. 813, 819 (2002)); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) ("Under our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else."), *quoted in*, *SEC v. Sugarman,* No. 19-cv-5998, 2020 WL 5819848, at *8 (S.D.N.Y. Sept. 30, 2020).
[34] *SEC v. Norstra Energy Inc*., 202 F.Supp.3d 391, 397 (S.D.N.Y. 2016) ("A statement can be made 'in connection with' the purchase or sale of a security even if the violator does not actually own the securities or engage in the relevant securities transactions.") (citing *SEC v. Texas Gulf Sulphur Co*., 401 F.2d 833, 860-61 (2d Cir.1968)).

**Instruction No. 26**

Rule 10b-5 Claim— Scienter[35]

The SEC must establish by a preponderance of the evidence that the Defendants acted with "scienter." Acting with scienter means acting either with the "intent to defraud," "knowingly," or with "reckless disregard for the truth." The question of whether a person acted with scienter is a question of fact for you to determine, like any other fact question. You should assess the particular Defendant's state of mind at the time a false or misleading statement was made in violation of Rule 10b-5(b), or when they engaged in deceptive conduct in violation of Rule 10b-5(a) and (c), rather than with the benefit of hindsight.

"Intent to defraud," in the context of the securities laws, means to act knowingly and with the intent to deceive. A person acts "knowingly" when he acts intentionally and deliberately, rather than mistakenly or inadvertently. For example, representing information as true while knowing it is not true supports a conclusion of scienter.[36]

A person acts "recklessly" when he engages in conduct that represents an extreme departure from the standards of ordinary care, such that the risk of misleading investors was either known to the Defendants or so obvious that the Defendants must have been aware of it. In the context of the securities laws, a person can also act recklessly if he makes a false statement with reckless disregard for whether that statement is true or false, if he acts with disregard of a danger of misleading investors that an ordinary person under the circumstances would have seen

---

[35] *Herman & Maclean v. Huddleston*, 459 U.S. 375, 390 n. 30 (1983); *SEC v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998); *SEC v. Wey*, 246 F.Supp.3d 894, 912 (S.D.N.Y. 2017); *see also* the charge of Judge Gregory H. Woods in *SEC v. Dean*, 17-Civ-139, (S.D.N.Y. June 19, 2019); the charge of Judge P.G. Gardephe in *SEC v. Reserve Mgm't Co*., No. 09-Civ-4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge S.A. Scheindlin in *SEC v. Wyly*, 10-Civ-5760 (S.D.N.Y. May 7, 2014).
[36] *SEC v. Constantin*, 939 F.Supp.2d 288, 308 (S.D.N.Y. 2013).

as an obvious one, or, in the case of a misleading statement, makes a statement with reckless disregard for the material nature of that omission.

A person's knowing intent to defraud or reckless disregard for the truth may be established through direct or circumstantial evidence, including evidence of the person's motive, opportunity,[37] words, conduct, and acts; the surrounding circumstances; and the rational or logical inferences that may be drawn therefrom. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The fact that a particular Defendant did not intend to harm investors does not necessarily negate a finding of intent to deceive or reckless disregard for the truth.

---

[37] *See, e.g., In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 268–69 (2d Cir. 1993); *Rothman v. Gregor*, 220 F.3d 81, 92-94 (2d Cir. 2000).

**Instruction No. 27**

Section 10(b) and Rule 10b-5(b)—Use of Instrumentality of Interstate Commerce[38]

The third element that the SEC must prove is that the Defendant used an instrumentality of interstate commerce in furtherance of the scheme to defraud, misstatement, or fraudulent conduct.

"Instrumentality of interstate commerce" means the use of the mails, telephone, Internet, email, or some other form of electronic communication, or an interstate delivery system such as Federal Express or UPS.

It is not necessary that a particular Defendant be directly or personally involved in the use of the instrumentality of interstate commerce. If the particular Defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of the instrumentality of interstate commerce, then you may find that the SEC has met this element.

