# EXHIBIT 1

Case 1:23-cv-01346-JSR Document 203-1 Filed 03/18/24 Page 2 of 18
Case 1:14-cv-04644-JSR Document 133 Filed 03/01/16 Page 1 of 16

Ct-Ex. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION :
                                    :           14-cv-4644 (JSR)
            Plaintiff,              :
                                    :
        v.                          :
                                    :
DARYL M. PAYTON and                 :
BENJAMIN DURANT III,                :
                                    :
            Defendants.             :
------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/16

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1.   Duty of the Court

2.   Duty of the Jury

3.   Duty of Impartiality

4.   Burden of Proof

5.   Direct and Circumstantial Evidence

6.   Witness Credibility

## II. LIABILITY

7.   Liability in General

8.   The Claim of Insider Trading

## III. CONCLUDING INSTRUCTIONS

9.   Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

10.  Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person, or any document in evidence, has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts that were placed in evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of its claim as to each party against whom it is making the claim. In this case, the party making a claim, or the plaintiff, is the Securities and Exchange Commission, also referred to as the "SEC." Its claim of insider trading is being made against each of two defendants, Daryl Payton and Benjamin Durant III. Therefore, in order for the SEC to prevail against a given defendant, the SEC must prove as to that defendant each of the essential elements of insider trading by a preponderance of the credible evidence. "Credible" evidence means evidence you find worthy of belief, and could include testimony, exhibits, or other evidence. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true. A preponderance of the evidence does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 6

Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

8

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## II. LIABILITY

### INSTRUCTION NO. 7

### Liability in General

With these preliminary instructions in mind, we now turn to the specific claim brought by the SEC against the defendants. In assessing the claim against the defendants, you must determine, in accordance with my instructions, whether the SEC has proved each of the essential elements of that claim by a preponderance of the credible evidence. This is known as establishing "liability." If you find liability against a given defendant on the claim, then the Court will determine what money or other relief should be awarded to the SEC on that claim. The determination of such relief is for the Court and should not play any part in your deliberations.

INSTRUCTION NO. 8

The Claim of Insider Trading

The SEC brings a single claim of insider trading against each of the defendants, Daryl Payton and Benjamin Durant, III. Specifically, the SEC claims that each of the defendants bought securities on the basis of material nonpublic information about the pending acquisition of SPSS by IBM that they knew or should have known was obtained improperly. It is undisputed that this was material nonpublic information. ("Nonpublic" means information that was confidential, rather than publicly available. "Material" means information that a reasonable investor would consider significant when deciding whether to buy SPSS securities.) It is also undisputed that each of the defendants purchased securities (in one form or another) on the basis of this material nonpublic information. What is in dispute is what a given defendant knew or had reason to know about the nature of the information and, especially, about how this inside information was originally obtained. Specifically, to prove its claim against a given defendant, the SEC must prove as to that defendant each of the following five elements by a preponderance of the evidence:

First, that Trent Martin owed a duty of trust and confidence to the original source of the material, non-public information, namely, Michael Dallas;

Second, that Trent Martin breached that duty by disclosing that information to Thomas Conradt;

Third, that Trent Martin received a personal benefit of consequence from disclosing the information to Conradt.

"Personal benefit" is broadly defined to include not only monetary gain, but also, among other things, the benefit one would obtain from simply making a gift of confidential information

11

to a trading friend. However, a personal benefit may be inferred from a personal relationship between Martin and Conradt only if there is proof that they had a meaningfully close personal relationship that generated an exchange that was objective, consequential, and represented at least a potential gain to Martin of a pecuniary or similarly valuable nature. In other words, the SEC may not prove the receipt of a personal benefit by the mere fact of a friendship, particularly of a casual or social nature. Instead, the SEC must prove a relationship between Martin and Conradt that supports the conclusion that the information was given in return for Martin's receiving something from Conradt or that Martin in giving the information had an intention to benefit Conradt.

Fourth, that Conradt provided the material nonpublic information to the defendant you are considering; and

Fifth, that the defendant you are considering knew or had reason to know at the time he traded on the basis of the information that: the information was nonpublic, Martin had disclosed this information to Conradt in breach of a duty of trust and confidence, and Martin did so in exchange for a personal benefit.

In regard to knowledge of the personal benefit, the defendant you are considering need not have known the specific details of the benefit as long as he knew or had reason to know that a benefit was provided. Also, this requirement can be satisfied if you find that the defendant you are considering was aware of a high probability that someone had improperly disclosed the inside information to Conradt for personal benefit, and that the defendant, not actually believing otherwise, deliberately avoided learning the truth. However, it is not sufficient that the defendant you are considering was merely negligent in finding out a fact, but rather you must find that he

12

purposely blinded himself to obtaining actual knowledge of an obvious fact because he had a conscious purpose to avoid learning the truth.

If the SEC proves each of these elements, by a preponderance of the evidence, as to a given defendant, you should find that defendant liable. If the SEC fails to prove one or more of these elements as to a given defendant, you should find that defendant not liable.

13

## III.  CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 9

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict.  In addition, we will send into the jury room all of the exhibits that were admitted into evidence.  If you want any of the testimony, that can also be provided, either in transcript or read-back form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

14

## INSTRUCTION NO. 10

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation— to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.

2/29/16

To the Jury,

Thank you for your latest note asking for clarification regarding the part of the instruction on the fifth element that states, in part, that "this requirement can be satisfied if you find that the defendant you are considering was aware of a high probability that someone had improperly disclosed the inside information to Conradt for personal benefit." The term "high probability" does not refer to a mathematical determination, but rather to a high likelihood in the everyday sense. Moreover, what this instruction is concerned with is what someone in a given defendant's position would have understood. So, based on all the facts and circumstances now before you, you should determine whether it was more likely than not that someone in the position of either or both of the defendants would have purposely chosen not to inquire into the circumstances of the information they were receiving from Conradt because they realized that, if they did so, there was a high likelihood that they would learn that someone had improperly disclosed inside information to Conradt for that person's personal benefit.

    Judge Rakoff