# EXHIBIT 3

Court Ex. A
9/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,    :

                    Plaintiff,    :

              -v-    :           08 Civ. 5110 (JSR)

                                              :

JOSEPH A. FONTANETTA,    :

              Defendant.    :

------------------------------------------------------------------- x

# 90

10/29/09

U.S. DISTRICT COURT
FILED
FEB 0 3 2010
D.S.
S.D. OF N.Y.

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## I.  GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

#### Duty of the Court

We are now approaching the most important part of this case, your deliberations.  You have heard all of the evidence in the case, as well as the final arguments of the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

1

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, and if you need to review particular items of testimony we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the parties have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were admitted into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was <u>not</u> received in evidence.

2

More generally, you should be careful not to speculate about matters not in evidence. Rather, your focus should be entirely on assessing the evidence that was presented, and not on speculating as to what other evidence, if any, might or might not have been obtained.

It is the duty of a party to object when another party offers testimony or other evidence that the objecting party believes is not properly admissible. The parties also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any party because the party objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties, whether individuals or entities, are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

4

INSTRUCTION NO. 4

Burden of Proof

The plaintiff here, the Securities and Exchange Commission (the "SEC"), is suing the defendant, Joseph A. Fontanetta, for alleged violation of the federal securities laws.  The SEC has what is called the "burden of proof," which is the burden of proving each of the essential elements of that claim.

To prevail on a given claim, the SEC must prove the essential elements of that claim by a preponderance of the credible evidence.  "Credible" evidence means evidence you find worthy of belief.  To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true.

When assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses or how much time one party or another spent on that claim during the trial.  The focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. You may also draw what are called adverse inferences. For example, if you find that a party or witness sought to conceal certain facts, you may infer that the true facts were what the party sought to conceal. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

6

## INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he

7

or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.

## II. LIABILITY

## INSTRUCTION NO. 7

## Liability in General

Let us now turn to the specific claim brought by the SEC against the defendant.  In assessing the claim against the defendant, you must determine, in accordance with my instructions, whether the SEC has proved the essential elements of that claim by a preponderance of the credible evidence.  This is known as establishing "liability."  If you find liability against a the defendant on the claim, then, and only then, will the Court determine what money or other relief should be awarded to the SEC on that claim.  The determination of such relief is for the Court and should not play any part in your deliberations.

9

INSTRUCTION NO. 8

Plaintiff's Claim Against Defendant Joseph Fontanetta

There is only one charge in this case.  Joseph Fontanetta is charged with providing Burr McKeehan with material nonpublic information relating to the impending sale of Animas Corp. to Johnson & Johnson in a manner that violates federal laws.  The parties agree that Mr. Fontanetta told Dr. McKeehan that Animas was soon to be sold, so the real questions are whether this was material nonpublic information and whether Mr. Fontanetta passed on this information under circumstances that made it unlawful.

Specifically, to prove this violation, the SEC must prove by a preponderance of the credible evidence each of the following three elements:

first, that the information Mr. Fontanetta provided to Dr. McKeehan was nonpublic – that is to say, confidential rather than publicly available;

second, that the information was material, that is, information that a reasonable investor would consider significant when deciding whether to buy or sell Animas stock; and

third, that in providing the material nonpublic information to Dr. McKeehan, Mr. Fontanetta knew or recklessly disregarded either that the information had been obtained through a breach of confidentiality or that he himself was breaching a duty of confidentiality in passing the information to Dr. McKeehan.  Incidentally, "recklessly disregarded" means that the defendant consciously disregarded a high probability that he was breaching a duty of confidentiality.  Specifically, to establish the third element, the SEC must prove at least one of two alternatives (and, if you find that the SEC has proved just one of these alternatives, you must be unanimous as to that alternative).  The first alternative is for the SEC to prove that Mr. Fontanetta learned from Walter Greenfield that Animas was soon to be sold; that Mr. Fontanetta

knew or recklessly disregarded that Mr. Greenfield in passing on the information to Mr.

Fontanetta was breaching a duty of confidentiality Mr. Greenfield owed to his wife, Audrey

Greenfield, that is, the duty of married spouses to maintain each other's confidences; and that

Mr. Fontanetta nonetheless passed on this information to Dr. McKeehan.  The second alternative

is that when Mr. Fontanetta provided the information to Dr. McKeehan, Mr. Fontanetta himself

knowingly or recklessly breached a duty of confidentiality that he owed to Mr. Greenfield by

virtue of their having a history and implicit understanding of sharing but not disclosing

confidences.

11

### III.  CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 9

<u>Selection of Foreperson; Right to See Exhibits and Hear Testimony;</u>

<u>Communications with the Court</u>

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict.  In addition, we will send into the jury room all of the exhibits that were admitted into evidence, ~~along with an index~~.  If you want any of the testimony, that can also be provided, either in transcript or read-back form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with the parties, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

12

INSTRUCTION NO. 10

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to her or his opinion, each should exchange views with her or his fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.

13