EXHIBIT 4

Ct. Ex. 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                Plaintiff,                   :
                                             :
        -v-                                  :    08 Civ. 8397 (JSR)
                                             :
CHRISTOPHER CASTALDO, DANIEL JAMES           :
GALLAGHER, and VISION SECURITIES, INC.,      :
                                             :
                Defendants.                  :
------------------------------------------------------------ x

DOC # 46

U.S. DISTRICT COURT FILED JUL 23 2009 S.D. OF N.Y.

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Direct and Circumstantial Evidence

6. Witness Credibility

## II. LIABILITY

7. Liability in General

8. Plaintiff's Claims Against Defendant Castaldo Regarding Pricefish and Golden Pacific Railroad

9. Plaintiff's Claims Against All Defendants Relating to NanoDynamics

10. Plaintiff's Alternative Claim Against Defendant Castaldo Regarding NanoDynamics

## III. CONCLUDING INSTRUCTIONS

11. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications With the Court

12. Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference when you begin your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, and if you need to review particular items of testimony we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the parties have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard

2

about the contents of any exhibit that was <u>not</u> received in evidence.

More generally, you should be careful not to speculate about matters not in evidence. Rather, your focus should be entirely on assessing the evidence that was presented, and not on speculating as to what other evidence, if any, might or might not have been obtained.

It is the duty of a party to object when another party offers testimony or other evidence that the objecting party believes is not properly admissible. The parties also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any party because the party objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

3

# INSTRUCTION NO. 3

## Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties, whether individuals or entities, are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

### Burden of Proof

The plaintiff here, the Securities and Exchange Commission (the "SEC"), is suing the defendants, Christopher Castaldo, Daniel James Gallagher, and Vision Securities, Inc., for alleged violations of the federal securities laws. As to each of its claims, the SEC has what is called the "burden of proof," which is the burden of proving each of the essential elements of that claim.

To prevail on a given claim, the SEC must prove the essential elements of that claim by a preponderance of the credible evidence. "Credible" evidence means evidence you find worthy of belief. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true.

When assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses or how much time one party or another spent on that claim during the trial. The focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

7

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.

## II. LIABILITY

## INSTRUCTION NO. 7

### Liability in General

Let us now turn to the specific claims brought by the SEC against the defendants. In assessing any given claim against any given defendant, you must determine, in accordance with my instructions, whether the SEC has proved the essential elements of that claim by a preponderance of the credible evidence. This is known as establishing "liability." If you find liability against a given defendant on a given claim, then, and only then, will the Court determine what money or other relief should be paid by the defendant to the SEC on that claim. The determination of such relief is for the Court and should not play any part in your deliberations.

INSTRUCTION NO. 8

Plaintiff's Claims Against Defendant Castaldo Regarding Pricefish and Golden Pacific Railroad

The SEC's first two claims allege that defendant Christopher Castaldo acted as an unlicensed stockbroker with respect to investments made by one or more investors in, respectively, Pricefish, Inc. and Golden Pacific Railroad, Inc. The law of the United States generally prohibits a person from acting as a stockbroker unless he has a license from the government. It is undisputed that at all times relevant to this case, Mr. Castaldo did not have such a license. The SEC claims that, at some time between May 2005 and February 2007, defendant Castaldo nonetheless acted as a stockbroker with respect to investments that he procured in Pricefish and/or Golden Pacific Railroad. For this purpose, the SEC does not need to prove that Mr. Castaldo was aware that he was acting as a broker with respect to investments in Pricefish and/or Golden Pacific Railroad but only that he did in fact act as a broker with respect to investments in one or both of these companies.

A stockbroker is any person engaged in the business of "effecting transactions" in securities for the account of others. "Effecting transactions" can have different meanings in different contexts, but in the context of this case it comes down to this: the SEC, in order to establish Mr. Castaldo's liability for acting as an unlicensed stockbroker with respect to investments in Pricefish and/or Golden Pacific Railroad, must prove by a preponderance of the credible evidence two essential elements:

first, that Mr. Castaldo recommended to one or more investors that he or she invest in whichever company you are considering (Pricefish or Golden Pacific Railroad); and

second, that Mr. Castaldo then received compensation specifically for helping bring about

10

that person's investment in that company.

## INSTRUCTION NO. 9

### Plaintiff's Claims Against All Defendants Relating to NanoDynamics

The SEC's next three claims, which all relate to investments by one or more individual investors in NanoDynamics, Inc., are a little more complicated. Specifically, the SEC claims that Mr. Castaldo, in acting as an unlicensed broker to procure investments in NanoDynamics, did so in close, controlling association with defendant Vision Securities, Inc., and that Mr. Castaldo and the other defendant, Daniel Gallager, knowingly assisted in this activity.

To prove this claim <u>as to Vision Securities</u>, the SEC must prove two essential elements:

<u>first</u>, that Mr. Castaldo acted as an unlicensed broker with regard to investments in NanoDynamics (that is, that he recommended that one or more investors invest in that company and that he then received compensation specifically for helping bring about such investment); and

<u>second</u>, that Mr. Castaldo took such action in close, controlling association with Vision Securities, that is, that he acted, as least in part, at the direction of Vision Securities (through one or more of its employees) or that Vision Securities acted (through one or more of its employees), at least in part, at the direction of Mr. Castaldo in effectuating his unlicensed brokerage activity regarding NanoDynamics.

If the SEC proves both these elements by a preponderance of the credible evidence, that would be sufficient to establish this claim against the company, Vision Securities.

However, to establish this claim <u>as to Mr. Castaldo and/or Mr. Gallagher</u>, the SEC must <u>also</u> prove three additional elements:

<u>third</u>, that whichever defendant you are considering (Mr. Castaldo or Mr. Gallagher),

12

knew that Mr. Castaldo was acting as an unlicensed broker with respect to investments in NanoDynamics;

fourth, that that defendant knew that Mr. Castaldo was doing so in close, controlling association with Vision Securities (as defined above); and

fifth, that that defendant, knowing all this, knowingly took actions to help make Mr. Castaldo's unlicensed brokering of investments in NanoDynamics succeed.

## INSTRUCTION NO. 10

<u>Plaintiff's Alternative Claim Against Defendant Castaldo Regarding NanoDynamics</u>

As for the SEC's final claim, if you find that Mr. Castaldo was acting as an unlicensed broker with respect to investments in NanoDynamics but that he was not so doing in close, controlling association with Vision Securities, then you should find Mr. Castaldo individually liable for acting as an unlicensed broker with respect to investments in NanoDynamics.

## III. CONCLUDING INSTRUCTIONS

## INSTRUCTION NO. 11

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. [Here, the Court describes the verdict form.] In addition, we will send into the jury room all of the exhibits that were admitted into evidence, along with an index. If you want any of the testimony, that can also be provided, either in transcript or readback form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with the parties, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 12

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to her or his opinion, each should exchange views with her or his fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous. This completes my instructions of law.