**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br><br>    Defendants. | Civil Action No. 1:23-cv-01346-JSR<br><br>Hon. Jed S. Rakoff |

**<u>DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION</u>**

  Pursuant to Paragraph 7 of the Individual Rules of Practice of the Honorable Jed S. Rakoff, Defendants, Terraform Labs PTE Ltd. and Do Kwon, through each of their respective undersigned counsel, submit the one-page instruction in this matter:

1

Because this case involves several legal issues—which I will address in more detail after the evidence has been presented—I am going to take a few minutes now to provide a broad overview of this case. As you know, the plaintiff in this case is the Securities and Exchange Commission, which I may refer to as the SEC. The defendants are Terraform Labs PTE Ltd., which I may refer to as "Terraform," and Do Kwon, whom I will refer to as Mr. Kwon. Terraform is a software development firm that developed the Terra blockchain, which supported cryptocurrency tokens, including a product called UST. UST was a "stablecoin," which means its value was intended to be tied or "pegged" at $1.00. Mr. Kwon was a co-founder and former-CEO of Terraform.

The SEC contends that Defendants Terraform and Mr. Kwon engaged in two schemes to defraud investors through materially false and misleading statements and other deceptive conduct. The first alleged scheme was to deceive investors about the stability of a crypto asset security that Defendants created called Terra USD ("UST"). Defendants represented that UST's value was "pegged" at around $1.00 through a Terraform blockchain algorithm. In May 2021, UST's price fell to $0.91. The SEC alleges that Defendants secretly arranged for a third party, Jump Trading LLC ("Jump"), to make bulk purchases of UST to restore the price of UST to $1.00. The SEC further alleges that Defendants made false and misleading statements regarding the stability of UST, including that UST "automatically" recovered its $1.00 price in May 2021 through the algorithm that maintained UST's price near $1.00, misleadingly omitting from its statements Defendants' alleged deal with Jump to make bulk purchases of UST to restore UST's $1.00 peg.

The SEC contends that Defendants' second alleged fraudulent scheme was to deceive investors into believing that a popular Korean payment application called "Chai" used the Terraform blockchain to process and settle payments. According to the SEC, Chai did not use the Terra blockchain to process and settle transactions and only processed and settled its payment transactions in fiat currency using traditional payment means, ie., the Korean Won. The SEC alleges that Defendants deceptively copied actual Chai transactions onto the Terraform blockchain only to make it appear that commercial

2

transactions between Korean consumers and retail establishments were using the Terraform blockchain. The SEC further alleges that Defendants made materially false and misleading statements regarding Chai's supposed use of the Terraform blockchain when offering and selling Defendants' crypto asset securities, including LUNA, to purchasers.

Defendants deny that they engaged in any fraudulent conduct and contend that their statements were true and not materially false or misleading.

Defendants assert that a number of payment applications, including a popular Korean payment application called Chai, were designed to use and did use the Terraform blockchain to process and settle payments, that the blockchain transactions associated with Chai are actual transactions directly executed by the commands users entered into their Chai payment apps on their mobile phones, and that these transactions generated significant fees on the blockchain.

Defendants also assert that there was no secret agreement with Jump to make bulk purchases of UST to restore UST's $1.00 peg, specifically not when the price of UST fell in May 2021. Instead Defendants assert that Jump had been providing liquidity for Terra assets for a long period of time, that this was publicly known, and that Jump continued to provide liquidity when the price of UST fell in May 2021. Defendants further assert that all of Jump's trading decisions regarding purchases of UST were made solely by Jump and there was no agreement between Defendants and Jump that Jump was to make bulk purchases of UST to restore UST's $1.00 peg. Defendants further assert that the trading data shows that Jump's trading of UST was not the cause of UST's price returning to a dollar, but instead that the price of UST recovered independently of Jump's trading.

To prevail on its claims, the SEC must prove:

1) Defendants Terraform and/or Mr. Kwon made a material misstatement or omission concerning either of the two alleged schemes and either (a) obtained money or property by means of one or more material misstatements or omissions concerning that respective scheme; or (b) engaged in a device, scheme, or artifice to defraud or fraudulent act, practice, or course of business, by engaging in one or more deceptive acts concerning

that respective scheme, in addition to and distinct from making material misstatements or omissions concerning that respective scheme;

      2)      made a material misstatement or omission concerning either of the two alleged schemes in connection with an offer, purchase, or sale of a security

      3)      in making a material misstatement or omission concerning either of the two alleged schemes, Defendants either acted with intent to defraud, reckless disregard for the truth, negligently, and/or knowingly;

      4)      Mr. Kwon, as a "control person" of Terraform in that he directly or indirectly exerted control over Terraform at the time of the violation, was a culpable participant in the alleged fraud.

It will be up to you to decide whether the SEC has proven each of these elements based on the evidence that you will hear. I will explain these elements and the SEC's burden to prove these elements in more detail at the conclusion of the evidence.

Date: March 20, 2024                     Respectfully submitted,

*/s/Mark G. Califano*

**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com
louis.pellegrino@dentons.com

Mark G. Califano
Melissa Gomez-Nelson (admitted *pro hac vice*)
Matthew A. Lafferman (admitted *pro hac vice*)
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7500
mark.califano@dentons.com
melissa.gomeznelson@dentons.com
matthew.lafferman@dentons.com

*Counsel for Defendant Terraform Labs Pte. Ltd.*


*/s/ David Patton*

**KAPLAN HECKER & FINK LLP**
David Patton
Michael Ferrara
Andrew Chesley
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
dpatton@kaplanhecker.com
mferrara@kaplanhecker.com
achesley@kaplanhecker.com

*Counsel for Defendant Do Hyeong Kwon*