UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS PTE LTD. and<br>DO HYEONG KWON,<br><br>Defendants. | No. 1:23-cv-1346 (JSR) |

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION**

Pursuant to paragraph 7 of the Court's Individual Rules of Practice, plaintiff, the Securities and Exchange Commission (the "SEC"), respectfully submits its proposed preliminary jury instruction.

Dated:  March 20, 2024                                  Respectfully submitted,


                                                        /s/ Carina A. Cuellar
                                                        Carina A. Cuellar, admitted *pro hac vice*
                                                        James P. Connor, admitted *pro hac vice*
                                                        Devon L. Staren, admitted *pro hac vice*
                                                        Laura E. Meehan
                                                        Christopher J. Carney
                                                        Attorneys for Plaintiff
                                                        U.S. SECURITIES AND EXCHANGE
                                                        COMMISSION

The plaintiff in this case, the United States Securities and Exchange Commission or "SEC," claims that the Defendants, Terraform Labs PTE. Ltd. and its founder, Do Hyeong Kwon, defrauded investors in violation of federal securities laws. The SEC alleges that Defendants engaged in two fraudulent schemes, one relating to the use of Defendants' technology and the other to the stability of the crypto assets they were selling.

In the first scheme, the SEC alleges that Defendants falsely stated that a Korean payment application called "Chai" used Terraform's "blockchain technology," to carry out payments, sort of like Venmo or PayPal. According to the SEC, however, Chai did not use the blockchain, but instead used traditional payment means. Defendants then allegedly concealed their false statements by replicating actual Chai transactions onto the Terraform blockchain, to make it seem as if those transactions were occurring on the blockchain, when they were not.

Defendants' second alleged scheme was to deceive investors about the stability of a crypto asset security that Defendants created called "UST." Defendants marketed UST as a "stablecoin" because its value was supposed to be "stable" and "pegged" to the U.S. Dollar. But, the SEC alleges, although Terraform told investors that an automated algorithm maintained the UST peg, in reality Defendants secretly arranged for a third party, Jump Trading ("Jump"), to prop up UST's price when it fell below $1.00. Defendants deny the SEC's allegations.

Here the SEC's claims are based on something we call scheme and misstatement liability. To establish scheme liability, the SEC must prove that Defendants: (1) committed a deceptive or manipulative act; (2) in furtherance of the alleged schemes to defraud; and (3) acted intentionally, recklessly, or negligently. And to establish misstatement liability, the SEC must prove that Defendants made a material misstatement or omission and that Defendants did so intentionally, recklessly, or negligently, depending on the provision at issue.