UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TERRAFORM LABS PTE LTD. and
DO HYEONG KWON,

Defendants.

No. 1:23-cv-1346 (JSR)

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 47 of the Federal Rules of Civil Procedure and paragraph 8 of the Court's Individual Rules of Practice, plaintiff, the Securities and Exchange Commission (the "SEC"), respectfully submits its Proposed Voir Dire questions specific to this case. The SEC also requests that the Court ask the background questions that it typically poses to prospective jurors.

Dated:  March 20, 2024

Respectfully submitted,

/s/ Carina A. Cuellar
Carina A. Cuellar, admitted *pro hac vice*
James P. Connor, admitted *pro hac vice*
Devon L. Staren, admitted *pro hac vice*
Laura E. Meehan
Christopher J. Carney
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE
COMMISSION

**<u>Familiarity with this Case</u>**

1.      The SEC is represented in this case by Devon Staren, Laura Meehan, Christopher Carney, Carina Cuellar, and James Connor. They will be assisted by Shadow Haywood, Jessie Goins, and Hamilton Martin. Do you know, or know of, any of these people?

2.      The defendants are Terraform Labs PTE Ltd. and Do Hyeong Kwon. Do you know, or know of, any of them?

3.      The defendants are represented by Douglas Henkin, Mark Califano, David Kornblau, Louis Pellegrino, Melissa Gomez Nelson, Matthew Lafferman, Justine Margolis, Amianna Stovall, David Patton, Michael Ferrara, Andrew Chesley, and Christopher Morel, and assisted by Michael Cruz, Diane Armstrong, Sarah Gonzalez, Ciara Cooney, Jacqueline Baum, and Alison Hurst. Do you know, or know of, any of them?

4.      The case might also include evidence about transactions involving firms in the securities industry, including the following:

      a.   Jump Trading, LLC;

      b.   Jump Crypto;

      c.   Tribe Capital;

      d.   Republic Capital;

      e.   Pantera Capital;

      f.   Galaxy Digital Holdings Ltd.; and

      g.   Polychain Capital.

Have you had any connection to any of them?

5.      In addition to the defendant, Do Kwon, the following witnesses are expected to be called at trial. Do you know, or are you otherwise familiar with, any of them?

      a.   Arash Vakil

b.  Boris Revsin

c.  Jonathan Kol

d.  Ashwin Mathialagan

e.  █████████

f.  Christopher Ferrante

g.  Paul Kim

h.  Dr. Matthew Edman

i.  Nader George

j.  █████████

k.  Brian Curran

l.  Jeffrey Kuan

m.  Brandon Ackley

n.  Matthew Lambert

o.  Kanav Kariya

p.  William DiSomma

q.  Dr. Bruce Mizrach

r.  Arrash Christopher Amani

s.  Matthew Cantieri

t.  Seungjin Jacob Park

u.  Zion Schum

v.  Evgeny Gaevoy

w.  Marina Gurevich

x.  Dr. Terrance Hendershott

y.  Chris Drew

z.   William Chen

6.      The following persons' names might come up during trial. Do you know, or are you otherwise familiar with, any of them?

a.   Daniel Shin

b.   Hang Chang-joon (a/k/a CJ Han)

c.   Jihoon Kim

d.   Jinny Baek

e.   Gigi Kwon

7.      Do you have any professional, business, or social relationships with any SEC staff?

8.      Do you have any professional, business, or social relationships with any employees of Dentons, which is a law firm?

9.      Do you have any professional, business, or social relationships with any employees of Kaplan Hecker & Gink LLP, which is law firm?

10.      Have you read or heard anything about this case? If yes, what? Does this affect your ability to fairly consider the evidence in this case?

**<u>Familiarity with Crypto Assets</u>**

11.      Would you consider yourself knowledgeable of and interested in crypto assets, including Bitcoin, Ethereum, and other crypto assets? If so, please explain.

12.      Have you or your spouse or partner ever invested in Bitcoin or other crypto assets? If so, please describe the investment, including the amount, and whether you or your spouse or partner experienced a profit or loss.

a.   If yes, do you or your spouse or partner currently possess and/or own any crypto assets?

13.     Have you or your spouse and/or partner had any negative or positive experiences with a crypto asset, which might influence your consideration of the evidence in this case?

14.     Do you or your spouse or partner have an account with an online platform dedicated to the buying, selling, transferring, and storing of crypto assets? If, so please explain.

15.     Have you heard of or read about LUNA, wLUNA, UST, and/or the Anchor Protocol? If so, please describe your knowledge.

16.     Have you or your spouse or partner ever invested in LUNA, wLUNA, UST, and/or the Anchor Protocol? If so, please describe the investment and whether you or your spouse or partner experienced a profit or loss.

17.     Do you or your spouse or partner receive a substantial portion of your household income from crypto investments?

18.     Do you follow media publications devoted to the crypto industry, including podcasts and online media?

### Views about Government Regulation

19.     Do you think that foreign companies who sell assets to United States persons should have to follow U.S. securities laws?

20.     Do you agree with this statement: It is unfair to expect a foreign company to follow U.S. securities laws and regulations when they access the U.S. market and sell to U.S. persons?

21.     Do you have a strong view about whether crypto assets should be regulated by the SEC or another government agency? If yes, what is your view? Does this affect your ability to fairly consider the evidence in this case?