

## DEFENDANT'S PROPOSED CURATIVE INSTRUCTION

From time to time during the first few days of trial, I have, on occasion, asked questions of the witnesses. I instruct you now, and I will reiterate this at the close of the case, that you should draw no inference from the fact that I asked questions of certain witnesses. My questions were only intended to clarify or to expedite matters. I have no opinion as to the disputed facts in this case. And, specifically, I have no opinion as to whether any particular representation made by Terraform or Do Kwon was false or misleading or accurate; you, the jurors, are the sole decision-makers when it comes to the disputed facts in this case.

Also, I wanted to correct a mistake made yesterday and give you an instruction. You've been hearing, as we've gone along, questions of witnesses and purchasers, along the lines of "If it turned out the fact was A rather than B, how would that have affected your analysis?" So, when the government or I ask these hypothetical questions, unless you find the hypothetical part of the question to have been proven, the answer is not meaningful. I've allowed those questions, and I continue to allow those questions.

The questions I should not have allowed and that I'm going to strike and instruct you not to consider are questions along the lines of "If you learned that one or both of the defendants made false statements, or if you learned that somebody had intentionally lied to you," those questions I should have sustained the objection, and I'm going to strike those questions and answers from the record, and you should disregard them.

At the end of the case, it's going to be your job to determine whether any misstatements or omissions were made; if so, whether they were intentionally made; if so, whether they were material, meaning of importance to a reasonable purchaser; and other things that I'll give you a lot of detail about at the end of the case.

But the witnesses are allowed to testify about how it would have affected their work if a number which was X should have been Y, but I should not have allowed the questions about how their thought process would have been affected if they had been lied to or they learned that the number was intentionally X when it should have been Y. So, forget about that part. Put it out of your minds.

**Judge Seibel**, Tr. Trial 1506:16-1508:03, *United States v. Lawrence*, No. 16-cr-00259 (S.D.N.Y), *aff'd,* 767 Fed. App'x 77, 80 (2019)

  Good morning, ladies and gentlemen. Before we get started, I wanted to correct a mistake I made and give you an instruction. You've been hearing, as we've gone along, questions of witnesses, investors, underwriters, Moody's, along the lines of "If it turned out the fact was A rather than B, how would that have affected your analysis?" And I've been instructing you all along that those questions are okay if, at the end of the case, you find that the fact was A rather than B. So, when the government asks these hypothetical questions, unless you find the hypothetical part of the question to have been proven, the answer is not meaningful, but I've allowed those questions, and I continue to allow those questions.

  The questions I should not have allowed and that I'm going to strike and instruct you not to consider are questions along the lines of "If you learned that there was a misstatement in the financials or the official statement that was intentional or if you learned that there was an intentional lie or if you learned that somebody had intentionally lied to you," those questions I should have sustained the objection, I shouldn't have allowed those, and I'm going to strike those questions and answers from the record, and you should disregard them.

  At the end of the case, it's going to be your job to determine whether any misstatements or omissions were made; if so, whether they were intentionally made; if so, whether they were material, meaning of importance to a reasonable investor; and other things that I'll give you a lot of detail about at the end of the case.

  But the witnesses are allowed to testify about how it would have affected their work if a number which was X should have been Y, but I should not have allowed the questions about how their thought process would have been affected if they had been lied to or they learned that the number was intentionally X when it should have been Y. So, forget about that part. Put it out of your minds. You won't hear questions like that going forward, and I'll give you a lot more detail at the end of the case.