IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>TERRAFORM LABS, PTE. LTD. and DO HYEONG KWON,<br><br>            Defendants. | Civil Action No. 1:23-cv-01346-JSR |

**KANAV KARIYA'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO QUASH TRIAL SUBPOENA**

This Court should not permit the SEC or Defendants to impose undue burdens on non-party Kanav Kariya by compelling him to appear at trial for the sole purpose of having Mr. Kariya invoke his rights under the Fifth Amendment to the United States Constitution and decline to answer questions in front of the jury. Mr. Kariya lives and works in Illinois. He does not maintain a residence in New York. Nor does he regularly conduct business here. Mr. Kariya has informed both the SEC and Defendants that, if called to testify at trial, he will invoke his Fifth Amendment rights and decline to answer substantive questions—just as he did during his deposition in this case. Indeed, Mr. Kariya has provided the parties with a proposed stipulation to that effect. In addition, the SEC has designated portions of Mr. Kariya's deposition transcript and video to be introduced at trial in the event the SEC is unable to call him as a witness. As a result, compelling Mr. Kariya to appear in person at trial is not only unduly burdensome, it also is entirely unnecessary. In the event the Court concludes that Mr. Kariya's invocation of his Fifth Amendment rights is admissible, the SEC will have multiple ways to get that evidence before the jury without requiring Mr. Kariya to fly half-way across the country to appear at trial in person.

1

For these reasons and those set forth below, the SEC's trial subpoena to Mr. Kariya should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3).

## BACKGROUND

Mr. Kariya lives and works in Illinois. He is the President of Jump Crypto. Jump Crypto is part of the Jump Trading Group, which is a diversified financial firm headquartered in Chicago. Neither Mr. Kariya nor any entity within the Jump Trading Group is a defendant here. Mr. Kariya has never been employed by the Defendants in this case.

On August 4, 2023, the SEC served Mr. Kariya with a deposition subpoena. Undersigned counsel informed the SEC and Defendants that, on the instruction of his attorneys, Mr. Kariya would invoke his Fifth Amendment rights at deposition and decline to answer substantive questions about the claims asserted in this case. It is undisputed that the SEC's allegations here track the allegations set forth in the federal indictment against Defendant Kwon pending before Judge Cronan. *See United States v. Kwon*, Case No. 1:23-cr-00151 (S.D.N.Y.).

The SEC nevertheless chose to move forward with Mr. Kariya's deposition, which occurred at the SEC's offices in Chicago on August 18, 2023. Over the course of his three-hour, videotaped deposition, Mr. Kariya invoked his Fifth Amendment privilege and declined to answer questions posed to him by both the SEC *and* counsel for the Defendants. No party was precluded from asking Mr. Kariya any question it wanted during his deposition. And no party has ever challenged Mr. Kariya's valid exercise of his Constitutional rights in this case.

On February 13, 2024, Mr. Kariya, through counsel, voluntarily accepted service of the SEC's trial subpoena. *See* Exhibit A.[1] Once again, undersigned counsel informed the SEC and

---

[1] Undersigned counsel previously had accepted service of a trial subpoena on Mr. Kariya's behalf on December 20, 2023, prior to the Court's adjournment of the trial date from January 29, 2024, to March 25, 2024.

2

Defendants that, on the instruction of his attorneys, Mr. Kariya would invoke his Fifth Amendment rights at trial and decline to answer substantive questions.  On March 14, 2024, undersigned counsel provided the parties with a proposed stipulation to that effect.  *See* Exhibit B.  The SEC also has designated portions of Mr. Kariya's deposition transcript and video—a full 58 questions and answers—to be introduced at trial in the event it is unable to call him as a witness.

The admissibility of evidence regarding Mr. Kariya's undisputedly valid invocation of his Fifth Amendment rights is the subject of competing motions *in limine* filed by the parties.  *See* Dkt. Nos. 182, 188, 192, 194.

The SEC advised undersigned counsel, on March 18, 2024 that, if the Court determined that Mr. Kariya's testimony was admissible, it would seek to introduce that "testimony with the stipulation and the video segments that [it had] previously designated."  That is, the SEC agreed that it would no longer insist that Mr. Kariya appear at trial in person.  Mr. Kariya was prepared to move to quash the SEC's subpoena in advance of trial, but he did not do so in light of the SEC's representation that it would not seek his live testimony.  Defendants, on the other hand, have not subpoenaed Mr. Kariya for trial but they will not agree to the stipulation and object to the SEC's playing of excerpts of Mr. Kariya's deposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 imposes an affirmative burden on an attorney serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(1), (d)(3)(A).  Motions to quash are "entrusted to the sound discretion of the district court."  *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

"The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.); *see also In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 4361 (AKH), 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020) ("[A]ssessing undue burden is 'a highly case specific inquiry.'").

