UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>   v.<br><br>TERRAFORM LABS, PTE LTD. and DO HYEONG KWON,<br><br>         Defendants. | No. 1:23-cv-01346-JSR |

**NON-PARTY WILLIAM J. DISOMMA'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO QUASH TRIAL SUBPOENA**

                         KRIEGER LEWIN LLP
                         350 Fifth Avenue, 77th Floor
                         New York, NY 10118
                         Tel.: (212) 390-9550

                         *Attorneys for William J. DiSomma*

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................................ 1

II.  FACTUAL BACKGROUND .................................................................................................... 1

III. LEGAL STANDARD ............................................................................................................... 3

IV. ARGUMENT ............................................................................................................................. 3

    A.   Mr. DiSomma Can Validly Invoke His Fifth Amendment Rights. ............................... 3

    B.   Compelling Mr. DiSomma To Invoke In Person Would Be Unduly Burdensome ....... 4

V.  CONCLUSION ......................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
    262 F.R.D. 293, 300 (S.D.N.Y. 2009)……………………………………………………….4

*In re 650 Fifth Ave.,* 934 F.3d 147, 171 (2d Cir. 2019)…………………………………………...5

*In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)……………………………………………….3

*Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *2 (S.D.N.Y. May 5, 2022)…………………..4

*LiButti v. United States*, 107 F.3d 110, 123-124 (2d Cir. 1997)…………………………………..6

*Ohio v. Reiner*, 532 U.S. 17, 21 (2001)…………………………………………………………...4

**Rules**

Fed. R. Civ. P. 45(d)…………………………………………………………………………..*passim*

## I. PRELIMINARY STATEMENT

Non-party William J. DiSomma moves to quash the trial subpoena issued in this matter by Plaintiff, the U.S. Securities and Exchange Commission ("SEC"). As explained in further detail herein, it would be unduly burdensome to compel Mr. DiSomma's live testimony for the sole purpose of having him invoke his rights under the Fifth Amendment in person. Pursuant to Federal Rule of Civil Procedure 45(d)(3), the Court should quash the subpoena.

## II. FACTUAL BACKGROUND

Mr. DiSomma is a principal of Jump Crypto Holdings LLC. He works and resides in Illinois, approximately 800 miles from the place of trial. He does not regularly visit or conduct business in person in New York. Neither Mr. DiSomma, nor any entity affiliated with Jump Crypto Holdings LLC, is a party to this case.

In July 2023, the SEC subpoenaed Mr. DiSomma to testify at a deposition, in connection with its discovery in this action. Undersigned counsel informed the SEC in advance that Mr. DiSomma intended to invoke his rights under the Fifth Amendment. Mr. DiSomma did not contest the deposition subpoena. On August 30, 2023, Mr. DiSomma appeared for an in-person deposition at the SEC's Chicago Regional Office. Counsel for the SEC, as well as counsel for the Defendants in this case, attended the deposition and had an opportunity to — and did extensively — question Mr. DiSomma. On the advice of counsel, after stating his name and address, Mr. DiSomma invoked his Fifth Amendment right in response to each individual question from both the SEC and defense counsel. Counsel for the SEC and the Defendants did not challenge — and have not challenged — Mr. DiSomma's invocation of the Fifth Amendment at his deposition or his intention to do so if compelled to testify at the trial in this matter.

In December 2023, counsel for the SEC informed Mr. DiSomma's counsel that they might seek to call Mr. DiSomma as a witness at trial and asked whether Mr. DiSomma would

again invoke his rights under the Fifth Amendment. Counsel confirmed that, on the advice of his counsel, Mr. DiSomma would invoke and explained that, under the circumstances, it would not be necessary or appropriate to require him to testify in person for that purpose. On January 2, 2024, the SEC issued Mr. DiSomma a trial subpoena, which the SEC later updated after the trial in this matter was adjourned to March 25, 2024. The updated trial subpoena is attached as Exhibit A. Counsel for Mr. DiSomma engaged in further discussions with the SEC, including a formal meet and confer on January 9, 2024.

On March 14, 2024, in a further effort to reach an efficient and fair resolution, undersigned counsel sent counsel to all parties a proposed stipulation stating that, if called to testify at trial, Mr. DiSomma would invoke his Fifth Amendment rights and decline to answer questions related to the claims asserted in this case. The proposed stipulation is attached as Exhibit B. Counsel also reiterated that, if the SEC continued to seek to compel Mr. DiSomma's in-person testimony, Mr. DiSomma would move to quash the subpoena before the start of trial. Undersigned counsel requested the parties' availability for a teleconference with the Court, for that purpose, on Monday, March 18, or Tuesday, March 19. On March 18, 2024, the SEC confirmed in writing that it would accept the proposed stipulation and, in the event the Court ruled that evidence of Mr. DiSomma's invocation was admissible to support an adverse inference, the SEC would seek to introduce Mr. DiSomma's invocation through the stipulation and video excerpts of his deposition, *i.e.*, not through live testimony. Defense counsel did not object to undersigned counsel's proposed stipulation or respond to the request for a teleconference with the Court.

On or about March 26, 2024, after the trial had already begun, counsel for Mr. DiSomma were informed for the first time that the parties had a disagreement about the possible

2

introduction of Mr. DiSomma's invocation through the admission of the stipulation and deposition excerpts. On March 27, 2024, undersigned counsel were informed by counsel to the SEC that the parties were unable to reach an agreement and that the SEC was seeking to compel Mr. DiSomma to testify in person on Monday (4/1) or Tuesday (4/2) of next week.

