Cf. Ex 4

- *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 54 (2d Cir. 1993) (reversing a district court because, among other reasons, plaintiffs' expert was "necessary to assist . . . in preparing to cross examine" their adversary's expert and he "was not a fact witness whose recollection might have been colored" by the testimony he observed).

- *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 910–11 (2d Cir. 1985) (approving a district court's ruling permitting a rebuttal expert to remain in the courtroom to hear the testimony of adversary's expert, and emphasizing that the rebuttal expert "was not a fact witness whose recollection might have been colored by accounts of prior witnesses")

- *United States v. Ray*, 589 F. Supp. 3d 298, 301 (S.D.N.Y. 2022) (exempting Government's summary expert from sequestration because, among other reasons, her "role . . . will be to provide tax calculations based on the testimony of others at trial"); *see id.* ("While in the end it may prove to have been unnecessary for her to have been present for the testimony of each of the witnesses, the Government cannot know that for sure in advance. . . . Even if the Government does not know . . . that a witness will offer evidence on direct that will inform [the expert's] summary, it does not know what might come out on cross-examination that would be relevant.").

- *In re Omeprazole Pat. Litig.*, 190 F. Supp. 2d 582, 584 (S.D.N.Y. 2002) (citing *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628-29 (4th Cir. 1996)) ("Usually an expert is either responding to the theories of an adversary's expert or is basing his opinion entirely on facts adduced by fact witnesses at trial. Such experts are infrequently sequestered.")