**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

    -v-

TERRAFORM LABS PTE. LTD. and DO
HYEONG KWON,

            Defendants.

23-cv-1346-JSR

THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## I.    GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof: Preponderance of the Evidence

5. Corporate Liability

6. Direct and Circumstantial Evidence

7. Witness Credibility

8. Depositions

9. Specialized Testimony

10. Fifth Amendment

## II.    LIABILITY

11. Liability in General

12. Securities

13. First Claim: Fraud in Violation of Section 17

14. Second Claim: Fraud in Violation of Rule 10b-5

15. Third Claim: Control Person Liability

## III.    CONCLUDING INSTRUCTIONS

16. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

17. Verdict; Need for Unanimity; Duty to Consult

# I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you at the start of the case, which you should now discard.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you the exhibits at the start of your deliberations, together with an index to help you find what you want. If you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties as to matters in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted to be asked here in court. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any evidence that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

4

More generally, you should be careful not to speculate about matters not in evidence. Your focus should be solely on the evidence that was presented here in court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You should understand that I have no opinion as to the verdict you should render in this case.

5

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy or hostility as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let extraneous considerations interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

### Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case. In a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of that claim. Here, the plaintiff, the Securities and Exchange Commission, which I will refer to as the "SEC," has asserted various claims against Terraform Labs Pte. Ltd., which I will refer to as "Terraform," and against Do Hyeong Kwon, whom I will call Mr. Kwon, and who, as you know, is out of the country and unavailable for trial. The SEC therefore has the burden of proof as to those claims.

I will describe the essential elements of the SEC's claims shortly, but for now, keep in mind that for any given claim you are considering, the SEC must prove each of the essential elements of that claim by a preponderance of the credible evidence. The "credible evidence" means such evidence that you find worthy of belief. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true.

When assessing whether a party has met its burden of proof or failed to do so, the question is not which party called the greater number of witnesses or how much time one party or another spent during the trial. The focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

7

## INSTRUCTION NO. 5

### Corporate Liability

One of the defendants in this case, Terraform, is a company. Obviously, a company has no capacity to "think" or act except through its officers, employees, and other agents, and whether a company "knows," "intends," states, or does something is therefore a function of what the company's officers, employees, and other agents know, intend, state, and do. A company is responsible for the acts of its officers, employees, and other agents performed within the scope of their authority.

## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

9

## INSTRUCTION NO. 7

### Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

10

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## INSTRUCTION NO. 8

### Depositions

At various times, excerpts from the depositions of several witnesses were read into evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness under oath before a court stenographer. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

## INSTRUCTION NO. 9

### Specialized Testimony

The law permits parties to offer testimony from witnesses who were not involved in the underlying events of the case but who by education or experience profess to have expertise in a specialized area of knowledge. In this case, the expert witnesses who testified were Dr. Bruce Mizrach and Dr. Matthew Edman, called by the SEC, and Dr. Terrence Hendershott, called by the defendants. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

However, your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

13

## INSTRUCTION NO. 10

### Fifth Amendment

In this trial, you have heard witnesses Jeffrey Kuan, former head of business development for Terraform, Kanav Kariya, the president of Jump Crypto, and William DiSomma, a co-founder of Jump Crypto, decline to answer certain questions on the grounds of their Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to one or more defendants. Specifically, if a non-party such as one of these witnesses invokes their Fifth Amendment privilege against testifying you may, but are not required, to draw an inference that the testimony of a particular witness that invoked their Fifth Amendment privilege would have been unfavorable to one or more parties in this case who are closely associated with the witness. You should consider each witness separately.

