EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
                    :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **TERRAFORM LABS PTE. LTD.** | : | **Case No. 24–10070 (BLS)** |
| | : | |
| Debtor.[1] | : | Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET) |
| | | Hearing Date: March 5, 2024 at 2:30 p.m. (ET) |
| | : | |

-------------------------------------------------------------- x

### APPLICATION OF DEBTOR FOR ENTRY OF
### AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND
### DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**"), respectfully moves and represents as follows in support of this application (the "**Application**"):

### Background

1.     On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2.     Additional information regarding the circumstances leading to the commencement of this chapter 11 case and the Debtor's business and capital structure is set forth

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

**Jurisdiction**

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Application, pursuant to section 327(e) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1, the Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the retention and employment of Dentons US LLP ("**Dentons US**") as special counsel to the Debtor on the terms and conditions of the engagement agreement, dated November 27, 2023 (the "**Engagement**

---

[2] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

Letter"), effective as of the Petition Date. Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("**Dentons**"). Dentons US and other members of Dentons, including within the United States ("**Member Firms**"), are collectively referred to herein as "**Dentons Member Firms**". In support of the Application, the Debtor relies upon and incorporates by reference the declaration of Mark G. Califano (the "**Califano Declaration**"), attached hereto as **Exhibit B**, and the declaration of Peter Hsieh, the Debtor's General Counsel (the "**Hsieh Declaration**"), attached hereto as **Exhibit C**.

**Dentons US's Retention**

6.     The Debtor seeks to retain Dentons US as special counsel to represent the Debtor in litigation and investigations in multiple fora (collectively, the "**Litigations**"), including (i) an enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd., et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.), filed by the Securities and Exchange Commission (the "**SEC Enforcement Action**") in the United States District Court for the Southern District of New York (the "**District Court**"), naming the Debtor and its co-founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, currently pending before the Honorable Jed Rakoff, (ii) ongoing grand jury, criminal and regulatory investigations, and prosecutions of former TFL employees and others in the United States and other jurisdictions, and (iii) a case entitled *Julian Moreno Beltran, et al. v. Terraform Labs pte Ltd., et al.*, Case No. HC/OC 247/2022, currently pending in the High Court of the Republic of Singapore (the "**Beltran Action**").

7.     As more fully described below, the Debtor seeks to retain Dentons US consistent with the terms of the Engagement Letter and this Application.

3

## A.      NECESSITY OF RETENTION

8.      The Debtor has determined that the retention of Dentons US is necessary to represent and protect the Debtor in the Litigations, which will allow the Debtor to continue its software development business and sustain and grow value for all stakeholders after a successful outcome.

9.      Dentons' global footprint, Dentons US's substantial complex litigation and white collar criminal defense experience, and Dentons US's expertise in securities litigation and multijurisdictional matters makes Dentons US well suited to represent the Debtor in the Litigations.  Dentons is the world's largest global law firm with more than 160 offices in more than 80 countries.  Dentons US is well known for its (i) litigation expertise in complex cases; (ii) deep experience in representing clients across numerous industries and jurisdictions in high-stakes disputes, including securities litigations, criminal investigations and enforcement actions by the Department of Justice, the SEC, the Financial Industry Regulatory Authority and other federal, state, and non-US regulators; (iii) handling sophisticated, complex disputes for issuers facing securities litigation regarding market and asset price fluctuations; (iv)  representation of clients in internal investigations conducted by clients and their boards of directors, mergers and acquisitions litigation, and corporate control disputes; and (v) enforcing and defending rights under complex financial structures and contracts, representation of insurance and financial services company clients, investment banks, broker-dealers and other financial industry participants, investment advisory, and mutual fund companies.  Dentons US has provided legal counsel in a significant number of cases, including the noteworthy cases listed on **Exhibit D**.

10.      Given Dentons' global footprint, Dentons US's expertise, and Dentons US's prepetition representation of the Debtor, the Debtor seeks to retain Dentons US postpetition

because of Dentons US's trusted representative relationship with the Debtor, extensive knowledge of the Debtor's business and financial affairs and work on the Litigations, general experience and knowledge, and its recognized expertise and excellent reputation in matters involving litigation and securities disputes.

### B. SCOPE OF SERVICES

11. Subject to further order of this Court, the Debtor anticipates that Dentons US will:

> (a) Represent and advise the Debtor in the Litigations;
>
> (b) Manage and support the Debtor's Litigations;
>
> (c) Provide necessary background knowledge of and information regarding the Debtor's structure and operations to the Debtor's bankruptcy counsel, as necessary;
>
> (d) Provide advice regarding matters related to product counseling, privacy and cybersecurity counseling, and employment law; and
>
> (e) Perform such other legal services in connection with this chapter 11 case as may be reasonably required and consistent with Dentons US's role as special counsel.

12. Consistent with the Engagement Letter, and as further set forth in the Califano Declaration, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons. *See* ¶¶ 3 and 5 of the Terms of Business annexed to the Engagement Letter. Dentons US will provide invoices covering its work and the work of any other Dentons member firm, and all invoices will be subject to review, objection, and approval consistent with applicable provisions of the Bankruptcy Code. Bankruptcy courts have authorized retention of Dentons US together with its Member Firms in many bankruptcy cases, including *In re Curitec, LLC*, Case No. 23-90108 (Bankr. S.D. Tex.); *In re First Guarantee Mortgage Corporation*, Case No. 22-10584 (Bankr. D. Del.); *In re Fairport Baptist*

*Homes*, Case No. 22-20220 (Bankr. W.D.N.Y.); *In re Alto Maipo Delaware LLC*, Case No. 21-11507 (Bankr. D. Del.); *In re Bear Communications*, Case No. 21-10495-11 (Bankr. D. Kan.); and *In re Community Eco Power LLC*, Case No. 21-30234 (Bankr. D. Mass.).

13.     The Debtor does not believe that the services to be rendered by Dentons US will be duplicative of the services performed by any other counsel or professionals, and Dentons US will work together with the other counsel or professionals retained by the Debtor to minimize and avoid duplication of services.  The Debtor believes that Dentons US's employment is in the best interests of the Debtor, its estate, and its creditors.

**C.     COMPENSATION FOR SERVICES**

14.     The Debtor understands that Dentons US intends to seek compensation for professional services rendered in connection with the Debtor's chapter 11 case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Office of the United States Trustee (the "**U.S. Trustee**"), and the orders of the Court.  The Debtor also understands that Dentons US intends to seek reimbursement of actual, necessary expenses that Dentons US incurs.

15.     Dentons US has proposed to charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates that are in effect on the date the services are rendered.  The names, positions, and current hourly rates of the Dentons US lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are set forth in the Califano Declaration.  The hourly rates charged by the Dentons US professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

16.    Dentons US will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  Dentons US has agreed to accept as compensation such sums as may be allowed by the Court.  Dentons US understands that fee awards are subject to approval by the Court.

17.    Dentons US agrees to charge, subject to this Court's review and approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Local Rules, Dentons US's hourly rates, which are adjusted from time to time, and currently range as follows:

|  | Dentons US Standard Rate (USD) | |
| --- | --- | --- |
| **Classification** | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

18.    The Debtor is informed that Dentons US sets its hourly rates on an annual basis.  These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions.  Dentons US will provide ten (10) business days' notice of any rate increases to the Debtor, U.S. Trustee, and any official committee appointed in this case.

19.    As noted in the Califano Declaration, Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

20. Additionally, pursuant to the terms of the Engagement Letter, Dentons US: (a) involves other lawyers and professionals from its Member Firms to assist, as necessary, in providing legal advice and representation to the Debtor and its present and former employees; and (b) retains other law firms and third-party vendors (collectively, the "**Vendors**", and together with Member Firms, the "**Contractors**") on behalf of the Debtor. Pursuant to this arrangement, invoices for legal fees and costs are submitted to Dentons US by the Contractors for payment on behalf of the Debtor. The list of Contractors that will submit invoices postpetition to Dentons US is attached to the Proposed Order as **Schedule 1**. Dentons US will pay the foregoing invoices, plus invoices from Dentons US, from funds in the Advance Payment Retainer (as defined below).

21. Given the prepetition practice and imminent trial in the SEC Enforcement Action and other activities in the Litigations, subject to Court approval, Dentons US will apply the Advance Payment Retainer (as defined below) to pay all outstanding prepetition invoices related to the Litigations, including invoices of the Contractors listed on **Schedule 1** attached to the Proposed Order. Absent the foregoing relief, the Debtor will suffer immediate and irreparable harm, including the ability to successfully defend itself in the Litigations.

**D.     PREPETITION COMPENSATION & PAYMENTS**

22. Prior to the Petition Date, the Debtor made a number of transfers of cryptocurrency to Dentons US, which upon receipt, in accordance with the terms of the Engagement Letter, were converted to fiat currency (USD)[3] and held in a Dentons US savings account as an advance payment retainer (collectively, the "**Advance Payment Retainer**"). Dentons US made payments from the Advance Payment Retainer for legal fees and costs

---

[3] Upon receipt of crypto currency, Dentons US initiates a fiat conversion process, which requires Dentons US to enlist a third-party fiat conversion service provider.

expended by Dentons US and the Contractors on behalf of the Debtor. The prepetition funds received and payments made are described below in paragraph 24.

23. On the Petition Date: (a) the opening balance in the Advance Payment Retainer totaled $62,954,002.44; and (b) Dentons US held $7,742,492.37, separately in its operating account to pay outstanding costs to the Contractors. As to the latter, given the chapter 11 filing, Dentons did not pay the outstanding costs and instead transferred these amounts to the Advance Payment Retainer. No cryptocurrency or fiat currency was transferred from the Debtor to Dentons US on or after the Petition Date.

24. Postpetition:

- On January 22, 2024, Dentons US transferred $5,830,906.91 to the Advance Payment Retainer from its operating account;
- On January 22 and 23, 2024, Dentons US received the total amount of $9,317,030.64 and transferred it to the Advance Payment Retainer; however, both the digital currency transfer and conversion to fiat occurred prepetition on January 19, 2024.
- On January 26, 2024, Dentons US moved $1,911,585.46 to the Advance Payment Retainer from its operating account.
- On January 30, 2024, Dentons US received in its operating account the amount of $323,835.87 from the bank, which amount related to a prepetition payment to Debtor's bankruptcy counsel that the bank rejected postpetition because the amount was sent via ACH rather than by wire. Dentons US then transferred to the foregoing amount to the Advance Payment Retainer.
- On February 13, 2024, the opening balance in the Advance Payment Retainer totaled $80,608,842.44, which includes interest earned.

25. Below is a description of funds received prepetition, fees and costs incurred prepetition, payments made by Dentons US on account of those fees and costs, and outstanding prepetition invoices:

- Within one (1) year prior to the Petition Date:

  - Dentons US received $165,996,818.87 (total cash including retainers);
  - Dentons US billed $86,143,605.29 in connection with prepetition fees and costs for representation of the Debtor (the "**Prepetition Invoices**");
  - On account of the Prepetition Invoices, Dentons US made the following payments:
    - $37,817,271.62 to Dentons US;
    - $989,320.03 to Member Firms; and
    - $47,337,013.64 to Vendors on behalf of the Debtor.

- o On the Petition Date, there were unpaid invoices in the approximate amount of $2,235,517.65. The foregoing amount reflects the known unpaid invoices, but Dentons US continues to receive invoices from the prepetition period.
- Within ninety (90) days prior to the Petition Date:

  - o Dentons US received $121,973,086.03 (total cash including retainers);
  - o Dentons US billed $43,153,676.68 in connection the Prepetition Invoices;
  - o On account of the Prepetition Invoices, Dentons US made the following payments:
    - $11,204,224.00 to Dentons US;
    - $306,030.99 to Member Firms; and
    - $31,643,421.69 to Vendors on behalf of the Debtor.

26. A detailed schedule of payments made in the ninety (90) days prior to the Petition Date is provided in **Exhibit E** attached hereto.

27. The Debtor has been advised that Dentons has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with this chapter 11 case in accordance with section 504(a) of the Bankruptcy Code.

E.    NO ADVERSE INTEREST

28. To the best of the Debtor's knowledge, information, and belief, and except to the extent otherwise indicated in the Califano Declaration, and as required by section 327(e) of the Bankruptcy Code, neither Dentons nor any of Dentons' partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or its creditors with respect to the matters on which Dentons US is to be employed.

29. Prepetition, Dentons represented:  (i) Kwon Do Hyeong and Luna Foundation Guard Ltd. ("**LFG**") in the Beltran Action; (ii) Kwon Do Hyeong in the SEC Enforcement Action; (iii) Kwon Do Hyeong in a grand jury investigation; and (iv) the Debtor and LFG in a grand jury investigation.  Dentons is in the process of withdrawing from representing Kwon Do Hyeong and LFG in the Beltran Action, and has withdrawn from representing Kwon Do Hyeong in the SEC Enforcement Action.  Dentons will continue to

10

represent TFL and LFG in the grand jury investigation.  Dentons has agreed with the Debtor to not represent any other creditors or parties in interest in this chapter 11 case.

30.     Additionally, Dentons has informed the Debtor that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed pursuant to this Application.

