UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                       Plaintiff,<br>    v.<br><br>TERRAFORM LABS PTE. LTD. and DO HYEONG KWON,<br><br>                       Defendants. | Civil Action No. 23-cv-1346 (JSR)<br><br>Hon. Jed S. Rakoff |

**DEFENDANT DO HYEONG KWON'S MEMORANDUM OF LAW
REGARDING POTENTIAL REMEDIES**

# TABLE OF AUTHORITIES

**Cases**

*SEC v. Cavanagh*,
    155 F.3d 129 (2d Cir. 1998) .................................................................................................. 1

*SEC v. Govil*,
    86 F. 4th 89 (2d Cir. 2023) .................................................................................................... 1

**Regulations**

89 Fed. Reg. 1970 (Jan. 11, 2024) ................................................................................................ 1

Defendant Do Hyeong Kwon joins in the legal and factual arguments set forth in the Memorandum of Law Regarding Potential Remedies submitted by Defendant Terraform Labs Pte Ltd. ("TFL") and writes separately to address potential remedies specific to him.

*Injunctive Relief*. Injunctive relief is not warranted against Mr. Kwon because the SEC cannot show that there is a real likelihood that Mr. Kwon will repeat the alleged conduct. *See SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998). Mr. Kwon is no longer CEO of TFL nor is he employed by any "crypto-asset security" company. Although Mr. Kwon holds shares in TFL, TFL is currently in bankruptcy and pursuing business plans that do not involve the offer or sale of "crypto-asset securities." In addition, the criminal charges pending against him make it unlikely he will be "in a position where future violations could be anticipated." *Cavanagh*, 155 F.3d at 135. To the extent the Court determines that the SEC has met its burden of proof to justify injunctive relief, the scope of the injunction, including any officer or director bar, should be limited to conduct and positions in the United States.

*Disgorgement*. Disgorgement is not proper against Mr. Kwon. Assuming the SEC manages to find a "victim" in the U.S. who has suffered "pecuniary harm," *SEC v. Govil*, 86 F. 4th 89, 94 (2d Cir. 2023), there is no evidence that Mr. Kwon received any ill-gotten gains separate from what TFL received. As such, there are no illegal profits for Mr. Kwon to disgorge.

*Civil Penalties*. With respect to potential penalties, using the structure laid out in TFL's brief, and using tier-one and tier-two per-violation amounts of $11,524 and $115,231 respectively, *see* 89 Fed. Reg. 1970 (Jan. 11, 2024)*,* the corresponding potential penalties against Mr. Kwon would be $230,480 (based on the number of violative transactions under tier one), $253,510 (based on the number of statutory violations under tier one for the registration claims and tier two for the

1

fraud claims), and $345,270 (based on the number of months of violative conduct under tier one). Because there is no evidence that Mr. Kwon received pecuniary gain separate from what TFL received, that maximum civil penalty is determined by the per-violation amounts.

## Conclusion

For the foregoing reasons, the Court should not grant injunctive relief or disgorgement against Mr. Kwon, and may assess appropriate civil penalties based on the criteria discussed above and in TFL's remedies brief to the extent the SEC meets its burden of proof.

Date: April 19, 2024                                    Respectfully submitted,

                                                        /s/ David Patton
                                                        **KAPLAN HECKER & FINK LLP**
                                                        David Patton
                                                        Michael Ferrara
                                                        Sean Hecker
                                                        Andrew Chesley
                                                        Christopher Morel
                                                        350 Fifth Avenue, 63rd Floor
                                                        New York, New York 10118
                                                        Tel: (212) 763-0883
                                                        dpatton@kaplanhecker.com
                                                        mferrara@kaplanhecker.com
                                                        shecker@kaplanhecker.com
                                                        achesley@kaplanhecker.com
                                                        cmorel@kaplanhecker.com

                                                        *Counsel for Defendant Do Hyeong Kwon*

CERTIFICATE OF SERVICE

I, David Patton, certify that I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's ECF system on April 19, 2024.

*/s/ David Patton*
David Patton