**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>          v.<br><br>TERRAFORM LABS PTE. LTD. and DO HYEONG KWON,<br><br><br>                              Defendants. | Civil Action No. 23-cv-1346 (JSR)<br><br><br><br>Hon. Jed S. Rakoff |

**DEFENDANT DO HYEONG KWON'S MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*Bertucci v. Cunningham*,
   No. 84-cv-4460, 1984 WL 1213 (S.D.N.Y. Nov. 16, 1984) ...................................................... 1

*Morrison v. National Australia Bank Ltd.*,
   561 U.S. 247 (2010) ............................................................................................................. 2

*SEC v. Calabrigo*,
   No. 22-cv-3096, 2022 WL 2704103 (S.D.N.Y. July 11, 2022) ............................................... 1

*SEC v. Cavanagh*,
   155 F.3d 129 (2d Cir. 1998) ................................................................................................. 1

*SEC v. Liu*,
   591 U.S. 71 (2020) ............................................................................................................. 2

*SEC v. Patel*,
   61 F.3d 137 (2d Cir. 1995) .................................................................................................. 1

*United States v. Kwon*,
   No. 23-cr-00151 (S.D.N.Y. Mar. 23, 2023) .......................................................................... 1

**STATUTES**

15 U.S.C. § 78u ........................................................................................................................ 2

Defendant Do Kwon joins in the legal and factual arguments set forth in the Memorandum of Law in Opposition to Plaintiff's Motion for Final Judgment submitted by Defendant Terraform Labs Pte Ltd. ("TFL") and writes separately to address potential remedies specific to him.

*Sworn Accounting*. The SEC requests that the Court order Mr. Kwon to provide a sworn accounting. SEC Br. at 7, ECF 232. Mr. Kwon faces a criminal indictment challenging the same or similar conduct. *See United States v. Kwon*, No. 23-cr-00151 (S.D.N.Y. Mar. 23, 2023). If ordered to provide a sworn accounting, Mr. Kwon intends to assert his Fifth Amendment right against self-incrimination.[1]

*Officer-and-Director Bar*. An officer-and-director bar is not warranted against Mr. Kwon because the SEC has not shown a real likelihood that Mr. Kwon will repeat the alleged conduct. *See SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998); Kwon's MOL re Potential Remedies at 1, ECF 237. The SEC's purported indications of future violations pertain exclusively to TFL, SEC Br. at 4, where Mr. Kwon is no longer employed. Mr. Kwon's ownership interest alone is insufficient to meet the SEC's burden of proof. *Cf. SEC v. Patel*, 61 F.3d 137, 141 (2d Cir. 1995) (that Defendant "was a founder . . . and abused his position as an officer and director to engage in misconduct" did not "justify the prediction that future misconduct will occur"). To the extent the Court determines such injunctive relief is warranted, the scope of the officer-and-director bar must be limited to conduct and positions in the United States. *See Cavanaugh*, 155 F.3d at 135.

*Joint-and-Several Liability.* While the Supreme Court permitted joint-and-several liability

---

[1] *See, e.g., Bertucci v. Cunningham*, No. 84-cv-4460, 1984 WL 1213, at *4 (S.D.N.Y. Nov. 16, 1984) ("[T]he accounting is testimonial and it is likely to be self-incriminating. Compulsion of such self-incriminating testimony at this time in the face of petitioner's claim of privilege is clearly in violation of his Fifth Amendment rights."); *see also SEC v. Calabrigo*, No. 22-cv-3096, 2022 WL 2704103, at *5 & n.3 (S.D.N.Y. July 11, 2022).

for disgorgement against persons "engaged in concerted wrongdoing," *SEC v. Liu*, 591 U.S. 71, 90 (2020), that ruling predated the recent amendments to the Exchange Act, which authorize disgorgement of unjust enrichment only "by the person who received such unjust enrichment…." 15 U.S.C. § 78u(d)(3)(A)(ii); *see* TFL Opp. Br. at 5. Because Mr. Kwon did not personally receive the proceeds of any of the token sales at issue, it would be inconsistent with the Exchange Act to hold him jointly-and-severally liable for disgorgement with TFL.

*Civil Penalties*. The civil penalties requested by the SEC fail to satisfy *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 265 (2010). Although the Court may impose a civil penalty for "violation[s]" of Section 10(b), 15 U.S.C. § 78u(d)(3)(B), only domestic purchases or sales qualify as "violation[s]," *Morrison,* 561 U.S. at 265. The SEC has not shown that the calculation of their civil penalty derives from domestic purchases or sales.

Conclusion

For the foregoing reasons and the reasons in TFL's opposition brief and Mr. Kwon's and TFL's earlier briefs, the Court should not grant the SEC's motion for injunctive relief, disgorgement, or civil penalties in the amount requested against Mr. Kwon.

Date: April 26, 2024                         Respectfully submitted,


                                             */s/ David Patton*
                                             **KAPLAN HECKER & FINK LLP**
                                             David Patton
                                             Michael Ferrara
                                             Sean Hecker
                                             Andrew Chesley
                                             Christopher Morel
                                             350 Fifth Avenue, 63rd Floor
                                             New York, New York 10118
                                             Tel: (212) 763-0883
                                             dpatton@kaplanhecker.com
                                             mferrara@kaplanhecker.com
                                             shecker@kaplanhecker.com
                                             achesley@kaplanhecker.com
                                             cmorel@kaplanhecker.com

                                             *Counsel for Defendant Do Hyeong Kwon*

CERTIFICATE OF SERVICE

I, David Patton, certify that I caused a true and correct copy of the foregoing to be served

on all counsel of record via the Court's ECF system on April 26, 2024.


_/s/ David Patton_____
David Patton