UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

– against –

TERRAFORM LABS PTE. LTD.

Defendant.

No. 1: 23-cv-01346 (JSR)

---

## CONSENT OF DEFENDANT TERRAFORM LABS PTE. LTD.

Defendant Terraform Labs Pte. Ltd. ("Terraform") acknowledges having been served with the complaint, entering an appearance, litigating the case up to and through trial, and admits the Court's jurisdiction over Terraform and over the subject matter of this action.

2. Terraform acknowledges that, on December 28, 2023, the Court granted the SEC's Motion for Summary Judgment and found that Terraform engaged in unregistered offers and sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15. U.S.C. §§ 77e(a) and 77e(c)], and granted Defendants' Motion for Summary Judgment as to the SEC's claims alleging that Defendants engaged in transactions in security-based swaps in violation of Securities Act Section 5(e) [15 U.S.C. § 77e(e)] and Exchange Act Section 6(l) [15 U.S.C. § 78f(1)] (the "Security-Based Swap Claims"). Dkt. No. 149.

3. Terraform further acknowledges that, on April 5, 2024, a unanimous jury returned a verdict finding Terraform liable for violating the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]. Dkt. No.

229.

4. Terraform hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Terraform from violations of Securities Act Section 5 [15 U.S.C. §§ 77e], Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

  (b) permanently restrains and enjoins Terraform from: (i) participating, directly or indirectly, in the purchase, offer, or sale of any crypto asset securities, including but not limited to UST, MIR, LUNA, wLUNA, and LUNA 2.0 or (ii) engaging in activities for purposes of inducing or attempting to induce the purchase, offer, or sale of any crypto asset securities by others.

  (c) orders Terraform to pay disgorgement in the amount of **$3,586,875,883**, plus prejudgment interest thereon in the amount of **$466,952,423** under Sections 21(d)(3), 21(d)(5) and 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(d)(5), 78u(d)(7)]; and

  (d) orders Terraform to pay a civil penalty in the amount of **$420,000,000** under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)] (together with the disgorgement outlined in paragraph 2(b), the "SEC Claim"). The SEC Claim shall be payable as provided for in the confirmed liquidating Chapter 11 Plan in the Bankruptcy Case, *In re: Terraform Labs Pte. Ltd.*, No. 24-10070

(BLS) (Bankr. D. Del.) (the "Bankruptcy Case"), as set forth in paragraph 5.

5.  Terraform agrees to file a liquidating Chapter 11 Plan that incorporates the terms set forth in Exhibit 1 to this Consent by June 30, 2024, and to seek approval of the plan expeditiously. Nothing in this consent or the liquidating Chapter 11 Plan limits the Commission's right to seek, in it its sole discretion, the conversion of this case to Chapter 7, the dismissal of this case, or the appointment of a trustee or examiner.

Within 30 days, to assist in overseeing the wind-down, Terraform will replace both of its non-independent directors, Chris Amani and Ashwin Mathialagan, with two new independent directors. This will leave Terraform with a majority of independent directors. The appointment of all new independent directors and the wind-down process shall be in consultation with the Committee of Unsecured Creditors appointed by the U.S. Trustee's Office in the Bankruptcy Case on February 29, 2024 ("Committee"). The appointment of the new independent directors shall also be subject to the approval of the Commission, which approval shall not be unreasonably withheld. Terraform will undertake wind-down activities substantially consistent with the terms set forth in Exhibit 2.

The monetary remedies assessed against Terraform by this Consent will be deemed fully satisfied upon a distribution by the liquidating trustee or estate representative, as applicable, to creditors and investors pursuant to a confirmed liquidating Chapter 11 plan that incorporates terms that are substantially similar to those set forth in Exhibit 1 and is otherwise not objectionable to the Commission. Terraform shall use its best efforts to confirm the plan by September 30, 2024. If no such plan has gone effective by October 31, 2024, the Commission may enforce the Final Judgment against Terraform without further notice to Terraform.

