UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

DO HYEONG KWON

Defendant.

No. 1:23-cv-01346 (JSR)

### CONSENT OF DO HYEONG KWON

1.      Defendant Do Hyeong Kwon ("Kwon") acknowledges having been served with the complaint, entering an appearance, litigating the case up to and through trial, and admits the Court's jurisdiction over Kwon and over the subject matter of this action.

2.      Kwon acknowledges that, on December 28, 2023, the Court granted the SEC's Motion for Summary Judgment and found that Kwon engaged in unregistered offers and sales of securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15. U.S.C. §§ 77e(a) and 77e(c)], and granted Defendants' Motion for Summary Judgment as to the SEC's claims alleging that Defendants engaged in transactions in security-based swaps in violation of Securities Act Section 5(e) [15 U.S.C. § 77e(e)] and Exchange Act Section 6(l) [15 U.S.C. § 78f(1)] (the "Security-Based Swap Claims"). Dkt. No. 149.

3.      Kwon further acknowledges that, on April 5, 2024, a unanimous jury returned a verdict finding Kwon liable for intentionally violating the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act [15. U.S.C. 77q(a)]. Dkt. No. 229. The jury's verdict also found Kwon liable, as a control person of Terraform, for

1

Terraform's violations of Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

      3.    Kwon hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently restrains and enjoins Kwon from violations of Securities Act Section 5 [15 U.S.C. §§ 77e], Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

      (b)    permanently restrains and enjoins Kwon from: (i) participating, directly or indirectly, in the purchase, offer, or sale of any crypto asset securities, including but not limited to UST, MIR, LUNA, wLUNA, and LUNA 2.0 or (ii) engaging in activities for purposes of inducing or attempting to induce the purchase, offer, or sale of any crypto asset securities by others.

      (c)    orders that Kwon be permanently barred from acting as an officer or director of any public company pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], and Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)];

      (d)    orders Kwon to pay disgorgement in the amount of $110,000,000, plus prejudgment interest thereon in the amount of $14,320,196, under Sections 21(d)(3), 21(d)(5) and 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(d)(5), 78u(d)(7)]; and

      (e)    orders Kwon to pay a civil penalty in the amount of $80,000,000 under

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section

21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.      Payment of the monetary remedies against Kwon shall be deemed satisfied,

provided that all transfers by Kwon to the SEC and the Terraform bankruptcy estate in the case,

*In re: Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. D. Del.) (the "Bankruptcy Case"),

total no less than **$204,320,196**, excluding the value of any Terraform Crypto Assets transferred

to the Terraform bankruptcy estate, only if and until Kwon completes: (1) transferring into an

escrow account agreed by Kwon and the Commission staff **$4,700,000** within 30 days of Final

Judgment as set forth above; (2) transferring into an escrow account agreed by Kwon and the

Commission staff **$2,300,000** of assets belonging to Kwon in accounts at Sygnum Bank of

Zurich, Switzerland, associated with Portfolio Number 84.002.088-00, within 30 days of Final

Judgment; (3) transferring to the Terraform bankruptcy estate in the Bankruptcy Case within 30

days all crypto assets ~~held in the name~~ of Luna Foundation Guard, which shall first be applied to *DP*
                                    ^*the*                                                              *6/11/24*

satisfy the disgorgement amount and prejudgment interest with any remaining assets applied to

the civil penalty amount; and (4) transferring to the Terraform bankruptcy estate in the

Bankruptcy Case within 30 days Kwon's ownership interest in all PYTH tokens Kwon obtained

pursuant to the May 18, 2021 Token Grant Agreement between Kwon and Tribal Invest Corp,

which shall be applied to satisfy the civil penalty amount.

4.      Kwon acknowledges that any amounts of the civil penalty paid pursuant to the

Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002. If the court in any Related Investor Action grants such a Penalty

Offset, Kwon agrees that he shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

3

to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Kwon by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

4.      Kwon agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Kwon pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Kwon further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Kwon pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.      Kwon waives the right, if any, to appeal from the entry of the Final Judgement.

7.      Kwon enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Kwon to enter into this Consent.

8.      Kwon agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Kwon will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

4

hereby waives any objection based thereon.

10.     Kwon waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Kwon of its terms and conditions. Kwon further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Kwon has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Kwon in this civil proceeding. Kwon acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Kwon waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Kwon further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Kwon understands that he shall not be permitted to contest the factual allegations of the complaint in this action or the jury verdict.

12.     Kwon understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),

which provides in part that it is the Commission's policy "not to permit a Kwon or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Kwon's agreement to comply with the terms of Section 202.5(e), Kwon, except for the Security-Based Swap Claims: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Kwon does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Kwon under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Kwon of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Kwon breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Kwon's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Kwon hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Kwon to defend against this action. For these purposes, Kwon agrees that

Kwon is not the prevailing party because Kwon has been found in the action to be liable for the claims asserted by the SEC and the parties have reached a good faith settlement of the remedies to be imposed on Kwon based upon those liability findings.

14.     Kwon agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Kwon agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __6/6/2024__     _____
                        Do Hyeong Kwon

        On _____, 2024 _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                        _____
                        Notary Public
                        Commission expires:

Approved as to form:

_____
**KAPLAN HECKER & Fink LLP**
David Patton
Sean Hecker
Michael Ferrara
Andrew Chesley
350 Fifth Avenue, 63rd Floor
New York, New York 10118
dpatton@kaplanhecker.com
Attorney for Defendant

7