It is not necessary that the items sent through the instrumentality of interstate commerce contain the fraudulent material, or anything objectionable. The matter mailed may be entirely innocent.

The use of the instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that it bear some relation to the object of the scheme or fraudulent conduct.

---

[38] Sand et al., 4 Modern Federal Jury Instructions-Civil Ch. 82.01, Instruction 82-10 (2023) (with definition of Instrumentalities of interstate commerce from 11th Cir. Pattern Jury Instruction 6.1.).

**Instruction No. 28**

<u>Section 17(a) Claims</u>

The SEC claims that the Defendants violated Section 17(a) of the Securities Act. Section 17(a) of the Securities Act prohibits fraud in the offer or sale of securities. The SEC must prove by a preponderance of the evidence that the Defendants in the offer or sale of any securities and by the use of any instrumentality of interstate commerce:

(1) employed any device, scheme, or artifice to defraud (a 17(a)(1) claim); or

(2) obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading (a 17(a)(2) claim); or

(3) engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser (a 17(a)(3) claim).[39]

For purposes of its Section 17(a) claim, the SEC is relying on the same alleged conduct and misstatements or omissions that I described to you earlier in discussing the SEC's Section 10(b) and Rule 10b-5 claims.

---

[39] 15 U.S.C. § 77q(a).

36

**Instruction No. 29**

<u>Section 17(a) In the Offer or Sale</u>

While Section 10(b) applies to conduct in connection with the *purchase or sale* of securities, Section 17(a) applies to conduct *in the offer or sale of securities*. This means that to establish a violation of Section 17(a), the SEC must prove by a preponderance of the evidence that the deceptive conduct or statements occurred in the "offer or sale" of Terraform securities, including UST, LUNA, or wLUNA.

The phrase "offer or sale" is construed broadly, and proof of completed sales is not required for the SEC to prevail on a Section 17(a) claim.[40] An "offer" is every attempt or offer to dispose of, or solicitation of an offer to buy, a security.[41] In other words, an "offer" includes negotiations to sell securities,[42] publicity efforts that stimulate investor interest in the security,[43] or attempts to produce the sale by urging or persuading another to act.[44] In other words, the phrase "offer or sale" is expansive enough to encompass the entire selling process and does not require that the fraud occur in any particular phrase of the selling transaction.[45] In deciding whether the statements cited by the SEC were made "in the offer or sale" of Terraform securities, you may consider whether these statements were made to urge investors to invest in Terraform securities. No actual investment is required to find that a particular Defendant is liable for the Section 17(a) claim.

---

[40] *SEC v. Tambone,* 550 F.3d 106, 122 (1st Cir. 2008) *vacated en banc* 573 F.3d 54 (1st Cir. 2009), *and reinstated with respect to the Section 17(a) count*, 597 F.3d 436, 450 (1st Cir. 2010) (*en banc*); *see also* SEC v. Goldman Sachs & Co., 790 F.Supp.2d 147, 164 (S.D.N.Y. 2011).
[41] *SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998).
[42] *Id*.
[43] *SEC v. Norstra Energy Inc.,* 202 F.Supp.3d 391, 397 (S.D.N.Y 2016).
[44] *Meadows v. SEC*, 119 F.3d 1219, 1225 (5th Cir. 1997).
[45] *United States v. Naftalin*, 441 U.S. 768, 773 (1979).

**Instruction No. 30**

<u>Section 17(a)(1) Claims</u>

The SEC must prove by a preponderance of the evidence each of the following elements:

(1) that the particular Defendant in the offer or sale of any securities employed any

device, scheme, or artifice to defraud,

(2) with scienter,

(3)  and used or caused to be used the mails or an instrumentality of interstate commerce.

I have already instructed you on device, scheme, or artifice to defraud, scienter, and the

use of any instrumentality of commerce. Please refer back to my previous definition of those

terms.