## ARGUMENT

### A.   Mr. Kariya's Invocation of His Fifth Amendment Rights Is Valid.

The Fifth Amendment provides that "[n]o person … shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. As the Supreme Court repeatedly has emphasized, one of the "basic functions" of the privilege "is to protect *innocent* men ... who otherwise might be ensnared by ambiguous circumstances." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (emphasis in original; internal quotation marks omitted). The Fifth Amendment applies in both criminal *and* civil proceedings and "protects a mere witness as fully as it does one who is also a party defendant." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). The privilege may be invoked whenever a witness's answer might "furnish a link in the chain of evidence against him." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

There is no dispute that Mr. Kariya validly invoked his Fifth Amendment rights during his deposition in this case and that he would have a valid basis to invoke his Fifth Amendment rights at trial. Indeed, no party has ever challenged Mr. Kariya's valid exercise of his Constitutional rights in this case.

**B.    Forcing Mr. Kariya To Appear at Trial for the Sole Purpose of Invoking His Fifth Amendment Rights Would Impose Undue Burdens and Is Unnecessary.**

Mr. Kariya lives and works in Illinois.[2] If Mr. Kariya is forced to appear at trial, both he and his counsel will need to travel to New York and potentially obtain lodging in the city for one or more days. In and of themselves, these substantial time commitments and expenses constitute undue burdens, considering that Mr. Kariya will not be providing substantive testimony at trial but instead has been subpoenaed for the sole purpose of invoking his Fifth Amendment rights.

Under the circumstances, however, these burdens are not simply undue. They also are entirely unnecessary. The SEC has at its disposal far more efficient means of presenting the jury with evidence of Mr. Kariya's invocation of his Fifth Amendment rights than compelling him to appear at trial and invoke in person. In addition to hours' worth of deposition video from which to designate, the SEC also has a proposed stipulation indicating that (1) Mr. Kariya, on the instruction of his lawyers, invoked his Fifth Amendment rights during his deposition in the case and declined to answer questions posed by both the SEC *and* Defendants; and (2) Mr. Kariya's lawyers have advised the parties that Mr. Kariya would again invoke his Fifth Amendment rights at trial and decline to answer questions about the claims asserted in the case. *See* Exhibit B, ¶¶ 4, 5.

In fact, after being presented with the proposed stipulation, the SEC advised undersigned counsel that it would no longer insist on Mr. Kariya's appearance at trial—precisely because the SEC can now offer evidence of Mr. Kariaya's invocation through the stipulation and deposition excerpts. In other words, the SEC—*i.e.*, the only party to have subpoenaed Mr. Kariya to appear

---

[2] In most cases, Mr. Kariya would be unavailable because he is outside the default geographic reach of this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1). Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure and the associated in-state and 100-miled limits do not apply here. *See* 15 U.S. Code § 77v.

at trial—now recognizes that forcing Mr. Kariya to appear in person for the sole purpose of asserting his Fifth Amendment rights is both unnecessary and would impose undue burdens.

No objection by Defendants to the SEC's proposed presentation (and form) of evidence supplies any basis for requiring Mr. Kariya to appear in person to assert his Fifth Amendment rights. Defendants did not issue a trial subpoena to Mr. Kariya and did not move *in limine* for an adverse inference against the SEC based on Mr. Kariya's assertion of his Fifth Amendment rights. And for good reason. Defendants cannot credibly claim to satisfy any of the factors identified in *LiButti v. United States*, 107 F.3d 110, 123-124 (2d Cir. 1997), for obtaining an adverse inference against the SEC. Absent such a ruling, Mr. Kariya's invocation in response to any question posed by defense counsel would be irrelevant, and it would be wholly improper for defense counsel to ask Mr. Kariya questions that counsel knows he will decline to answer.

## CONCLUSION

For the forgoing reasons, the Court should quash the SEC's subpoena to Mr. Kariya.

Dated: March 28, 2024

Respectfully Submitted,

*/s/ Aitan D. Goelman*
Aitan D. Goelman
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036
Tel: (202) 778-1800
agoelman@zuckerman.com

*Attorney for Kanav Kariya*