### III. LEGAL STANDARD

On timely motion, the district court "*must quash or modify* a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "Motions to quash a subpoena are . . . entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).

### IV. ARGUMENT

For purposes of this motion to quash, Mr. DiSomma is similarly situated to Kanav Kariya, and undersigned counsel adopt the arguments set forth in the memorandum in support of Mr. Kariya's pending motion to quash the trial subpoena issued to him by the SEC. *See* ECF No. 221, Kariya Memo. in Supp. of Mot. to Quash Trial Subpoena. Additional points are provided below for the Court's consideration.

#### A. Mr. DiSomma Can Validly Invoke His Fifth Amendment Rights.

As with Mr. Kariya, there is no dispute that Mr. DiSomma is entitled to invoke his Fifth Amendment rights and decline to answer any questions related to the subject matter at issue in this trial. The parties did not challenge Mr. DiSomma's invocations during his August 2023

3

deposition, and Mr. DiSomma would be equally entitled to invoke were he called to testify at trial.[1]

### B. Compelling Mr. DiSomma To Invoke In Person Would Be Unduly Burdensome.

The Court should quash the subpoena, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), because compelling Mr. DiSomma to appear in person for the sole purpose of having him invoke his Fifth Amendment rights would be unduly burdensome. In evaluating whether a subpoena imposes an undue burden, courts engage in a balancing test, "weighing 'the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *2 (S.D.N.Y. May 5, 2022) (*quoting* 9A Federal Practice and Procedure (Wright & Miller) § 2463.1). The "process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source," and is inherently an exercise of the Court's discretion. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (*quoting* 9A Federal Practice and Procedure (Wright & Miller) § 2463.1).

Here, the balancing test firmly supports quashing the subpoena. On one side, the interest in compliance is limited; the only purpose of the subpoena is to compel Mr. DiSomma to invoke his Fifth Amendment rights in person. On the other side, the interest furthered by quashing the

---

[1] Undersigned counsel are aware the Court has expressed that it may wish to better understand the reasons for Mr. DiSomma's invocation in assessing whether an adverse inference could be drawn against Defendants as a result of such an invocation. *SEC v. Terraform Labs Pte Ltd.*, Trial Tr. at 197 (Mar. 25, 2024). To the extent that the Court has any remaining questions about the basis for Mr. DiSomma's invocation, counsel are prepared to address that issue and would respectfully request that any questioning take place *in camera*. As noted in Mr. Kariya's filing, the Supreme Court has held that a principal purpose of the Fifth Amendment is to protect innocent people. *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (per curiam).

4

subpoena is significant. Mr. DiSomma works and resides in Illinois, approximately 800 miles from the place of trial. He does not regularly visit or conduct business in person in New York. Compelling him to appear in court in person, solely for the purpose of invoking, would require significant time and expense.

The availability of the same information Mr. DiSomma would provide via in-person testimony from another, less burdensome source further weighs in favor of quashing the subpoena. The SEC has designated portions of Mr. DiSomma's video deposition testimony — and defense counsel can do the same, if it has not already. Moreover, the SEC remains willing to enter into the stipulation proposed by Mr. DiSomma, which reflects the SEC's view that Mr. DiSomma's in-person testimony is unnecessary.

The availability of Mr. DiSomma's invocation from other sources should be given particular significance here because of the need for caution regarding the form in which witnesses' invocations are introduced. In *In re 650 Fifth Ave.*, the Second Circuit reviewed a decision allowing a party to introduce at trial witnesses' repeated invocations by playing multiple full-length deposition videotapes. 934 F.3d 147, 171 (2d Cir. 2019). The Second Circuit reversed that decision, holding that "[s]ubstantially less prejudicial and redundant alternatives were available, such as a stipulation or a scaled-back showing of the videotapes." *Id*. at 172. That holding would appear to foreclose compelling Mr. DiSomma to take the stand solely for the purpose of having him repeatedly invoke his Fifth Amendment rights in front of the jury. Indeed, compelling Mr. DiSomma to testify in person would be even more redundant and inflammatory than what was done in *In re 650 Fifth Ave*.

Further, neither the SEC nor the Defendants have identified a single question that they would ask Mr. DiSomma, if he were to testify in person, that they did not ask him during his

5

deposition. And, as Mr. Kariya has correctly noted in his memorandum, there is no inference that Defendants — who have not issued a trial subpoena for Mr. DiSomma's testimony — can claim under *LiButti v. United States*, 107 F.3d 110, 123-124 (2d Cir. 1997). Thus, the balancing test in this case weighs in favor of quashing the subpoena.

## V.  CONCLUSION

For the reasons stated above, the Court should grant the motion to quash the subpoena compelling Mr. DiSomma's in-person attendance at trial.

Dated: March 28, 2024                          Respectfully submitted,

/s/ Paul M. Krieger
KRIEGER LEWIN LLP
Paul M. Krieger
Andrew N. Stahl
350 Fifth Avenue, 77th Floor
New York, New York 10118
(212) 390-9550
Paul.Krieger@KriegerLewin.com
Andrew.Stahl@KriegerLewin.com

*Attorneys for William J. DiSomma*