## II.   LIABILITY

### INSTRUCTION NO. 11

#### Liability in General

With these general instructions in mind, let me now turn to the specific claims in this case that the plaintiff, the SEC, brings against the defendants, Terraform and Mr. Kwon. The SEC alleges that each of the defendants engaged in each of two fraudulent schemes involving false and/or misleading statements or misleading conduct, as described below, designed to deceive Terraform investors about material matters. The first alleged scheme is that defendants falsely conveyed to investors that if the price of UST fell below $1.00 (known as the "peg"), it would correct to $1.00 through the operation of a Terraform algorithm, when in fact, when the price of a UST token fell below $1.00 in May 2021, the defendants secretly agreed with a company called Jump to have Jump make large undetectable purchases of UST to return the price to $1.00. The second alleged scheme is that defendants deceived investors into believing that a company called Chai used Terraform's blockchain, when in fact the Chai transactions were simply copied onto Terraform systems to make it appear as though Chai was using Terraform's blockchain. Both defendants deny these allegations.

In order to establish liability for a given defendant, the SEC must prove that the defendant engaged in at least one of these schemes, but is not required to prove both schemes. Even one such scheme, if proved, will be sufficient for liability. Based on these allegations, the SEC brings various claims to be described in the following instructions. In assessing a given claim against a given defendant, you must determine, in accordance with my instructions, whether the SEC has proved each of the essential elements of that claim against the given defendant you are considering by a preponderance of the credible evidence. This is known as establishing "liability" on that claim. If you find liability against a given defendant on a given claim, then the Court will determine what

15

money or other relief should be awarded on that claim. The determination of such relief is for the

Court and should not play any part in your deliberations.

## INSTRUCTION NO. 12

### Securities

Each of the claims brought by the SEC involves the purchase or sale of what are called "securities." I instruct you as a matter of law that the tokens known as UST, LUNA, and wLUNA are securities.

## INSTRUCTION NO. 13

### First Claim: Fraud in Violation of Section 17

The SEC's first claim is that the defendants violated what is known as Section 17 of the Securities Act of 1933. To prove that a given defendant is liable on such a claim, the SEC must prove by a preponderance of the evidence three essential elements:

First, that the defendant you are considering, in the offer or sale of UST, LUNA, or wLUNA, made at least one false or misleading statement or misleading conduct regarding a material matter for the purpose of obtaining money or property;

Second, that in so doing the defendant acted intentionally, recklessly, or negligently; and

Third, that in so doing the defendant caused to be used the mails or an instrumentality of interstate commerce.

With respect to the first element, a statement is false if it is untrue when made. A statement is misleading if, even if it is true, it omits material information necessary to make the statement made, in the circumstances in which it was made, not misleading. A statement is material if it relates to something a reasonable investor in UST, LUNA, or wLUNA would consider important in determining whether to buy or sell these securities. An omission is material if a reasonable investor in UST, LUNA, or wLUNA would have viewed the disclosure of the omitted fact as significantly altering the total mix of information available in determining whether to buy or sell these securities. Conduct is misleading if it creates the equivalent of a misleading statement.

In its closing argument, the SEC specified the statements and conduct made by one or both defendants that it claims are misleading. In order for the SEC to satisfy the first element of its Section 17 claim, it must prove that at least one of these specified statements or conduct was either materially false or materially misleading. However, you must be unanimous as to the given statement or conduct that you find satisfies the first element.

18

A statement or conduct, even if false or misleading, does not satisfy the first element unless it is made for the purpose of obtaining money or property. Also, to prove that a defendant's false or misleading statement or conduct occurred "in the offer or sale" of UST, LUNA, or wLUNA, please note that an "offer" includes negotiations to buy or sell securities, publicity efforts that stimulate investor interest in the security, or attempts to produce the sale by urging or persuading another to act. The phrase "offer or sale" can include the entire selling process and does not require that conduct occur in any particular phase of buying or selling transactions. Moreover, proof of a completed purchase or sale is not required. Accordingly, in deciding whether statements cited by the SEC were made "in the offer or sale" of UST, LUNA, or wLUNA, you may consider whether these statements were made to urge investors to invest in Terraform securities. No actual investment is required and the SEC is also not required to prove that any investor actually relied on any false or misleading statement or conduct.