31.     While Dentons has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Dentons, through its continuing efforts or as this chapter 11 case progresses, learn of any new connections of the nature described above, Dentons US will so advise the Court.

32.     Dentons and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtor in connection with matters unrelated to the Debtor and this chapter 11 case.

33.     Based on its extensive experience, Dentons US is well-qualified to represent the Debtor in an efficient and expert manner, and for all of the reasons stated herein, in the Califano Declaration, and in the Hsieh Declaration, the Debtor submits that the retention and employment of Dentons US as special counsel in accordance with the terms and conditions of the Engagement Letter is in the best interests of the Debtor, its estate, and its creditors, and is necessary to the successful prosecution of this chapter 11 case.  Accordingly, the Court should approve this Application.

**Basis For Relief**

34.     The Debtor seeks to employ Dentons US under section 327(e) of the Bankruptcy Code, which provides:

> The [debtor], with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

35.     Retention of an attorney under section 327(e) of the Bankruptcy Code does not require the same inquiry required for a debtor to retain general bankruptcy counsel under section 327(a) of the Bankruptcy Code.  Instead, to approve the appointment of special counsel under section 327(e) of the Bankruptcy Code, the Bankruptcy Court is required to find that:  "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, [and] (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate" with respect to the matter on which the attorney is to be employed.  *Stapleton v. Woodworkers Warehouse, Inc.* (*In re Woodworkers Warehouse, Inc.*), 323 B.R. 403, 406 (D. Del. 2005); *In re Mallinckrodt PLC*, Case No. 20-12522-JTD, 2022 WL 906462, at *2 (D. Del. Mar. 28, 2022).

36.     Claims against the estate for unpaid prepetition professional fees does not amount to an "interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed" for purposes of section 327(e) of the Bankruptcy Code .  *See In re Mallinckrodt PLC*, at *6.  Prepetition payments also "are not relevant to whether special counsel has a qualifying adverse interest 'with respect to the matter on which such attorney is to

be employed' for section 327(e) of the Bankruptcy Code purposes.  Indeed, prepetition claims or payments are expected for special counsel, as one statutory requirement is that counsel have previously represented the debtor."  *Id.* (internal citations omitted).

37.     Dentons US meets each of the section 327(e) criteria identified above. First, for all the reasons discussed in this Application, Dentons US's retention will protect the Debtor's estate and preserve value for the benefit of the Debtor's creditors.  Second, Dentons US represented the Debtor prepetition.  Third, in this Application, the Debtor has outlined the specific purpose for which it is retaining Dentons US.  Fourth, as stated in the Califano Declaration, Dentons does not hold an interest adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed.

38.     Additionally, Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. . . .

Fed. R. Bankr. P. 2014.  The Debtor respectfully submits that this Application satisfies these requirements.

39.     Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file a "supporting affidavit or verified statement of the professional person and a proposed order for approval."  Local Rule 2016-1 requires disclosure of compensation paid or agreed to be paid in connection with the chapter 11 case.  The Califano Declaration and the disclosures therein and the Proposed Order satisfy these requirements.

40. Pursuant to section 327(e) of the Bankruptcy Code, the Debtor requests that the Court approve its retention of Dentons US as its special counsel to perform the legal services described herein in accordance with Dentons US's standard hourly rates and disbursement policies.

## Retention Effective as of the Petition Date

41. Given the circumstances of this chapter 11 case, the Debtor respectfully requests that the employment of Dentons US be authorized effective as of the Petition Date.

42. As described in the First Day Declaration, this chapter 11 case was filed on an expedited basis. Following the Petition Date, Dentons committed substantial resources towards continuing to represent the Debtor in the Litigations and provide support to the Debtor in transitioning into chapter 11, as needed.

43. Accordingly, for the reasons set forth above, the Debtor believes that approval of the retention and employment of Dentons US effective as of the Petition Date is in the best interest of the Debtor and its estate.

## Bankruptcy Rule 5002

44. As set forth in the Califano Declaration, no partner, associate, paraprofessional, or other employee of Dentons is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to this chapter 11 case, or any other employee of the U.S. Trustee. Accordingly, the employment of Dentons US is not prohibited by Bankruptcy Rule 5002.

**Notice**

45.     Notice of this Application will be provided to:  (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor respectfully submits that no further notice is required.

**No Prior Request**

46.     No previous request for the relief sought in this Application has been made to this Court or any other court.

[*Remainder Of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) granting this Application; (ii) authorizing the Debtor to retain and employ Dentons US as its special counsel effective as of the Petition Date; and (iii) granting such other and further relief as may be just and proper.

Dated:    February 13, 2024
          Walnut Creek, California

                    Respectfully submitted,

                    By:     */s/ Chris Amani*
                                 Chris Amani
                                 Head of Company Operations

                    on behalf of Terraform Labs Pte. Ltd.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                  :

**In re**                             :      **Chapter 11**
                                    :

**TERRAFORM LABS PTE. LTD.**    :      **Case No. 24–10070 (BLS)**
                                    :

               **Debtor.**[1]          :      **Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET)**
                                    :      **Hearing: Mar. 5, 2024 at 2:30 p.m. (ET)**
                                    :
---------------------------------------------------------- x

## NOTICE OF APPLICATION AND HEARING

PLEASE TAKE NOTICE that, on February 13, 2024, Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), filed the *Application of Debtor for Entry of an Order Authorizing the Retention and Employment of Dentons US LLP as Special Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* (the "**Application**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Application must be in writing and filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **February 27, 2024 at 4:00 p.m. (prevailing Eastern Time).**

PLEASE TAKE FURTHER NOTICE that, if any objections to the Application are received, the Application and such objections shall be considered at a hearing before The Honorable Brendan L. Shannon at the Court, 824 North Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801 on **March 5, 2024 at 2:30 p.m. (prevailing Eastern Time).**

---

[1]     The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO THE APPLICATION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

Dated:  February 13, 2024
        Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:      heath@rlf.com
            shapiro@rlf.com
            milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email: ronit.berkovich@weil.com
       jessica.liou@weil.com
       f.gavin.andrews@weil.com

*Proposed Attorneys for Debtor*
*and Debtor in Possession*

**<u>Exhibit A</u>**

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
                                                           :
In re                                                      :      Chapter 11
                                                           :
TERRAFORM LABS PTE. LTD.                                   :      Case No. 24–10070 (BLS)
                                                           :
                 Debtor.¹                                  :      Re: Docket No. __
                                                           :
----------------------------------------------------------- x
```

## ORDER GRANTING APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, <u>EFFECTIVE AS OF THE PETITION DATE</u>

Upon the Application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case ("**TFL**" or the "**Debtor**"), pursuant to section 327(e) of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order authorizing the retention and employment of Dentons US LLP ("**Dentons US**")[3] as special counsel to the Debtor effective as of the Petition Date; the Court having considered the declaration of Mark G. Califano in support of the Application (the "**Califano Declaration**"), attached to the Application as **<u>Exhibit B</u>**, and the declaration of Peter Hsieh the

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

[3] Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("**Dentons**"). Dentons US and other members of Dentons, including within the United States ("**Member Firms**"), are collectively referred to herein as "**Dentons Member Firms**."

Debtor's General Counsel (the "**Hsieh Declaration**"), attached to the Application as **Exhibit C**, and the record in this case; and the Court being satisfied, based on the representations made in the Application, the Califano Declaration, and the Hsieh Declaration, that Dentons does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which Dentons US is retained pursuant to section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtor having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved, or overruled; and this Court having determined that the relief requested in the Application is just and proper and in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The Application is GRANTED as set forth herein.

2.    The Debtor is authorized to retain and employ Dentons US as its special counsel in this chapter 11 case pursuant to section 327(e) of the Bankruptcy Code, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter and Application.

3.      Dentons US shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Dentons US shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Dentons US in this chapter 11 case.

4.      Notwithstanding anything in the Application or the Califano Declaration to the contrary and after reconciliation of any prepetition fees and expenses with the retainer held by Dentons US, Dentons US shall apply any remaining amounts of the retainer to the first post-petition invoice for fees and expenses after such post-petition fees and expenses are allowed against the Debtor's estate, including pursuant to any interim compensation procedures approved by the Court, and then to any subsequent post-petition invoices, until the remaining amount of such retainer is exhausted.

5.      Dentons US shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any official committee appointed in this chapter 11 case before implementing any periodic increases and shall file such notice with the Court.

6.      If the Debtor determines to retain Dentons US to provide any additional legal services beyond the scope contemplated in the Engagement Letter, the Application, and the Califano Declaration, the Debtor shall file a notice with the Court describing the scope of such additional services, together with such supplemental declaration(s) in support thereof as may be

required, and objections thereto, if any, shall be filed and served within fourteen (14) days of the filing thereof.

7.     Notwithstanding anything in the Application, the Califano Declaration, or the Engagement Letter to the contrary, to the extent that Dentons US uses the services of the Contractors in this chapter 11 case, Dentons US shall (i) pass-through the cost of such Contractors to the Debtor at the same rate that Dentons US pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Member Firms are subject to the same conflict checks as required for Dentons US, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.   For the avoidance of doubt, Dentons US is authorized to pay postpetition invoices of the Contractors listed on **Schedule 1** attached hereto, subject, in each case, to this Order.

8.     Dentons US may apply the Advance Payment Retainer to pay any outstanding prepetition invoices, including prepetition invoices for Contractors listed on **Schedule 1** attached hereto.

9.     The Debtor and Dentons US are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10.     To the extent there is any inconsistency between the Application, the Califano Declaration, and this Order, the provisions of this Order shall govern.

11.     The terms and conditions of this Order shall bell immediately effective and enforceable upon entry.

12.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

## Schedule 1

**(List of Contractors that will Submit Invoices Postpetition to Dentons US)**

| Member Firms: |
| --- |
| |
| Dentons (BVI) Corp. |
| Dentons Australia Limited |
| Dentons Cayman Islands (Dinner Martin) |
| Dentons Cohen & Grigsby, PC |
| Dentons Europe AARPI |
| Dentons Bingham Greenbaum LLP |
| Dentons Ireland LLP |
| Dentons Kensington Swan |
| Dentons Lee |
| Dentons Mauritius LLP |
| |
| **Other Law Firms:** |
| Benesch, Friedlander, Coplan & Aronoff LLP |
| Collas Crill L.P. |
| Elliot Kwok Levine & Jaroslaw LLP |
| Gasser Partner Attorneys at Law |
| Howse Williams |
| |
| **Vendors:** |
| Capital Process Servers, Inc. |
| DDC Advocacy LLC d/b/a DDC Public Affairs |
| Foley Square Partners LLC |
| Gradillas Court Reporters, Inc. |
| Legal Concierge, Inc. |
| Parcels, Inc. |
| R and D Strategic Solutions, LLC |

**Exhibit B**

**(Califano Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
                                       :
In re                                  :      Chapter 11
                                       :
TERRAFORM LABS PTE. LTD.               :      Case No. 24–10070 (BLS)
                                       :
            Debtor.                    :
                                       :
----------------------------------------------------------- x
```

### DECLARATION OF MARK G. CALIFANO IN SUPPORT OF APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

I, Mark G. Califano, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury:

1.      I am a partner in the law firm of Dentons US LLP ("**Dentons US**"), located at 1900 K Street, NW Washington, D.C., 20006, and have been duly admitted to practice law in the State of New York and in the District of Columbia, as well as in the United States District Courts for the Southern District of New York New, the United States Court of Appeals for the Second Circuit, and the Supreme Court of the United States. Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("**Dentons**"). Dentons US and other members of Dentons, including within the United States ("**Member Firms**"), are collectively referred to herein as "**Dentons Member Firms**."

2.      I submit this declaration (the "**Declaration**") in connection with the application (the "**Application**")[1] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in

---

[1] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**"), pursuant to section 327(e) of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order authorizing the retention and employment of Dentons US as special counsel to the Debtor effective as of the Petition Date.

3.     The Debtor has determined, and I believe, that it is necessary to retain Dentons US as special counsel to represent the Debtor in prepetition litigation and investigations in multiple fora (collectively, the "**Litigations**"), including (i) an enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd.*, *et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.), filed by the Securities and Exchange Commission (the "**SEC Enforcement Action**") in the United States District Court for the Southern District of New York (the "**District Court**"), naming the Debtor and its co-founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, currently pending before the Honorable Jed Rakoff, (ii) ongoing grand jury, criminal and regulatory investigations, and prosecutions of former TFL employees and others in the United States and other jurisdictions, and (iii) a case entitled *Julian Moreno Beltran, et al. v. Terraform Labs pte Ltd., et al.*, Case No. HC/OC 247/2022, currently pending in the High Court of the Republic of Singapore (the "**Beltran Action**").

4.     Given Dentons' global footprint, Dentons US's substantial complex litigation and white collar criminal defense experience, and Dentons US's expertise in securities litigation and multijurisdictional matters, and Dentons US's prepetition representation of the Debtor, the Debtor seeks to retain Dentons US postpetition because of Dentons US's trusted

representative relationship with the Debtor, extensive knowledge of the Debtor's business and financial affairs and work on the Litigations, general experience and knowledge, and its recognized expertise and excellent reputation in matters involving litigation and securities disputes.