6. Terraform agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Terraform pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Terraform further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Terraform pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

7. Terraform waives the right, if any, to appeal from the entry of the Final Judgement.

8. Terraform enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Terraform to enter into this Consent.

9. Terraform agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Terraform will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Terraform waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Terraform

of its terms and conditions. Terraform further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Terraform has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Terraform in this civil proceeding. Terraform acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Terraform waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Terraform further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Terraform understands that it shall not be permitted to contest the factual allegations of the complaint in this action or the unanimous jury verdict.

13. Terraform understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Terraform's agreement to

5

comply with the terms of Section 202.5(e), except for the Security-Based Swap Claims, Terraform: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Terraform does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) stipulates for purposes of exceptions to discharge set forth in 11 U.S.C. § 1141(d)(6), that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Terraform under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt of a kind specified in paragraph (2)(A) or (2)(B) of 11 U.S.C. § 523(a) that is owed to the SEC, a domestic governmental unit. If Terraform breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Terraform's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Terraform hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Terraform to defend against this action. For these purposes, Terraform agrees that Terraform is not the prevailing party.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a

party, Terraform (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Terraform's undersigned attorney (or other representative pursuant to its liquidating Chapter 11 Plan) as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Terraform's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Terraform in any United States District Court for purposes of enforcing any such subpoena.

16. Terraform agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Terraform agrees that the terms of the settlement reflected in this Consent and in the Judgment are subject to approval by the Bankruptcy Court in the Bankruptcy Case, which approval may be in the form of an order confirming the Chapter 11 plan of liquidation as set forth in paragraph 5, *supra*, and the SEC Claim shall be treated as set forth in paragraph 5, *supra*, under any Plan filed by Terraform in the Bankruptcy Case.

18. Terraform agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Terraform Labs PTE LTD.

By: _____
[Name of person signing for entity]
[Title] CEO

AKASH CHRISTOPHER AMANI

7

[Address]

On **6/6/2024**, 200~~4~~, **Arrash Chris Amani**, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of **Terraform Labs** as its **CEO**.

_____
Notary Public
Commission expires: **11/19/2025**

Approved as to form:

DocuSigned by:
*[signature]*
15DBD39EA3774A2...
**DENTONS US LLP**
Douglas W. Henkin
David L. Kornblau
Louis A. Pellegrino
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com
david.kornblau@dentons.com
louis.pellegrino@dentons.com

See attached notarial certificate.
P 8-A

Mark G. Califano
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com

*Counsel for Defendant Terraform Labs Pte Ltd.*

8

WEIL:\99753961\2\77267.0005

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ____Contra Costa____ )

On __6/6/2024__ before me, __Mohamad Itani, Notary Public__,
(insert name and title of the officer)

personally appeared __Arrash Chris Amani__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

MOHAMAD ITANI
COMM. #2383825
Notary Public - California
Contra Costa County
My Comm. Expires Nov. 19, 2025