**Instruction No. 31**

Section 17(a)(2) Claims

The SEC must prove by a preponderance of the evidence each of the following elements:

(1) that the particular Defendant in the offer or sale of any security directly or indirectly obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

(2) the particular Defendant acted negligently; and

(3) used or caused to be used the mails or an instrumentality of interstate commerce.

I have already instructed you on false and misleading statements and materiality. Please refer back to my previous definition of those terms.

In order to demonstrate that a particular Defendant obtained money or property "by means of" one or more materially misleading statements or omissions, the SEC need not prove that the particular Defendant himself made the statement or omission, but only that he or it used the statement or omission to obtain money or property.

To "obtain money or property" means to get or receive in some manner money or property. To satisfy this standard, the SEC must prove that a particular Defendant obtained money or property. For instance, it is sufficient for the SEC to allege that Do Hyeong Kwon obtained money or property for Terraform, his employer, while acting as its agent, or, alternatively, for the SEC to allege that Do Kwon personally obtained money indirectly from the fraud.[46] If you find that a particular Defendant obtained money or property, even indirectly, as the result of conduct concerning the SEC's Section 17(a)(2) claim, that is sufficient.

---

[46] *SEC v. Stoker*, 865 F.Supp.2d 457, 463 (S.D.N.Y. 2012) (JSR).

While it is only necessary for the SEC to prove one materially false or misleading statement, in order to find a particular Defendant liable under this provision, you must be unanimous as to which particular misstatement or omission you find was misleading and was used by a particular Defendant to obtain money or property.

Finally, to prevail on a Section 17(a)(2) claim, the SEC does not need to prove that a particular Defendant acted with scienter; rather, it is enough for the SEC to prove that a particular Defendant acted with negligence.[47] Negligence is the failure to use reasonable care, which is the degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.[48] I have already instructed you on scienter.

---

[47] *SEC v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1467 (2d Cir. 1996); *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999); *SEC v. Kelly*, 765 F.Supp.2d 301, 319 (S.D.N.Y. 2011).
[48] *SEC v. Wey*, 246 F.Supp.3d 894, 913 (S.D.N.Y. 2017).

**Instruction No. 32**

<u>Section 17(a)(3) Claims</u>

The SEC must prove by a preponderance of the evidence that the Defendants:

    (1) in the offer or sale of any security directly or indirectly engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

    (2) did so negligently, and

    (3)  used or caused to be used the mails or an instrumentality of interstate commerce.

    I have already instructed you on how to construe "transaction, practice, or course of business which operates or would operate as a fraud or deceit," negligence, and instrumentality of interstate commerce. Please refer back to my previous definition of those terms.

### Instruction No. 33

<u>Section 20(a)—Control Person Liability</u>

I have just described to you what the SEC must prove in order to demonstrate that a particular Defendant has committed a direct or "primary" violation in the context of the Section 10(b) and Rule 10b-5 claims and of the Section 17(a) claims. The SEC also alleges, however, that Defendant Do Hyeong Kwon is liable as a "control person" for Terraform's violations of Section 10(b) and Rule 10b-5 violations, under Section 20(a) of the Exchange Act. The SEC is alleging that Defendant Do Hyeong Kwon is liable for Terraform's violations because he "controlled" Terraform and was a culpable participant in its violations. Section 20(a) of the Exchange Act provides that "[e]very person who, directly or indirectly, controls any person liable" under Section 10(b) or Rule 10b-5 "shall also be liable . . . to the same extent as such controlled person . . . ."

A "person" for purposes of Section 20(a) includes a corporation such as Terraform.[49]

The SEC must prove, by a preponderance of the evidence, that:

(1) Terraform committed a violation of Section 10(b) and Rule 10b-5;

(2) Defendant Do Hyeong Kwon directly or indirectly controlled Terraform; and

(3) Defendant Do Hyeong Kwon was a culpable participant in the fraud perpetrated by Terraform.

I direct you as a matter of law that Do Hyeong Kwon directly or indirectly controlled Terraform.