The second element relates to the state of mind with which the materially false or materially misleading statement or conduct was made by the maker. There are three possibilities here, from the highest in terms of fault to the lowest. The first possibility is that a defendant made the statement intentionally and fraudulently, that is, for the purpose of obtaining money or property, with knowledge that it was false, and with an intent to materially impact investors in UST, LUNA, or WLUNA in the offer or sale of such securities. The second possibility is that the defendant made such a statement recklessly, that is, with the deliberate purpose to disregard the high probability that the statement would be false or misleading to a reasonable investor in UST, LUNA, or wLUNA. The third possibility is that the defendant made a false or misleading statement, or engaged in misleading conduct, negligently, that is, without the carefulness as to the accuracy of the statement or the impression created by the conduct that a reasonable maker of such statement

19

or conduct would exercise in such circumstances. In this situation, the maker of the statement must have actually received money or property to be liable. As between these three possibilities, you must be unanimous as to which you find (if any) and you will be asked on your verdict form to specify the highest you found, i.e., that the defendant you are considering acted intentionally (the highest), recklessly (in between), or just negligently (the lowest).

As to the third element, the SEC must also prove by a preponderance of the evidence that a defendant's false or misleading statement was distributed by the use of the mails or an instrumentality of interstate commerce. An instrumentality of interstate commerce includes, for example, telephone, Internet, email or any other electronic communication, or any interstate or international delivery system. It is not necessary that the defendant you are considering be directly or personally involved in the use of the mails or an instrumentality of interstate commerce, but only that that defendant, directly or indirectly, caused the distribution of the statement by the mails or by an instrumentality of interstate commerce.

## INSTRUCTION NO. 14

### Second Claim: Fraud in Violation of Rule 10b-5

The SEC's second claim is that defendants violated Rule 10b-5, which prohibits fraud in connection with the purchase or sale of securities. While in some cases, there are some differences between a Section 17 claim and a Rule 10b-5 claim, on the facts of this case, there is only one difference: a 10b-5 claim requires proof of fraudulent intent or recklessness and cannot rest on negligence. Accordingly, if you find a defendant liable on the Section 17 claim for acting intentionally or recklessly, you must also find that defendant liable on the 10b-5 claim. But if you find a defendant is liable on the Section 17 claim only by reason of negligence, or you find a defendant not liable at all on the Section 17 claim, then you must find the defendant not liable on the Rule 10b-5 claim.

**INSTRUCTION NO. 15**

Third Claim: Control Person Liability

The SEC's third and final claim is that, if you find Terraform liable on the 10b-5 claim discussed previously, then, even if you find Mr. Kwon not personally liable for the 10b-5 claim, Mr. Kwon is still liable as a "control person" for Terraform's violation of Rule 10b-5. To prove the "control person liability," the SEC must prove, by a preponderance of the evidence, each of the following elements:

First, that Terraform itself violated Rule 10b-5;

Second, that Mr. Kwon directly or indirectly controlled Terraform; and

Third, that Mr. Kwon was a culpable participant in Terraform's violation of Rule 10b-5.

I instruct you as a matter of law that the SEC has already proved that Mr. Kwon directly or indirectly controlled Terraform during the time of Terraform's alleged fraud. To show that Mr. Kwon was a "culpable participant" in any violation by Terraform of Rule 10b-5, the SEC must prove by a preponderance of the evidence that Mr. Kwon knew, or reasonably should have known, that Terraform was engaging in the fraudulent or deceptive conduct at issue but did not take steps to prevent it.

If you find that the SEC has proven each of the above three elements by a preponderance of the evidence, you must then determine whether defendants have proven by a preponderance of the evidence that Mr. Kwon acted in good faith and did not directly or indirectly induce Terraform's violation of Rule 10b-5. If defendants have so proven, then you must find Mr. Kwon not liable for the claim of control person liability.

### III.   CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 16

#### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence, along with an index so you can locate what you want. If you want any of the testimony, that can also be provided, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony. Also, if you want any of the videotapes replayed, please let us know and we will bring you back into the courtroom to see the relevant videotape.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 17

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier view that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.

24