5.      Subject to further order of this Court, Dentons US will:

      (f)      Represent and advise the Debtor in the Litigations;

      (g)      Manage and support the Litigations;

      (h)      Provide necessary background knowledge of and information regarding the Debtor's structure and operations to the Debtor's bankruptcy counsel, as necessary;

      (i)      Provide advice regarding matters related to product counseling, privacy and cybersecurity counseling, and employment law; and

      (j)      Perform such other legal services in connection with this chapter 11 case as may be reasonably required and consistent with Dentons US's role as special counsel.

6.      Consistent with the Engagement Letter, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons. *See* ¶¶ 3 and 5 of the Terms of Business annexed to the Engagement Letter. Under standard engagement terms, clients that initially engage attorneys in one member of Dentons (such as Dentons US) agree that lawyers and professionals from its Member Firms of Dentons may be involved to provide services as needed or appropriate without the need for any separate or additional engagement letter. Dentons US anticipates the following Member Firms may provide services postpetition, as they did prepetition: Dentons (BVI) Corp.; Dentons Australia Limited; Dentons Cohen & Grigsby, PC; Dentons Europe AARPI (France, Germany); Dentons Bingham Greenbaum LLP; Dentons Ireland LLP; Dentons Kensington Swan; Dentons Lee (South Korea);

Dentons Mauritius LLP (Mauritius); and Dinner Martin Attorneys T/A Dentons (Cayman Islands).

7. Dentons US will provide invoices covering its work and the work of any other Dentons member firm, and all invoices will be subject to review, objection, and approval consistent with applicable provisions of the Bankruptcy Code.

8. The services to be rendered by Dentons US will not be duplicative of the services performed by any other counsel or professionals, and Dentons US will work together with the other counsel or professionals retained by the Debtor to minimize and avoid duplication of services.

9. I believe that Dentons US's employment is in the best interests of the Debtor, its estate, and its creditors. Subject to this Court's approval of the Application, Dentons US is willing to serve as the Debtor's special counsel and to perform the services described above.

10. Dentons US intends to seek compensation for professional services rendered and reimbursement of actual, necessary expenses that Dentons US incurs in connection with the Debtor's chapter 11 case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Office of the United States Trustee (the "**U.S. Trustee**"), and orders of the Court.

11. Dentons US has proposed to charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates that are in effect on the date the services are rendered. The names, positions, and current hourly rates of the Dentons US lawyers

and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are set forth as follows:[2]

| Timekeeper | Rate | Position | Department |
|---|---|---|---|
| Douglas W. Henkin | $2,295.00 | Partner | Commercial Litigation |
| David Kornblau | $1,980.00 | Partner | Commercial Litigation |
| Mark G. Califano | $1,725.00 | Partner | Commercial Litigation |
| Allison Jetton | $1,630.00 | Partner | Venture Technology |
| Amianna Stovall | $1,485.00 | Partner | Commercial Litigation |
| Louis A. Pellegrino | $1,485.00 | Partner | Commercial Litigation |
| Justine N. Margolis | $1,400.00 | Partner | Commercial Litigation |
| Samuel R. Maizel | $1,385.00 | Partner | Restructuring, Insolvency & Bankruptcy Litigation |
| Melissa Gomez Nelson | $1,290.00 | Partner | Commercial Litigation |
| Matthew A. Lafferman | $1,235.00 | Partner | Commercial Litigation |
| Tania M. Moyron | $1,210.00 | Partner | Restructuring, Insolvency & Bankruptcy Litigation |
| Angelina M. Guidos-Whitfield | $1,245.00 | Sr. Managing Associate | Federal Regulatory/Compliance |
| Sarah M. Schrag | $1,185.00 | Sr. Managing Associate | Restructuring, Insolvency & Bankruptcy Litigation |
| Dorothy J. Daboval | $1,020.00 | Sr. Managing Associate | Commercial Litigation |
| Charles M. Farrell | $985.00 | Managing Associate | Commercial Litigation |
| Samuel J. Weiner | $985.00 | Managing Associate | Commercial Litigation |
| Anthony Pascua | $925.00 | Managing Associate | Venture Technology |
| Brett Dorman | $895.00 | Managing Associate | Venture Technology |
| Ashley Jaros | $595.00 | Managing Associate | Commercial Litigation |
| Elizabeth R. Martin | $595.00 | Managing Associate | Commercial Litigation |
| Megan M. Carroll | $575.00 | Managing Associate | Commercial Litigation |
| Meagan A. Edmonds | $855.00 | Associate | Commercial Litigation |
| Katherine Mary R Daw | $855.00 | Associate | Federal Regulatory/Compliance |
| Joel Aschbrenner | $855.00 | Associate | Corporate, Tax, Private Client |
| Alyssa Landow | $840.00 | Associate | Commercial Litigation |
| Antony Lam | $815.00 | Associate | Corporate, Tax, Private Client |
| Melanie Dellplain | $805.00 | Associate | Commercial Litigation |

---

[2] However, it may be necessary for other professionals employed by Dentons US to provide services to the Debtor.

| Jonathan Hong | $785.00 | Law Clerk | Commercial Litigation |
|---|---|---|---|
| Sally Kang | $685.00 | Associate | Venture Technology |
| Jeffrey M. Hanson | $610.00 | Senior Paralegal | Commercial Litigation |
| Nancy L. Gerwel | $485.00 | Senior Paralegal | Commercial Litigation |
| Awendela E. Armstrong | $535.00 | Senior Paralegal | Federal Regulatory/Compliance |
| Adriana Grabowski | $430.00 | Senior Paralegal | Commercial Litigation |
| George Medina | $515.00 | Senior Paralegal | Restructuring, Insolvency & Bankruptcy Litigation |
| Sarah Gonzalez | $600.00 | Paralegal | Commercial Litigation |
| Iris Ortiz | $430.00 | Paralegal | Restructuring, Insolvency & Bankruptcy Litigation |

The hourly rates charged by the Dentons US professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

12. Dentons US will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. Dentons US has agreed to accept as compensation such sums as may be allowed by the Court. Dentons US understands that fee awards are subject to approval by the Court.

13. Dentons US agrees to charge, subject to this Court's review and approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Local Rules, Dentons US's hourly rates, which are adjusted from time to time, and currently range as follows:

| Classification | Dentons US Standard Rate (USD) | |
|---|---|---|
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

14. Dentons US sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions. Dentons US will provide ten (10) business days' notice of any rate increases to the Debtor, U.S. Trustee, and any official committee appointed in this case.

15. Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

16. Additionally, pursuant to the terms of the Engagement Letter, Dentons US: (a) involves lawyers and professionals from its Member Firms, to assist, as necessary, in providing legal advice and representation to the Debtor and its present and former employees; and (b) retains other law firms and third-party vendors (collectively, the "**Vendors**", and together with Member Firms, the "**Contractors**") on behalf of the Debtor. Pursuant to this arrangement, invoices for legal fees and costs are submitted to Dentons US by the Contractors for payment on behalf of the Debtor. The list of Contractors that will submit invoices postpetition to Dentons US is attached to the Proposed Order as **Schedule 1**. Dentons US will pay the foregoing invoices from funds in the Advance Payment Retainer (as defined below).

17. Given the prepetition practice and imminent trial in the SEC Enforcement Action and other activities in the Litigations, Dentons US will apply the Advance Payment Retainer (as defined below) to pay all outstanding prepetition invoices related to the Litigations, including invoices of the Contractors listed on **Schedule 1** attached to the Proposed Order. Absent the foregoing relief, I believe the Debtor will suffer immediate and irreparable harm, including the ability to successfully defend itself in the Litigations.

18.     Prior to the Petition Date, the Debtor made a number of transfers of cryptocurrency to Dentons US, which upon receipt, in accordance with the terms of the Engagement Letter, were converted to fiat currency (USD)[3] and held in a Dentons US savings account as an advance payment retainer (collectively, the "**Advance Payment Retainer**"). Dentons US made payments from the Advance Payment Retainer for legal fees and costs expended by Dentons US and Contractors on behalf of the Debtor.  The prepetition funds received and payments made are described below in paragraph 20.

19.     On the Petition Date:  (a) the opening balance in the Advance Payment Retainer totaled $62,954,002.44; and (b) Dentons US held $7,742,492.37 in its operating account to pay outstanding costs to Contractors.  As to the latter, given the chapter 11 filing, Dentons did not pay the outstanding costs and instead transferred these amounts to the Advance Payment Retainer.  No cryptocurrency or fiat currency was transferred from the Debtor to Dentons US on or after the Petition Date.

20.     Postpetition:

- On January 22, 2024, Dentons US transferred $5,830,906.91 to the Advance Payment Retainer from its operating account;
- On January 22 and 23, 2024, Dentons US received the total amount of $9,317,030.64 and transferred it to the Advance Payment Retainer; however, both the digital currency transfer and conversion to fiat occurred prepetition on January 19, 2024.
- On January 26, 2024, Dentons US moved $1,911,585.46 to the Advance Payment Retainer from its operating account.
- On January 30, 2024, Dentons US received in its operating account the amount of $323,835.87 from the bank, which amount related to a prepetition payment to Debtor's bankruptcy counsel that the bank rejected postpetition because the amount was sent via ACH rather than by wire.  Dentons US then transferred to the foregoing amount to the Advance Payment Retainer.
- On February 13, 2024, the opening balance in the Advance Payment Retainer totaled $80,608,842.44, which includes interest earned.

---

[3] Upon receipt of crypto currency, Dentons US initiates a fiat conversion process, which requires Dentons US to enlist a third-party fiat conversion service provider.

21.     Below is a description of funds received prepetition, fees and costs incurred prepetition, payments made by Dentons US on account of those fees and costs, and outstanding prepetition invoices:

- Within one (1) year prior to the Petition Date:

   - Dentons US received $165,996,818.87 (total cash including retainers);
   - Dentons US billed $86,143,605.29 in connection with prepetition fees and costs for representation of the Debtor (the "**Prepetition Invoices**");
   - On account of the Prepetition Invoices, Dentons US made the following payments:
     - $37,817,271.62 to Dentons US;
     - $989,320.03 to Member Firms; and
     - $47,337,013.64 to Vendors on behalf of the Debtor.
   - On the Petition Date, there were unpaid invoices in the approximate amount of $2,235,517.65.  The foregoing amount reflects the known unpaid invoices, but Dentons US continues to receive invoices from the prepetition period.

- Within ninety (90) days prior to the Petition Date:

   - Dentons US received $121,973,086.03 (total cash including retainers);
   - Dentons US billed $43,153,676.68 in connection the Prepetition Invoices;
   - On account of the Prepetition Invoices, Dentons US made the following payments:
     - $11,204,224.00 to Dentons US;
     - $306,030.99 to Member Firms; and
     - $31,643,421.69 to Vendors on behalf of the Debtor.

22.     A detailed schedule of payments made in the ninety (90) days prior to the Petition Date is provided in **Exhibit E** to the Application.

23.     Dentons has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with this chapter 11 case in accordance with section 504(a) of the Bankruptcy Code.

24.     Except to the extent otherwise indicated herein, and as required by section 327(e) of the Bankruptcy Code, neither Dentons nor any of Dentons' partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or its creditors with respect to the matters on which Dentons US is to be employed.

9

25.     Our conflicts group at Dentons has undertaken an extensive review of its conflicts global database of existing and former clients to determine whether it had or has any connections with the parties in interest in this chapter 11 case.  Attached hereto as **Schedule 1** is a list of the parties in interest in the chapter 11 case which was prepared by the Debtor (the "**Parties in Interest List**"), which Dentons has run through its conflicts database for the purpose of making these disclosures.  Based on this review, I am disclosing connections in unrelated matters (the "**Connections List**"), which are set forth as **Schedule 2** attached hereto.  I do not believe that Dentons has a representation that would prevent Dentons US from representing the Debtor in this chapter 11 case.

26.     Dentons maintains and systematically updates this system in the regular course of business of Dentons, and it is the regular practice of Dentons to make and maintain these records.   The conflict check system maintained by Dentons is designed to include: (i) every matter for which Dentons is now or has been engaged; (ii) the entity by which Dentons is now or has been engaged; (iii) the identity of known related parties; (iv) the identity of known adverse parties; and (v) the attorney in Dentons that is knowledgeable about the matter.  It is the policy of Dentons that no new matter may be accepted or opened within Dentons without completing and submitting to those charged with maintaining the conflict check system adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by Dentons.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.  Any matches between Dentons' conflict check system and the Parties in Interest List were identified on **Schedule 2** (*i.e.*, the Connections List).

10

27.     Dentons does not, and has not, represented any entities, other than the Debtor, in matters related to this chapter 11 case.  Dentons has agreed with the Debtor not to represent any such creditors or parties in interest in this chapter 11 case.

28.     Dentons:  (a) is not an equity security holder or insider of the debtor; (b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

29.     Additionally, Dentons has informed the Debtor that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed pursuant to this Application.

30.     While Dentons has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Dentons, through its continuing efforts or as this chapter 11 case progresses, learn of any new connections of the nature described above, Dentons US will so advise the Court.