8-A

## Exhibit 1 – Chapter 11 Plan of Liquidation Terms

1) The Commission's Allowed Claim shall be treated as a general unsecured claim that recovers only after all other general unsecured creditors and investors recover in full, or is deemed satisfied by such distributions.
2) A Liquidating Trust may be established, to which all of Terraform's assets (including any assets transferred from the Luna Foundation Guard to Terraform's estate), including chapter 5 claims and causes of action, shall be transferred and assigned free and clear upon the effective date of the Plan; in the event a Liquidating Trust is not established, all of Terraform's assets (including any assets transferred from the Luna Foundation Guard to Terraform's estate), including chapter 5 claims and causes of action, shall be retained upon the effective date of the Plan and liquidated by an appointed Estate Representative.
    a) The Liquidating Trustee or Estate Representative, as applicable, shall be selected by the Committee and be subject to the consent of the Commission and Terraform, which shall not be unreasonably withheld.
    b) For avoidance of doubt, the chapter 5 causes of action shall include, but are not limited to, all avoidance actions relating to private wallet transactions that occurred prior to the petition date other than transactions used to effectuate the payment of fees for legal fees and related vendors related or relating to the Chapter 11 Case, the defense of the SEC Enforcement Action and the investigation that preceded it, the defense of civil claims brought against Terraform that have been dismissed, and the pending criminal proceedings and investigations. Nothing herein shall modify the terms of or the rights reserved under the Dentons retention order approved by the Bankruptcy Court on March 12, 2024.
    c) Any assets not sold or otherwise liquidated by Terraform prior to the effective date of the Plan shall be sold or liquidated by the Liquidating Trustee or Estate Representative, as applicable, subject to II(3)-(5), above.
3) The Debtor intends to seek a legally permissible Plan release limited in both time and scope for Terraform's current directors, officers, employees and professionals, and customary legally permissible exculpations for estate fiduciaries, including the Committee, its members, and its professionals, in each case solely for their work on the Chapter 11 Case, the defense of the SEC Enforcement Action and the investigation that preceded it, the defense of civil claims brought against Terraform that have been dismissed, and the pending criminal proceedings and investigations. The releases/exculpation shall include a carveout for criminal acts, fraud, gross negligence, and willful misconduct, as well as a government carveout. To the extent Terraform agrees to any changes to the releases from what is agreed with the Commission in connection with comments or objections received from third parties, such changes must not be objectionable to the Commission.
4) The Plan shall reserve sufficient funds to pay the administrative expenses of liquidation.
5) The Plan shall not include a discharge for Terraform.
6) The Plan will not impact or limit any criminal action or proceeding.
7) Terraform will coordinate with the Commission on treatment of intercompany claims, including but not limited to claims of Terraform Labs Limited, that is not objectionable to the Commission.
8) The Plan will allow the Liquidation Trustee or Estate Representative, as applicable, to object to insider claims as may be appropriate, including under 11 USC 510(c).

9

## Exhibit 2--Wind-Down of Terraform

1) Terraform to wind-down its business as quickly as reasonably possible, liquidate its assets in a value-maximizing and cost-effective manner, and seek expeditious confirmation of the Plan. Terraform shall consult with and provide reasonable notice to the Commission and Committee as to any steps it takes in connection with the wind down.
2) Terraform shall file a motion or other filing describing its wind-down procedures with the Bankruptcy Court.
3) Within 30 days, to assist in overseeing the wind-down Terraform shall replace both of its non-independent directors, Chris Amani and Ashwin Mathialagan. This will leave Terraform with a majority of independent directors. The appointment of such independent directors and the wind-down process shall be in consultation with the Committee. The appointment of the new independent directors shall also be subject to the approval of the Commission, which approval shall not be unreasonably withheld.
4) Pending approval of the settlement and Plan, Terraform shall be permitted in the interim to wind-down its operations and liquidate its assets, which may include, in addition to the actions set forth in Section IV of the Final Judgment:
    a) Allowing third parties to withdraw, unwind and/or unstake their positions from Terraform's applications and protocols and any other actions solely for the purpose of aiding such parties to withdraw, unwind and/or unstake such positions that are also approved by the Bankruptcy Court.
    b) In consultation with the Commission, marketing, pursuing and consummating the sale of Terraform's assets and engaging professionals to assist it in doing so. Such assets to include Terraform's equity interest in Proximity Panorama LDA, Pulsar, and Terraform's venture and fund investments.
5) Terraform shall be permitted to pay severance to certain employees assisting Terraform in its wind-down and liquidation. The terms of such severance to be agreed with the Committee, which approval shall not be unreasonably withheld. For avoidance of doubt, no severance payments will be paid to any former or current Terraform officer or director. Nor will any severance payment be made to any Terraform employee who received a retention bonus or any other bonus since January 1, 2023.
6) Nothing herein or in the Plan will limit the Commission's right to seek, in it its sole discretion, the conversion of Terraform's chapter 11 case to chapter 7, the dismissal of Terraform's chapter 11 case, or the appointment of a trustee or examiner.

WEIL:\99753961\2\77267.0005