---

[49] The charge of Judge Kimba M. Wood in *SEC v. American Growth Funding II, LLC et al*, No. 16-Civ-00828 (S.D.N.Y. May 14, 2019); the charge of Judge P.G. Gardephe in *SEC v. Reserve Mgm't Co*., No. 09-Civ-4346 (S.D.N.Y. Nov. 7, 2012); 15 U.S.C. § 78t(a); *Carpenters Pension Tr. Fund v. Barclays PLC*, 750 F.3d 227, 236 (2d Cir. 2014); *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998).

To establish that an individual Defendant was a "culpable participant" in a "primary" violation as previously defined, the SEC must prove that the individual Defendant acted with knowledge that—or should have known that—the corporation (Terraform) was engaging in fraudulent or deceptive conduct but did not take steps to prevent it.[50]

If you find that the SEC has proven that the Defendant Do Hyeong Kwon violated Section 20(a) then the burden is on the Defendant to prove that he acted in good faith and did not directly or indirectly induce Terraform's violation of Section 10(b) and Rule 10b-5.[51]

---

[50] *Burstyn v. Worldwide Xceed Grp., Inc*., No. 01-Civ-1125 (GEL), 2002 WL 31191741, at *8 (S.D.N.Y. Sept. 30, 2002) (cited in *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd*., 33 F.Supp.3d 401 (S.D.N.Y. 2014)).
[51] 15 U.S.C. § 78t(a*)*.

## III.   CONCLUDING INSTRUCTIONS

### Instruction No. 34

<u>Selection of the Foreperson; Right to See Exhibits and Hear Testimony;
Communications with the Court</u>[52]

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

---

[52] Charge by the Hon. Jed S. Rakoff in *SEC v. Payton et al*., 1:14-Civ-4644; *SEC v. Stoker*, 1:11-Civ-7388; *SEC v. Fontanetta*, No. 08-Civ-5110 (omitted "with an index" and "[Here, the Court Describes the verdict form]"); *SEC v. Castaldo, et al.,* No. 08-Civ-8397 (omitted "with an index" and "[Here, the Court Describes the verdict form]")

**Instruction No. 35**

Verdict; Need for Uniformity; Duty to Consult[53]

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to her or his opinion, each should exchange views with her or his fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes the instructions on the law.

---

[53] Charge by the Hon. Jed S. Rakoff in *SEC v. Payton et al.*, 1:14-Civ-4644 (attached as Ex. 2); *SEC v. Stoker*, 1:11-Civ-7388 (attached as Ex. 2); *SEC v. Fontanetta*, No. 08-Civ-5110 (attached as Ex. 3); *SEC v. Castaldo, et al.*, No. 08-Civ-8397 (attached as Ex. 4).

**<u>VERDICT FORM</u>**

**Please answer Questions 1-3.**

1.    (FIRST CLAIM) Did Defendant Terraform Labs PTE Ltd. ("Terraform") and/or Do Hyeong Kwon ("Do Kwon") violate **Section 17(a)(1)** of the Securities Act?

    a.  Terraform:

      Yes   _____         No   _____

    b.  Do Kwon:

      Yes   _____         No   _____

2.    (FIRST CLAIM) Did Defendant Terraform and/or Do Kwon violate **Section 17(a)(2) or Section 17(a)(3)** of the Securities Act?

    a.  Terraform:

      Yes   _____         No   _____

    b.  Do Kwon:

      Yes   _____         No   _____

3.    (SECOND CLAIM) Did Defendant Terraform and/or Do Kwon violate **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

    a.  Terraform:

      Yes   _____         No   _____

    b.  Do Kwon:

      Yes   _____         No   _____

**If you answered <u>yes</u> to Question 3(a) then please answer Questions 4.**

4.      (THIRD CLAIM) Was Defendant Do Kwon a culpable participant in Terraform's violation of Section 10(b) of the Exchange Act and Rule 10b-5?

Yes      _____                    No      _____

**<u>SIGN AND DATE THE VERDICT</u>**:

So say we all, this _____ day of April, 2024.

_____
Signature of Foreperson

_____
Name of Foreperson