31.     Dentons and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtor in connection with matters unrelated to the Debtor and this chapter 11 case.

32.     Prepetition, Dentons represented:  (i) Kwon Do Hyeong and Luna Foundation Guard Ltd. ("**LFG**") in the Beltran Action; (ii) Kwon Do Hyeong in the SEC

Enforcement Action; (iii) Kwon Do Hyeong in a grand jury investigation; and (iv) the Debtor and LFG in a grand jury investigation. Dentons is in the process of withdrawing from representing Kwon Do Hyeong and LFG in the Beltran Action; and has withdrawn from representing Kwon Do Hyeong in the SEC Enforcement Action. Dentons will continue to represent TFL and LFG in the grand jury investigation. Dentons has agreed with the Debtor to not represent any other creditors or parties in interest in this chapter 11 case.

33. Pursuant to Part D1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases*, Dentons US hereby provides the following responses:

| Questions Required by Part D1 of Fee Guidelines | Answer | Further Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the twelve months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Dentons represented the client during the twelve-month period prepetition.<br><br>The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based subject to economic adjustment.<br><br>The billing rates and material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. The standard hourly rates of Dentons are subject to periodic adjustment | None. |

| | in accordance with the Firm's practice. | |
|---|---|---|
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtor and Dentons expect that it may be necessary to develop a prospective budget plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of this large chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by the Debtor and Dentons. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

34.     For all of the reasons stated herein, I believe that the retention and employment of Dentons US as special counsel is in the best interests of its estate and is necessary to the successful prosecution of this chapter 11 case.  Based on its extensive experience, Dentons US is well-qualified to represent the Debtor in an efficient and expert manner.

35.     Accordingly, for the reasons set forth herein, the Debtor and I believe that approval of the retention and employment of Dentons US effective as of the Petition Date is in the best interest of the Debtor and its estate.

36.     To the best of my knowledge, information and belief, no partner, associate, paraprofessional, or other employee of Dentons is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to this chapter 11 case, or any other employee of the U.S. Trustee.  Accordingly, the appointment of Dentons US is not prohibited by Bankruptcy Rule 5002.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge, information, and belief.

Dated: February 13, 2024
Washington, D.C.                          /s/ Mark G. Califano
                                          Mark G. Califano
                                          Dentons US LLP

## Schedule 1

**(Parties in Interest List)**

- **TERRAFORM LABS PTE. LTD. PARTIES IN INTEREST**

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata

Binance Capital Management Co., Ltd
Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**Directors And Officers**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.

EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**Vendors**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah

Tower Legal Solutions
VSP Vision

**Investments**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**United States Trustee and Staff for the District of Delaware**
Attix, Laruen
Bu, Fang
Casey, Linda

5

Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**Bankruptcy Judges and Staff for the District of Delaware**
Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al

6

Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**<u>Clerk of the Court</u>**
O'Boyle, Una

**<u>Schedule 2</u>**

**(Connections List)**

| Party Name |
|---|
| ADOBE INC. |
| AIG ASIA PACIFIC INSURANCE PTE. LTD. |
| AIR CHARTER SERVICE |
| ALPHA CONSULTING |
| ALVAREZ AND MARSAL |
| AMAZON WEB SERVICES KOREA LLC. |
| AMAZON WEB SERVICES SINGAPORE PTE LTD |
| BENESCH FRIEDLANDER |
| BFXWW INC AKA BITFINEX |
| CENTRAL PROVIDENT FUND BOARD (CPF) |
| CERTIK, LLC |
| CIMB BANK |
| CLIFFORD CHANCE |
| CLOUDFLARE, INC. |
| COLLAS CRILL |
| CORNERSTONE RESEARCH |
| DBS BANK |
| DDC ADVOCACY LLC D/B/A DDC PUBLIC AFFAIRS AKA OMNICOMPRGROUP |
| DEEL, INC |
| DEFI LIMITED |
| DENTONS CAYMAN ISLANDS |
| DENTONS FRANKFURT |
| DENTONS LEE |
| DENTONS MAURITIUS |
| DENTONS PARIS |
| DENTONS RODYK & DAVIDSON LLP |
| DENTONS SEOUL |
| DOCUSIGN INC |

| DREW & NAPIER LLC |
| ENTERPRISE MANAGEMENT PTE LTD |
| ESHARES, INC. DBA CARTA , INC. |
| GASSER PARTNER |
| GITHUB, INC. |
| GOOGLE ASIA PACIFIC PTE. LTD. |
| HASHICORP, INC. |
| HOF CAPITAL GROWTH OPPORTUNITY XX, LLC |
| J.S. HELD LLC |
| JONES LANG LASALLE PROPERTY CONSULTANTS PTE LTD |
| K&L GATES LLP |
| KIM & CHANG |
| KWON, DO HYEONG |
| LINCOLN FINANCIAL GROUP |
| LUNA FOUNDATION GUARD LTD. |
| MANULIFE FINANCIAL CORPORATION |
| MCGUIRE WOODS |
| MISHCON DE REYA LLP |
| MYREPUBLIC BROADBAND PTE LTD |
| OKCOIN TECHNOLOGY COMPANY LTD |
| OMNICOM GROUP INC. |
| PERSISTENCE TECHNOLOGIES (BVI) PTE LTD |
| PLATIAS, NIKOLAOS ALEXANDROS |
| QUINLAN PARTNERS |
| REED SMITH |
| SLACK TECHNOLOGIES LIMITED |
| STAZON TECHNOLOGIES LTD AKA STADER LABS |
| TERRAFORM LABS KOREA |
| TERRAFORM LABS LIMITED |

| TERRAFORM LABS PTE. LTD. |
| WESTERN ALLIANCE BANK |
| WONGPARTNERSHIP LLP |

**Exhibit C**

**(Hsieh Declaration)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                            :
In re                                       :          Chapter 11
                                            :
TERRAFORM LABS PTE. LTD.                    :          Case No. 24–10070 (BLS)
                                            :
            Debtor.                         :
                                            :
-------------------------------------------------------- x
```

### DECLARATION OF PETER HSIEH IN SUPPORT OF APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

I, Peter Hsieh, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury:

1.     Beginning on November 22, 2023, I became General Counsel of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**").  In my current role, the TFL executive team and I are responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2.     On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

3.     I submit this declaration (the "**Declaration**") in connection with the application (the "**Application**")[1] of the Debtor, pursuant to section 327(e) of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of

---

[1] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order authorizing the retention and employment of Dentons US LLP ("**Dentons US**") as special counsel to the Debtor effective as of the Petition Date.

      4.    Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtor's employees or advisors, or my opinion based upon knowledge and experience as General Counsel for the Debtor.

### Retention of Dentons US

      5.    The Debtor desires to employ and retain Dentons US as special counsel to represent the Debtor in prepetition litigation and investigations in multiple fora (collectively, the "**Litigations**"), including (i) an enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd., et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.)), filed by the Securities and Exchange Commission (the "**SEC Enforcement Action**") in the United States District Court for the Southern District of New York (the "**District Court**"), naming the Debtor and its co-founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, currently pending before the Honorable Jed Rakoff, (ii) ongoing grand jury, criminal and regulatory investigations, and prosecutions of former TFL employees and others in the United States and other jurisdictions, and (iii) a case entitled *Julian Moreno Beltran, et al. v. Terraform Labs pte Ltd., et al.*, Case No. HC/OC 247/2022, currently pending in the High Court of the Republic of Singapore (the "**Beltran Action**").

      6.    Dentons US has provided legal services to the Debtor on the terms and conditions of the engagement agreement, dated November 27, 2023 (the "**Engagement Letter**").

Dentons US has worked closely with the Debtor and its other professionals and, as a result of Dentons US's trusted representative relationship with the Debtor, Dentons US has become well acquainted with the Debtor's business and financial affairs and work on the Litigations. Accordingly, I believe that Dentons US has developed substantial knowledge regarding the Debtor that will result in effective and efficient services in this chapter 11 case.

7.       Subject to further order of this Court, the Debtor anticipates that Dentons US will:

(a)       Represent and advise the Debtor in the Litigations;

(b)       Manage and support the Debtor's Litigations;

(c)       Provide necessary background knowledge of and information regarding the Debtor's structure and operations to the Debtor's bankruptcy counsel, as necessary;

(d)       Provide advice regarding matters related to product counseling, privacy and cybersecurity counseling, and employment law; and

(e)       Perform such other legal services in connection with this chapter 11 case as may be reasonably required and consistent with Dentons US's role as special counsel.

Consistent with the Engagement Letter, and as further set forth in the Califano Declaration, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons.  *See* ¶¶ 3 and 5 of the Terms of Business annexed to the Engagement Letter.  Dentons US has informed the Debtor it will provide invoices covering its work and the work of any other Dentons member firm, and all invoices will be subject to review, objection, and approval consistent with applicable provisions of the Bankruptcy Code.

8.       I believe that Dentons US has the resources and experience necessary to assist the Debtor in this chapter 11 case, and that Dentons US's retention would be in the best interests of the Debtor, it estate, and its creditors.  Dentons US has informed the Debtor it will

coordinate with the Debtor's other professionals to ensure that its services are, to the maximum extent possible, complimentary to and not duplicative of the services of the Debtor's other professionals.

## **Compensation and Expense Reimbursement**

9.      Dentons US has represented to the Debtor that the hourly rates set forth in the Application (a) are set at a level designed to fairly compensate Dentons US for its work and to cover fixed and routine overhead expenses; (b) are standard for work of this nature inside and outside bankruptcy; and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of Dentons US's business.

## **Cost Supervision**

10.      The Debtor recognizes that it is its responsibility to closely monitor the billing practices of Dentons US to ensure that the fees and expenses paid by the estate remain consistent with the Debtor's expectations and the exigencies of this chapter 11 case.  If necessary, Dentons US will develop a budget plan for a period to be determined by the Debtor and Dentons US.  The Debtor will review the invoices that Dentons submits to the Debtor, and my understanding is that such fees and expenses will be subject to review on a monthly basis during this chapter 11 case by the Debtor, the U.S. Trustee, and any official committee of unsecured creditors that may be appointed.

11.      For the foregoing reasons, I believe Dentons US should be retained by the Debtors as special counsel to the Debtors.

*[Remainder Of Page Intentionally Left Blank]*

4

I declare under penalty of perjury that the foregoing is true and correct to the best of

my knowledge, information, and belief.

Dated: February 13, 2024
Honolulu, Hawaii

**TERRAFORM LABS PTE. LTD.**

*/s/ Peter Hsieh* _____
Name:  Peter Hsieh
Title:   General Counsel

**Exhibit D**

**(Noteworthy Cases Highlighting Dentons US's Experience)**

# DENTONS

# Select Representations

- **New York Stock Exchange**: Successfully defended three New York Stock Exchange markets in the "Flash Boys" class action case; getting the case dismissed for lack of Article III standing after 8 years of litigation. Arguably the largest class action of any type ever filed, the plaintiffs sought in excess of $4.9 trillion based on allegations that high-frequency traders used exchange-created products that are available to all market participants (specifically co-location, "complex" order types, and proprietary data feeds) to manipulate the markets at the expense of non-high frequency traders.

- **Innocoll Holdings**: Won victories for Innocoll Holdings and its officers and directors in two securities class action lawsuits.

  - In the first case, *Rubin v. Innocoll Holdings plc, et al*., in which we defended the company and its board of directors against allegations that the disclosures in the proxy statement for a going-private transaction failed to disclose allegedly material information in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, as amended, and SEC Rule 14a-9 promulgated thereunder. Based on these allegations, the plaintiff sought to enjoin the stockholder vote on the acquisition and enjoin the  consummation of the transaction. After the plaintiff demanded corrective disclosures, we provided a detailed rebuttal and refused to alter any statements in the proxy. On June 28, 2017, the stockholders voted in favor of the acquisition, and the transaction subsequently closed.  In August, the plaintiffs dismissed the action.

  - The second action is *In re Innocoll Securities Litigation*, in which plaintiffs alleged misrepresentations in connection with the FDA review of Innocoll's product Xaracoll, which allegedly cause an inflated share price. In September 2018, the US District Court for the Eastern District of Pennsylvania dismissed the consolidated amended complaint for failure to adequately plead scienter under the PSLRA. Following the filing of a second amended complaint the litigation continues. An aggressive opposition to the motion for class certification on the grounds that Innocoll was not trading in an efficient market during the class period led to a favorable settlement..

- **Genworth Financial, Inc.**: Representation of longtime client Genworth Financial Inc. and its former US CEO and CFO in a 10b-5 securities fraud "stock drop" class action pending in the US District Court for the Southern District of New York, which we took over as replacement counsel. Plaintiffs allege that Defendants made materially false statements concerning Defendant Genworth Financial's planned partial IPO of its Australian mortgage insurance subsidiary, concealed allegedly negative financial and adverse claims developments from investors, and announced the partial IPO at a time Defendants knew (or recklessly did not know) that the announced IPO could not be consummated. Defendants categorically deny Plaintiffs' allegations of wrongdoing. A favorable nationwide class settlement was reached and approved by the court.

- **First American Title Insurance**: Dentons, as National Counsel, is defending **First American Title Insurance Company** in four civil lawsuits alleging its involvement in a scheme to sell tenant-in-common real estate interests as unregistered securities. Plaintiffs invested $35 million in fractional interests in property developments, which weren't marketed as securities, using these exchange vehicles. First American provided the title insurance and escrow services in connection with each purchase. The plaintiffs expected their investments to generate passive income from monthly rent payments. Plaintiffs allege earlier investors weren't paid their monthly returns from rent payments, but instead from money defendants collected from later investors (like a Ponzi scheme). When tenants went bankrupt, the alleged scheme unraveled and plaintiffs were left with properties that were unoccupied, or unbuilt. In the Utah state court case, the claims have been compelled to arbitration (where they will likely be dismissed as time-barred). In one Utah federal court case, arbitration was compelled, but the plaintiffs later decided to try to amend their claims to avoid the order compelling them to arbitrate; the court is now deciding whether in doing so the plaintiffs waived federal court jurisdiction. In the other Utah federal court case the court is deciding whether to compel arbitration.

- **Cantor Fitzgerald & Co.**: A Dentons team represented Cantor Fitzgerald & Co. in a "sweep" of Wall Street financial services firms conducted by the Securities and Exchange Commission and the Commodity Futures Trading Commission. The agencies investigated "off-channel" electronic business communications by employees on personal devices not captured by their firms' communications platform. Eleven firms settled the recordkeeping charges, but because of our strategy and advocacy, Cantor paid by far the lowest penalties of all of the firms.

- **Czechoslovak Group, a.s**: Defending litigation against CSG in Delaware Superior Court alleging breach of a call option agreement with respect to CSG's radar-manufacturing subsidiary Retia. CSG has counterclaimed for defamation. This litigation is of high importance to the company both financially and reputationally.

- **Major Global Life Insurance Company**: On behalf of a major life insurance company, our team led the defense of a nationwide class action regarding unauthorized charges on owners of variable universal life and universal life policies. Plaintiff sought damages and restitution, as well as a declaration prohibiting the challenged business practices. An Order of Completion of this nationwide class settlement was entered in June 2021. This was a novel, bespoke matters that resulted in an extraordinary and creative settlement for our client that saved the Company hundreds of millions in potential exposure and achieved full and fair results for members of the class.

- **Wall Street Trader**: Successful defense of senior Wall Street trader in four-year CFTC investigation concerning trading in interest-rate swaps. This has been a key priority focus area for the CFTC, which is currently litigating enforcement actions against two swaps traders from two other investment banks. The matter was high stakes for our client, as any charge would have had a devastating impact on his career. After multiple presentations and a white paper, we persuaded the CFTC staff to close the investigation without taking any enforcement action against our client.

- **Wall Street Investment Bank**: Representation of Wall Street Investment Bank in ongoing SEC industry sweep concerning use of unapproved electronic communication channels by senior executives and other bank employees.

- **Wall Street Investment Bank**: Representation of an investment bank in an SEC investigation concerning Special Purpose Acquisition Companies (SPACs) sponsored by the bank. This matter is important because SPACs are a priority area for the SEC and because the activities under investigation involve the client's senior management.

- **A Group of Stock Exchanges**: Representation in non-public SEC investigation concerning reporting of systems incidents. The matter is important because it involves compliance with a new SEC regulation that the SEC views as critical to protecting the infrastructure of the securities markets.

- **Genworth Financial Wealth Management, Inc./Asset Mark**: Defeated class certification on behalf of our clients, a major financial institution and its investment advisory group along with its CEO, facing a federal 10b-5 securities fraud class action that alleged misrepresentations and omissions regarding the placement of client assets in mutual funds and related mutual fund fees. The US Court of Appeals for the Second Circuit affirmed the victory**.**

- **Versar, Inc.**: Served as lead counsel for the directors of Versar, Inc., a national project management company, defending a stockholder class action in the Delaware Chancery Court and appraisal litigation in connection with a November, 2017 merger. We moved to dismiss the complaint in the class action. In response to the motion to dismiss the plaintiffs withdrew

3

their complaint and dismissed the action. The appraisal action also has been settled for a modest amount.

- **Specialty Equipment Companies, Inc.**: Represented the directors of Specialty Equipment in a case involving allegations of self-dealing and breaches of fiduciary duty. The matter included class allegations on behalf of the company's shareholders and allegations that the proxy statement by which shareholder approval was obtained was false and misleading. We successfully negotiated a settlement of this action.

- **Owners of First Commodity Corporation of Boston**: Defended the owners of First Commodity Corporation of Boston (FCCB) against class action claims by customers alleging violation of the Commodity Exchange Act. We settled the matter on favorable terms for the client.

- **Metropolitan Life Insurance Company**: On behalf of our client Metropolitan Life Insurance Company, Dentons won the dismissal, affirmed on appeal, of five related class actions brought by life policy and variable annuity holders in the US District Court for the Southern District of New York. Plaintiffs had charged the company with misrepresenting its financial status and strength through the use of captive reinsurance transactions, alleging that our client's lack of disclosure put policyholders—and the entire financial system—at risk. The complaints relied heavily on a 2013 policy report from the NY Department of Financial Services which had labeled "shadow insurance" transactions a kind of "financial alchemy" that created the appearance of reducing risk, but had the effect of making insurers' capital reserves "appear larger and rosier than they actually are." Claiming that this practice left policyholders with less protection, the plaintiffs sued under New York's insurance law seeking a penalty amounting to the return of all premiums—a claim for more than $40 billion. Dentons moved to dismiss on numerous grounds, including that neither the plaintiffs' claims of New York state insurance law violations, nor their arguments of increased risks of unpaid claims and future loss of benefits, were sufficient to give them Article III standing. The District and Appellate Courts agreed, the Second Circuit noting that plaintiffs failed to "allege, or even suggest" that consumers would not have purchased the life insurance and annuity riders had they known of the shadow insurance practices, and that the claim that future benefits would be in jeopardy was "too far down the speculative chain" to support standing.

- **Proprietary trading firm**: Representing a proprietary trading firm in a set of more than 20 now-consolidated class actions in the Southern District of New York, claiming financial institutions of manipulating the prices of US Treasury securities. The central allegation is that the defendants allegedly used both their positions as primary dealers as well as their access to extensive market-sensitive information to manipulate, in certain periods, the auctions and the pricing of Treasury securities; the secondary market for Treasury securities and the market for Treasury instruments, such as futures and options. The case is related to a probe by the

Commodity Futures Trading Commission investigating market manipulation and spoofing. The case is *In re: Treasury Securities Auction Antitrust Litigation.*

- **GlaxoSmithKline plc**: Secured dismissal of a securities 10b-5 stock drop class action, with prejudice, upon a Motion to Dismiss, in a case filed in the District of Maryland following a severe drop in our client's stock price following certain disclosures related to the release of a new product. The Court ruled in favor of all defendants finding that the plaintiffs had not pled a plausible theory of scienter.

- **Medis Technologies, Ltd**.: Successfully represented Medis Technologies, Ltd., and related defendants in a securities fraud class action in the US District Court for the Southern District of New York. The suit alleged misleading statements concerning sales of Medis' power source products. Medis argued that under the Tellabs standard, which requires the court to consider competing non-culpable inferences as to a defendant's intent, plaintiffs had not adequately pled scienter. The court agreed, and granted Medis' motion to dismiss the amended complaint in its entirety, without leave to replead: "[C]onsidering all of the facts alleged, . . . and the overall implausibility of the suggested scheme . . . the amended complaint fails to raise a strong inference of scienter . . ." In 2009, the US Court of Appeals for the Second Circuit unanimously affirmed the dismissal of the case with prejudice.

- **Investor fund**: Represented an investor fund plaintiff class in a 10b-5 lawsuit against clearing firm for allegedly facilitating the misuse of client collateral by fund manager. We settled the matter on favorable terms for the client.

- **TomoTherapy**: Represented TomoTherapy (known as Accuray) and certain of its officers and directors in a consolidated action in the US District Court for the Western District of Wisconsin. TomoTherapy manufactures and sells a treatment system for the precise delivery of radiation therapy. The consolidated complaint alleged violations of the Securities Exchange Act of 1934 and Rule 10(b)(5), as well as violations of the Securities Act of 1933, based upon alleged misstatements and omissions surrounding the company's order backlog and anticipated revenues. We secured a favorable settlement on behalf of our client.

- **Bank of America Securities**: Represented the underwriter of a private placement bond issue in securities class action in the US District Court for the Northern District of Alabama. We successfully defeated class certification on numerous claims, and the case settled on favorable terms for the underwriting group.

- **Sears Holdings Corporation/Sears, Roebuck & Co., Inc.**: Dentons has represented Sears and certain of its officers in several class actions filed in the US District Court for the Northern District of Illinois and state courts, including the following:

  - An action by shareholders alleging that the merger price was too low. Sears won dismissal in the circuit court and the case was affirmed on appeal.

- An action by common stock shareholders under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) alleging that Sears made misleading statements about the amount of subprime accounts in its credit card portfolio, the disclosure of which caused a significant drop in the price of Sears stock. This action was settled.

- An action by participants in Sears' profit sharing plans alleging that the defendants violated the Employee Retirement Income Security Act (ERISA) by investing in Sears stock. This action was settled.

- An action by holders of Sears Retail Acceptance Corporation debt securities alleging violations of Section 11 of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) relating to the adequacy of disclosures about subprime accounts in Sears' credit card portfolio. This action was settled.

- **National precious metals company**: Co-counsel for a national precious metals company in defense of a CFTC regulatory investigation involving issues of first impression under the CEA. Succeeded in defeating the government's preliminary injunction motion.

- **Charles Schwab Corporation**: Obtained dismissal of Charles Schwab Corporation from a short-selling securities class action in federal court in New Jersey.

- **New York Stock Exchange**: Represented the New York Stock Exchange (NYSE) in, among others, the following matters:

  - Defended against challenges to the pricing of market data feeds and achieved the dismissal of 402 such challenges after nearly 13 years of litigation, including three appeals to the United States Court of Appeals for the D.C. Circuit and a trial before an SEC administrative law judge.

  - Achieved dismissal of claims by market makers that they were improperly charged payment for order flow fees.

  - Represented NYSE in trial and appellate proceedings in putative class action challenging the creation of FINRA. The courts held NYSE was immune from claims, including proxy fraud claims, relating to the formation of FINRA. *Standard Investment Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 637 F.3d 112 (2d Cir. 2011).

- **Mutual fund management companies**: Represented mutual fund management companies and their officers and directors in litigation in New York and Delaware alleging RICO and other claims based on the theory that investments in certain securities that were listed and publicly traded on the London Stock Exchange were "illegal" under US law. Achieved the first dismissal with prejudice in this type of case.

- **Underwriters**: Represented the underwriters *in Fait v. Regions Financial Corporation* in a matter in which established that a plaintiff seeking to bring claims under the Securities Act of 1933 that statements of opinion were false must plead that a defendant did not in fact believe those statements when they were made.

- **Underwriters in *In Re Flag Telecom Holdings, Ltd. Securities Litigation***: Represented the underwriters in *In Re Flag Telecom Holdings, Ltd. Securities Litigation*, in which the US Court of Appeals for the Second Circuit, after accepting discretionary review of a class certification decision, dismissed the vast majority of potential claims against the underwriters by requiring the exclusion of "in-and-out" traders from the class.

- **Insurance company director**: Represented an insurance company director and achieved dismissal of securities class action claims relating to alleged bid-rigging.

- **Technology company**: Achieved a defense verdict after trial in a case alleging misrepresentation in connection with the sale of a tech company's stock, which was part of a bankruptcy estate.

- **Gold mining company**: Represented a gold mining company and its officers in securities class actions relating to the company's use of commodity derivatives in its hedgebook.

- **Technology company**: Defended a technology company in a securities class action filed after the SEC mandated a change in accounting methodology that required the company to restate its financials.

- **Major financial institutions**: Successfully represented major financial institutions and their officers and directors in securities litigation, regulatory investigations and other high-profile disputes involving mortgage portfolios and/or residential mortgage-backed securities (RMBS), including numerous matters against Fannie Mae and Freddie Mac, federal and state financial regulators, and class action and other plaintiffs in courts across the US.

- **Former CFO of NIC, Inc.**: Won a three week trial against the SEC in US District Court of Kansas defending the former CFO of NIC, Inc. in a misrepresentation case.

**Exhibit E**

**(List of Payments in Ninety (90) Days Prepetition)**

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11514159 | 169177 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | ($420.07) |
| 15808004-000022 | 11514058 | 163458 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $1,795.88 |
| 15808004-000022 | 11513828 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/23/2023 | 10/18/2023 | $269.50 |
| 15808004-000022 | 11513829 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/23/2023 | 10/18/2023 | $269.50 |
| 15808004-000022 | 11513830 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/23/2023 | 10/18/2023 | $269.50 |
| 15808004-000022 | 11513831 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/23/2023 | 10/18/2023 | $269.50 |
| 15808004-000022 | 11513832 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/23/2023 | 10/17/2023 | $75.00 |
| 15808004-000022 | 11514116 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $14.95 |
| 15808004-000022 | 11514117 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $12.55 |
| 15808004-000022 | 11514118 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $3.00 |
| 15808004-000022 | 11514119 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $6.77 |
| 15808004-000022 | 11514120 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $53.56 |
| 15808004-000022 | 11514121 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $21.77 |
| 15808004-000022 | 11514102 | 167154 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $2,109.66 |
| 15808004-000022 | 11514059 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $229.60 |
| 15808004-000022 | 11514060 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $27.95 |
| 15808004-000022 | 11513792 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 10/23/2023 | 10/16/2023 | $1,670.00 |
| 15808004-000022 | 11514243 | 169516 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 06/14/2023 | $105.60 |
| 15808004-000022 | 11514199 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $1,894.41 |
| 15808004-000022 | 11514200 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $203.21 |
| 15808004-000022 | 11514201 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $46.04 |
| 15808004-000022 | 11514202 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $79.53 |
| 15808004-000022 | 11514091 | 166917 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $317.00 |
| 15808004-000022 | 11513973 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $240.61 |
| 15808004-000022 | 11513933 | 147562 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/23/2023 | 10/23/2023 | $35.00 |
| 15808004-000022 | 11514631 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/24/2023 | 10/24/2023 | $385.80 |
| 15808004-000022 | 11512822 | 106506 | FEDERAL EXPRESS CORPORATION | 10/24/2023 | 10/03/2023 | $144.07 |
| 15808004-000022 | 11512835 | 106506 | FEDERAL EXPRESS CORPORATION | 10/24/2023 | 10/06/2023 | $23.84 |
| 15808004-000022 | 11512844 | 106506 | FEDERAL EXPRESS CORPORATION | 10/24/2023 | 10/06/2023 | $33.73 |
| 15808004-000022 | 11514350 | 106506 | FEDERAL EXPRESS CORPORATION | 10/24/2023 | 10/13/2023 | $16.85 |
| 15808004-000022 | 11514373 | 125944 | UNITED PARCEL SERVICE (UPS) | 10/24/2023 | 10/14/2023 | $38.67 |
| 15808004-000025 | 11514594 | 153820 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/25/2023 | 10/25/2023 | $275.92 |
| 15808004-000022 | 11514989 | 169726 | ATTORNEY-GENERAL'S CHAMBERS | 10/25/2023 | 10/23/2023 | $2,500.00 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11514819 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/26/2023 | 10/25/2023 | $255.00 |
| 15808004-000022 | 11514820 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/26/2023 | 10/20/2023 | $125.00 |
| 15808004-000022 | 11514821 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/26/2023 | 10/20/2023 | $125.00 |
| 15808004-000022 | 11514822 | 162620 | CAPITOL PROCESS SERVICES, INC. | 10/26/2023 | 10/20/2023 | $250.00 |
| 15808004-000022 | 11513880 | 169696 | GASSER PARTNER | 10/26/2023 | 10/10/2023 | $13,495.13 |
| 15808004-000022 | 11512537 | 139784 | GRADILLAS COURT REPORTERS | 10/26/2023 | 09/25/2023 | $500.00 |
| 15808004-000022 | 11512538 | 139784 | GRADILLAS COURT REPORTERS | 10/26/2023 | 09/28/2023 | $500.00 |
| 15808004-000022 | 11515201 | 169177 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/27/2023 | 10/27/2023 | $35.28 |
| 15808004-000022 | 11515202 | 169177 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/27/2023 | 10/27/2023 | $1,005.82 |
| 15808004-000022 | 11515208 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 10/27/2023 | 10/27/2023 | $116.83 |
| 15808004-000022 | 11508919 | 160776 | NPD LOGISTICS | 10/27/2023 | 08/27/2023 | $19.99 |
| 15808004-000022 | 11514918 | 168916 | QUINLAN PARTNERS, LLC | 10/27/2023 | 10/24/2023 | $74,872.53 |
| 15808004-000006 | 11515038 | 113898 | ACE ATTORNEY SERVICE INC | 10/30/2023 | 10/20/2023 | $283.58 |
| 15808004-000022 | 11515067 | 169729 | ANGELO CHAN | 10/30/2023 | 10/17/2023 | $68,091.97 |
| 15808004-000022 | 11515101 | 151992 | DENTONS EUROPE AARPI | 10/30/2023 | 09/22/2023 | $12,623.50 |
| 15808004-000022 | 11515102 | 151992 | DENTONS EUROPE AARPI | 10/30/2023 | 10/16/2023 | $17,114.14 |
| 15808004-000022 | 11515014 | 151367 | DENTONS RODYK & DAVIDSON LLP | 10/30/2023 | 10/20/2023 | $7,991.13 |
| 15808004-000022 | 11515103 | 160153 | DINNER MARTIN ATTORNEYS | 10/30/2023 | 10/18/2023 | $14,437.16 |
| 15808004-000022 | 11514983 | 169445 | ELLIOTT KWOK LEVINE & JAROSLAW LLP | 10/30/2023 | 10/13/2023 | $21,223.50 |
| 15808004-000022 | 11514982 | 168906 | OMNICOM GROUP INC. | 10/30/2023 | 10/16/2023 | $8,937.10 |
| 15808004-000022 | 11515104 | 169154 | TAN RAJAH & CHEAH | 10/30/2023 | 10/19/2023 | $1,964.52 |
| 15808004-000022 | 11514984 | 169723 | WILLIAM H. KIMBALL | 10/30/2023 | 10/10/2023 | $8,783.25 |
| 15808004-000022 | 11515458 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 10/31/2023 | 10/23/2023 | $9,974.84 |
| 15808004-000025 | 11515576 | 167707 | CONCENTRIC ADVISORS INC. | 10/31/2023 | 10/26/2023 | $3,000.00 |
| 15808004-000022 | 11516239 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $26.99 |
| 15808004-000022 | 11516240 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $28.12 |
| 15808004-000022 | 11516198 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $4,109.10 |
| 15808004-000022 | 11516199 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $21.95 |
| 15808004-000022 | 11516200 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $22.72 |
| 15808004-000022 | 11516202 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $22.75 |
| 15808004-000022 | 11516203 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $124.78 |
| 15808004-000022 | 11516204 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $179.99 |
| 15808004-000022 | 11516116 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $364.41 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11516117 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $508.94 |
| 15808004-000022 | 11516118 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $508.94 |
| 15808004-000022 | 11516124 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/01/2023 | 11/01/2023 | $199.92 |
| 15808004-000022 | 11516339 | 167508 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/02/2023 | 11/02/2023 | $73.18 |
| 15808004-000022 | 11512321 | 139784 | GRADILLAS COURT REPORTERS | 11/02/2023 | 09/28/2023 | $2,170.88 |
| 15808004-000022 | 11512322 | 139784 | GRADILLAS COURT REPORTERS | 11/02/2023 | 09/28/2023 | $500.00 |
| 15808004-000022 | 11515746 | 169723 | WILLIAM H. KIMBALL | 11/02/2023 | 09/30/2023 | $479.25 |
| 15808004-000022 | 11515957 | 169723 | WILLIAM H. KIMBALL | 11/02/2023 | 09/30/2023 | $2,424.00 |
| 15808004-000022 | 11516438 | 167206 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/03/2023 | 11/03/2023 | $28.36 |
| 15808004-000022 | 11516439 | 167206 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/03/2023 | 11/03/2023 | $26.08 |
| 15808004-000006 | 11516429 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/03/2023 | 11/03/2023 | $2,509.18 |
| 15808004-000022 | 11516429 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/03/2023 | 11/03/2023 | $4,155.79 |
| 15808004-000022 | 11509879 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/03/2023 | 09/22/2023 | $1,115.00 |
| 15808004-000022 | 11510047 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/03/2023 | 09/27/2023 | $3,284.25 |
| 15808004-000022 | 11515522 | 106506 | FEDERAL EXPRESS CORPORATION | 11/03/2023 | 10/17/2023 | $227.42 |
| 15808004-000022 | 11515526 | 106506 | FEDERAL EXPRESS CORPORATION | 11/03/2023 | 10/17/2023 | $67.65 |
| 15808004-000022 | 11515539 | 106506 | FEDERAL EXPRESS CORPORATION | 11/03/2023 | 10/20/2023 | $42.80 |
| 15808004-000022 | 11514538 | 164799 | JOSHUA BLANK dba EAST BAY MESSENGER AND ATTORNEY SERVI | 11/03/2023 | 10/03/2023 | $161.25 |
| 15808004-000022 | 11516447 | 169533 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/03/2023 | 11/03/2023 | $4,105.78 |
| 15808004-000019 | 11514850 | 129729 | PARCELS, INC. | 11/03/2023 | 09/05/2023 | $4,246.00 |
| 15808004-000019 | 11514851 | 129729 | PARCELS, INC. | 11/03/2023 | 10/03/2023 | $2,196.00 |
| 15808004-000022 | 11516825 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/06/2023 | 11/06/2023 | $138.53 |
| 15808004-000022 | 11516826 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/06/2023 | 11/06/2023 | $154.60 |
| 15808004-000025 | 11516618 | 169495 | KAPLAN HECKER & FINK LLP | 11/07/2023 | 11/03/2023 | $18,339.48 |
| 15808004-000022 | 11517305 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/08/2023 | 11/08/2023 | $177.98 |
| 15808004-000022 | 11517725 | 167100 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/09/2023 | 10/26/2023 | $2,135.45 |
| 15808004-000022 | 11517732 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/09/2023 | 10/26/2023 | $27.68 |
| 15808004-000022 | 11517733 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/09/2023 | 10/26/2023 | $67.15 |
| 15808004-000022 | 11516815 | 169475 | COLLAS CRILL L.P. | 11/09/2023 | 11/02/2023 | $70,435.14 |
| 15808004-000022 | 11517781 | 169475 | COLLAS CRILL L.P. | 11/09/2023 | 10/31/2023 | $16,871.40 |
| 15808004-000022 | 11516710 | 158570 | DENTONS AUSTRALIA LIMITED | 11/09/2023 | 10/27/2023 | $1,275.00 |
| 15808004-000020 | 11515847 | 151367 | DENTONS RODYK & DAVIDSON LLP | 11/09/2023 | 10/26/2023 | $18,028.14 |
| 15808004-000022 | 11517712 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/09/2023 | 10/26/2023 | $727.44 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11517782 | 169490 | HOWSE WILLIAMS | 11/09/2023 | 09/30/2023 | $34,847.40 |
| 15808004-000025 | 11516813 | 169326 | LAW OFFICE OF GORAN RODIC | 11/09/2023 | 11/02/2023 | $52,647.87 |
| 15808004-000025 | 11516814 | 169326 | LAW OFFICE OF GORAN RODIC | 11/09/2023 | 11/03/2023 | $262,587.78 |
| 15808004-000022 | 11513634 | 165227 | PRIME TIME TRANSPORTATION SERVICES INC. ETG,EXECUTIVE TR | 11/09/2023 | 10/13/2023 | $62.41 |
| 15808004-000022 | 11517783 | 169777 | RUI PENA, ARNAUT & ASSOCIADOS-SOCIEDADE DE ADVOGADOS, S | 11/09/2023 | 11/03/2023 | $22,254.88 |
| 15808004-000022 | 11517218 | 161392 | DTI TOPCO, INC, EPIQ GLOBAL BUSINESS TRANSFORMATION SOLU | 11/10/2023 | 08/31/2023 | $40.59 |
| 15808004-000022 | 11512906 | 160776 | NPD LOGISTICS | 11/10/2023 | 10/08/2023 | $19.99 |
| 15808004-000022 | 11514430 | 908290 | WESTERN MESSENGER SERVICE, INC. dba WESTERN ATTORNEY S | 11/10/2023 | 10/08/2023 | $69.05 |
| 15808004-000022 | 11517872 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 11/13/2023 | 10/04/2023 | $301.10 |
| 15808004-000022 | 11517873 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 11/13/2023 | 10/04/2023 | $1.90 |
| 15808004-000025 | 11517872 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 11/13/2023 | 10/04/2023 | $7.90 |
| 15808004-000022 | 11518216 | 157430 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/14/2023 | 11/14/2023 | $23.65 |
| 15808004-000022 | 11518247 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/14/2023 | 11/14/2023 | $63.26 |
| 15808004-000022 | 11518324 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/14/2023 | 11/14/2023 | $468.68 |
| 15808004-000022 | 11518010 | 144243 | REED SMITH LLP | 11/14/2023 | 11/09/2023 | $8,762.50 |
| 15808004-000025 | 11518848 | 123304 | DEPARTMENT OF STATE | 11/15/2023 | 11/14/2023 | $10.00 |
| 15808004-000022 | 11518959 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/15/2023 | 11/15/2023 | $317.82 |
| 15808004-000022 | 11513854 | 162620 | CAPITOL PROCESS SERVICES, INC. | 11/16/2023 | 10/18/2023 | $269.50 |
| 15808004-000022 | 11519035 | 133277 | CORNERSTONE RESEARCH, INC. | 11/17/2023 | 05/17/2023 | $237,807.65 |
| 15808004-000022 | 11519087 | 106506 | FEDERAL EXPRESS CORPORATION | 11/17/2023 | 11/07/2023 | $865.24 |
| 15808004-000022 | 11519092 | 106506 | FEDERAL EXPRESS CORPORATION | 11/17/2023 | 11/07/2023 | $97.29 |
| 15808004-000022 | 11514794 | 153048 | SUNNY'S WORLDWIDE CHAUFFEURED TRANSPORTATION | 11/17/2023 | 10/15/2023 | $211.10 |
| 15808004-000022 | 11519205 | 125944 | UNITED PARCEL SERVICE (UPS) | 11/17/2023 | 11/11/2023 | $29.55 |
| 15808004-000022 | 11514815 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/09/2023 | $2,212.20 |
| 15808004-000022 | 11515727 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/18/2023 | $1,444.10 |
| 15808004-000022 | 11515728 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/18/2023 | $1,841.70 |
| 15808004-000022 | 11515941 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/09/2023 | $3,752.86 |
| 15808004-000022 | 11519499 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 08/23/2023 | $2,056.19 |
| 15808004-000022 | 11519500 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 08/23/2023 | $1,323.00 |
| 15808004-000022 | 11519501 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 09/13/2023 | $1,235.02 |
| 15808004-000022 | 11519502 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/18/2023 | $1,363.36 |
| 15808004-000022 | 11519605 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 09/13/2023 | $2,049.32 |
| 15808004-000022 | 11519606 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 09/18/2023 | $2,066.04 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11519607 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/18/2023 | $5,477.68 |
| 15808004-000022 | 11519608 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/25/2023 | $2,596.00 |
| 15808004-000022 | 11519609 | 139784 | GRADILLAS COURT REPORTERS | 11/21/2023 | 10/25/2023 | $3,141.52 |
| 15808004-000022 | 11510924 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/24/2023 | 10/03/2023 | $915.00 |
| 15808004-000022 | 11512098 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/24/2023 | 10/10/2023 | $1,165.00 |
| 15808004-000022 | 11512330 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/24/2023 | 10/11/2023 | $2,380.55 |
| 15808004-000022 | 11513555 | 150108 | ESQUIRE DEPOSITION SOLUTIONS, LLC | 11/24/2023 | 10/18/2023 | $506.70 |
| 15808004-000022 | 11517831 | 160776 | NPD LOGISTICS | 11/24/2023 | 10/31/2023 | $139.35 |
| 15808004-000022 | 11519160 | 154568 | XYZ TWO WAY RADIO SERVICE, INC. | 11/24/2023 | 10/18/2023 | $210.26 |
| 15808004-000022 | 11520549 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 11/29/2023 | 08/22/2023 | $280.84 |
| 15808004-000022 | 11520550 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 11/29/2023 | 11/21/2023 | $163.20 |
| 15808004-000022 | 11520551 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 11/29/2023 | 11/21/2023 | $107.76 |
| 15808004-000025 | 11520425 | 169495 | KAPLAN HECKER & FINK LLP | 11/29/2023 | 10/03/2023 | $53,689.13 |
| 15808004-000022 | 11520538 | 128966 | SOUTHERN DISTRICT REPORTERS, P.C. | 11/29/2023 | 11/22/2023 | $481.25 |
| 15808004-000022 | 11520553 | 169723 | WILLIAM H. KIMBALL | 11/29/2023 | 10/31/2023 | $770.00 |
| 15808004-000022 | 11520632 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 11/30/2023 | 11/21/2023 | $2,582.40 |
| 15808004-000022 | 11520546 | 167707 | CONCENTRIC ADVISORS INC. | 11/30/2023 | 11/17/2023 | $16,880.00 |
| 15808004-000022 | 11521323 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $108.79 |
| 15808004-000022 | 11521324 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $111.49 |
| 15808004-000022 | 11520548 | 169445 | ELLIOTT KWOK LEVINE & JAROSLAW LLP | 11/30/2023 | 11/11/2023 | $53,117.59 |
| 15808004-000022 | 11521357 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $1,810.29 |
| 15808004-000022 | 11521358 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $137.17 |
| 15808004-000022 | 11521564 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $3,337.36 |
| 15808004-000022 | 11520547 | 168906 | OMNICOM GROUP INC. | 11/30/2023 | 11/13/2023 | $65,000.00 |
| 15808004-000019 | 11520540 | 129729 | PARCELS, INC. | 11/30/2023 | 10/28/2023 | $2,196.00 |
| 15808004-000022 | 11520539 | 129729 | PARCELS, INC. | 11/30/2023 | 10/28/2023 | $1,615.00 |
| 15808004-000022 | 11520541 | 129729 | PARCELS, INC. | 11/30/2023 | 10/28/2023 | $100.20 |
| 15808004-000022 | 11520542 | 129729 | PARCELS, INC. | 11/30/2023 | 10/01/2023 | $246,925.80 |
| 15808004-000022 | 11521176 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 11/30/2023 | 12/01/2023 | $83.34 |
| 15808004-000022 | 11520633 | 169723 | WILLIAM H. KIMBALL | 12/01/2023 | 11/14/2023 | $9,791.00 |
| 15808004-000022 | 11520618 | 133277 | CORNERSTONE RESEARCH, INC. | 12/02/2023 | 11/10/2023 | $2,298,840.25 |
| 15808004-000025 | 11522323 | 161953 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/05/2023 | 12/05/2023 | $11.70 |
| 15808004-000022 | 11521944 | 106506 | FEDERAL EXPRESS CORPORATION | 12/05/2023 | 11/21/2023 | $66.58 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11521951 | 106506 | FEDERAL EXPRESS CORPORATION | 12/05/2023 | 11/24/2023 | $77.99 |
| 15808004-000022 | 11519036 | 139784 | GRADILLAS COURT REPORTERS | 12/05/2023 | 10/26/2023 | $2,555.62 |
| 15808004-000022 | 11522353 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/05/2023 | 12/05/2023 | $311.62 |
| 15808004-000022 | 11522354 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/05/2023 | 12/05/2023 | $1,522.30 |
| 15808004-000022 | 11522355 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/05/2023 | 12/05/2023 | $39.63 |
| 15808004-000022 | 11522390 | 168196 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/05/2023 | 12/05/2023 | $54.96 |
| 15808004-000022 | 11519595 | 114008 | DENTONS LEE dba LEE INTERNATIONAL IP & LAW GROUP | 12/06/2023 | 11/06/2023 | $74,336.80 |
| 15808004-000025 | 11520501 | 114008 | DENTONS LEE dba LEE INTERNATIONAL IP & LAW GROUP | 12/06/2023 | 11/06/2023 | $2,960.00 |
| 15808004-000015 | 11517909 | 151367 | DENTONS RODYK & DAVIDSON LLP | 12/06/2023 | 11/08/2023 | $15,318.70 |
| 15808004-000022 | 11520672 | 160153 | DINNER MARTIN ATTORNEYS | 12/06/2023 | 11/20/2023 | $14,471.50 |
| 15808004-000022 | 11522156 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/06/2023 | 12/06/2023 | $105.33 |
| 15808004-000022 | 11522498 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522499 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522500 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522501 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522502 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522503 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522504 | 139784 | GRADILLAS COURT REPORTERS | 12/06/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522159 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/06/2023 | 12/06/2023 | $81.20 |
| 15808004-000022 | 11522545 | 148069 | DENTONS US LLP | 12/07/2023 | 12/06/2023 | $0.49 |
| 15808004-000022 | 11522541 | 139784 | GRADILLAS COURT REPORTERS | 12/07/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522542 | 139784 | GRADILLAS COURT REPORTERS | 12/07/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522543 | 139784 | GRADILLAS COURT REPORTERS | 12/07/2023 | 11/21/2023 | $500.00 |
| 15808004-000022 | 11522882 | MA07327 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/07/2023 | 12/07/2023 | $2,463.32 |
| 15808004-000022 | 11522540 | 128966 | SOUTHERN DISTRICT REPORTERS, P.C. | 12/07/2023 | 12/06/2023 | $122.85 |
| 15808004-000022 | 11523505 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/08/2023 | 12/08/2023 | $1,109.41 |
| 15808004-000022 | 11523248 | 106506 | FEDERAL EXPRESS CORPORATION | 12/12/2023 | 12/01/2023 | $23.41 |
| 15808004-000022 | 11523186 | 140542 | R AND D STRATEGIC SOLUTIONS, LLC | 12/12/2023 | 11/30/2023 | $1,350.00 |
| 15808004-000025 | 11523279 | 125944 | UNITED PARCEL SERVICE (UPS) | 12/12/2023 | 12/02/2023 | $15.85 |
| 15808004-000022 | 11523897 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $143.00 |
| 15808004-000022 | 11523898 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $40.00 |
| 15808004-000022 | 11523814 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $82.57 |
| 15808004-000022 | 11523825 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $254.51 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11523826 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $209.97 |
| 15808004-000022 | 11523828 | 152251 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/13/2023 | 12/13/2023 | $236.93 |
| 15808004-000022 | 11524118 | 167154 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/14/2023 | 12/14/2023 | $51.54 |
| 15808004-000022 | 11524106 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/14/2023 | 12/14/2023 | $111.12 |
| 15808004-000022 | 11524136 | MA06029 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/14/2023 | 12/14/2023 | $2,856.40 |
| 15808004-000022 | 11524251 | 169081 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/15/2023 | 12/15/2023 | $6,547.36 |
| 15808004-000022 | 11524217 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/15/2023 | 12/15/2023 | $120.48 |
| 15808004-000022 | 11522941 | 169475 | COLLAS CRILL L.P. | 12/18/2023 | 11/30/2023 | $1,555.25 |
| 15808004-000022 | 11522942 | 169475 | COLLAS CRILL L.P. | 12/18/2023 | 11/30/2023 | $8,734.40 |
| 15808004-000022 | 11520314 | 127254 | COMPASS GROUP  DBA FLIK INTERNATIONAL CORP | 12/18/2023 | 10/01/2023 | $502.75 |
| 15808004-000022 | 11523163 | 114008 | DENTONS LEE dba LEE INTERNATIONAL IP & LAW GROUP | 12/18/2023 | 12/05/2023 | $2,960.00 |
| 15808004-000022 | 11523164 | 114008 | DENTONS LEE dba LEE INTERNATIONAL IP & LAW GROUP | 12/18/2023 | 12/05/2023 | $34,864.27 |
| 15808004-000022 | 11523165 | 114008 | DENTONS LEE dba LEE INTERNATIONAL IP & LAW GROUP | 12/18/2023 | 12/05/2023 | $4,845.51 |
| 15808004-000021 | 11523443 | 151367 | DENTONS RODYK & DAVIDSON LLP | 12/18/2023 | 12/11/2023 | $16,605.02 |
| 15808004-000022 | 11523289 | 151367 | DENTONS RODYK & DAVIDSON LLP | 12/18/2023 | 12/08/2023 | $45,308.22 |
| 15808004-000022 | 11523294 | 160153 | DINNER MARTIN ATTORNEYS | 12/18/2023 | 12/06/2023 | $27,480.40 |
| 15808004-000022 | 11520844 | 169696 | GASSER PARTNER | 12/18/2023 | 11/16/2023 | $1,758.95 |
| 15808004-000022 | 11523296 | 169696 | GASSER PARTNER | 12/18/2023 | 12/07/2023 | $3,626.56 |
| 15808004-000022 | 11522109 | 169490 | HOWSE WILLIAMS | 12/18/2023 | 11/30/2023 | $1,000.00 |
| 15808004-000022 | 11522943 | 169490 | HOWSE WILLIAMS | 12/18/2023 | 10/31/2023 | $21,470.00 |
| 15808004-000025 | 11522763 | 169495 | KAPLAN HECKER & FINK LLP | 12/18/2023 | 12/04/2023 | $25,913.00 |
| 15808004-000025 | 11520841 | 169326 | LAW OFFICE OF GORAN RODIC | 12/18/2023 | 11/01/2023 | $268,132.98 |
| 15808004-000025 | 11522482 | 169326 | LAW OFFICE OF GORAN RODIC | 12/18/2023 | 12/01/2023 | $267,344.96 |
| 15808004-000022 | 11519556 | 160776 | NPD LOGISTICS | 12/18/2023 | 11/12/2023 | $39.98 |
| 15808004-000022 | 11520842 | 169628 | RAHMAN RAVELLI SOLICITORS LIMITED | 12/18/2023 | 11/29/2023 | $309,565.05 |
| 15808004-000022 | 11520843 | 169628 | RAHMAN RAVELLI SOLICITORS LIMITED | 12/18/2023 | 11/29/2023 | $195,301.61 |
| 15808004-000022 | 11522944 | 169777 | RUI PENA, ARNAUT & ASSOCIADOS-SOCIEDADE DE ADVOGADOS, S | 12/18/2023 | 12/06/2023 | $33,177.99 |
| 15808004-000022 | 11524051 | 169895 | WONGPARTNERSHIP LLP | 12/18/2023 | 11/29/2023 | $177,008.74 |
| 15808004-000022 | 11521999 | 132259 | BUCHANAN INGERSOLL & ROONEY PC | 12/19/2023 | 10/26/2023 | $9,736.00 |
| 15808004-000022 | 11523998 | 133277 | CORNERSTONE RESEARCH, INC. | 12/19/2023 | 11/29/2023 | $925,496.13 |
| 15808004-000022 | 11522762 | 169445 | ELLIOTT KWOK LEVINE & JAROSLAW LLP | 12/19/2023 | 12/01/2023 | $47,182.76 |
| 15808004-000022 | 11524590 | 106506 | FEDERAL EXPRESS CORPORATION | 12/19/2023 | 12/05/2023 | $67.11 |
| 15808004-000022 | 11524599 | 106506 | FEDERAL EXPRESS CORPORATION | 12/19/2023 | 12/08/2023 | $116.13 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11522003 | 163988 | J.S. HELD LLC | 12/19/2023 | 10/31/2023 | $246,343.00 |
| 15808004-000022 | 11522004 | 163988 | J.S. HELD LLC | 12/19/2023 | 09/30/2023 | $288,839.13 |
| 15808004-000022 | 11522005 | 163988 | J.S. HELD LLC | 12/19/2023 | 11/30/2023 | $80,750.00 |
| 15808004-000022 | 11522006 | 163988 | J.S. HELD LLC | 12/19/2023 | 04/30/2023 | $95,180.00 |
| 15808004-000022 | 11522007 | 163988 | J.S. HELD LLC | 12/19/2023 | 05/31/2023 | $157,070.00 |
| 15808004-000022 | 11522008 | 163988 | J.S. HELD LLC | 12/19/2023 | 06/30/2023 | $175,395.00 |
| 15808004-000022 | 11522009 | 163988 | J.S. HELD LLC | 12/19/2023 | 07/31/2023 | $290,170.00 |
| 15808004-000022 | 11522747 | 163988 | J.S. HELD LLC | 12/19/2023 | 08/31/2023 | $392,821.31 |
| 15808004-000022 | 11524877 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/19/2023 | 12/19/2023 | $802.19 |
| 15808004-000022 | 11524878 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/19/2023 | 12/19/2023 | $974.18 |
| 15808004-000022 | 11522907 | 129729 | PARCELS, INC. | 12/19/2023 | 11/01/2023 | $190,044.55 |
| 15808004-000022 | 11522000 | 140542 | R AND D STRATEGIC SOLUTIONS, LLC | 12/19/2023 | 10/31/2023 | $5,400.00 |
| 15808004-000022 | 11522671 | 144243 | REED SMITH LLP | 12/19/2023 | 12/06/2023 | $73,248.17 |
| 15808004-000022 | 11517224 | 895903 | WASHINGTON EXPRESS LLC, WASHINGTON EXPRESS VISAS | 12/19/2023 | 10/31/2023 | $144.03 |
| 15808004-000022 | 11519769 | 895903 | WASHINGTON EXPRESS LLC, WASHINGTON EXPRESS VISAS | 12/19/2023 | 11/15/2023 | $144.03 |
| 15808004-000022 | 11525107 | 139320 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $170.83 |
| 15808004-000022 | 11525162 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $104.58 |
| 15808004-000022 | 11525164 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $2,773.90 |
| 15808004-000022 | 11525165 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $1,121.31 |
| 15808004-000025 | 11525163 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $495.43 |
| 15808004-000025 | 11525166 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $314.00 |
| 15808004-000022 | 11525216 | MA06029 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/20/2023 | 12/20/2023 | $445.89 |
| 15808004-000022 | 11525405 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/21/2023 | 12/21/2023 | $66.21 |
| 15808004-000022 | 11525406 | 167787 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/21/2023 | 12/21/2023 | $45.00 |
| 15808004-000022 | 11525720 | 168756 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/22/2023 | 12/22/2023 | $750.88 |
| 15808004-000022 | 11525659 | 163199 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/22/2023 | 12/22/2023 | $52.00 |
| 15808004-000022 | 11526456 | 128966 | SOUTHERN DISTRICT REPORTERS, P.C. | 12/27/2023 | 12/21/2023 | $190.35 |
| 15808004-000022 | 11527039 | 163458 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/29/2023 | 12/29/2023 | $2,907.04 |
| 15808004-000022 | 11519339 | 148069 | DENTONS US LLP | 12/29/2023 | 11/19/2023 | $171.50 |
| 15808004-000022 | 11524360 | 148069 | DENTONS US LLP | 12/29/2023 | 12/15/2023 | $279.80 |
| 15808004-000022 | 11524361 | 148069 | DENTONS US LLP | 12/29/2023 | 12/15/2023 | $119.20 |
| 15808004-000022 | 11524990 | 161392 | DTI TOPCO, INC, EPIQ GLOBAL BUSINESS TRANSFORMATION SOLU | 12/29/2023 | 10/31/2023 | $507.38 |
| 15808004-000022 | 11525263 | 115985 | WEIL, GOTSHAL & MANGES LLP | 12/29/2023 | 11/30/2023 | $500,000.00 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11524537 | 154568 | XYZ TWO WAY RADIO SERVICE, INC. | 12/29/2023 | 11/29/2023 | $856.45 |
| 15808004-000022 | 11524538 | 154568 | XYZ TWO WAY RADIO SERVICE, INC. | 12/29/2023 | 12/06/2023 | $455.83 |
| 15808004-000022 | 11524539 | 154568 | XYZ TWO WAY RADIO SERVICE, INC. | 12/29/2023 | 12/13/2023 | $91.55 |
| 15808004-000022 | 11527766 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 12/31/2023 | 01/03/2024 | $30.00 |
| 15808004-000022 | 11527331 | 157489 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/01/2024 | 01/01/2024 | $5,099.91 |
| 15808004-000022 | 11524945 | 160153 | DINNER MARTIN ATTORNEYS | 01/02/2024 | 12/13/2023 | $22,520.95 |
| 15808004-000022 | 11524768 | 129729 | PARCELS, INC. | 01/04/2024 | 10/01/2023 | $128,008.80 |
| 15808004-000022 | 11528265 | 169541 | ATTORNEY TRANSLATION SERVICES, LLC | 01/05/2024 | 01/05/2024 | $1,477.84 |
| 15808004-000022 | 11525785 | 111750 | COURTHOUSE NEWS SERVICE | 01/05/2024 | 12/01/2023 | $10.00 |
| 15808004-000022 | 11524551 | 160776 | NPD LOGISTICS | 01/05/2024 | 12/10/2023 | $29.87 |
| 15808004-000022 | 11524507 | 168906 | OMNICOM GROUP INC. | 01/05/2024 | 12/11/2023 | $65,000.00 |
| 15808004-000022 | 11528397 | 163478 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/08/2024 | 01/08/2024 | $24.95 |
| 15808004-000022 | 11523457 | 169409 | ALPHA CONSULTING D.O.O. | 01/10/2024 | 12/12/2023 | $4,202.69 |
| 15808004-000025 | 11522940 | 169409 | ALPHA CONSULTING D.O.O. | 01/10/2024 | 11/21/2023 | $4,152.97 |
| 15808004-000022 | 11526485 | 144522 | D & B LEGAL SERVICES, INC. | 01/10/2024 | 12/20/2023 | $157.00 |
| 15808004-000015 | 11527506 | 151367 | DENTONS RODYK & DAVIDSON LLP | 01/10/2024 | 12/22/2023 | $31,594.06 |
| 15808004-000022 | 11527812 | 121605 | KIM & CHANG | 01/10/2024 | 12/26/2023 | $5,000,000.00 |
| 15808004-000022 | 11528417 | 139942 | MCGUIREWOODS LLP | 01/10/2024 | 12/22/2023 | $50,000.00 |
| 15808004-000022 | 11525855 | 115985 | WEIL, GOTSHAL & MANGES LLP | 01/10/2024 | 12/21/2023 | $323,835.87 |
| 15808004-000022 | 11529704 | 148069 | DENTONS US LLP | 01/16/2024 | 01/16/2024 | $650.28 |
| 15808004-000006 | 11529416 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 01/16/2024 | 01/04/2024 | $31.10 |
| 15808004-000022 | 11529416 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 01/16/2024 | 01/04/2024 | $243.20 |
| 15808004-000022 | 11529417 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 01/16/2024 | 01/04/2024 | $766.50 |
| 15808004-000025 | 11529416 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 01/16/2024 | 01/04/2024 | $6.40 |
| 15808004-000025 | 11529417 | 392 | U.S. COURTS AO - PACER SERVICE CENTER | 01/16/2024 | 01/04/2024 | $6.70 |
| 15808004-000022 | 11530072 | 165830 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/18/2024 | 01/18/2024 | $440.77 |
| 15808004-000014 | 11530219 | 149371 | ALVAREZ & MARSAL HOLDINGS, LLC | 01/19/2024 | 01/19/2024 | $1,500,000.00 |
| 15808004-000022 | 11530088 | 133277 | CORNERSTONE RESEARCH, INC. | 01/19/2024 | 12/28/2023 | $633,111.15 |
| 15808004-000014 | 11530262 | 169999 | DUBEL & ASSOCIATES, LLC | 01/19/2024 | 01/19/2024 | $316,774.19 |
| 15808004-000022 | 11528426 | 169468 | ELEVEN CANTERBURY LLC | 01/19/2024 | 01/04/2024 | $163,875.00 |
| 15808004-000022 | 11528427 | 169468 | ELEVEN CANTERBURY LLC | 01/19/2024 | 01/04/2024 | $23,364.36 |
| 15808004-000022 | 11528545 | 169468 | ELEVEN CANTERBURY LLC | 01/19/2024 | 01/04/2024 | $115,187.50 |
| 15808004-000022 | 11528852 | 138249 | GOODWIN PROCTER LLP | 01/19/2024 | 01/09/2024 | $50,000.00 |

| Client Matter | Voucher ID | Vendor ID | Vendor Name (AP) | Check Date | Invoice Date | Total Spend |
|---|---|---|---|---|---|---|
| 15808004-000022 | 11530218 | 139784 | GRADILLAS COURT REPORTERS | 01/19/2024 | 01/19/2024 | $540.00 |
| 15808004-000025 | 11530204 | 169495 | KAPLAN HECKER & FINK LLP | 01/19/2024 | 01/05/2024 | $247,354.85 |
| 15808004-000025 | 11530205 | 169495 | KAPLAN HECKER & FINK LLP | 01/19/2024 | 01/19/2024 | $5,000,000.00 |
| 15808004-000025 | 11530252 | 121605 | KIM & CHANG | 01/19/2024 | 01/19/2024 | $5,000,000.00 |
| 15808004-000025 | 11529875 | 169326 | LAW OFFICE OF GORAN RODIC | 01/19/2024 | 01/01/2024 | $271,162.39 |
| 15808004-000022 | 11530098 | 168916 | QUINLAN PARTNERS, LLC | 01/19/2024 | 11/29/2023 | $2,338.00 |
| 15808004-000022 | 11530099 | 168916 | QUINLAN PARTNERS, LLC | 01/19/2024 | 01/11/2024 | $68,569.08 |
| 15808004-000014 | 11530202 | 122328 | RICHARDS, LAYTON & FINGER, P.A. | 01/19/2024 | 01/18/2024 | $150,000.00 |
| 15808004-000014 | 11530199 | 115985 | WEIL, GOTSHAL & MANGES LLP | 01/19/2024 | 01/18/2024 | $2,000,000.00 |
| 15808004-000014 | 11530200 | 115985 | WEIL, GOTSHAL & MANGES LLP | 01/19/2024 | 01/18/2024 | $1,000,000.00 |
| 15808004-000014 | 11530198 | 107942 | WILLIS TOWERS WATSON US LLC | 01/19/2024 | 01/18/2024 | $50,000.00 |
| 15808004-000014 | 11530263 | 107942 | WILLIS TOWERS WATSON US LLC | 01/19/2024 | 01/19/2024 | $35,000.00 |
| 15808004-000014 | 11530261 | 169895 | WONGPARTNERSHIP LLP | 01/19/2024 | 01/09/2024 | $94,950.00 |
| 15808004-000022 | 11531025 | 167100 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/23/2024 | 01/23/2024 | $4,814.10 |
| 15808004-000022 | 11530474 | 106506 | FEDERAL EXPRESS CORPORATION | 01/23/2024 | 01/19/2024 | $43.52 |
| 15808004-000022 | 11531054 | 169533 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/23/2024 | 01/23/2024 | $40.00 |
| 15808004-000022 | 11528526 | 895903 | WASHINGTON EXPRESS LLC, WASHINGTON EXPRESS VISAS | 01/23/2024 | 12/31/2023 | $144.03 |
| 15808004-000022 | 11530684 | 167100 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/24/2024 | 01/24/2024 | $4,665.93 |
| 15808004-000022 | 11530685 | 167100 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/24/2024 | 01/24/2024 | $305.14 |
| 15808004-000022 | 11531213 | 169533 | DENTONS US LLP PERSONNEL (REIMBURSEMENT FOR COSTS) | 01/26/2024 | 01/26/2024 | $5,380.76 |
| 15808004-000022 | 11530213 | 160776 | NPD LOGISTICS | 01/26/2024 | 01/14/2024 | $19.99 |
| | | | | | | $31,876,159.49 |